Patrick J. Neligan, Jr.
State Bar. No. 14866000
Douglas J. Buncher
State Bar No. 03342700
John D. Gaither
State Bar No. 24055516
NELIGAN LLP
325 North St. Paul, Suite 3600
Dallas, Texas 75201
Telephone:  214-840-5333
Facsimile:  214-840-5301
pneligan@neliganlaw.com
dbuncher@neliganlaw.com
jgaither@neliganlaw.com

**PROPOSED COUNSEL FOR DEBTORS**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | CHAPTER 11 |
| NATIONAL RIFLE ASSOCIATION OF AMERICA and SEA GIRT LLC | § § § § | CASE NO. 21-30085-____ |
| DEBTORS[1] | § | Joint Administration Requested |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER
EXTENDING THE TIME TO FILE SCHEDULES AND STATEMENTS**

The National Rifle Association of America (the "NRA") and Sea Girt LLC ("Sea Girt") (collectively, the "Debtors"), as debtors and debtors-in-possession, file this motion (the "Motion") to request entry of an order, substantially in the form attached hereto as **Exhibit A**, extending the time for the Debtors to file their schedules and statements of financial affairs, and in support state as follows:

---

[1] The last four digits of the Debtors' taxpayer identification numbers are:  6130 (NRA) and 5681 (Sea Girt).  The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.

## I. BACKGROUND

1. On January 15, 2021 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors remain in possession of their property and are operating their businesses as debtors-in-possession in accordance with Sections 1107 and 1108 of the Bankruptcy Code. A detailed description of the Debtors' business, capital structure, and the events leading to the Debtors' bankruptcy is set forth in the Debtors' Information Brief and the Declarations of Sonya Rowling, Shawne Soto, and Robert Owens (collectively, the "First Day Declarations"), which are being filed with the Court and are incorporated herein by reference.

## II. RELIEF REQUESTED

2. The Debtors' current deadline to file their schedules and statements of financial affairs is January 29, 2021, which is 14 days from the Petition Date. 11 U.S.C. § 521; FED. R. BANKR. P. 1007(c). The Debtors are in the process of gathering and reviewing the information necessary to accurately complete and file the schedules and statements of financial affairs. However, the Debtors have determined that they will require more than 14 days to finalize and file their schedules and statements. Accordingly, the Debtors hereby request entry of an order extending the deadline by which the Debtors must file their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements") by 31 days, for a total of 45 days from the Petition Date, through and including March 1, 2021.[2] The

---

[2] The Debtors generally seek a 30 day extension of their deadline to file their Schedules and Statements. However, because a 30 day extension would result in the deadline falling on Sunday, February 28, 2021, the Debtors have requested a 31 day extension to avoid any uncertainty about the correct deadline.

Debtors will endeavor to complete and file their Schedules and Statements ahead of the requested deadline but are seeking a 31 day extension in an abundance of caution.

3. The Court is authorized to extend the deadline for filing the Schedules and Statements for cause shown. FED. R. BANKR. P. 1007(c), 9006(b). Cause for the requested extension exists in this case because of the NRA's status as a non-profit entity and the relatively complex nature of the Debtors' accounting systems and corporate structure. While the NRA is a single entity, there are two divisions within the NRA that keep separate accounting records. Further, the NRA provides services to affiliated entities pursuant to various intercompany agreements, which results in claims by the NRA against affiliated entities. Accordingly, in order to complete the Schedules and Statements the Debtors will be required to reconcile the books and records of those distinct divisions and affiliates as of the Petition Date. In addition, there are a limited number of NRA personnel with the requisite knowledge of the Debtors' operations and financial affairs needed to compile the Schedules and Statements, and each of those individuals will face substantial competing demands on their time during the Debtors' initial transition into these chapter 11 cases.

4. In addition, the requested extension will enable the Debtors to prepare accurate Schedules and Statements by providing additional time for the Debtors to account for all potential outstanding liabilities as of the Petition Date, thereby minimizing the possibility that the Schedules and Statements will require amendment. As of the Petition Date, the NRA was preparing to commence its year-end 2020 audit. The requested extension will provide the NRA with an opportunity to coordinate the preparation of its Schedules and Statements with the ongoing audit and to ensure their accuracy. As such, the extension will also benefit all parties in interest.

5. Under similar circumstances, bankruptcy courts in this district have previously granted extensions of time to file Schedules and Statements. *See e.g., In re Tuesday Morning Corp.*, Case No. 20-31476 (HDH) (Bankr. N.D. Tex. May 29, 2020) (Docket No. 91); *In re The LaSalle Group, Inc.,* Case No. 19-31484 (SGJ) (Bankr. N.D. Tex. May 20, 2019) (Docket No. 93); *In re PHI, Inc.,* Case No. 19-30923 (HDH) (Bankr. N.D. Tex. Mar. 20, 2019) (Docket No. 72); *In re SAS Healthcare, Inc.,* Case No. 19-40401 (MXM) (Bankr. N.D. Tex. Feb. 14, 2019) (Docket No. 90); *In re Erickson Incorporated,* Case No. 16-34393 (HDH) (Bankr. N.D. Tex. Nov. 10, 2016) (Docket No. 50). The Debtors submit that similar relief is appropriate in this case.

### III. CERTIFICATE OF CONFERENCE

6. In accordance with N.D. Tex. L.B.R. 1007-1(b), the undersigned counsel will confer with the Office of the United States Trustee (the "UST") regarding the relief requested in this Motion. Given the intervening holiday between the Petition Date and the filing of this Motion, the Debtors have not yet conferred with the UST but will report the results of that conference at or prior to the hearing on this Motion.

### IV. NOTICE

7. 15. The Debtors will provide notice of this Motion to: (i) the Office of the United States Trustee; (ii) the Debtors' secured creditors; (iii) each of the Debtors' 20 largest unsecured creditors; and (iv) governmental agencies having a regulatory or statutory interest in the Debtors' cases. The Debtors submit that, in light of the nature of the relief requested and the urgency of the circumstances surrounding this Motion, no other or further notice need be given.

## V. CONCLUSION & PRAYER

8. For the reasons set forth above, the Debtor requests that the Court enter an order (i) granting the relief requested herein; and (ii) granting any further relief the Court deems appropriate.

Dated: January 18, 2021

Respectfully submitted,

/s/ Patrick J. Neligan, Jr.
Patrick J. Neligan, Jr.
Texas Bar No. 14866000
pneligan@neliganlaw.com
Douglas J. Buncher
State Bar No. 03342700
dbuncher@neliganlaw.com
John D. Gaither
Texas Bar No. 24055516
jgaither@neliganlaw.com
**NELIGAN LLP**
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: (214) 840-5300
Facsimile: (214) 840-5301

**PROPOSED COUNSEL FOR THE DEBTORS**