Patrick J. Neligan, Jr.
State Bar. No. 14866000
Douglas J. Buncher
State Bar No. 03342700
John D. Gaither
State Bar No. 24055516
NELIGAN LLP
325 North St. Paul, Suite 3600
Dallas, Texas 75201
Telephone:  214-840-5333
Facsimile:  214-840-5301
pneligan@neliganlaw.com
dbuncher@neliganlaw.com
jgaither@neliganlaw.com

**PROPOSED COUNSEL FOR DEBTORS**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | CHAPTER 11 |
| NATIONAL RIFLE ASSOCIATION OF AMERICA and SEA GIRT LLC | § § § § | CASE NO. 21-30085-____ |
| DEBTORS[1] | § § | Joint Administration Requested |

**DEBTORS' EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS
AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION TAXES**

The National Rifle Association of America (the "NRA") and Sea Girt LLC ("Sea Girt") (collectively, the "Debtors"), as debtors and debtors-in-possession, file this motion (the "Motion") pursuant to Sections 105(a), 363(b), 507(a)(8), and 541 of the Bankruptcy Code[2] to request entry of interim and final orders, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to pay certain prepetition taxes, and in support state as follows:

**I. BACKGROUND**

1.    On January 15, 2021 (the "Petition Date"), the Debtors each filed a voluntary

---

[1] The last four digits of the Debtors' taxpayer identification numbers are:  6130 (NRA) and 5681 (Sea Girt).  The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.

[2] 11 U.S.C. §§ 101, *et seq*.  Unless otherwise noted, all statutory references are to the Bankruptcy Code.

**Motion for Authority to Pay Prepetition Taxes**                                                           **Page 1**

petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors remain in possession of their property and are operating their business as debtors-in-possession in accordance with Sections 1107 and 1108 of the Bankuptcy Code. A detailed description of the Debtors' business, capital structure, and the events leading to the Debtors' bankruptcy is set forth in the Debtors' Information Brief and the Declarations of Sonya Rowling, Shawne Soto, and Robert Owens (collectively, the "First Day Declarations"), which are being filed with the Court and are incorporated herein by reference.

## II. RELIEF REQUESTED

2. Although the NRA is exempt from federal income taxes under Section 503(c)(4) of the Internal Revenue Code, in the ordinary course of business, the NRA collects, incurs, and pays certain sales and use taxes, real estate and property taxes, amusement taxes, state unemployment taxes, and various other governmental taxes, fees, and assessments (collectively, the "Taxes"). The NRA remits the Taxes to various federal, state, and local governmental units (collectively, the "Taxing Authorities"). The NRA believes it is generally current on the payment of all Taxes owed to the Taxing Authorities but certain Taxes relating to prepetition periods will come due during the Debtors' bankruptcy proceedings. The Debtors estimate that approximately $91,000 of these Taxes will become due during the interim period between the Petition Date and the date of the final hearing on this Motion.

3. By this Motion, the Debtors request entry of interim and final orders authorizing the Debtors to pay, in their sole discretion, any prepetition Taxes that become due and owing during the pendency of these Chapter 11 proceedings in the ordinary course of business, without prejudice to the Debtors' rights to contest the amounts and/or priority of any Taxes on any grounds they deem appropriate. Although the Debtors believe that their records are accurate and

that all prepetition Taxes have been paid, the Debtors may be audited from time to time by federal, state, and local tax authorities. These possible audits could result in additional prepetition Taxes being owed. Thus, out of an abundance of caution, the Debtors requests authority to pay all Taxes as they come due in the ordinary course of business.

### III. THE DEBTORS' TAX OBLIGATIONS

4. The Debtors generally incur state and local sales, use, and property taxes related to, among other things, sales taxes incurred in connection with sales via the NRA Store and real and personal property taxes related to the NRA headquarters in Fairfax, Virginia. State sales taxes incurred by the Debtors are paid to each state taxing authority on a monthly basis for the preceding month. While the Debtors are current on prepetition sales tax obligations, taxes for the month of December become due in various states on January 20, 2021. The approximate total amount of all sales taxes due prior to the end of January 2021 is $91,000. The Debtors' average monthly aggregate sales tax obligation is approximately $200,000. Sales taxes for January 2021, including the period prior to the Petition Date, will come due in late February 2021. The Debtors expect that their sales tax obligations in February 2021 will be roughly equal to their monthly average of $200,000. By this Motion, the Debtors seek authority to pay these amounts in the ordinary course of business.

5. The Debtors are also subject to certain excise taxes related to employee compensation and fees related to the filing of certain tax returns. In addition, the Debtors pay a "Special Occupational Tax" to the Bureau of Alcohol, Tobacco, and Firearms in connection with certain firearm regulations. The Debtors believe they are current on these and all other tax obligations, including property taxes, but seek authority to continue to make such tax payments as they come due in the ordinary course of business.

