Patrick J. Neligan, Jr.
State Bar. No. 14866000
Douglas J. Buncher
State Bar No. 03342700
John D. Gaither
State Bar No. 24055516
NELIGAN LLP
325 North St. Paul, Suite 3600
Dallas, Texas 75201
Telephone:  214-840-5333
Facsimile:  214-840-5301
pneligan@neliganlaw.com
dbuncher@neliganlaw.com
jgaither@neliganlaw.com

**PROPOSED COUNSEL FOR DEBTORS**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| NATIONAL RIFLE ASSOCIATION | § | CASE NO. 21-30085-____ |
| OF AMERICA and SEA GIRT LLC | § | |
| | § | |
| DEBTORS[1] | § | Joint Administration Requested |

**DEBTORS' EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS
(I) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING
SERVICES ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING
PROCEDURES FOR PROVIDING ADEQUATE ASSURANCE OF POSTPETITION
PAYMENTS, AND (III) APPROVING DEBTOR'S PROPOSED
<u>FORM OF ADEQUATE ASSURANCE</u>**

The National Rifle Association of America (the "<u>NRA</u>") and Sea Girt LLC ("<u>Sea Girt</u>") (collectively, the "<u>Debtors</u>"), as debtors and debtors-in-possession, file this motion (the "<u>Motion</u>") pursuant to Sections 105(a) and 366(b) of the Bankruptcy Code[2] to request entry of interim and final orders, substantially in the form attached hereto as **Exhibit A**, (i) prohibiting utility service providers from altering, refusing, or discontinuing service on account of

---

[1] The last four digits of the Debtors' taxpayer identification numbers are:  6130 (NRA) and 5681 (Sea Girt).  The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.
[2] 11 U.S.C. §§ 101, *et seq*.  Unless otherwise noted, all statutory references are to the Bankruptcy Code.

prepetition invoices; (ii) establishing procedures for providing adequate assurance of postpetition payments; and (iii) determining that the adequate assurance proposed in this Motion is sufficient under Section 366, and in support state as follows:

## I. BACKGROUND

1. On January 15, 2021 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors remain in possession of their property and are operating their businesses as debtors-in-possession in accordance with Sections 1107 and 1108 of the Bankruptcy Code. A detailed description of the Debtors' business, capital structure, and the events leading to the Debtors' bankruptcy is set forth in the Debtors' Information Brief and the Declarations of Sonya Rowling, Shawne Soto, and Robert Owens (collectively, the "First Day Declarations"), which are being filed with the Court and are incorporated herein by reference.

## II. RELIEF REQUESTED

2. In the ordinary course of business, the Debtors use gas, water, electric, telephone, and other utility services provided by various utility providers (each a "Utility" and collectively the "Utilities"). A schedule identifying each Utility currently providing service to the Debtors is attached hereto as **Exhibit B**.[3] As with most businesses, uninterrupted utility services is critical to the Debtors' ability to maintain their ongoing operations. Termination of services by the Utilities would substantially undermine the Debtors' ability to continue operating and successfully reorganize, resulting in significant losses and irreparable harm to the Debtors' estates.

---

[3] By listing an entity on Exhibit B, the Debtors do not waive their right to contest that the entity is not a "utility" within the meaning of Section 366 of the Bankruptcy Code.

3. By this Motion, the Debtors seek the entry of an interim (the "Interim Order") pursuant to Sections 105 and 366(b) (i) prohibiting the Utilities from altering, refusing, or discontinuing service on account of prepetition invoices; (ii) establishing procedures for providing adequate assurance of postpetition payments; (iii) determining that the adequate assurance proposed in this Motion is sufficient under Section 366; and (iv) setting a final hearing (the "Final Hearing") to resolve any objections and grant the foregoing relief on a final basis. As adequate assurance to the Utilities, the Debtors propose to place a deposit with the Utilities equal to 30 days' average billing based on average monthly billing over the past 12 months. The proposed deposit with each Utility is reflected on **Exhibit B**.

