# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| NATIONAL RIFLE ASSOCIATION | § | CASE NO. 21-30085-____ |
| OF AMERICA and SEA GIRT LLC | § | |
| | § | |
| DEBTORS[1] | § | Joint Administration Requested |

**INTERIM ORDER AUTHORIZING THE DEBTORS TO CONTINUE USE OF EXISTING CASH MANAGEMENT SYSTEM, MAINTAIN EXISTING BANK ACCOUNTS, PAY CERTAIN COSTS AND FEES ASSOCIATED WITH CREDIT CARD TRANSACTIONS, AND CONTINUE USE OF EXISTING BUSINESS FORMS**

The Court has considered the motion (the "Motion")[2] [Docket No. ~~__~~4] filed by the above-captioned debtors (the "Debtors") requesting authority to (i) continue to use their existing cash management system, (ii) maintain existing bank accounts, (iii) pay certain prepetition costs associated with credit card transactions, and (~~iii~~iv) continue the use of their existing business forms. The Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to

---

[1] The last four digits of the Debtors' taxpayer identification numbers are: 6130 (NRA) and 5681 (Sea Girt). The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.
[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157; (iii) the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; (iv) proper and sufficient notice of the Motion was given; (v) the Existing Bank Accounts comply with all requirements imposed by Bankruptcy Code Section 345(b); and (vi) good and sufficient cause exists for the granting of the relief requested in the Motion. Therefore, the Court hereby **ORDERS** as follows:

1. The Motion is granted and approved to the extent provided herein.

2. The Debtors are authorized, in their sole discretion, to continue operating the Cash Management System in a manner consistent with their prepetition practice.

3. The Debtors are authorized, in their sole discretion, to continue to operate and maintain the Existing Bank Accounts as requested in the Motion. The Debtors shall instruct the financial institutions at which the Existing Bank Accounts are held to designate the Existing Bank Accounts as debtor-in-possession accounts. The Debtors are authorized to honor and pay any ordinary course bank fees incurred in connection with the Existing Bank Accounts, including bank fees incurred prior to the Petition Date, and to otherwise perform its obligations under the documents governing the Existing Bank Accounts.

4. The banks at which the Existing Bank Accounts are located shall continue to maintain, service, and administer the Existing Bank Account as accounts of the Debtors as debtor in possession, without interruption and in the ordinary course of business. In this regard, the banks are authorized to receive, process, honor, and pay any and all checks, ACH transfers and other instructions, and drafts payable through, drawn, or directed on such Existing Bank Accounts after the Petition Date by holders, makers, or other parties entitled to issue instructions with respect thereto. Such banks shall accept and honor all representations from the Debtors as to which checks,

drafts, wires, or ACH transfers should be honored or dishonored consistent with any order of the Court and governing law, whether such checks, drafts, wires, or ACH transfers are dated before or after the Petition Date.

5. The Debtors are authorized but not directed to continue to operate under the Merchant Services Agreement. The Debtors are authorized to pay or reimburse the Card Processor in accordance with the Merchant Services Agreement, whether such obligations are incurred prepetition or post-petition, and the Card Processor is authorized to receive or obtain payment for such obligations, as provided under, and in the manner set forth in, the Merchant Services Agreement, including, without limitation, by way of recoupment or setoff without further order of the Court. Any claim which the Card Processor may have under the Merchant Services Agreement shall be entitled to, in addition to any other lien, collateral or payment priority rights in support thereof, administrative expense priority status pursuant to Section 503(b) of the Bankruptcy Code.

6. The Debtors are further authorized, in their sole discretion, to continue to use all business forms, including letterhead, purchase orders, invoices, checks, and other business documents in the form existing immediately before the Petition Date, without reference to the Debtors' status as debtors in possession~~; provided, however, that all paper checks shall be marked with the designation "Debtor-in-Possession" and the applicable case number.~~.

7. The Debtors are authorized to close any Existing Bank Account and open new bank accounts as they may deem necessary and appropriate in their sole discretion; provided, however, that (i) the Debtors shall give notice of the opening of any new bank account within ~~fifteen (15)~~twenty-one (21) days to the Office of the United States Trustee for the Northern District of Texas and any statutory committee(s) appointed in this case; (ii) absent the consent of the United

3

States Trustee, the account is maintained at an authorized depository in the Northern District of Texas; and (iii) such accounts comply with Section 345(b) of the Bankruptcy Code.

8. Any bank at which an Existing Bank Account is located may rely on the representations of the Debtors with respect to whether any check or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this or any other order of this Court, and such bank shall not have any liability for relying on such representations by the Debtors as provided for herein.

9. Those certain existing deposit agreements between the Debtors and the banks at which the Existing Bank Accounts are located shall continue to govern the postpetition cash management relationship between the Debtors and the banks, and that all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect, and the Debtors and the banks may, without further order of this Court, agree to and implement changes to the cash management systems and procedures in the ordinary course of business, including, without limitation, the opening and closing of bank accounts subject to the terms of this order.

~~8.~~10. Entry of this ~~Order~~order is necessary to avoid immediate and irreparable harm. The requirements of Rule 6003(b) have been satisfied. Adequate notice of the Motion has been provided. Such notice satisfies the requirements of Rule 6004(a). The 14 day stay imposed under Rule 6004(h) is hereby waived and the terms and conditions of this Order are immediately effective and enforceable upon its entry.

~~9.~~11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

4

10.12.  This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # # END OF  ORDER # # #