

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed January 21, 2021**

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| NATIONAL RIFLE ASSOCIATION | § | |
| OF AMERICA and SEA GIRT LLC | § | CASE NO. 21-30085-hdh11 |
| | § | |
| DEBTORS[1] | § | Jointly Administered |

**INTERIM ORDER AUTHORIZING THE DEBTORS TO PAY PRE-PETITION
EMPLOYEE WAGES, COMPENSATION, AND EMPLOYEE BENEFITS
AND GRANTING RELATED RELIEF**

Upon consideration of the Debtors' motion for entry of interim and final orders authorizing the payment of prepetition wages, compensation, and employee benefits and granting related relief (the "Motion") [Docket No. 6],[2] the Court finds that: (i) it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(b)(2) and 1334; (ii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) due and

---

[1] The last four digits of the Debtors' taxpayer identification numbers are: 6130 (NRA) and 5681 (Sea Girt). The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.
[2] Unless other indicated, all capitalized terms in this order shall have the meanings ascribed to them in the Motion.

proper notice of the Motion has been provided and no other or further notice need be provided; and (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, and creditors.  Having reviewed the Motion and having heard the statements and evidence offered in support of the relief requested therein at a hearing before this court, the Court determines that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein.  Accordingly, it is hereby **ORDERED** that:

1. The Motion is granted as set forth herein.

2. The NRA is authorized to pay all Prepetition Employee Obligations that are due and payable on January 21, 2021 in the ordinary course of business; provided, however, that no employee shall receive more than $13,650 in wages, salary, or commissions without further order of the Court.  The NRA is authorized to make all withholdings and remittances in connection with the January 21, 2021 payroll consistent with its prepetition practice and in the ordinary course of business.

3. The NRA is authorized to utilize and compensate non-employee NRA Event Staff in its discretion in the ordinary course of business.

4. The NRA is authorized to continue to maintain and service its employee benefit programs, including but not limited to group health, vision, dental, short- and long-term disability, and life insurance plans, voluntary and supplemental benefit plans, FSAs, vacation, retirement plans including the 401k Plan, Pension Plan, and Nonqualified Retirement Plan, and to honor and pay all obligations associated therewith, in the ordinary course of business.

5. The NRA is authorized to continue to maintain its payroll processing, software, and related administration programs, and to pay all costs associated therewith, in the ordinary course of business.

6. The NRA is authorized to pay certain pre-petition Reimbursable Expenses, which were disclosed to the United States Trustee prior the date of entry of this order, consistent with its prepetition practices in the ordinary course of business. The NRA shall not pay additional pre-petition Reimbursable Expenses without further order of the Court. The NRA is further authorized to continue to maintain and provide its company phone program and to make the payments associated with the maintenance of such program as they come due in the ordinary course of business.

7. The NRA is authorized to honor its prepetition practices, programs, and policies with respect to employees, as such practices, programs, and policies were employed prior to the Petition Date, including but not limited to the testing program and employee assistance program described in the Motion, and to pay all associated costs in the ordinary course of business.

8. Nothing in the Motion or this order shall be construed as an assumption or rejection of any agreement, policy, program, or contract, or to otherwise affect the Debtors' rights with respect to any executory contract or unexpired lease.

9. Nothing in the Motion or this order shall be construed as impairing the Debtors' rights to contest the validity, allowance, or amount of any of the Prepetition Employee Obligation.

10. The waiting periods providing in Bankruptcy Rules 6003(b) and 6004(h) are waived to the extent necessary for the immediate payment of the Prepetition Employee Obligations as set forth in this order.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

### # # # END OF ORDER # # #