Natalie L. Arbaugh
State Bar No. 24033378
**WINSTON & STRAWN LLP**
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
T: (214) 453-6500
F: (214) 453-6400
narbaugh@winston.com
*Attorneys for Christopher Cox*

David Neier
(admitted *pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166-4193
T: (212) 294-6700
F: (212) 294-4700
dneier@winston.com

Thomas M. Buchanan
(admitted *pro hac vice*)
**WINSTON & STRAWN LLP**
1901 L St., N.W.
Washington, DC 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
tbuchana@winston.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>The National Rifle Association of America, *el al.*[1]<br><br>Debtors**.** | Chapter 11<br><br>(Jointly Administered)<br><br>Case No. 21-30085-hdh11 |

**MOTION OF CHRISTOPHER W. COX (I) TO MODIFY THE AUTOMATIC STAY TO ALLOW A TRIAL-READY ARBITRATION TO PROCEED AGAINST THE NATIONAL RIFLE ASSOCIATION OF AMERICA, AND (II) FOR RELATED RELIEF**

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT. ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE STREET #1254, DALLAS, TEXAS 75242 BEFORE CLOSE OF BUSINESS ON FEBRUARY 8, 2021, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE ADEQUATELY PROTECTED IF THE STAY IS TO BE CONTINUED.**

---

[1] The last four digits of the Debtors' taxpayer identification numbers are: 6130 (NRA) and 5681 (Sea Girt). The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.

Christopher W. Cox ("Cox"), by and through his undersigned counsel, hereby submits this motion (the "Motion") for entry of an order, in substantially the form attached hereto (i) to grant relief from the automatic stay provided by Section 362 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), to allow Cox to proceed with an arbitration against the National Rifle Association of America (the "NRA") that was scheduled to proceed to trial on January 18, 2021 (the "Arbitration"), and (ii) to confirm that the automatic stay does not apply to stay the counterclaims of the NRA against Cox that were also scheduled to proceed to trial that same day.

## INTRODUCTION

1. The Court should modify the automatic stay to allow Cox, a former employee of the NRA, to proceed to liquidate his claims against the NRA in the Arbitration. In addition, the Court should confirm that the automatic stay does not stay the NRA's counterclaims in the Arbitration.

2. First, there will be substantial prejudice to Cox if the stay is not modified to allow the Arbitration to proceed. If the stay is not modified, Cox would be required to recommence a new proceeding in this Court when the evidentiary hearing was set to commence just one business day after the Petition Date. ████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████

3. Second, the NRA would not be prejudiced in any way if the stay is lifted. The NRA has stated to this Court that it intends to pay all allowed claims in full. Indeed, proceeding with the

trial in the Arbitration now would benefit the Debtors' estates by eliminating the uncertainty over the amount of Cox's claim, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ and thus expediting the Debtors' reorganization efforts.

4. Third, judicial economy favors modifying the automatic stay. The Arbitration is trial-ready and was scheduled to commence on January 18, 2021. To have this Court hold hearings on an ▬▬▬▬▬▬▬▬▬▬▬▬▬ when there is already an arbitrator that is very familiar with the facts and issues surrounding the claims is a waste of estate and judicial resources.

5. Fourth, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ This is particularly true here, where the NRA seems to have only a handful of litigation matters pending, and there is little reason to centralize pending litigation in this Court.

6. Fifth, it is well settled that the automatic stay does not apply to the NRA's counterclaims. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ The Court should confirm that the automatic stay does not apply to counterclaims of the Debtor.

## JURISDICTION

7. This Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334. The Motion is a core matter within the meaning of 28 U.S.C. § 157(b)(2).

8. The NRA and Sea Girt LLC ("Sea Girt" and together with the NRA, the "Debtors") assert that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409, but there are questions with respect to that assertion.[2]

---

[2] The NRA filed its Certification of Formation for Sea Girt on November 24, 2020, just 52 days prior to the filing of the Debtors' bankruptcy petitions on January 15, 2021 (the "Petition Date"). *See* Buchanan Dec. Ex. E. The creditor matrix for Sea Girt lists just one creditor other than the NRA, and that creditor, Vanessa Shahidi, is an officer of the NRA working at the NRA's principal place of business in Fairfax, Virginia. (Sea Girt Dkt. No. 13).

