| | | |
|---|---|---|
| Natalie L. Arbaugh<br>State Bar No. 24033378<br>**WINSTON & STRAWN LLP**<br>2121 N. Pearl Street, Suite 900<br>Dallas, TX 75201<br>T: (214) 453-6500<br>F: (214) 453-6400<br>narbaugh@winston.com<br>*Attorneys for Christopher Cox* | David Neier<br>(admitted *pro hac vice*)<br>**WINSTON & STRAWN LLP**<br>200 Park Avenue<br>New York, NY 10166-4193<br>T: (212) 294-6700<br>F: (212) 294-4700<br>dneier@winston.com | Thomas M. Buchanan<br>(admitted *pro hac vice*)<br>**WINSTON & STRAWN LLP**<br>1901 L St., N.W.<br>Washington, DC 20036<br>Tel.: (202) 282-5000<br>Fax: (202) 282-5100<br>tbuchana@winston.com |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re: :<br>  :<br>The National Rifle Association of America, *el al.*[1]  :<br>  :<br>Debtors.   : | Chapter 11<br><br>(Jointly Administered)<br><br>Case No. 21-30085-hdh11 |

**MOTION OF CHRISTOPHER W. COX FOR LEAVE TO FILE UNDER SEAL CERTAIN PORTIONS OF AND EXHIBITS TO HIS MOTION (I) TO MODIFY THE AUTOMATIC STAY TO ALLOW A TRIAL-READY ARBITRATION TO PROCEED AGAINST THE NATIONAL RIFLE ASSOCIATION OF AMERICA, AND (II) FOR RELATED RELIEF**

Christopher W. Cox ("Cox"), by and through his undersigned counsel, hereby submits this motion (the "Motion to Seal") for entry of an order, substantially in the form attached hereto as Exhibit 1, authorizing him to file under seal certain portions of (and certain exhibits filed in support of) Cox's *Motion to (I) Modify the Automatic Stay to Allow a Trial-Ready Arbitration to Proceed*

---

[1] The last four digits of the Debtors' taxpayer identification numbers are: 6130 (NRA) and 5681 (Sea Girt). The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.

1

*Against the National Rifle Association of America, and (II) for Related Relief* (the "Lift Stay Motion").[2] In further support of this Motion to Seal, Cox states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion to Seal under 28 U.S.C. §§ 157 and 1334. The Motion is a core matter within the meaning of 28 U.S.C. § 157(b)(2).

2. The NRA and Sea Girt LLC ("Sea Girt" and together with the NRA, the "Debtors") assert that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409, but there are questions with respect to that assertion.[3]

3. The statutory and other bases for the relief requested herein are 11 U.S.C. §§ 105(a) and 107(b), Rule 9018 of the Federal Rules of Bankruptcy Procedure, and Rule 9077-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas.

## FACTUAL BACKGROUND

4. Cox and the NRA were engaged in a confidential arbitration prior to Debtors' petition. The parties in arbitration agreed to use the International Institute for Conflict Prevention & Resolution's Rules for Non-Administered Arbitration (2018) ("CPR Rules").[4]

5. CPR Rule 18 provides (emphasis added):

> Unless the parties agree otherwise, the parties, the arbitrators and CPR **shall treat the proceedings, any related discovery and the decisions of the Tribunal, as confidential**, except in connection with judicial proceedings ancillary to the arbitration, such as a judicial challenge to, or enforcement

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Lift Stay Motion.

[3] The NRA filed its Certification of Formation for Sea Girt on November 24, 2020, just 52 days prior to the filing of the Debtors' bankruptcy petitions on January 15, 2021 (the "Petition Date"). The creditor matrix for Sea Girt lists just one creditor other than the NRA, and that creditor, Vanessa Shahidi, is an officer of the NRA working at the NRA's principal place of business in Fairfax, Virginia. (Sea Girt Dkt. No. 13).

[4] The CPR Rules can be accessed using the following URL: https://www.cpradr.org/resource-center/rules/arbitration/non-administered/2018-cpr-non-administered-arbitration-rules

of, an award, and unless otherwise required by law or to protect a legal right of a party.

