Patrick J. Neligan, Jr.
State Bar. No. 14866000
Douglas J. Buncher
State Bar No. 03342700
John D. Gaither
State Bar No. 24055516
NELIGAN LLP
325 North St. Paul, Suite 3600
Dallas, Texas 75201
Telephone:  214-840-5333
Facsimile:  214-840-5301
pneligan@neliganlaw.com
dbuncher@neliganlaw.com
jgaither@neliganlaw.com

**PROPOSED COUNSEL FOR DEBTORS**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| NATIONAL RIFLE ASSOCIATION | § | CASE NO. 21-30085-hdh11 |
| OF AMERICA and SEA GIRT LLC | § | |
| | § | |
| DEBTORS[1] | § | JOINTLY ADMINISTERED |

## DEBTORS' MOTION FOR AUTHORITY TO HONOR PREPETITION OBLIGATIONS RELATED TO CUSTOMER, DONOR, AND MEMBER PROGRAMS

The National Rifle Association of America (the "NRA") and Sea Girt LLC ("Sea Girt") (collectively, the "Debtors"), as debtors and debtors-in-possession, file this motion (the "Motion") pursuant to Sections 105(a), 363(c), 364, 507(a)(7) of the Bankruptcy Code to request entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to honor certain prepetition obligations to customers, donors, and members and continue certain prepetition customer, donor, and member programs in the ordinary course of business, and in support state as follows:

---

[1] The last four digits of the Debtors' taxpayer identification numbers are:  6130 (NRA) and 5681 (Sea Girt).  The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.

**Debtors' Motion for Authority to Honor Prepetition Obligations Related to Customer, Donor, and Member Programs** **Page 1**

## I. BACKGROUND

1.      On January 15, 2021 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors remain in possession of their property and are operating their businesses as debtors-in-possession in accordance with Sections 1107 and 1108 of the Bankruptcy Code. A detailed description of the Debtors' business, capital structure, and the events leading to the Debtors' bankruptcy is set forth in the Debtors' Informational Brief [Docket No. 31] and the Declarations of Shawne Soto [Docket No. 10], Robert Owens [Docket No. 11], and Sonya Rowling [Docket No. 12], and is incorporated herein by reference.

## II. NRA CUSTOMER, DONOR, AND MEMBER PROGRAMS

**A.      Gift Cards and Returns of Merchandise and Program Materials**

2.      As part of its normal operations, the NRA maintains the "Official NRA Store" (the "NRA Store"),[2] which offers NRA branded merchandise for sale via internet and mail order transactions. In the ordinary course of business, customers may elect to return or exchange items purchased through the NRA Store within 60 days of receipt of an order.[3] Similarly, the NRA offers certain training and program materials for sale through its NRA Program Materials Center, which may also be returns or exchanged within 60 days of receipt of an order.[4] Because items that were sold prior to the Petition Date may be returned or exchanged post-petition, the return or exchange of such items would give rise to a prepetition obligation (collectively the "Customer Refunds"). Prior to the Petition Date, the NRA's average monthly return/exchange obligation was approximately $16,000. The NRA seeks to maintain its existing return policy and to honor

---

[2] https://nrastore.com.
[3] The NRA Store return policy may be found at the following link: https://nrastore.com/return-policy.
[4] *See* https://materials.nrahq.org/customerservice.html.

any prepetition obligations that arise in connection with Customer Refunds in the ordinary course of business.

3.      In addition, the NRA offers gift cards for the NRA Store and to the target range located at the NRA's headquarters in Fairfax, Virginia (collectively the "Gift Cards"). The NRA estimates that, as of the Petition Date, its liabilities associated with these outstanding Gift Cards were approximately $70,000 (NRA Store) and $6,000 (target range). The NRA seeks to continue to honor the prepetition obligations associated with its Gift Card program in the ordinary course of business.

B.      **Donor and Member Refunds**

4.      The NRA also sometimes receives requests for refunds from donors and members (collectively the "Donor and Member Refunds"). The NRA's operations are partially funded by donor contributions from various parties, including contributions made via online portals such as PayPal. Occasionally, a donor may request a refund of his or her contribution. Refund requests are most commonly associated with mistakes made in connection with the submission of the donation. For example, a party making a donation might mistakenly add an "extra zero" when submitting an online donation. In these instances, the NRA will refund the portion of the donation that was mistakenly made. Likewise, the NRA occasionally refunds membership dues under similar circumstances. As of the Petition Date, the NRA was not aware of any outstanding refund requests, but to maintain goodwill with its donors and members the NRA seeks authority to honor requests for Donor and Member Refunds in its discretion in the ordinary course of business.

C.      **Scholarships, Awards, and Contests**

5.      The NRA also offers various scholarships, awards, and contests to honor and support young members and supporters of the Second Amendment (collectively, the "Member

Programs").[5] Because a scholarship or award offered in connection with the Member Programs may have been granted but not paid prior to the Petition Date, the Member Programs may give rise to unpaid prepetition obligations. As of the Petition Date, the NRA estimates that its total outstanding obligations in connection with its Member Programs was approximately $30,000. The NRA requests authority to continue to maintain its various Member Programs and to honor its obligations in connection with these programs in its discretion in the ordinary course of business.

### III. RELIEF REQUESTED

6.      By this Motion, the NRA requests entry of an order (i) authorizing, but not directing, the NRA to continue to honor prepetition obligations owed to customers, members, donors, and third parties on account of Customer Refunds, Gift Cards, Donor and Member Refunds, and Member Programs (collectively the "Customer, Donor, and Member Programs") and otherwise continue, renew, replace, modify, or terminate, as applicable, the Customer, Donor, and Member Programs in the ordinary course of business without further application to the Court.

