Patrick J. Neligan, Jr.
State Bar. No. 14866000
Douglas J. Buncher
State Bar No. 03342700
John D. Gaither
State Bar No. 24055516
NELIGAN LLP
325 North St. Paul, Suite 3600
Dallas, Texas 75201
Telephone:  214-840-5333
Facsimile:  214-840-5301
pneligan@neliganlaw.com
dbuncher@neliganlaw.com
jgaither@neliganlaw.com

**PROPOSED COUNSEL FOR DEBTORS**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CHAPTER 11 |
| NATIONAL RIFLE ASSOCIATION OF AMERICA and SEA GIRT LLC | § § § § | CASE NO. 21-30085-hdh11 |
| DEBTORS[1] | § § | JOINTLY ADMINISTERED |

**APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF NELIGAN LLP AS COUNSEL TO THE DEBTOR**

A HEARING WILL BE CONDUCTED ON THIS MATTER ON FEBRUARY 24, 2021 AT 2:00 PM IN COURTROOM #3, EARL CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, 14TH FLOOR, DALLAS, TEXAS.  IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING.  UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BNAKRUPTCY COURT WITHIN TWENTY-ONE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING.  YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

---

[1] The last four digits of the Debtors' taxpayer identification numbers are:  6130 (NRA) and 5681 (Sea Girt).  The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.

The National Rifle Association of America and Sea Girt LLC (collectively the "Debtors"), as debtors and debtors-in-possession, file this application (the "Application") pursuant to Sections 327 and 328 of the Bankruptcy Code,[2] Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas ("N.D. Tex. L.B.R.") to request entry of an order substantially in the form attached hereto as **Exhibit A** authorizing the Debtors to retain and employ Neligan LLP ("Neligan") as the Debtors' counsel in the above-referenced jointly administered chapter 11 bankruptcy cases. In support of this Application, the Debtors submit the Declaration of Patrick J. Neligan, Jr., a partner in Neligan LLP, attached hereto as **Exhibit B** and incorporated herein by reference, as well as the Declaration of John Frazer, attached hereto as **Exhibit C** and incorporated herein be reference, which is the verification required by the Appendix B Guidelines of the United States Trustee for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under United States Code by Attorneys in Larger Cases (the "UST Guidelines"). In addition, the Debtors states as follows:

## I. BACKGROUND

1. On January 15, 2021 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors remains in possession of their property and are operating their businesses as debtors-in-possession in accordance with Sections 1107 and 1108 of the Bankruptcy Code. A detailed description of the Debtors' business, capital structure, and the events leading to the Debtors' bankruptcy is set forth in the Declarations of Shawne E. Soto [Docket No. 10], Robert G. Owens [Docket No. 11], and Sonya B. Rowling

---

[2] 11 U.S.C. §§ 101, *et seq.* Unless otherwise noted, all statutory references herein are to the Bankruptcy Code.

[Docket No. 12] (the "First-Day Declarations") and Debtors' Informational Brief in Connection with Voluntary Chapter 11 Petitions [Docket No. 31] filed on January 20, 2021 and are incorporated herein by reference.

2. On January 20, 2021, the Court entered an order [Docket No. 36] authorizing the joint administration and procedural consolidation of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).

3. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

## II. RELIEF REQUESTED

4. A debtor-in-possession, "with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under this title." 11 U.S.C. § 327(a). Such employment may be based "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage fee basis, or on a contingent fee basis." *Id*. § 328(a). Subject to the approval by the Court, the Debtors have employed Neligan as their bankruptcy counsel in connection with these cases. Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors request that the Court approve the employment of Neligan as its counsel on the terms set forth below to perform the legal services that will be necessary during the bankruputcy cases. Consistent with N.D. Tex. L.B.R. 2014-1(b)(1), the Debtors request that Neligan's employment be approved as of the Petition Date.

## III. NELIGAN'S QUALIFICATIONS

5. The Debtors seek to retain Neligan as their bankruptcy counsel because of Neligan's extensive experience in representing both privately held and publicly traded businesses

in out-of-court restructurings and Chapter 11 bankruptcy proceedings in this Court and around the country.  In preparing for this case, Neligan has become generally familiar with Debtors' current financial condition, business operations, and many of the issues that will be addressed in these cases.  To date, Neligan has been integrally involved in all phases of the the Debtors' bankruptcy filing, the preparation of the Debtor's first-day pleadings and the hearing thereon, and will continue to be involved in all aspects of the Debtors' proposed restructuring and plan of reorganization.  Accordingly, the Debtors believe that Neligan has the necessary experience, background, and familiarity with the Debtors to deal effectively with many of the potential legal issues and problems that may arise in the context of these cases, and that Neligan is both well-qualified and able to represent the Debtors in an efficient and effective manner.

### IV. SERVICES TO BE PROVIDED BY NELIGAN

6. The services of Neligan are necessary to enable the Debtors to execute their duties as debtors-in-possession.  Subject to further order of this Court, Neligan will render the customary professional services provided by counsel to a Chapter 11 debtor, including:

- (a) advising the Debtors, their management and officers of their rights, powers, and duties as debtors-in-possession;

- (b) counseling the Debtors' management and officers on issues involving operations, potential sales of assets, and possible financing options;

- (c) negotiating documents, preparing pleadings, and representing the Debtors at hearings related to those matters;

- (d) taking all necessary actions to protect and preserve the Debtors' estates, including prosecuting certain litigation on Debtors' behalf, investigating claims of the Debtors, defending the Debtors, if necessary, in actions, litigation, hearings or motions commenced against the Debtors, negotiating

disputes in which the Debtors are involved, and preparing objections to claims filed against the estate;[3]

