IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| NATIONAL RIFLE ASSOCIATION | § | CASE NO. 21-30085-hdh11 |
| OF AMERICA and SEA GIRT LLC | § | |
| | § | |
| DEBTORS[1] | § | JOINTLY ADMINISTERED |

**DECLARATION OF PATRICK J. NELIGAN, JR. IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF NELIGAN LLP AS COUNSEL TO THE DEBTORS**

1.      My name is Patrick J. Neligan, Jr.  I am an attorney admitted to practice in the State of Texas.  I am a partner with the law firm Neligan LLP ("Neligan"), a Dallas, Texas law firm with its principal place of business at 325 N. St. Paul, Suite 3600, Dallas, Texas 75201.

2.      I submit this Declaration in support of the *Application for Order Authorizing Retention and Employment of Neligan LLP as Counsel to the Debtors* (the "Application"), filed by the National Rifle Association of America and Sea Girt LLC (collectively the "Debtors") and to apprise the Court of Neligan's qualifications.  Capitalized terms not otherwise defined herein are used as defined in the Application.

3.      I have personal knowledge of each of the facts stated in this Declaration, except for those facts stated on information and belief and, as to those facts, I am informed and believe them to be true.  If called as a witness, I could and would testify as to the matters set forth below based upon my knowledge, except where otherwise indicated below. To the extent that any information disclosed herein requires amendment or modification upon Neligan's completion of

---

[1] The last four digits of the Debtors' taxpayer identification numbers are:  6130 (NRA) and 5681 (Sea Girt).  The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.

further analysis or as additional creditor information becomes available to it, a supplemental declaration will be submitted to the Court.

4. I have read the Application. To the best of my knowledge, the statements set forth in the Application are true and correct, including statements made therein regarding Neligan's qualifications and compensation rates.

5. Based on my discussions with representatives of the Debtors and my experience in representing debtors-in-possession in similar situations, I believe that the representation of the Debtors will involve the issues and require the services described in the Application.

6. The proposed employment of Neligan is not prohibited by or improper under Rule 5002 of the Bankruptcy Rules. Neligan and the professionals it employs are qualified to represent the Debtors in the matter for which the Application proposes to employ Neligan.

7. Subject to the Court's approval, Neligan will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered. Partners' rates range from $525-$725 per hour and the firm's paralegal is $150 per hour. These rates may change from time to time in accordance with Neligan's established billing practices and procedures. In the event Neligan determines to raise its rates, Neligan will seek approval from the Debtors and the Court. Neligan also charges clients for expenses incurred on the client's behalf. The expenses charged to clients may include, without limitation, telephone, facsimile charges, filing fees, photocopying charges, travel expenses, expenses for "working meals," computerized research, and transcript costs for depositions and hearings. Neligan maintains detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services described above by category and nature of the services rendered.

8.      Neligan intends to apply for compensation for professional services rendered in connection with this case subject to approval of this Court and in compliance with the applicable provisions of the United States Bankruptcy Code (the "Bankruptcy Code"), the Bankruptcy Rules, the guidelines promulgated by the Office of the United States Trustee, and the local rules (the "Local Rules") and orders of this Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Neligan during the case.

9.      Prior to the Petition Date, the Debtors paid to Neligan a retainer of $350,000.00 for work to be performed pre-petition to prepare for these bankruptcy cases. Neligan was paid an additional $98,600 on or about January 8, 2021, and drew down the full amount of its retainer, to pay for its pre-petition work, before the filing of these cases. Any pre-petition fees and expenses in excess of Neligan's pre-petition retainer of $448,600 were written off. Therefore, Neligan was paid in full for its pre-petition work prior to the commencement of these bankruptcy cases.

10.     Neligan also received a retainer of $1,000,000 before the filing of these cases, to be applied to Neligan's post-petition work in these bankruptcy cases, which Neligan is holding in its trust account for the Debtors, to be drawn down and applied to post-petition fees and expenses only pursuant to an order of the Court.

11.     Before the Petition Date, the Debtors provided Neligan with a list of their creditors and the names of affiliated entities. Based on that list, Neligan ran a conflicts check against a list of all of Neligan's clients, known affiliates of those clients, officers and directors of those clients, if known, and/or principals of those clients, if known. Based on a review of those records together with a conflicts memorandum sent to every lawyer and employee of Neligan, I

have determined that Neligan had no prior relationship with the Debtors or their known creditors except as set forth in this Declaration.

    12.    Based on our review of our records, I believe that:

        a.    Neligan is not and was not a creditor of the Debtors;

        b.    Neither Neligan nor its attorneys hold equity securities or have an ownership interest in the Debtors; and

        c.    Neligan does not have an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors.

    13.    Except as set forth herein, I do not believe there is any connection or interest (as such terms are used in Bankruptcy Code Section 101(14)(C) and Bankruptcy Rule 2014(a)) between Neligan or its attorneys and (a) the United States Trustee or any person employed by the Office of the United States Trustee, or (b) any creditors or attorneys of creditors in these cases. Over the past 35 years, Neligan has represented debtors in various bankruptcy cases in which Brewer, Attorneys & Counselors ("BAC"), or its predecessor, was special litigation counsel or counsel to other parties in interest. Based on its lengthy history of practice, and the familiarity of the local and national bankruptcy bar, it is likely that Neligan or its attorneys may have similar professional connections to other attorneys in these cases. Neligan does not believe its professional relationship with BAC or other attorneys in these cases resulting from prior unrelated engagements affects its qualification to serve as counsel to the Debtors. Neligan does not, nor will it, represent an entity directly adverse to the Debtors or their estates. Neligan is not a creditor of the Debtors and would not, in my view, be subject to an avoidance action.

    14.    Consistent with its professional responsibility, Neligan has identified all known creditors and parties in interest to evaluate potential conflicts of interest and believes that none

exist. Neligan expects to receive additional information regarding the Debtors' creditors in the early stages of the Case. Neligan will promptly conduct additional conflicts checks as it receives that information and will immediately supplement the Application and this Declaration to disclose any conflicts or potential conflicts it discovers.

15. Accordingly, except as set forth herein, and based upon the information available to me, neither I, Neligan, nor any partner or associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates in the matters upon which Neligan is to be employed. Based upon the information available to me, I believe that Neligan is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code.

16. No promises have been received by Neligan, or by any partner or associate thereof, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the UST Guidelines, and the N.D. Tex. L.B.R. Neligan has no agreement with any other entity to share any compensation received by Neligan.

17. The foregoing constitutes the statement of Neligan pursuant to Sections 329 and 504 of the Bankruptcy Code, and Bankruptcy Rules 2014(a) and 2016(b). I declare under penalty of perjury that the foregoing is true and correct.

Dated:  January 29, 2021              */s/ Patrick J. Neligan, Jr.*
        Dallas, Texas              Patrick J. Neligan, Jr.

90370v.3