Patrick J. Neligan, Jr.
State Bar. No. 14866000
Douglas J. Buncher
State Bar No. 03342700
John D. Gaither
State Bar No. 24055516
NELIGAN LLP
325 North St. Paul, Suite 3600
Dallas, Texas 75201
Telephone:  214-840-5333
Facsimile:  214-840-5301
pneligan@neliganlaw.com
dbuncher@neliganlaw.com
jgaither@neliganlaw.com

**PROPOSED ATTORNEYS FOR DEBTORS**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | **CHAPTER 11** |
| | § | |
| | § | |
| **NATIONAL RIFLE ASSOCIATION OF** | § | **CASE NO. 21-30085-hdh11** |
| **AMERICA and SEA GIRT LLC** | § | |
| | § | |
| **DEBTORS[1]** | § | **JOINTLY ADMINISTERED** |

### DEBTORS' APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 105(A), 327(E), 328(A), 329 AND 1107(B) OF THE BANKRUPTCY CODE AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION EFFECTIVE AS OF THE PETITION DATE OF BREWER, ATTORNEYS & COUNSELORS AS SPECIAL COUNSEL FOR THE DEBTORS <u>AND DEBTORS IN POSSESSION</u>

A HEARING WILL BE CONDUCTED ON THIS MATTER ON FEBRUARY 24, 2021 AT 2:00 PM IN COURTROOM #3, EARL CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, 14TH FLOOR, DALLAS, TEXAS. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS APPLICATION.  UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE DAYS FROM THE

---

[1] The last four digits of the Debtors' taxpayer identification numbers are: 6130 (NRA) and 5681 (Sea Girt). The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.

**DATE YOU WERE SERVED WITH THIS APPLICATION. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE APPLICATION AS UNOPPOSED AND GRANT THE RELIEF REQUESTED**.

Sea Girt LLC ("Sea Girt") and the National Rifle Association of America (the "NRA"), as debtors and debtors in possession (together, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), file this application (the "Application") for entry of an order (the "Order"), substantially in the form attached hereto, (a) authorizing and approving the employment and retention of Brewer, Attorneys & Counselors ("BAC") as special counsel for the Debtors, and (b) granting related relief.

In support of this Application, the Debtors submit and incorporate herein by reference the declarations of: (i) Michael J. Collins, a Partner at BAC (the "Collins Declaration"); (ii) Carolyn Meadows, President and longtime Director of the NRA (the "Meadows Declaration"); (iii) John C. Frazer, Secretary and General Counsel of the NRA (the "Frazer Declaration"). Together, these declarations provide the verification required by the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases (the "Guidelines"). In further support of this Application, the Debtors respectfully state as follows:

## I.    JURISDICTION

1. The United States Bankruptcy Court for the Northern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The bases for the relief requested herein are sections 105(a), 327(e), 328(a), 329 and 1107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the Northern District of Texas (the "<u>Local Bankruptcy Rules</u>").

## II. BACKGROUND

6. On January 15, 2021 (the "<u>Petition Date</u>"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

7. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

8. On January 20, 2021, the Court entered an order [Docket No. 36] authorizing the joint administration and procedural consolidation of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).

9. Under Rule 2014-1 of the Local Bankruptcy Rules, "[i]f a motion for approval of the employment of a professional is made within 30 days of the commencement of that professional's provision of services, it is deemed contemporaneous." Here, the Debtors are moving for approval of BAC's retention and employment within 30 days of the commencement of BAC's provision of services to the Debtors.

## III. BAC SERVICES

10. BAC has served as Pre-Petition litigation counsel to the NRA in connection with an array of significant matters detailed in the Collins Declaration. These include key New York

and federal government and regulatory matters, along with various private-party commercial litigation that seeks to recover funds from former agents and vendors of the NRA. The Debtors request authority to continue to retain BAC in connection with the Specific Matters,[2] along with any matters ancillary or related thereto which may arise during the course of these chapter 11 cases.

