# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| | § | |
| NATIONAL RIFLE ASSOCIATION OF | § | CASE NO. 21-30085-hdh11 |
| AMERICA and SEA GIRT LLC | § | |
| | § | |
| | § | |
| DEBTORS[1] | § | JOINTLY ADMINISTERED |

**[PROPOSED] ORDER GRANTING DEBTORS' APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO 105(A), 327(E), 328(A), 329 AND 1107(B) OF THE BANKRUPTCY CODE AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION EFFECTIVE AS OF THE PETITION DATE OF BREWER, ATTORNEYS & COUNSELORS AS SPECIAL COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION**

Upon the application (the "Application") of Debtors Sea Girt LLC ("Sea Girt") and the National Rifle Association of America (the "NRA" and, collectively with Sea Girt, the "Debtors") pursuant to 11. U.S.C. §§ 327(e), 328(a), and 1107(b), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rules 2014-1 and 2016-1 for the entry of an order (this "Order") authorizing the Debtors to retain and employ as of the Petition Date Brewer, Attorneys & Counselors ("BAC") for the special purpose specified in the Application; and the Court having reviewed the Application, and the supporting Declarations; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

---

[1] The last four digits of the Debtors' taxpayer identification numbers are: 6130 (NRA) and 5681 (Sea Girt). The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.

and the Court having found based on the representations made in the Application and accompanying Declarations that:

(a) BAC does not hold or represent an interest adverse to the Debtors' estates,

(b) BAC has no connection with the Debtors, their affiliates, their creditors, the U.S. Trustee, any person employed in the Office of the U.S. Trustee, the United States Bankruptcy Judges in the Northern District of Texas, or any other entity with an actual or potential interest in the chapter 11 cases or their respective attorneys or accountants, except as set forth in the Collins Declaration;

(c) BAC is not a creditor, equity security holder, or insider of the Debtors;

(d) none of BAC's attorneys are or were, within two years of the Petition Date, a director, officer, or employee of the Debtors; and

(e) BAC neither holds nor represents an interest materially adverse to the Debtors or its estate by reason of any direct or indirect relationship to, connection with, or interest in the Debtors' estates or any class of creditors;

And the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest;

And the Court having found that the Debtors provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required;

and the Court having reviewed the Application and having heard any statements offered in support of the Application at a hearing held before the Court (the "Hearing");

and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein;

and any objections to the relief requested herein having been withdrawn or overruled on

the merits;

and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Debtors are authorized to retain and employ as of the Petition Date BAC pursuant to sections 327(e), 328(a), and 1107(b) of the Bankruptcy Code, as special counsel to render independent services in all Specific Matters in accordance with the terms and conditions set forth in the Application and this Order;

2. Pursuant to Local Bankruptcy Rule 2014-1(a), because the application for approval of the employment of BAC was made within 30 days of the commencement of [BAC's] provision of services [to the Debtors and Debtors in Possession], it is deemed contemporaneous";

3. BAC shall apply for compensation for professional services rendered and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable provisions of the Bankruptcy Rules, the Local Bankruptcy Rules, the U.S. Trustee Guidelines and any fee and expense guidelines of this Court.

4. In connection with its fee applications, BAC shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective November 1, 2013 (the "<u>Revised UST Guidelines</u>").

5. The Debtors and BAC are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

6. The terms and conditions of the retention of BAC as set forth in the Application and in the Collins, Meadows, and Frazer Declarations are reasonable. BAC shall be compensated

in accordance with sections 330 and 331 of the Bankruptcy Code, any applicable Bankruptcy Rules, any applicable Local Bankruptcy Rules, and any applicable orders of the Court.

7. The terms and conditions of this order shall be immediately effective and enforceable upon its entry.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

### ### END OF PROPOSED ORDER ###