# Exhibit E

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § § § | CHAPTER 11 |
| NATIONAL RIFLE ASSOCIATION OF AMERICA and SEA GIRT LLC | § § § | CASE NO. 21-30085-hdh11 |
| DEBTORS[1] | § § | JOINTLY ADMINISTERED |

**DISCLOSURE PURSUANT TO 11 U.S.C. § 329 AND RULE 2016(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE OF COMPENSATION TO BREWER, ATTORNEYS & COUNSELORS**

I am a partner at Partner at Brewer, Attorneys & Counselors ("BAC"), proposed special counsel for the Debtors and Debtors in Possession (together, the "Debtors").[2] I hereby make the following disclosures on behalf of BAC pursuant to, among other things, 11 U.S.C. § 329 and Rule 2016(b) of the Federal Rules of Bankruptcy Procedure:

1. On January 15, 2021, the Debtors filed voluntary petitions for relief under chapter 11, title 11 of the United States Code (the "Bankruptcy Code").

2. Contemporaneously with the filing of this disclosure, the Debtors are filing an Application for an Order Authorizing and Approving the Retention and Employment, effective as of the Petition Date, of BAC as Special Counsel for the Debtors pursuant to, among other things, 11 U.S.C. § 329(e).

---

[1] The last four digits of the Debtors' taxpayer identification numbers are: 6130 (NRA) and 5681 (Sea Girt). The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.

[2] Terms not otherwise defined herein maintain the definitions previously described to them in the Debtor's Application for an Order Authorizing and Approving the Retention and Employment, effective as of the Petition Date, of Brewer, Attorneys & Counselors as Special Counsel for the Debtors.

3. Under Local Bankruptcy Rule (the "Local Rule") 2014-1(a), "[a] motion for employment by an attorney for the debtor . . . shall have attached the statement required by Bankruptcy Rule 2016(b) and 11 U.S.C. § 329."

4. Section 329 of the Bankruptcy Code calls for a "statement of [1] the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and [2] the source of such compensation."

5. Rule 2016(b) of the Federal Rules of Bankruptcy Procedure requires disclosure of "whether the attorney has shared or agreed to share the compensation with any other entity." Furthermore, such disclosure "shall include the particulars of any such sharing or agreement to share by the attorney that shared or agreed to share the compensation with any other entity." *Id.*

6. During the year leading up to the filing of the Petitions, BAC rendered to the Prepetition Entities services that relate to the chapter 11 filings and therefore may be argued to have been or deemed to have been "in contemplation of [and/or] in connection with" the chapter 11 cases. Out of an abundance of caution, BAC therefore files this disclosure and states that the total amount of payments for such services is $794,582.50. The source of such compensation is the National Rifle Association of America.

7. BAC has not shared or agreed to share any portion of its compensation for such services with any other person, except to the extent fees are shared among BAC partners.

8. In return for the above-disclosed compensation, BAC agreed to provide certain legal services to the NRA, including but not limited to, those related to:

(a) Strategic advice to the Prepetition Entities in conjunction with contemplated chapter 11 filings; and

(b) Preparation of petitions, First Day Motions, schedules, statement of financial affairs and other documents and court filings.

9. There was not an agreement made after one year before the date of the filing of the petitions regarding any additional compensation to be paid to BAC for such services.

10. In addition, prior to filing the above-captioned action, the NRA transferred to BAC a retainer amount (the "Retainer").

11. I hereby certify that BAC is compliant with Local Rule 2016-1. BAC deposited the Retainer in a trust account (the "Trust Account"). The amount in the Trust Account is $2,551,039.54. No portion of the Retainer will be withdrawn unless such withdrawal complies with all applicable laws, rules, and court orders.

12. Any excess pre-petition fees and expenses in excess of pre-petition payments to BAC were written off. Therefore, BAC was paid in full for its pre-petition work prior to the commencement of these chapter 11 cases.

13. BAC has not received any other compensation that it believes may be deemed to be for services rendered in contemplation of or in connection with these chapter 11 cases, nor does it have any other agreement for payment of such compensation.

14. I certify that the foregoing is a complete statement of any agreement or arrangement for payment to BAC for services to the Debtors that may be argued or deemed to have been in contemplation of or in connection with these chapter 11 cases within the meaning of 11 U.S.C. 329(a).

Respectfully submitted this 29th day of January 2021.

                         **BREWER, ATTORNEYS & COUNSELORS**

                         */s/ Michael J. Collins*
                         Michael J. Collins
                         MJC@brewerattorneys.com
                         State Bar No. 00785493
                         **BREWER, ATTORNEYS & COUNSELORS**
                         1717 Main Street, Suite 5900
                         Dallas, Texas  75201
                         Telephone: (214) 653-4000
                         Facsimile:  (214) 653-1015

                         **PROPOSED SPECIAL**
                         **COUNSEL FOR**
                         **THE DEBTORS AND**
                         **DEBTORS IN POSSESSION**

## CERTIFICATE OF SERVICE

Pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedure, I hereby certify that on, January 29th, 2021, a true and correct copy of the foregoing disclosures was transmitted to Elizabeth A. Young, Trial Attorney, Office of the United States Trustee, and also served upon Ms. Young through the Court's ECF noticing system.

By: /s/ *Michael J. Collins*
Michael J. Collins