# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| NATIONAL RIFLE ASSOCIATION | § | CASE NO. 21-30085-hdh11 |
| OF AMERICA and SEA GIRT LLC, | § | |
| | § | |
| | § | |
| DEBTORS[1] | § | Jointly Administered |

**ORDER AUTHORIZING EMPLOYMENT AND PAYMENT OF
PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

The Court has considered the motion (the "Motion")[2] [Docket No. ___] filed by the above-captioned debtors (the "Debtors") pursuant to Section 105(a) and 363(c) requesting entry of an order authorizing the Debtors to continue to retain, employ, and compensate certain professionals utilized in the ordinary course of business. The Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157; (iii) the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; (iv) proper and sufficient notice of the Motion was given; and (v) good and sufficient cause

---

[1] The last four digits of the Debtors' taxpayer identification numbers are: 6130 (NRA) and 5681 (Sea Girt). The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.
[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

exists for the granting of the relief requested in the Motion. Therefore, the Court hereby **ORDERS** as follows:

1. The Motion is granted.

2. The Debtors are authorized, but not directed, to employ and retain the Ordinary Course Professionals listed on the attached **Exhibit A** (the "Ordinary Course Professionals"), without the need to file individual retention applications and obtain retention orders for each such Ordinary Course Professionals. Such authorization is effective as of the Petition Date or the applicable date of engagement.

3. Within seven (7) days after the date of entry of this Order, the Debtors shall serve this order upon each Initial Ordinary Course Professional. Thereafter, no later than thirty (30) days after the date of entry of this order, each Initial Ordinary Course Professional shall provide to the Debtors and the Debtors' counsel, for filing with the Court and service upon (i) the United States Trustee, and (ii) counsel to any official committee appointed in these cases (the "Committee") (collectively, the "Notice Parties"), a declaration pursuant to 28 U.S.C. § 1746, substantially in the form to the Motion as **Exhibit C** (the "Declaration").

4. The Debtors are authorized, without need for further hearing or order from the Court, to employ and retain Ordinary Course Professionals not currently listed on **Exhibit A** hereto (the "Additional Ordinary Course Professionals", and collectively with the Initial Ordinary Course Professionals, the "Ordinary Course Professionals") by filing with the Court, and serving on the Notice Parties, a supplement to **Exhibit A** (the "Supplement"), listing the name of the Additional Ordinary Course Professional, together with a brief description of the services to be rendered, serving a copy of the Supplement on the Notice Parties, and by otherwise complying with the terms of this Order. Such authorization is effective retroactive to the date of filing the Supplement or the applicable date of engagement. Each Additional Ordinary Course Professional shall file a Declaration within thirty (30) days of the filing of such Supplement.

5. The Notice Parties shall have fifteen (15) days after the later of (i) the entry of this

Order or (ii) the service of any Declaration (the "Objection Deadline") to object to the retention of any Ordinary Course Professional. Any such objections shall be filed with the Court and served upon the Debtors, the Debtors' counsel, the Notice Parties, and the Ordinary Course Professional subject to such objection by the Objection Deadline. If any objection cannot be resolved or withdrawn within fifteen (15) days after service (or on such earlier date as determined by the Debtors in their discretion), upon motion by the Debtors, such objection shall be scheduled for hearing before the Court on the next regularly scheduled hearing date or such other date that may be agreeable to the Ordinary Course Professional, the Debtors, and the objecting party. If no objection is received on or before the Objection Deadline, or if any submitted objection is timely withdrawn or resolved, the Debtors shall be authorized to retain the Ordinary Course Professional as a final matter without further order of the Court, as of the Petition Date or the applicable date of engagement.

6. The Debtors shall not pay any fees or expenses (nor shall any Ordinary Course Professional draw down any previously provided retainer) to any Ordinary Course Professional unless (a) the Ordinary Course Professional has submitted its Declaration and such Declaration has been filed with the Court and served on the Notice Parties; (b) the Objection Deadline has expired; and (c) no timely objection is pending. If a timely objection is received, no payment shall be made until such objection is either resolved or withdrawn or otherwise overruled by the Court.

7. The Debtors shall pay such Ordinary Course Professional 100% of the fees and 100% of the disbursements incurred with respect to postpetition services, upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred; provided, however, that each Ordinary Course Professional's total compensation and reimbursement shall not exceed the Monthly Fee Cap over a three-month rolling basis.

8. If an Ordinary Course Professional's fees and expenses exceed the Monthly Fee Cap over a three-month rolling basis, such Ordinary Course Professional shall file a fee application on account of the excess amount over the applicable limit and apply for compensation and

3

reimbursement of such amount in compliance with Sections 330 and 331 and applicable provisions of the Federal Rules of Bankruptcy Procedure, the Local Rules, and any other procedures and orders of the Court. Such applicable Ordinary Course Professional shall be entitled to interim payment of its requested fees and expenses up to the Monthly Fee Cap pending the Court's allowance of those requested fees and expenses in excess of the Monthly Fee Cap.

9. Within thirty (30) days after the end of, and with respect to, each full three month period after entry of this Order (including any initial partial month in the first period), the Debtors shall file with this Court, and serve upon the Notice Parties, a summary statement that includes the following information for each Ordinary Course Professional: (a) the name of the Ordinary Course Professional; and (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period. The obligation to file summary statements shall terminate upon confirmation of a plan in the Debtors' Chapter 11 cases.

