Patrick J. Neligan, Jr.
State Bar. No. 14866000
Douglas J. Buncher
State Bar No. 03342700
John D. Gaither
State Bar No. 24055516
NELIGAN LLP
325 North St. Paul, Suite 3600
Dallas, Texas 75201
Telephone:  214-840-5333
Facsimile:  214-840-5301
pneligan@neliganlaw.com
dbuncher@neliganlaw.com
jgaither@neliganlaw.com

PROPOSED COUNSEL FOR DEBTORS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CHAPTER 11 |
| NATIONAL RIFLE ASSOCIATION OF AMERICA and SEA GIRT LLC, | § § § § | CASE NO. 21-30085-hdh11 |
| DEBTORS[1] | § | Jointly Administered |

### DEBTORS' MOTION TO ESTABLISH PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR CERTAIN PROFESSIONALS

National Rifle Association of America and Sea Girt LLC (collectively, the "Debtors") hereby file this *Debtors' Motion to Establish Procedures for Interim Compensation and Reimbursement of Expenses for Case Professionals* (the "Motion") to request the entry of an order, pursuant to Sections 105(a) and 331 of the Bankruptcy Code[2], establishing procedures for interim compensation and reimbursement of expenses of professionals, and in support state as

---

[1] The last four digits of the Debtors' taxpayer identification numbers are:  6130 (NRA) and 5681 (Sea Girt).  The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.

[2] 11 U.S.C. §§ 101, *et seq*.  Unless otherwise indicated, all statutory references are to the Bankruptcy Code.

follows:

### Jurisdiction and Venue

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). The Debtors consent to entry of a final order under Article III of the United States Constitution.

2. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 331, Bankruptcy Rule 2016, and Local Rule 2016-1.

### Background

4. On January 15, 2021 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors remain in possession of their property and are operating their businesses as debtors-in-possession in accordance with Sections 1107 and 1108 of the Bankruptcy Code. A detailed description of the Debtors' business, capital structure, and the events leading to the Debtors' bankruptcy is set forth in the Declarations of Shawne E. Soto [Docket No. 10], Robert G. Owens [Docket No. 11], and Sonya B. Rowling [Docket No. 12] (the "First-Day Declarations") and Debtors' Informational Brief in Connection with Voluntary Chapter 11 Petitions [Docket No. 31] filed on January 20, 2021, which are incorporated herein by reference.

5. To date, the Debtors have filed applications seeking authority to retain: (i) Neligan LLP ("Neligan") as counsel; and (ii) Brewer Attorneys & Counselors ("BAC") as Special Counsel.

6. In addition to these professionals, the Debtors anticipate that they and any official

committee appointed in the Chapter 11 Cases (the "Committee") will retain other professionals pursuant to Bankruptcy Code Section 327 during the course of the Chapter 11 cases (collectively with Neligan and BAC, the "Professionals").[3]

### Relief Requested

7.  Pursuant to Section 331 of the Bankruptcy Code, all professionals employed under Section 327 are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits.[4] As described more specifically below, the Debtors request that the Court establish procedures, comparable to those established in other Chapter 11 cases, for compensating and reimbursing Court-approved Section 327 professionals every 30 days. Such procedures will provide more timely compensation to estate professionals and will permit the Court and all other parties to more effectively monitor the fees incurred.

### Proposed Procedures

8.  Briefly stated, the requested procedures would require those Professionals seeking interim compensation to serve a summary consisting of a brief statement as to the fees incurred and the costs incurred by each Professional for the prior month upon: (i) the Debtors through their counsel, Neligan; (ii) the Office of the United States Trustee for the Northern District of Texas; (iii) the Committee, if a Committee is formed and appointed, through its counsel (hereinafter these parties shall be referred to as the "Notice Parties"). The summary statements of BAC will

---

[3] For example, Debtors have engaged the firm of Garman Turner Gordon, LLP as additional counsel to the Debtors in these Cases and anticipate filing an Application for approval of their employment before this Motion is heard.