## IV. BASIS FOR RELIEF

A.      **Payment of the Taxes is Necessary and Critical to the Debtors' Operations**

6.      Payment of the prepetition Taxes in the ordinary course of business is critical to the Debtors' ongoing operations. Failure to timely pay the Taxes could cause the Taxing Authorities to conduct audits, assert liens, file motions for relief from the Court, and assess penalties and interests, each of which would unnecessarily consume estate resources and divert the Debtors' attention from their efforts to reorganize. All parties in interest will benefit from the efficient and timely payment of the Taxes and resolution of the Taxing Authorities' claims.

B.      **Certain of the Taxes May Not Be Property of the Debtors' Estates**

7.      The Debtors collect and withhold certain of the Taxes on behalf of the applicable Taxing Authorities. Those Taxes are held in trust by the Debtors for the benefit of the Taxing Authorities. *See, e.g., Matter of Al Copeland Enterprises, Inc.*, 991 F.2d 233, 235 (5th Cir. 1993) (sales tax revenues are merely held in trust for the state of Texas by the estate); *City of Farrell v. Sharon Steel Corp.*, 41 F.3d 92, 95-97 (3d Cir. 1994) (finding that state law requiring a corporate debtor to withhold city income tax from its employees' wages created a trust relationship between debtor and the city for payment of withheld income taxes); *DeChiaro v. N.Y. State Tax Comm'n*, 760 F.2d 277, 282, 433-34 (2d Cir. 1985); *Shank v. Wash. State. Dep't of Rev. (In re Shank)*, 792 F.2d 829, 832 (9th Cir. 1986); *Rosenow v. Ill. Dept of Rev (In re Rosenow)*, 715 F.2d 277, 282 (7th Cir. 1983). As a result, those Taxes are not property of the Debtors' estates pursuant to Section 541(d) of the Bankruptcy Code. *Begier v. I.R.S.*, 496 U.S. 53, 59 (1990); *Copeland*, 991 F.2d at 237; *Sharon Steel*, 41 F.3d at 95; *In re Texas Pig Stands, Inc.*, No. AP 07-5033-C, 2009 WL 10703070, at *2 (W.D. Tex. May 21, 2009), aff'd, 610 F.3d

937 (5th Cir. 2010); *In re Martin Wright Elec. Co*., 2008 WL 114926, at *7 (Bankr. W.D. Tex. Jan. 9, 2008); *In re American Int'l Airways, Inc*., 70 B.R. 102, 103 (Bankr. E.D. Pa. 1987); *Shipley Co., Inc. v. Darr (In re Tap, Inc.)*, 52 B.R. 271, 272 (Bankr. D. Mass. 1985). Because these trust fund Taxes are not property of the Debtors' estate, these funds are not available for the satisfaction of creditors' claims and payment of the prepetition Taxes will not affect distributions to creditors. Accordingly, the Debtors should be authorized to remit the Taxes to the Taxing Authorities in the ordinary course of business.

C. **Certain of the Taxes Are Secured or Entitled to Priority Treatment Under the Bankruptcy Code**

8. Certain of the Taxes are afforded priority status under Section 507(a)(8). *In re Szostek*, 429 B.R. 552, 570 (Bankr. W.D. Tex.), *adhered to on reconsideration*, 433 B.R. 611 (Bankr. W.D. Tex. 2010); *In re Marshall*, 302 B.R. 711, 718 (Bankr. D. Kan. 2003). As priority claims, the Taxes must be paid in full before any of the Debtors' general unsecured obligations may be satisfied. 11 U.S.C. § 1129(a)(9). Certain of the Taxes may also be secured by statutory liens and entitled to payment before general unsecured creditors. Accordingly, the proposed relief will only affect the timing of the payment of the prepetition Taxes and will not prejudice the rights of any general unsecured creditors and will avoid the harm to the estate in the form of penalties, interest, and legal expenses that could accrue if the Taxes are not timely paid.

D. **Payment of the Taxes is Necessary to Preserve the Value of the Debtors' Estates**

9. Payment of the Taxes may also be authorized under Section 105 of the Bankruptcy Code, which authorizes the Court "to issue any order . . . necessary or appropriate to carry out the provisions" of the Bankruptcy Code, and the "necessity of payment" rule, under which courts may authorize the payment of certain prepetition claims when such payment is essential to the debtor's continued operations. *See, e.g., In re CoServ, LLC*, 273

B.R. 487, 493-94 (Bankr. N.D. Tex. 2002); *In re Dennis*, No. 10-33891-HDH-11, 2010 WL 5209258, at *3 (Bankr. N.D. Tex. Oct. 6, 2010); *In re Gulf Air, Inc.*, 112 B.R. 152, 153-54 (Bankr. W.D. La. 1989); *Mich. Bureau of Workers' Disability Comp. v. Chateauguay Corp. (In re Chateauguay Corp.)*, 80 B.R. 279, 285-86 (S.D.N.Y. 1987).  In *CoServ*, the court observed that there are certain instances in which a debtor in possession can fulfill its fiduciary duty to protect and preserve the value of the estate "only . . . by the preplan satisfaction of a pre-petition claim." 273 B.R. at 497.  The court articulated a three-pronged test for determining whether a preplan payment on account of a pre-petition claim is appropriate under the circumstances:

> First, it must be critical that the debtor deal with the claimant.  Second, unless it deals with the claimant, the debtor risks the probability of harm, or, alternatively, loss of economic advantage to the estate or the debtor's going concern value, which is disproportionate to the amount of the claimants' prepetition claim.  Third, there is no practical or legal alternative by which the debtor can deal with the claimant other than by payment of the claim.