### III. PROPOSED ADEQUATE ASSURANCE

4. Section 366 of the Bankruptcy Code governs the rights and obligations of the Utilities as providers of utility services to the Debtors. Under Section 366(c)(2), a utility "may alter, refuse, or discontinue utility service, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility services that is satisfactory to the utility." 11 U.S.C. § 366(c)(2). Section 366(c)(1)(A) provides that assurance of payment means "(i) a cash deposit; (ii) a letter of credit; (iii) a certificate of deposit; (iv) a surety bond; (iv) a pre-payment of utility consumption; or (vi) another form of security that is mutually agreed on between the utility and the debtor or the trustee."

5. As adequate assurance of payment under Section 366(b), the Debtors propose to place a deposit with each Utility equal to thirty days' average billing based on the average monthly billing over the previous 12 months. As of the Petition Date, the Debtors are current on all prepetition utility payments. The Debtors will remain current on billing for all post-petition services provided by the Utilities. Courts in this jurisdiction have granted similar relief in

chapter 11 cases. *See, e.g., In re Forest Park Medical Center at Southlake, LLC*, Case No. 16-40273 (RFN) (Bankr. N.D. Tex. Feb. 2, 2016) (approving adequate assurance in the form of a deposit equal to one-half the average monthly utility costs); *In re ALCO Stores, Inc.*, Case No. 14-34941 (Bankr. N.D. Tex. Nov. 14, 2014) (approving adequate assurance in the form of deposit in segregated account of roughly two weeks' utility costs); *In re Reddy Ice Holdings, Inc.*, Case No. 12-32349 (Bankr. N.D. Tex. May 4, 2012) (approving adequate assurance in the form of deposit in a segregated account of roughly two weeks' utility costs); *In re Erickson Retirement Cmtys., LLC*, Case No. 09-37010 (Bankr. N.D. Tex. Nov. 24, 2009) (approving adequate assurance in the form of roughly one month deposit of monthly utility costs); *In re Renaissance Hospital Grand Prairie, Inc.*, Case No. 08-43775 (DML) (Bankr. N.D. Tex. Sept. 5, 2008) (approving adequate assurance in the form of a one-month deposit to requesting utilities). Therefore, the Debtor believes that a deposit equal to one month's average billing will provide Utilities with adequate protection within the meaning of Section 366(b). Indeed, Section 366(c)(1)(A)(i) specifically identifies a cash deposit as an appropriate means of adequate assurance.

6. The Debtors request that, if not already returned or applied, any adequate assurance deposit provided to any Utility be returned to the Debtors at the conclusion of this bankruptcy case.

**IV. OBJECTIONS TO PROPOSED ADEQUATE ASSURANCE AND FINAL HEARING**

7. Under Section 366(c)(2), a Utility may arguably disconnect services without warning on the 30th day after the Petition Date if it deems the adequate assurance provided herein is not satisfactory. To avoid such precipitous action and the resulting disruption to the Debtors' operations, and to fully resolve the adequate assurance issue within 30 days of the Petition Date, the Debtors request that any Utility that wishes to request adequate assurance in

addition to that provided for in this Motion be required to do so in accordance with the following procedures (the "Adequate Assurance Procedures"):

a. Absent any further order of the Court, no Utility may alter, refuse, or discontinue service to, or discriminate against, the Debtors on account of the commencement of this case or any unpaid prepetition charges, or request payment of a deposit or other security in connection with any unpaid prepetition charges, except as provided in these Adequate Assurance Procedures;

b. The Debtors will serve this Motion, and the Interim Order, on all Utilities identified on **Exhibit B** within two business days after the date the Interim Order is entered;

c. Any Utility that objects to the Debtors' proposed adequate assurance must serve a written adequate assurance request within twenty-one (21) days of the date of entry of the Interim Order on the Debtor, c/o Patrick J. Neligan, Jr. and John D. Gaither, Neligan LLP, 325 N St. Paul St., Suite 3600, Dallas, Texas 75201, pneligan@neliganlaw.com, jgaither@neliganlaw.com;

d. Any adequate assurance request must (i) be made in writing, (ii) identify the location for which utility services are provided, (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits, (iv) explain why the Utility believes the Debtors' proposed adequate assurance is not sufficient adequate assurance of future payment, and (v) be served on the Debtors in accordance with subsection (c) above.

e. The Debtors are authorized to resolve, in their sole discretion, any adequate assurance request by mutual agreement with a Utility and without further order of the Court and, in connection with any such agreement, in the Debtors' sole discretion, to provide a Utility with additional and/or alternative adequate assurance of payment, including cash deposits, prepayments, or other forms of security, if the Debtors believe such alternative assurance is reasonable.