9. The statutory grounds for the relief requested herein include Section 362 of the Bankruptcy Code.

## BACKGROUND

10. Cox was employed by the NRA for 24 years. He served for 17 years as the executive director of the NRA's Institute for Legislative Action, the NRA's lobbying arm.

11. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

12. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

13. ███████████████████████████████████████████████████████████████████████████████████

14. ███████████████████████████████████████████████████████████████

15. ██████████████████████████ the evidentiary hearing was finally scheduled to commence on Monday, January 18, 2021. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████ However, the business day before the hearing was to begin, Friday, January 15, 2021, the NRA filed its bankruptcy

petition. Cox was notified of the NRA's filing at 4:25 p.m. on Friday. ███████████

███████████████████████████████████████████████████████████████████

███████████████████████████████

16. In connection with its bankruptcy petition, the NRA has stated that it can pay all allowed claims in full. The NRA's Executive Vice President, Wayne LaPierre, has stated that "[t]he NRA is not 'bankrupt' or 'going out of business.' The NRA is not insolvent. **We are as financially strong as we have been in years**." *See* Buchanan Dec. Ex. C (emphasis in original). Rather, the NRA explained that its foray into bankruptcy is part of a plan to "utiliz[e] the protection of the bankruptcy court" to "restructure the Association as a Texas nonprofit." *See* Buchanan Dec. Ex. D. According to the NRA, the bankruptcy petition was only necessary because New York's Attorney General has "weaponized the legal and regulatory powers [she] wield[s] to penalize the Association and its members for purely political purposes." *Id*. The NRA touts that its "plan can be summed up quite simply: We are DUMPING New York[.]" *See* Buchanan Dec. Ex. C.

17. While the NRA may be "as financially strong as [they] have been in years," ███

███████████████████████████████████████████████████████████████████

████████████████████████████████████████████

### RELIEF REQUESTED

18. The Court should grant Cox relief from the automatic stay pursuant to Section 362(d)(1) of the Bankruptcy Code to proceed with the Arbitration. In addition, the Court should confirm that the automatic stay does not stay the NRA's counterclaims in the Arbitration.

### BASIS FOR RELIEF REQUESTED

**A. Cause Exists to Lift the Automatic Stay.**

19. Section 362 of the Bankruptcy Code provides that the court shall grant relief from

5

the automatic stay, for cause, including lack of adequate protection. *See* 11 U.S.C. § 362(d)(1). Cox has the initial burden of establishing a prima facie case that cause exists. *See In re Self*, 239 B.R. 877, 880 (Bankr. E.D. Tex. 1999). Thereafter, pursuant to Bankruptcy Code Section 362(g)(2), the Debtor bears the burden of proof on all other issues, including the absence of cause for relief under Section 362(d)(1).

20. Although "cause" is not defined in the Bankruptcy Code, courts have interpreted the concept broadly in order to respond equitably to the specific facts of a case. *See, e.g., Mooney v. Gill*, 310 B.R. 543, 546-47 (N.D. Tex. 2002) ("Cause is an intentionally broad and flexible concept, made so in order to permit the courts to respond in equity to inherently fact-sensitive situations.") (*quoting In re Sentry Park, Ltd.*, 87 B.R. 427, 430 (Bankr. W.D. Tex. 1988)); *see also Reitnauer v. Tex. Exotic Feline Found., Inc. (In re Reitnauer)*, 152 F.3d 341, 343 n.4 (5th Cir. 1998) (cause determined on a case-by-case basis); *In re Choice ATM Enterprises, Inc.*, 2015 WL 1014617, at *4 (Bankr. N.D. Tex. Mar. 4, 2015) ("Even among bankruptcy courts in this circuit, no single approach prevails.").

21. In this Circuit, cause includes (1) a focus on prejudice to the parties; and (2) questions of judicial economy. *See, e.g., In re Xenon Anesthesia of Texas, PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014) (finding that judicial economy alone can provide grounds to lift the automatic stay); *In re S.H. Leggitt Co.*, 2011 WL 1376772, at *4 (Bankr. W.D. Tex. 2011) (factors to consider include "the interests of judicial economy, expeditious and economical resolution of the litigation, comity, jurisdiction, and balancing of the harm between the parties.").