6. The CPR Rules explain that "[p]arties that choose arbitration over litigation do so in large part out of a need or desire for an out-of-court proceeding that is confidential, expeditious and cost-effective." CPR Rules at 2.

7. Trial in the arbitration was scheduled to begin January 18, 2021. On January 15, 2021, the Friday before arbitration hearing, the NRA filed its bankruptcy petition. In his Lift Stay Motion, Cox seeks to modify the automatic stay to enable the arbitration to proceed.

8. To provide the Court with adequate background and to protect his rights, Cox must reveal in the Lift Stay Motion confidential information regarding his employment, as well as the origin and posture of the arbitration. In addition, the Lift Stay Motion is accompanied by the Buchanan Declaration, which includes exhibits that contain confidential information. Sealing is necessary to protect Cox's and the NRA's confidential information.

9. Cox has filed publicly a redacted copy of the Motion and the accompanying Buchanan Declaration, restricting only as much information as is necessary to protect confidential information and matters protected by the CPR Rules.

## ARGUMENTS AND AUTHORITIES

10. The Bankruptcy Code, Bankruptcy Rules, and Local Rules authorize the Court to limit the disclosure of confidential information. Section 107(b) of the Bankruptcy Code provides, in relevant part, as follows:

> On request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title . . . .

3

11 U.S.C. § 107(b)(2). Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

11. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under 11 U.S.C. § 107(b), providing:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, [or] (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code . . . .

Fed. R. Bankr. P. 9018. Furthermore, Local Rule 9077-1(a) provides, in relevant part, that "[a] party may file under seal any document that a statute or rule requires or permits to be so filed." Local Bankr. R. N.D. Tex. 9077-1(a).

12. Based on the foregoing authority and the CPR Rules, Cox respectfully requests that the Court enter the Proposed Order permitting him to file certain portions of his Lift Stay Motion and certain exhibits to the Buchanan Declaration under seal to protect the confidential information contained therein. Cox further requests that he be permitted to serve a redacted version of its Lift Stay Motion on creditors and parties requesting notice pursuant to Local Bankruptcy Rule 2002-1(j), but providing creditors the right to seek an unredacted version by written notice to Cox's counsel.

## NOTICE

13. Notice of this Motion shall be provided to (a) counsel for the Debtors; (b) the United States Trustee; (c) those parties requesting notice pursuant to Local Bankruptcy Rule 2002-1(j); and (d) all other parties registered to receive ECF notifications in this case. Cox respectfully submits that such notice is sufficient and that no further notice of this Motion is required.

**PRAYER**

14.     WHEREFORE, PREMISES CONSIDERED, Cox respectfully requests that the Court (i) grant the relief requested in this Motion to Seal, (ii) enter an order, substantially in the form of the Proposed Order, authorizing the filing of the Lift Stay Motion and accompanying Buchanan Declaration under seal, and (iii) grant Cox such further and additional relief as the Court deems just and proper.

Dated: January 25, 2021                               Respectfully submitted,

**WINSTON & STRAWN LLP**

/s/ Natalie L. Arbaugh
Natalie L. Arbaugh
State Bar No. 24033378
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
T: (214) 453-6500
F: (214) 453-6400
narbaugh@winston.com

David Neier
(admitted *pro hac vice*)
200 Park Avenue
New York, NY 10166-4193
T: (212) 294-6700
F: (212) 294-4700
dneier@winston.com

Thomas M. Buchanan
(admitted *pro hac vice*)
1901 L St., N.W.
Washington, DC 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
tbuchana@winston.com

*Attorneys for Christopher Cox*

**CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing document has been served by and through the Court's CM/ECF system upon (a) counsel for the Debtors; (b) the United States Trustee; (c) those parties requesting notice pursuant to Local Bankruptcy Rule 2002-1(j); and (d) all other parties registered to receive ECF notifications in this case.

               */s/ David Neier*

**CERTIFICATE OF CONFERENCE**

   I hereby certify that on January 22, 2021, counsel for Cox requested to confer with Debtor's counsel concerning the foregoing motion. Debtor's counsel indicated that Debtor does not object to Cox's request for sealing.

               */s/ David Neier*