### IV. BASIS FOR REQUESTED RELIEF

A.      **Importance of Maintaining the Customer, Donor, and Member Programs in the Ordinary Course and Necessity of Payment**

7.      Continuation of the Customer, Donor, and Member Programs in the ordinary course of business is proper under Section 105(a) of the Bankruptcy Code, which authorizes the Court "to issue any order . . . necessary or appropriate to carry out the provisions" of the Bankruptcy Code, and the "necessity of payment" rule, under which courts may authorize the payment of certain prepetition claims when such payment is essential to the debtor's continued

---

[5] The NRA's various Member Programs are described at the following link: https://awards.nra.org/.

operations. *See, e.g., In re CoServ, LLC*, 273 B.R. 487, 494 (Bankr. N.D. Tex. 2002); *In re Gulf Air, Inc.*, 112 B.R. 152, 153-54 (Bankr. W.D. La. 1989); *Mich. Bureau of Workers' Disability Comp. v. Chateauguay Corp. (In re Chateauguay Corp.)*, 80 B.R. 279, 285-86 (S.D.N.Y. 1987). In *CoServ*, the court observed that there are certain instances in which a debtor in possession can fulfill its fiduciary duty to protect and preserve the value of the estate "only . . . by the preplan satisfaction of a pre-petition claim." 273 B.R. at 497. The court articulated a three-pronged test for determining whether a preplan payment on account of a pre-petition claim is appropriate under the circumstances:

> First, it must be critical that the debtor deal with the claimant. Second, unless it deals with the claimant, the debtor risks the probability of harm, or, alternatively, loss of economic advantage to the estate or the debtor's going concern value, which is disproportionate to the amount of the claimants' prepetition claim. Third, there is no practical or legal alternative by which the debtor can deal with the claimant other than by payment of the claim.

*Id*. at 498.

8. Each of the *CoServ* elements is satisfied in this case. Because the NRA is almost entirely funded by membership dues, donations, and sales to customers, the goodwill and loyalty of the NRA's members, donors, and customers, as well as potential members, donors, and customers, is paramount. Continuation the Customer, Donor, and Member Programs in the ordinary course of the NRA's business is essential to maintaining that goodwill and loyalty and ensuring the NRA's ability to continue to generate revenue. Likewise, failure to honor prepetition obligations to customers, members, and donors, including the obligations associated with the NRA's existing policies with respect to the Customer, Donor, and Member Programs, would severely damage the NRA's reputation and impair its ability to attract new customers, donors, and members. The NRA submits there is no practical or legal alternative to honoring the prepetition obligations associated with the Customer, Donor, and Member Programs that would

avoid this certain harm to its estate. As a result, the NRA continuation of the Customer, Donor, and Member Programs and the payment of the prepetition obligations related to the Customer, Donor, and Member Programs is necessary to maximize the value of the NRA's estate and is in the best interest of all parties.

**B.    Honoring the Prepetition Obligations Related to the Customer, Donor, and Member Programs is Consistent with Section 507(a)(7)**

9. The obligations that arise in connection with the Gift Cards, up to a cap of $3,025 per individual, are entitled to priority status under Section 507(a)(7) of the Bankruptcy Code. The NRA believes that all its liabilities associated with the Gift Cards are under this statutory cap. To the extent claims associated with the Gift Cards are entitled to priority, the NRA's satisfaction of those claims will only affect the timing of the payment and will not prejudice the rights of creditors or other parties-in-interest.

10. Furthermore, as set forth above, the NRA's ability to reorganize and implement its restructuring is dependent upon preventing the erosion of its customer, donor, and member base and maintaining goodwill, which could occur if the NRA is unable to honor its obligations related to the Customer, Donor, and Member Programs. To the extent certain prepetition obligations on account of the Customer, Donor, and Member Programs are not entitled to priority under Section 507(a)(7), the Debtors seek authority to honor those obligations under the *CoServ* test discussed above.

11. Courts in this district have previously authorized debtors to maintain customer programs and honor prepetition obligations arising thereunder in the ordinary course of business. *See In re Tuesday Morning*, Case No. 20-31476-hdh11 (Bankr. N.D. Tex. May 29, 2020) [Docket No. 107]; *In re J. Hilburn, Inc.*, Case No. 20-31308-hdh11 (Bankr. N.D. Tex. May 22, 2020) [Docket No. 97]; *In re TPP Acquisition, Inc.*, Case No. 16-33437-hdh11 (Bankr. N.D.

Tex. Sep. 8, 2016) [Docket No. 60]; *In re Cafeteria Operators, L.P.*, Case No. 03-30179-hdh11 (Bankr. N.D. Tex. Jan. 3, 2003) [Docket No. 33]. The Debtors submit that similar relief is appropriate in this case.

## V. CONCLUSION AND PRAYER

12. For the reasons set forth above, the Debtors request that the Court enter an order (i) granting the relief requested herein; and (ii) granting any further relief the Court deems appropriate.

Dated: January 28, 2021                                Respectfully submitted,

*/s/ Patrick J. Neligan, Jr.*
Patrick J. Neligan, Jr.
Texas Bar No. 14866000
pneligan@neliganlaw.com
Douglas J. Buncher
State Bar No. 03342700
dbuncher@neliganlaw.com
John D. Gaither
Texas Bar No. 24055516
jgaither@neliganlaw.com
**NELIGAN LLP**
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: (214) 840-5300
Facsimile: (214) 840-5301

**PROPOSED COUNSEL FOR THE DEBTORS**

**Debtors' Motion for Authority to Honor Prepetition Obligations Related to Customer, Donor, and Member Programs**                                                                                                                                                                                   **Page 7**

90351v.1