(e) preparing on behalf of the Debtors all necessary motions, applications, answers, pleadings, orders, reports, and papers in administration of the estates or in furtherance of the Debtors' business operations, or as required to preserve the Debtors' assets, and as otherwise requested by the Debtors' management;

(f) negotiating and drafting documents relating to debtors-in-possession financing and/or use of case collateral, if any, and attend any hearings on such matters, prepare discovery and respond to discovery served on the Debtors, response to creditor inquiries and information requests, assist with preparation of Schedules, Statements of Financial Affairs, Monthly Operating Reports, attendance at the Initial Debtor Interview and the Section 341 creditors' meeting and representation in connection with meetings, discussions and negotiations with creditors, as well as any committee appointed by the United States Trustee;

(g) counseling the Debtors in connection with the Debtors' restructuring in these cases;

(h) drafting, negotiating, and pursuing confirmation on behalf of the Debtors a plan of reorganization, the related disclosure statement, and any revisions, amendments, and supplements relating to the foregoing documents, and all related transaction documents, and other ancillary documents and materials; and

(i) performing all other necessary legal services in connection with these cases and any other bankruptcy-related representation that the Debtors may require.

Neligan has stated its desire and willingness to act in this case and render the necessary professional services as counsel to the Debtors. The Debtors require knowledgeable counsel to render these essential professional services. As noted above, Neligan has substantial expertise in

---

[3] By separate Application, the Debtors are seeking authority to retain Brewer Attorneys and Counselors ("BAC") as Special Counsel to the Debtors for purposes of certain litigation matters. This category of services to be rendered by Neligan is intended to encompass bankruptcy-related litigation other than the litigation for which the Debtors seek to employ BAC as Special Counsel.

all these areas. As a result, Neligan is well-qualified to perform these services and represent the Debtors' interests in these cases.

7. The Debtors may, from time to time, request that Neligan undertake specific matters beyond the scope of the specific responsibilities set forth above, which may arise in connection with these cases. Should Neligan agree, in its sole discretion, to undertake any specific additional matters in connection with these cases, the Debtors seek authority herein to employ Neligan for such matters, in addition to those specifically set forth above, without further order of this Court. Nonetheless, Neligan believes that tasks outlined above cover all customary and usual work performed by counsel to a debtor-in-possession.

## V. PAYMENT OF FEES AND EXPENSES

8. Prior to the Petition Date, the Debtors paid to Neligan a retainer of $350,000.00 for work to be performed pre-petition to prepare for these bankruptcy cases. Neligan was paid an additional $98,600 on or about January 8, 2021, and drew down the full amount of its retainer to pay for its pre-petition work before the filing of these cases. Any pre-petition fees and expenses in excess of Neligan's pre-petition retainer of $448,600 were written off. Therefore, Neligan was paid in full for its pre-petition work prior to the commencement of these bankruptcy cases.

9. Neligan also received a retainer of $1,000,000 before the filing of these cases, to be applied to Neligan's post-petition work in these bankruptcy cases, which Neligan is holding in its trust account for the Debtors. Subject to the Court's approval, Neligan will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered. Neligan attorneys' rates range from $525 - $725 per hour while the rate for firm paralegals is $150 per hour. These rates may change from time to time in accordance with Neligan's established billing practices and procedures. Neligan will maintain detailed,

contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services described above by category and nature of the services rendered.

10. Neligan will apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, and the Bankruptcy Rules, the guidelines promulgated by the Office of the United States Trustee, and the Local Rules and orders of this Court, and pursuant to any additional procedures that may be established by the Court in this case.

### VI. DISCLOSURE CONCERNING CONFLICTS OF INTEREST

11. To the best of Debtors' knowledge, information and belief, Neligan represents no interests adverse to the Debtors. Neligan has been paid for or waived its fees for all pre-petition work for the Debtors and is not a creditor of the Debtors. Other than the matters disclosed in the Neligan Declaration, Neligan has no further connection with any of the Debtors' creditors, the United States Trustee, or any other party with an actual or potential interest in the cases. The Debtors believe that Neligan is a "disinterested person," as defined in Section 101(14) of the Bankruptcy Code. The Debtors submit that the employment of Neligan would be in the best interest of the Debtors and their estate.

### VII. ANSWERS TO QUESTIONS AND VERIFICATION REQUIRED BY UST GUIDELINES

12. Pursuant to the UST Guidelines, Neligan has answered the following questions:

(a) Did Neligan agree to any variations from, or alternatives to, your standard customary billing arrangements for this engagement? Answer: No.

(b) Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? Answer: No.

(c) If Neligan represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. Answer: Neligan's rates for its pre-petition work for these Debtors were the same as they will be for Neligan's post-petition work – John D. Gaither - $525 per hour; Douglas J. Buncher - $625 per hour; Patrick J. Neligan, Jr. - $725 per hour; and Ruth Clark - $150 per hour.

(d) Has your client approved your prospective budget and staffing plan, and, if so, for what budget period? Answer: Yes, for the first 90 day period post-petition. Neligan will continue to work with the Debtors to formulate budgets and staffing plans for subsequent periods as the cases progress.

13. This Application is supported by the Declaration of John Frazer, attached hereto as **Exhibit C**, which contains the verified statement required by the UST Guidelines, section D, which governs applications for employment.

## IX. PRAYER

For the reasons set forth above, the Debtors request that the Court enter an order (i) granting the relief requested herein; and (ii) granting any further relief the Court deems appropriate.

Dated: January 29, 2021                         National Rifle Association of America

                                                By:   /s/ John Frazer
                                                      John Frazer
                                                      Secretary and General Counsel