11.  BAC and its attorneys are well-positioned to handle these matters for the Debtors because BAC has accumulated a reservoir of knowledge that could not be efficiently offloaded to, or replicated by, substitute counsel.[3]

12.  In addition, on January 7, 2021, the NRA Board of Directors established a Special Litigation Committee (the "SLC") pursuant to New York Not-For-Profit Corporation Law § 712(a). The SLC is comprised of independent, disinterested directors and possesses corporate authority to direct the prosecution and defense of several of the Specific Matters (as defined in the Collins Declaration) for which Debtors seek to retain BAC. As set forth in the Meadows Declaration, the SLC has firmly and unanimously recommended the retention of BAC as special counsel to the Debtors.

13.  BAC's retention has been evaluated and approved by the SLC, whose members had the opportunity to assess BAC's performance over the course of several years[4] and received advice from independent outside counsel to the NRA Board of Directors.[5] The Debtors submit that BAC will supplement, not duplicate, the services to be provided by their proposed debtors' counsel, Neligan, LLP.

---

[2] Capitalized terms not defined herein are defined in the Collins Declaration.

[3] Meadows Decl. ¶ 7.

[4] *Id.*

[5] *Id.*

14. Because the Debtors propose to retain BAC for the specified special purposes described herein, BAC may be properly employed pursuant to section 327(e) of the Bankruptcy Code.

## IV. BAC'S QUALIFICATIONS

15. The Debtors selected BAC as special counsel because of BAC's considerable experience and institutional knowledge acquired over the course of its multiple representations of the NRA pre-petition. As set forth in the Collins and Meadows Declarations, the NRA first retained BAC in early 2018 after it received a warning from Eric Schneiderman, then the Attorney General of the State of New York, that his office faced political pressure to take action against the NRA in advance of the 2020 election. Thus, the NRA hired BAC precisely to fend off the unconstitutional hostilities from the State of New York that have now materialized in the action captioned: *People of the State of New York v. The National Rifle Association et al.*, Index No. 451625/2020 (Sup. Ct. N.Y.) (Collins Decl. Schedule 1, Ref. No. 14), which is one of the most significant matters comprising the BAC Pre-Petition Litigation (as defined in the Collins Declaration).

16. Over the course of BAC's ensuing attorney-client relationship with the NRA, BAC provided professional services and representation to the NRA in connection with all of the Specific Matters enumerated in Schedule 1 to the Collins Declaration, including the DFS Investigation, the NYAG Investigation, and federal legislative inquiries; BAC has also served, and continues to serve, as lead litigation counsel to the NRA in the BAC Pre-Petition Litigation.

1. As a result of its pre-petition representation of the NRA, BAC has acquired in-depth knowledge of the NRA's finances, operations, corporate governance, and unique political and public relations considerations. Accordingly, BAC possesses the necessary background to

provide professional services that may be required by the NRA in connection with the Specific Matters during these chapter 11 Cases.  BAC is also well-situated to represent the NRA because BAC's retention has been examined and approved by the Special Litigation Committee of independent directors that oversees the NRA's prosecution and defense of key litigation matters.[6] Over the course of 2018-2020, as BAC's engagement expanded, the members of the Special Litigation Committee received detailed briefings regarding the firm's docket.[7]   The committee conurs with the NRA's General Counsel that the reservoir of knowledge accumulated by BAC could not be efficiently offloaded to, or replicated by, substitute counsel.[8] The Special Litigation Committee is familiar BAC's budget and staffing, and "firmly and unanimously" [9] recommends BAC's retention in the best interest of Debtors' estates.