10. This Order shall not apply to any professional retained by the Debtors under a separate order of this Court.

11. To the extent this Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Order shall govern.

12. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

# # #   END OF ORDER   # # #

# EXHIBIT A

## Initial Ordinary Course Professionals

90411v.1

5

| Professional (Name & Address) | Type of Service Provided |
|---|---|
| MATT ALBRECHT<br>5105 E 3rd Ave Ste 101<br>Spokane Valley, WA 99212 | LITIGATION COUNSEL HANDLING SECOND AMENDMENT LAWSUIT IN WASHINGTON |
| JOEL ARD<br>PO Box 11633<br>Bainbridge Island, Washington, 98110 | LITIGATION COUNSEL HANDLING SECOND AMENDMENT LAWSUIT IN WASHINGTON |
| BAJO CUVA COHEN & TURKEL<br>100 N. Tampa Street, Suite 1900<br>Tampa, FL 33602 | LITIGATION COUNSEL |
| BRADLEY<br>1615 L Street NW, STE 1350<br>Washington, DC, 20036 | LITIGATION COUNSEL HANDLING SECOND AMENDMENT LAWSUITS IN MD AND FLA |
| COPELEVITZ, LAM & RANEY<br>310 West 20th Street, Suite 300<br>Kansas City, MO 64108 | COUNSEL HANDLING CHARITABLE REGISTRATION |
| WILLIAM DAVIS<br>5311 Heron Trail<br>Middleton, WI 53562 | LEGAL COUNSEL TO THE NRA BOARD |
| CHARLES DEANGELO<br>600 Grant Street, STE 4850,<br>Pittsburgh, PA 15219 | LITIGATON COUNSEL HANDLING SECOND AMENDMENT LAWSUIT IN PITTSBURGH, PA |
| RAY DIGUISEPPE<br>4320 Southport Supply Road, STE 300<br>Southport, NC, 28461 | LITIGATION COUNSEL HANDLING SECOND AMENDMENT LAWSUIT IN CALIFORNIA |
| STEVE FOGG<br>1001 Fourth Ave, STE 3900<br>Seattle, WA 98154 | LITIGATON COUNSEL HANDLING SECOND AMENDMENT LAWSUITS IN WASHINGTON |
| PETER N. FLOCOS<br>K&L Gates, LLC<br>599 Lexington Avenue<br>New York, NY 10022-6030 | NY CORPORATE COUNSEL |
| FORTNEY SCOTT, LLP<br>1750 K Street, NW, Suite 325<br>Washington, DC 20006 | GOVERNMENT CONTRACTING, LABOR & EMPLOYMENT COUNSEL |

| | |
|---|---|
| STEPHEN HALBROOK<br>10560 Main ST., STE 404<br>Fairfax, VA 22030 | FIREARMS LAW LITIGATIN AND COMPLIANCE COUNSEL |
| HARTMAN WINNICKI PC<br>74 Passaic Street,<br>Ridgewood, NJ, 07450 | LITIGATION COUNSEL HANDLING SECOND AMENDMENT RIGHTS LAWSUIT IN NEW JERSEY |
| HAUPTMAN HAM LLP<br>2318 Mill Road, Suite 1400<br>Alexandria, VA  22314 | INTELLECTUAL PROPERTY COUNSEL |
| HOLTZMAN VOGEL HOSEFIAK<br>45 North Hill Drive, Suite 100<br>Warrenton, VA  20186 | ELECTION LAW AND COMPLIANCE COUNSEL |
| JURIS DAY<br>10521 Judicial Drive STE 200<br>Fairfax, VA 22030 | LITIGATION COUNSEL HANDLING SECOND AMENDMENT LAWSUIT IN VIRGINIA |
| K&L GATES LLP<br>599 Lexington Avenue<br>New York, NY  10022-6030 | CORPORATE GOVERNANCE COUNSEL |
| LAN SMITH SOSOLIK<br>12221 Merit Drive, #825<br>Dallas, TX  75251 | TAX COUNSEL |
| GEORGE LEE<br>601 Montgomery Street, STE 2000<br>San Francisco, CA, 94111 | LITIGATION COUNSEL HANDLING SECOND AMENDMENT LAWSUIT IN CALIFORNIA |
| LYTLE SOULE & FELTY<br>119 N. Robinson, Suite 1200<br>Oklahoma City, OK  73102 | LOCAL COUNSEL IN OKLAHOMA – UNDER WILD SKIES LITIGATION |
| STONE & JOHNSON<br>111 West Washington Street STE 1800<br>Chicago, Il 60602 | LITIGATON COUNSEL HANDLING SECOND AMENDMENT LAWSUITS IN ILLINOIS |

**EXHIBIT B**

| Professional (Name & Address) | Type of Service Provided |
|---|---|
| ARONSON LLC<br>111 Rockville Pike Suite 600<br>Rockville, MD 20850 | ACCOUNTING AND AUDIT SERVICES |
| LOCKTON COMPANIES<br>PO Box 802707<br>Kansas City, MO 64180-2707 | RISK MANAGEMENT SERVICES |
| MORGAN STANLEY<br>The Woods Team<br>701 Market St Suite 1500<br>St. Louis, MO 63101 | INVESTMENT CONSULTANT |
| JAMES VALENTE<br>51 Putney Road PO Box 483<br>Brattleboro, VT 05301 | LITIGATON COUNSEL HANDLING SECOND AMENDMENT LAWSUIT IN VERMONT |
| MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, PLLC<br>40 North Pennsylvania Avenue, Suite 410<br>Greensburg, PA  15601 | LITIGATION COUNSEL HANDLING LAWSUIT IN PITTSBURG |
| O'NEILL, CANNON, HOLLMAN, DEJONG & LAIN<br>111 E. Wisconsin Avenue, Suite 1400<br>Milwaukee, WI  53202 | ATTORNEYS HANDLING ESTATE LITIGATION |
| TROUTMAN PEPPER<br>600 Peachtree Street, N.E., Suite 3000<br>Atlanta, GA  30308 | ERISA COUNSEL |