[4] Because Section 331 only applies to professionals retained under Section 327, the procedure proposed in this Motion shall only apply to such professionals. At present, the Debtors have only sought the employment of two professionals under Section 327. The Debtors intend to apply to retain additional professionals under Section 327, both additional special counsel that handled Second Amendment litigation pre-bankruptcy, as well as co-counsel to the Debtors to assist Neligan as counsel to the Debtors in the bankruptcy, and such professionals would be subject to the requirements and procedures proposed in this Motion.

include the reasonable and necessary litigation expenses incurred by BAC, which include the fees and expenses of any consulting or testifying experts used in the litigation BAC is handling for the Debtors.[5] If no party timely objects to such statements, the Debtors would be authorized to pay 80% of the professional the fees and 100% of the expenses incurred during the preceding month, including the expert witness expenses used in the BAC Pre-Petition Litigation (as defined in the Declaration of Michaels J. Collins (Dkt. No. 84-2, ¶2 and Schedule 1). These payments would be subject to the Court's subsequent approval as part of the normal interim fee application process, approximately every 120 days.

9. Specifically, the Debtors propose that the monthly payment of compensation and reimbursement of expenses of the Professionals be structured as follows:

    a. On or before the 10th day of each month following the month for which compensation is sought, the Professionals will submit a summary consisting of a brief statement as to the fees and costs incurred (the "Fee Summary") to the Notice Parties. The identity of consulting only experts in the litigation BAC is handling will be redacted to protect this privileged information until such time as they are disclosed as testifying experts in the litigation.

    b. Each such party receiving a Fee Summary will have seven (7) days after its receipt to review the Fee Summary. At the expiration of the seven (7) day period, if no objection (as described below) is made to the Fee Summary, each Professional who submitted Fee Summaries will notify the Debtors in writing that no objections have been filed with regard to the Fee Summary. Upon receipt of such notice in writing, the Debtors shall pay eighty (80%) of the fees and one hundred (100%) of the expenses requested in the Professionals' respective Fee Summaries.

    c. In the event any of the Notice Parties has an objection to the compensation

---

[5] Expert witnesses used in litigation who are not acting as advisors to the debtor in the bankruptcy case are not professionals under Section 327 of the Bankruptcy Code. *See, e.g., In re Cyrus II Partnership*, 2008 WL 3003824, at *3-6 (Bankr. S.D. Texas 2008) (expert witnesses whose testimony does not relate to matters central to the administration of the estate are not required to file Section 327 applications); *In re Napolean*, 233 B.R. 910, 913-14 & n. 1 (noting that "most courts have come to the conclusion that there is no requirement of prior court authorization for retention of an expert witness, because an expert witness is not a 'professional person' within the meaning of section 327," and listing cases in accord); and Rather, their fees are simply reviewed as "actual, necessary expenses" under Section 330(a)(1)(B).

or reimbursement of expenses sought in a particular Fee Summary, it shall, within seven (7) days of the receipt of the Fee Summary, serve upon (i) the Professional whose Fee Summary is objected to, and (ii) except to the extent duplicative of the foregoing clause, the other Notice Parties, a written "Notice of Objection to Fee Summary" with a statement setting forth the precise nature of the objection and the amount at issue. Global objections to the entirety of the Fee Summary shall not be permitted. Instead, objections must identify the precise time entries and expenses that are the subject of the objection and the total amount of those entries and expenses that are the subject of the objection. Thereafter, the objecting Notice Party or Notice Parties and the Professional whose Fee Summary is objected to shall attempt to reach an agreement regarding the correct payment to be made. If the parties are unable to reach an agreement on the objection(s) within three (3) business days after receipt of such objection(s), the Professional whose Fee Summary is objected to shall have the option of (i) filing the objection(s) together with a request for payment of the disputed amount with the Court, or (ii) foregoing payment of the disputed amount until the next interim fee application hearing, at which time the Court will consider and dispose of the objection(s) if payment of the disputed amount is requested. Any objection submitted to the Court for resolution shall be heard at the earlier of (i) the next omnibus hearing scheduled by the Court, or (ii) such other date requested by the parties and set by the Court. The Debtors will be required to pay promptly any portion of the fees and expenses requested that are not the subject of a Notice of Objection to Fee Summary.

d. The first Fee Summary shall be submitted to the Notice Parties by March 10, 2021 and shall cover the period from the commencement of these cases through February 28, 2021. Thereafter, each Fee Summary will be due by the 10th of the month following the month in which the services were rendered.

e. Beginning on or before May 15, 2021, and approximately every four (4) months thereafter, each of the professionals shall file with the Court and serve on the Office of the United States Trustee and the other parties identified in sub-paragraph (a) above, an application for interim Court approval and allowance, pursuant to Section 331 of the compensation and reimbursement of expenses requested for the prior four (4) months. Any professional who fails to file an application when due shall be ineligible to receive further payment of any fees or expenses under these procedures until such time as the application is submitted.

f. The Professionals will be required to attach detailed time entries and expense itemizations to their application, although such detailed time entries and expense itemizations may be redacted in order to preserve and protect matters protected by the attorney-client privilege, the attorney work

   product doctrine, the consulting expert privilege, or similar protections and in the interest of not disclosing privileged communications and/or litigation strategy and/or the identity, work and opinions of consulting only experts.

g. The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Fee Summary shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above.

h. Neither the payment of, nor the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses as provided herein shall bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of any Professionals.