*Id*. at 498.

10.     Payment of the Taxes is critical to the Debtors' ability to continue operating.  As an initial matter, to continue operating the Debtors must deal with the Taxing Authorities and there is no alternative to payment of the Taxing Authorities' claims.  Further, the non-payment of the Taxes could cause the Taxing Authorities to take precipitous action by, among other things, conducting audits, filing liens, pursuing payment of Taxes from the Debtors' directors, officers, and other employees, and seeking to lift the automatic stay, all of which would disrupt the Debtors' operations and impose significant cost upon the Debtors' estates.  In addition, many federal and state statutes hold officers and directors of collecting entities personally liable or criminally responsible for certain taxes owed by those entities.  Prompt payment of the Taxes will avoid these unnecessary and potentially costly governmental actions.  The Debtors therefore

submit that the *CoServ* factors are satisfied and payment of the Taxes is appropriate.

11. Bankruptcy courts in this district have previously authorized debtors to pay pre-petition taxes in similar Chapter 11 cases. *See, e.g., In re J. Hilburn, Inc.*, Case No. 20-31308-hdh11 (Bankr. N.D. Tex. May 22, 2020) [Docket No. 98]; *In re Couture Hotel Corp.*, No. 14-34874-BJH11, 2014 WL 7011150, at *1 (Bankr. N.D. Tex. Oct. 23, 2014); *In re The Oceanaire Texas Restaurant Co., L.P.*, Case No. 09-34262-bjh11 (N.D. Tex. Jul. 8, 2009) [Docket No. 40]; *In re Pilgrim's Pride Corp., et al.*, Case No. 08-45644-dml11 (Bankr. N.D. Tex. Dec. 3, 2008) [Docket No. 84]; *In re Home Interiors & Gifts, Inc.*, Case No. 08-31961-bjh11 (Bankr. N.D. Tex. May 12, 2008) [Docket No. 124]; *In re Kitty Hawk, Inc.*, Case No. 07-44536-rfn11 (Bankr. N.D. Tex. Oct. 16, 2007) [Docket No. 55]; *In re The Bombay Co., Inc., et al.*, Case No. 07-4484-dml11 (Bankr. N.D. Tex. Sep. 20, 2007) [Docket No. 68]. The Debtors submit that similar relief is appropriate here.

## V. WAIVER OF STAY UNDER RULE 6004

12. Rule 6004(h) provides that an order authorizing use of estate property is stayed for 14 days after the date of entry of the order, unless the Court orders otherwise. Because it is critical for the Debtors to make sales tax payments in the ordinary course of business, including sales tax payments that come due within 14 days of the date of entry of the interim order on this Motion, a stay of the Court's order granting this Motion would significantly disrupt the Debtors' operations and harm their estates. Among other things, a stay of the order granting this Motion could cause Taxing Authorities to impose penalties and interests for late payments or take other enforcement actions against the Debtors' estates. Accordingly, the Debtors request that the stay imposed by Rule 6004(h) be waived in order to prevent immediate and irreparable harm to the Debtors' estates.

## IV. NOTICE

13.     The Debtors will provide notice of this Motion to: (i) the Office of the United States Trustee; (ii) the Debtors' secured creditors; (iii) each of the Debtors' 20 largest unsecured creditors; (iv) governmental agencies having a regulatory or statutory interest in the Debtors' cases; and (v) to the extent applicable, any party whose interests are directly affected by this specific pleading.  The Debtors submit that, in light of the nature of the relief requested and the urgency of the circumstances surrounding this Motion, no other or further notice need be given.

## VII. CONCLUSION AND PRAYER

14.     For the reasons set forth above, the Debtors request that the Court enter an order (i) granting the relief requested herein; and (ii) granting any further relief the Court deems appropriate.

Dated:  January 18, 2021                    Respectfully submitted,

*/s/ Patrick J. Neligan, Jr.*
Patrick J. Neligan, Jr.
Texas Bar No. 14866000
pneligan@neliganlaw.com
Douglas J. Buncher
State Bar No. 03342700
dbuncher@neliganlaw.com
John D. Gaither
Texas Bar No. 24055516
jgaither@neliganlaw.com
**NELIGAN LLP**
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: (214) 840-5300
Facsimile: (214) 840-5301

**PROPOSED COUNSEL FOR THE DEBTORS**