f. If the Debtors are unable to consensually resolve an adequate assurance request by mutual agreement within the later of (i) fourteen (14) days of receipt of the adequate assurance request and (ii) thirty (30) days from the Petition Date, the Utility shall file a motion (the "Determination Motion"), to be heard before the Court at the next regularly scheduled omnibus hearing date, to determine the adequacy of assurances of payment with respect to the particular Utility, pursuant to Section 366(c)(3) of the Bankruptcy Code. Pending notice and a hearing on the Determination Motion, the Utility that is the subject of the unresolved adequate assurance request may not alter, refuse or discontinue services to the Debtors.

8. The Debtors request that any Utility that fails to respond or to file a request for a determination of adequate assurance within the time periods set forth in the foregoing Adequate

Assurance Procedures be deemed to have consented to such adequate assurance. *See In re Syroco, Inc.*, 2007 WL 2404295, at *2 (Bankr. D. P.R. Aug. 22, 2007) (stating that a utility provider's lack of objection, response, or counter-demand after receiving notice of hearing on utilities motion, notice of interim order, and notice of final hearing constitutes tacit acceptance of the debtor's proposed two-week cash deposit as adequate assurance of payment under Section 366).

### V. SUBSEQUENTLY IDENTIFIED UTILITIES

9. If the Debtors identify additional Utilities after the entry of the Interim Order, the Debtors will promptly serve this Motion, the Interim Order, and notice of the Final Hearing and/or final order on such newly identified Utilities. The Debtors request that the Court make any final order on this Motion binding on all Utilities, regardless of when each Utility was identified and served in accordance with this Motion, provided that any such newly identified Utility shall have 30 days from the date of service of the Motion and this order to make a request for additional adequate assurance in accordance with the terms of this order.

### VI. WAIVER OF RULES 6004(a) AND (h)

10. Because the relief requested herein is necessary to avoid the immediate and irreparable harm that would result from the abrupt termination of the Debtors' utility services, to the extent required for the immediate implementation of the relief requested herein, the Debtors seek a waiver of (i) the notice requirements under Bankruptcy Rule 6004(a) and (ii) the stay of the order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### VII. NOTICE

11. The Debtors will provide notice of this Motion to: (i) the Office of the United States Trustee; (ii) the Debtors' secured creditors; (iii) each of the Debtors' 20 largest unsecured creditors; (iv) governmental agencies having a regulatory or statutory interest in the Debtors'

cases; and (v) any party whose interests are directly affected by this specific pleading, including the Utilities. The Debtors submit that, in light of the nature of the relief requested and the urgency of the circumstances surrounding this Motion, no other or further notice need be given.

## VIII. CONCLUSION AND PRAYER

33. For the reasons set forth above, the Debtors request that the Court enter an order (i) granting the relief requested herein; and (ii) granting any further relief the Court deems appropriate.

Dated: January 18, 2021　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Patrick J. Neligan, Jr.*
　　　　　　　　　　　　　　　　　　　　Patrick J. Neligan, Jr.
　　　　　　　　　　　　　　　　　　　　Texas Bar No. 14866000
　　　　　　　　　　　　　　　　　　　　pneligan@neliganlaw.com
　　　　　　　　　　　　　　　　　　　　Douglas J. Buncher
　　　　　　　　　　　　　　　　　　　　State Bar No. 03342700
　　　　　　　　　　　　　　　　　　　　dbuncher@neliganlaw.com
　　　　　　　　　　　　　　　　　　　　John D. Gaither
　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24055516
　　　　　　　　　　　　　　　　　　　　jgaither@neliganlaw.com
　　　　　　　　　　　　　　　　　　　　**NELIGAN LLP**
　　　　　　　　　　　　　　　　　　　　325 N. St. Paul, Suite 3600
　　　　　　　　　　　　　　　　　　　　Dallas, Texas 75201
　　　　　　　　　　　　　　　　　　　　Telephone: (214) 840-5300
　　　　　　　　　　　　　　　　　　　　Facsimile: (214) 840-5301

　　　　　　　　　　　　　　　　　　　　**PROPOSED COUNSEL FOR THE DEBTORS**