22. Here, all of the factors warrant modification of the automatic stay:

- The Arbitration is trial-ready, and Cox will be prejudiced if he is required to re-commence and relitigate his case in another forum, ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The NRA filed its bankruptcy petition just one business day prior

6

       to when the Arbitration was scheduled to be tried.

- The NRA will suffer no prejudice, as it was also prepared to proceed with the Arbitration, and the NRA intends to pay all allowed claims in full. ███████████

- Judicial economy favors liquidating the claims of Cox and counterclaims of the NRA in the Arbitration, and there will be a waste of estate and judicial resources if the claims that would have been determined in the Arbitration now have to be determined by the Bankruptcy Court, which is unfamiliar with the record and proceedings ███████████████

**B.**    **The Federal Arbitration Act Favors Modification of the Automatic Stay**

23.    ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

24.    The FAA provides that written agreements to arbitrate a dispute are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011) (quoting 9 U.S.C. § 2); *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1412 (2019) ("The Federal Arbitration Act requires courts to enforce covered arbitration agreements according to their terms."). This well-established rule reflects "both a 'liberal federal policy favoring arbitration' … and the 'fundamental principle that arbitration is a matter of contract.'" *AT&T Mobility*, 563 U.S. at 339 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 130 (2010)).

25. The FAA established a strong federal policy in favor of arbitrations. *See Shearson/American Exp., Inc. v. McMahon*, 482 U.S. 220, 226 (1987). A bankruptcy court may enforce an arbitration clause of a prepetition agreement absent a showing that "the text, legislative history, or purpose of the Bankruptcy Code conflicts with the enforcement of an arbitration clause." *Hays and Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 885 F.2d 1149, 1156-1157 (3d Cir. 1989); *see also Henry v. Educ. Fin. Serv. (In re Henry)*, 944 F.3d 587, 590-91 (5th Cir. 2019) (bankruptcy courts may decline to enforce arbitration clauses when two requirements are met, (i) the proceeding must adjudicate statutory rights conferred by the Bankruptcy Code and not the debtor's prepetition legal or equitable rights, and (ii) if requiring arbitration would conflict with the purposes of the Bankruptcy Code); *In re Gandy*, 299 F.3d 489, 495, (5th Cir. 2002) (bankruptcy court may refuse to enforce an arbitration agreement when the nature of the proceeding derives exclusively from the Bankruptcy Code and arbitration would conflict with the purpose of the Code).

26. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ In addition, requiring arbitration would not conflict with the purposes of the Bankruptcy Code, ▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ the matter is trial-ready, and the Debtor intends to pay all allowed claims in full. In addition, there are apparently only a handful of litigation matters involving the NRA, and the NRA does not need to centralize or streamline litigation in this Court. Accordingly, the stay should be modified to allow the Arbitration to proceed.

C.    **The NRA's Counterclaims Are Not Subject to the Automatic Stay**

27. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *See Matter*

*of U.S. Abatement Corp.*, 39 F.3d 563, 568 (5th Cir. 1994) ("[C]ounterclaims asserted by a debtor are not actions 'against the debtor' which are subject to the automatic stay."); *Hegedus v. Nationstar Mortg. LLC.*, 2020 WL 957464, at *4 (W.D. Va. Feb. 27, 2020) (holding that "claims or counterclaims brought by a debtor are not barred by the automatic stay"); *Leeber Realty LLC v. Trustco Bank*, 2019 WL 498253, at *11 (S.D.N.Y. Feb. 8, 2019), *aff'd*, 798 F. App'x 682 (2d Cir. 2019) ("Because the automatic stay's primary purpose is to preserve a bankrupt's estate for the benefit of all creditors, courts consistently hold that actions brought by a debtor are not subject to the automatic stay."); *Tenas-Reynard v. Palermo Taxi Inc.*, 2016 WL 1276451, at *7 (S.D.N.Y. Mar. 30, 2016) ("The automatic stay provision of Section 362 by its terms only stays proceedings against the debtor, and does not address actions brought by the debtor which would inure to the benefit of the bankruptcy estate. … Accordingly, within one case, actions against a debtor will be suspended even though closely related claims asserted by the debtor may continue.") (quotations, citations, and alterations omitted).