17. In addition, BAC possesses expertise in insolvency-related litigation matters. Michael Collins and other attorneys at BAC have (either while at BAC or other firms) served as counsel and special counsel to debtors, official creditors' committees, non-debtor affiliates in bankruptcy cases including, without limitation: *Caesars Entertainment Operating Company, Inc.*; *Delta Airlines, Inc.*; *Lehman Brothers Holdings, Inc.*; *Oriental Trading Company, Inc.*; *NII Holdings, Inc.*; and *Quicksilver Resources, Inc.*

18. For these reasons, the Debtors believe that BAC has superior qualifications to provide them with the requested services and BAC's appointment as special litigation counsel for the special purposes specified herein is in the best interests of the Debtors' estates.

---

[6] *See id.*

[7] *See id.*

*See id.*

[9] Meadows Decl. ¶ 7.

## V.  SERVICES TO BE PROVIDED

19. Subject to this Court's approval, the terms and conditions of BAC's retention, employment, and compensation are set forth in the Collins Declaration. Specifically, BAC will continue to provide legal services directly to the Debtors with respect to the Specific Matters. Should the scope of BAC's services expand beyond the scope discussed herein, BAC will file a supplemental retention application with the Court.

## VI.  PROFESSIONAL COMPENSATION

20. BAC intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with the services rendered, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Federal Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of this Court. The hourly rates and corresponding rate structure BAC will use is equivalent to the hourly rates and corresponding rate structure that BAC predominantly uses for matters involving complex litigation. These rates and the rate structure reflect that certain complex matters typically are national in scope and involve great technical, factual, and legal complexity, high stakes, and severe time pressures.

21. BAC operates in dynamic, international marketplace for legal services in which rates are driven by multiple factors relating to (a) the individual lawyer and his or her area of specialization, (b) the firm's expertise, performance, and reputation, (c) the nature of the work involved, and (d) other factors.

22. BAC's hourly rates are set at a level designed to compensate BAC for the work of its attorneys, other professionals, and paraprofessionals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the professionals assigned.

These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere. BAC's hourly rates are set forth in Schedule 3 to the Collins Declaration.

23. It is BAC's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for the representation of that particular client. It is also BAC's policy to charge its clients only the amount actually incurred by BAC in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, airfare, meals, and lodging. BAC will comply will with all applicable rules and guidelines on reimbursable expenses.

24. In accordance with the UST Guidelines, BAC answers the following questions:

**Question No. 1:**

Did you agree to any variations, or alternatives to, your standard or customary billing arrangements for this engagement?

**Response:**

Yes. For one of the matters, BAC agreed not to seek fees for its professionals' time in excess of $100,000.[10] In addition, BAC represents the NRA in another matter *pro bono*. Otherwise, BAC has not agreed to any variations or alternatives to BAC's standard or customary billing arrangements. BAC's engagement by the Debtors in connection with the Debtors' bankruptcy cases is to serve as special counsel to the Debtors in the litigation that began Pre-Petition and other related matters BAC has been handling for the Debtors, as well as to assist Neligan LLP (lead counsel to the Debtors) during a transition period after the filing of the

---

[10] The retention agreement in that case states: "NRA will be responsible for payment of all professional staff fees, which shall be capped at $100,000." Paraprofessionals' fees are not subject to the cap.

chapter 11 cases in order to facilitate the quick, efficient handling of matters drawing on BAC's institutional knowledge.

**Question No. 2:**

Do any of the professionals included in this engagement vary their rates based on the geographic location of the bankruptcy case?

**Response:**

None of the professionals from BAC involved in this engagement varies his or her rates based on the geographic location of the bankruptcy case or litigation matter.

**Question No. 3:**

If you represented the client in the 12 months Pre-Petition, disclose your billing rates and material financial terms for the Pre-Petition engagement, including any adjustments during the 12 months Pre-Petition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

**Response:**

In 2020 and in 2021, BAC's standard hourly rates were as follows:

| Professionals | 2020 Hourly Rates |
|---|---|
| **Founding Partner, William A. Brewer III** | $1,400 |
| **Partner** | $700-$900 |
| **Associate** | $275-$600 |
| **Consultant/Analyst** | $250-$725 |
| **Investigator** | $250-$350 |
| **Public Affairs** | $375-$800 |

BAC's rates have not changed post-petition.[11]

---

[11] BAC periodically adjusts its firmwide billing rates to reflect economic changes in the market in which it operates. While no such adjustment will be applied specifically to the Debtors alone, BAC anticipates that any such firmwide adjustment will also apply to the Debtors and will be reflected in the fee applications submitted to the Court.