### Basis for Relief Requested

10. Section 331 provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the Court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

Section 105(a) further provides, in relevant part, that the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

11. The procedures set forth above procedures are needed to avoid having professionals fund the administrative expenses of this reorganization case. *See In re Int'l Horizons, Inc.,* 10 B.R. 895, 897 (Bankr. N.D. Ga. 1981). Appropriate factors to consider when approving interim compensation procedures include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtors." *Id.* at 897-98. The Debtors submit that the procedures sought herein are appropriate considering the

above factors.

12. The Debtors submit that the efficient administration of these Chapter 11 Cases will be significantly aided by establishing the foregoing interim compensation and expense reimbursement procedures. Accordingly, the relief requested herein is in the best interests of the Debtors, their estates and creditors.

WHEREFORE, the Debtors respectfully request that the Court (i) grant the Motion and (ii) grant such other and further relief as is just and proper.

Dated: February 4, 2021.

Respectfully submitted,

*/s/ Patrick J. Neligan, Jr.*
Patrick J. Neligan, Jr.
State Bar. No. 14866000
Douglas J. Buncher
State Bar No. 03342700
John D. Gaither
State Bar No. 24055516
**NELIGAN, LLP**
325 North St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: 214-840-5333
Facsimile: 214-840-5301
pneligan@neliganlaw.com
dbuncher@neliganlaw.com
jgaither@neliganlaw.com

**PROPOSED COUNSEL FOR DEBTORS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 4th day of February 2021 a true and correct copy of the foregoing was served via first class U.S. mail on the parties named on the attached Master Service List.

 */s/ Douglas J. Buncher*
Douglas J. Buncher

**In re: Sea Girt LLC - Case No. 21-30080**
**In re: National Rifle Association of America - Case No. 21-30085**

**MASTER SERVICE LIST**

**Debtor/Debtor's Counsel**

| | |
|---|---|
| National Rifle Association of America<br>11250 Waples Mill Road<br>Fairfax, VA  22030 | Neligan LLP<br>Attn:   Patrick J. Neligan<br>            Douglas J. Buncher<br>            John D. Gaither<br>325 N. St. Paul, Suite 3600<br>Dallas, TX 75201<br>Email: pneligan@neliganlaw.com<br>            dbuncher@neliganlaw.com<br>            jgaither@neliganlaw.com |
| Sea Girt LLC<br>11250 Waples Mall Road<br>Fairfax, VA  22030 | |

**U.S. Trustee**

Office of the United States Trustee
Attn: Lisa Young
Earle Cabell Federal Building
1100 Commerce Street, Room 976
Dallas, TX  75242

**Secured Creditors**

Atlantic Union Bank
Attn: Andrew Kalin
1800 Robert Fulton Drive, Suite 100
Reston, VA  20191
Email: andrew.kalin@atlanticunionbank.com

**20 Largest Unsecured Creditors**

| | |
|---|---|
| Ackerman McQueen, Inc.<br>1601 Northwest Expressway<br>Oklahoma City, OK  73118-1438 | Membership Marketing Partners LLC<br>11250 Waples Mill Road, Suite 310<br>Fairfax, VA  22030 |

Gould Paper Corporation
Attn: Warren Connor
99 Park Avenue, 10th Floor
New York, NY 10016

Under Wild Skies
201 N. Union Street, Suite 510
Alexandria, VA 22314

Quadgraphics
N63W23075 Hwy. 74
Sussex, WI 53089

Membership Advisors Public REL
11250 Waples Mill Road, Suite 310
Fairfax, VA 22030

Mercury Group
1601 NW Expressway, Suite 1100
Oklahoma City, OK 73118

Image Direct Group LLC
200 Monroe Avenue, Building 4
Frederick, MD 21701

TMA Direct, Inc.
12021 Sunset Hills Road, Suite 350
Manassas, VA 20109

Membership Advisors Fund Raising
11250 Waples Mill Road, Suite 310
Fairfax, VA 22030