28. As a result, the Court should issue an order ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ that the Arbitration may proceed immediately with respect to the NRA's counterclaims.

## NOTICE

29. Notice of this Motion shall be provided to (a) counsel for the Debtors; (b) the creditors included on the list filed pursuant to Bankruptcy Rule 1007(d); (c) the United States Trustee; (d) those parties requesting notice pursuant to Local Bankruptcy Rule 2002-1(j); and (e) all other parties registered to receive ECF notifications in this case. Cox respectfully submits that such notice is sufficient and that no further notice of this Motion is required.

## CONCLUSION

For the foregoing reasons, Cox respectfully requests entry of an order (i) modifying the

automatic stay to allow the Arbitration to proceed; (ii) confirming that the automatic stay does not stay the NRA's counterclaims, and (iii) granting such other and further relief as the Court deems just and proper.

Dated: January 25, 2021

Respectfully submitted,

**WINSTON & STRAWN LLP**

*/s/* Natalie L. Arbaugh
Natalie L. Arbaugh
State Bar No. 24033378
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
T: (214) 453-6500
F: (214) 453-6400
narbaugh@winston.com

David Neier
(admitted *pro hac vice*)
200 Park Avenue
New York, NY 10166-4193
T: (212) 294-6700
F: (212) 294-4700
dneier@winston.com

Thomas M. Buchanan
(admitted *pro hac vice*)
1901 L St., N.W.
Washington, DC 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
tbuchana@winston.com

*Attorneys for Christopher Cox*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct redacted copy of the foregoing document and accompanying exhibits has been served upon all parties named on the attached Master Service List by first-class U.S. Mail, and all parties receiving notice by and through the Court's CM/ECF system. True and correct unredacted copies have been served upon counsel for the Debtor and the U.S. Trustee by first-class U.S. Mail, consistent with the relief requested in Mr. Cox's motion to seal, filed contemporaneously herewith. Mr. Cox will serve such additional parties with unredacted copies of the foregoing as provided in any further order of the Court.

*/s/ David Neier*

## **CERTIFICATE OF CONFERENCE**

I hereby certify that on January 22, 2021, counsel for Cox requested to confer with Debtor's counsel concerning the foregoing motion. Debtor's counsel responded, but was unable to provide a final position prior to the filing of this time-sensitive motion.

*/s/ David Neier*

**In re: Sea Girt LLC - Case No. 21-30080**
**In re: National Rifle Association of America - Case No. 21-30085**

## MASTER SERVICE LIST

### Debtor/Debtor's Counsel

National Rifle Association of America
11250 Waples Mill Road
Fairfax, VA  22030

Neligan LLP
Attn:   Patrick J. Neligan
            Douglas J. Buncher
            John D. Gaither
325 N. St. Paul, Suite 3600
Dallas, TX 75201
Email: pneligan@neliganlaw.com
            dbuncher@neliganlaw.com
            jgaither@neliganlaw.com

Sea Girt LLC
11250 Waples Mall Road
Fairfax, VA  22030

### U.S. Trustee

Office of the United States Trustee
Attn: Lisa Young
Earle Cabell Federal Building
1100 Commerce Street, Room 976
Dallas, TX  75242

### Secured Creditors

Atlantic Union Bank
Attn: Andrew Kalin
1800 Robert Fulton Drive, Suite 100
Reston, VA  20191
Email: andrew.kalin@atlanticunionbank.com

### 20 Largest Unsecured Creditors

Ackerman McQueen, Inc.
1601 Northwest Expressway
Oklahoma City, OK  73118-1438

Membership Marketing Partners LLC
11250 Waples Mill Road, Suite 310
Fairfax, VA  22030

90324v1

Gould Paper Corporation
Attn: Warren Connor
99 Park Avenue, 10th Floor
New York, NY 10016