**Question No. 4:**

Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

**Response:**

Yes, the client (through the Special Litigation Committee and John C. Frazer, Secretary and General Counsel of the NRA) has approved a staffing and budgeting plan covering the first 90-day period after the filing of the Chapter 11 Cases, and BAC will continue working with the client to obtain approval of subsequent 90-day budgets going forward.

## VII. RELIEF REQUESTED

25. By this Application, the Debtors respectfully request approval to employ and retain BAC as special counsel to the Debtors with respect to the matters identified above and consistent with the terms of the matters described in the Collins Declaration, in connection with these Chapter 11 Cases.

## VIII. BASIS FOR RELIEF

26. Section 327(e) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ, for a specified special purpose . . . an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

27. Furthermore, pursuant to section 328(a) of the Bankruptcy Code, a debtor, "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a

retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Section 328(a) of the Bankruptcy Code permits compensation of professionals on flexible terms that reflect the nature, extent, and value of their services and market conditions. Further, section 1107(b) of the Bankruptcy Code provides that "a [firm] is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such [firm's] employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

28. Moreover, Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

In considering whether to appoint counsel under section 327(e) of the Bankruptcy Code, courts generally consider whether "(1) the representation is in the best interest of the estate, (2) the attorney represented the debtor in the past, (3) the attorney is for a specific purpose approved by the court, other than to represent the debtor in conducting the case, [and] (4) the attorney does not represent or hold an interest adverse to the debtor or the debtor's estate." *In re Johnson*, 43 B.R. 626, 635 (Bankr. S.D. Tex. 2010). The Debtors submit that for all the reasons stated above and in the Collins Declaration, the employment of BAC by the Debtors is in the best interests of the Debtors' estates and satisfies all standards for retention under section 327(e) and Rule 2014(a).

### IX. NO ADVERSE INTEREST

29. Under 11 U.S.C. 327(e), "[t]he trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." Here, BAC does not represent or hold any interest adverse to the debtors or to their estates with respect to the matters on which BAC is proposed to be employed.[12]

30. BAC will periodically review its files during the pendency of these chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, BAC will use reasonable efforts to identify such further developments and promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

WHEREFORE the Debtors request that the Court enter an order, substantially in the form attached hereto, granting the relief requested in this Application and granting such other and further relief as is appropriate under the circumstances.

January 29, 2021                    Respectfully submitted,

/s/ Patrick J. Neligan, Jr
Patrick J. Neligan, Jr.
State Bar. No. 14866000
Douglas J. Buncher
State Bar No. 03342700
John D. Gaither
State Bar No. 24055516
**NELIGAN, LLP**
325 North St. Paul, Suite 3600

---

[12] Collins Declaration.

Dallas, Texas 75201
Telephone: 214-840-5333
Facsimile: 214-840-5301
pneligan@neliganlaw.com
dbuncher@neliganlaw.com
jgaither@neliganlaw.com
**PROPOSED COUNSEL FOR DEBTORS**

**BREWER, ATTORNEYS & COUNSELORS**

*/s/ Michael J. Collins*
Michael J. Collins
MJC@brewerattorneys.com
State Bar No. 00785493
**BREWER, ATTORNEYS & COUNSELORS**
1717 Main Street, Suite 5900
Dallas, Texas 75201
Telephone: (214) 653-4000
Facsimile: (214) 653-1015

**PROPOSED SPECIAL
COUNSEL FOR
THE DEBTORS AND
DEBTORS IN POSSESSION**