Krueger Associates, Inc.
105 Commerce Drive
Aston, PA 19014

Infocision Management Corp.
325 Springside Drive
Akron, OH 44333

Valtim Incorporated
P.O. Box 114
Forest, VA 24551

Communications Corp of America
Attn: Judy Reid
13195 Freedom Way
Boston, VA 22713

Salesforce.Com, Inc.
One Mark St. – The Landmark, Suite 300
San Francisco, CA 94105

Speedway Motorsports, Inc.
P.O. Box 600
Concord, NC 28026

Google
1600 Amphitheatre Parkway
Mountain View, CA 94043-1351

United Parcel Services
P.O. Box 7247-0244
Philadelphia, PA 19170

Stone River Gear, LLC
P.O. Box 67
Bethel, CT 06801

CDW Computer Centers, Inc.
P.O. Box 75723
Chicago, IL 60675

## **Government Agencies**

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Office of Attorney General (NY)
Attn: Letitia James
28 Liberty Street
New York, NY 10005

90324v1

Office of Attorney General (DC)
Attn: Karl A. Racine
441 Fourth St., N.W., Suite 600-South
Washington, DC  20001

Office of Attorney General (TX)
Attn:  Ken Paxton
P.O. Box 12548
Austin, TX  78711-2548

Mahmooth A. Faheem
Lori A. Butler
Pension Benefit Guaranty Corporation
1200 K NW
Washington, DC  20005-4026
mahmooth.faheem@pbgc.gov
butler.lori@pbgc.gov
efile@pbgc.gov

## Notice of Appearance

Laurie A. Spindler
Linebarger Coggan Blair & Sampson, LLP
2777 N. Stemmons Freeway, Suite 1000
Dallas, TX  75207
dallas.bankruptcy@publicans.com

G. Michael Gruber
Dorsey & Whitney LLP
300 Crescent Court, Suite 400
Dallas, TX  75201
gruber.mike@dorsey.com

Brian E. Mason
Dorsey & Whitney LLP
300 Crescent Court, Suite 400
Dallas, TX  75201
mason.brian@dorsey.com

H. Joseph Acosta
Dorsey & Whitney LLP
300 Crescent Court, Suite 400
Dallas, TX  75201
acosta.joseph@dorsey.com

Natalie L. Arbaugh
Winston & Strawn LLP
2121 N. Pearl Street, Suite 900
Dallas, TX  75201
narbaugh@winston.com

Thomas M. Buchanan
Matthew Saxon
Winston & Strawn LLP
1901 L St., N.W.
Washington, DC  20036
tbuchana@winston.com
msaxon@winston.com

David Neier
Winston & Strawn LLP
200 Park Avenue
New York, NY  10166-4193
dneier@winston.com

Tara LeDay
McCreary, Veselka, Bragg & Allen, P.C.
P.O. Box 1269
Round Rock, TX  78680
tleday@mvbalaw.com

90324v1

| | |
|---|---|
| Michael I. Baird<br>Pension Benefit Guaranty Corporation<br>1200 K St. NW<br>Washington, DC 20005-4026<br>baird.michael@pbgc.gov<br>efile@pbgc.gov | Brandon R. Freud<br>Chuhak & Tecson, P.C.<br>30 S. Wacker Drive, Suite 2600<br>Chicago, IL 60606<br>bfreud@chuhak.com |
| Mark Ralston<br>Fishman Jackson Ronquillo PLLC<br>Three Galleria Tower<br>13155 Noel Road, Suite 700<br>Dallas, TX 75240<br>mralston@fjrpllc.com | Kevin T. White<br>Director – Legal<br>Quad/Graphics, Inc.<br>601 Silveron Blvd., Suite 200<br>Flower Mound, TX 75028<br>ktwhite@quad.com |
| Robert Lapowsky<br>Stevens & Lee, P.C.<br>620 Freedom Business Center, Suite 200<br>King of Prussia, PA 19406<br>rl@stevenslee.com | David W. Giattino<br>Stevens & Lee, P.C.<br>919 Market Street, Suite 1300<br>Wilmington, DE 19801<br>dwg@stevenslee.com |
| Joe E. Marshall<br>Marshall Law<br>2626 Cole Avenue, Suite 300<br>Dallas, TX 75204<br>jmarshall@marshalllaw.net | Duane M. Geck<br>Donald H. Cram<br>Severson & Werson, P.C.<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111<br>dmg@severson.com<br>dhc@severson.com |