Under Wild Skies
201 N. Union Street, Suite 510
Alexandria, VA 22314

Quadgraphics
N63W23075 Hwy. 74
Sussex, WI 53089

Membership Advisors Public REL
11250 Waples Mill Road, Suite 310
Fairfax, VA 22030

Mercury Group
1601 NW Expressway, Suite 1100
Oklahoma City, OK 73118

Image Direct Group LLC
200 Monroe Avenue, Building 4
Frederick, MD 21701

TMA Direct, Inc.
12021 Sunset Hills Road, Suite 350
Manassas, VA 20109

Membership Advisors Fund Raising
11250 Waples Mill Road, Suite 310
Fairfax, VA 22030

Krueger Associates, Inc.
105 Commerce Drive
Aston, PA 19014

Infocision Management Corp.
325 Springside Drive
Akron, OH 44333

Valtim Incorporated
P.O. Box 114
Forest, VA 24551

Communications Corp of America
Attn: Judy Reid
13195 Freedom Way
Boston, VA 22713

Salesforce.Com, Inc.
One Mark St. – The Landmark, Suite 300
San Francisco, CA 94105

Speedway Motorsports, Inc.
P.O. Box 600
Concord, NC 28026

Google
1600 Amphitheatre Parkway
Mountain View, CA 94043-1351

United Parcel Services
P.O. Box 7247-0244
Philadelphia, PA 19170

Stone River Gear, LLC
P.O. Box 67
Bethel, CT 06801

CDW Computer Centers, Inc.
P.O. Box 75723
Chicago, IL 60675

### Government Agencies

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Office of Attorney General (NY)
Attn: Letitia James
28 Liberty Street
New York, NY 10005

90324v1

Office of Attorney General (DC)
Attn: Karl A. Racine
441 Fourth St., N.W., Suite 600-South
Washington, DC 20001

Office of Attorney General (TX)
Attn: Ken Paxton
P.O. Box 12548
Austin, TX 78711-2548

Mahmooth A. Faheem
Pension Benefit Guaranty Corporation
1200 K NW
Washington, DC 20005-4026
mahmooth.faheem@pbgc.gov
efile@pbgc.gov

## Notice of Appearance

Laurie A. Spindler
Linebarger Coggan Blair & Sampson, LLP
2777 N. Stemmons Freeway, Suite 1000
Dallas, TX 75207
dallas.bankruptcy@publicans.com

G. Michael Gruber
Dorsey & Whitney LLP
300 Crescent Court, Suite 400
Dallas, TX 75201
gruber.mike@dorsey.com

Brian E. Mason
Dorsey & Whitney LLP
300 Crescent Court, Suite 400
Dallas, TX 75201
mason.brian@dorsey.com

H. Joseph Acosta
Dorsey & Whitney LLP
300 Crescent Court, Suite 400
Dallas, TX 75201
acosta.joseph@dorsey.com

Natalie L. Arbaugh
Winston & Strawn LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
narbaugh@winston.com

Thomas M. Buchanan
Matthew Saxon
Winston & Strawn LLP
1901 L St., N.W.
Washington, DC 20036
tbuchana@winston.com
msaxon@winston.com

David Neier
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193
dneier@winston.com

Tara LeDay
McCreary, Veselka, Bragg & Allen, P.C.
P.O. Box 1269
Round Rock, TX 78680
tleday@mvbalaw.com

90324v1

Michael I. Baird
Pension Benefit Guaranty Corporation
1200 K St. NW
Washington, DC 20005-4026
baird.michael@pbgc.gov
efile@pbgc.gov

Arthur A. Greenberg
G&B Law LLP
16000 Ventura Blvd., Suite 1000
Encino, CA 91436-2730
agreenberg@gblawllp.com

Judith A. Ross
Ross & Smith, P.C.
700 North Pearl St., Suite 1610
Dallas, TX 75201
judith.ross@judithwross.com

Michael J. Lichtenstein
Shulman Rogers
12505 Park Potomac Avenue, 6th Floor
Potomac, MD 20854
mjl@shulmanrogers.com

Eric S. Chafetz
Lowenstein Sandler LLP
1251 Avenue of the Americas
New York, NY 10020
echafetz@lowenstein.com

90324v1