### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| NATIONAL RIFLE ASSOCIATION | § | CASE NO. 21-30085-hdh11 |
| OF AMERICA and SEA GIRT LLC, | § | |
| | § | |
| DEBTORS[1] | § | Jointly Administered |

### ORDER GRANTING DEBTORS' MOTION TO ESTABLISH PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR CASE PROFESSIONALS

Upon the *Debtors' Motion to Establish Procedures for Interim Compensation and Reimbursement for Certain Professionals* (the "Motion") of National Rifle Association of America and Sea Girt LLC (collectively, the "Debtors"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and

---

[1] The last four digits of the Debtors' taxpayer identification numbers are: 6130 (NRA) and 5681 (Sea Girt). The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.

**ORDER GRANTING DEBTORS' MOTION TO ESTABLISH PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR CASE PROFESSIONALS**    PAGE 1

90428v.2

consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing on the Motion; and all objections, if any, to the Motion have been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. Except as may otherwise be provided in Court orders authorizing the retention of specific professionals, all Professionals (as defined in the Motion) may seek interim compensation in accordance with the following procedures:

   a. Except as noted below, on or before the 10th day of each month following the month for which compensation is sought, the Professionals will submit a summary consisting of a brief statement as to the fees and expenses incurred (the "Fee Summary") to the Notice Parties. The summary statements of BAC will include the reasonable and necessary litigation expenses incurred by BAC, which include the fees and expenses of any consulting or testifying experts used in the litigation BAC is handling for the Debtors. The identity of consulting only experts in the litigation BAC is handling will be redacted to protect this privileged information until such time as they are disclosed as testifying experts in the litigation.

   b. The first Fee Summary shall be submitted to the Notice Parties by the March 10, 2021 and shall cover the period from the commencement of these cases through February 28, 2021.

   c. Each such party receiving a Fee Summary will have seven (7) days after its receipt to review the Fee Summary. At the expiration of the seven (7) - day period, if no objection (as described below) is made to the Fee Summary, each Professional who submitted Fee Summaries will notify the Debtors in writing that no objections have been filed with regard to the Fee Summary. Upon receipt of such notice in writing, the Debtors shall

        pay eighty (80%) of the fees and one hundred (100%) of the expenses requested in the Professionals' respective Fee Summaries.

d.     In the event any of the Notice Parties has an objection to the compensation or reimbursement of expenses sought in a particular Fee Summary, it shall, within seven (7) days of the receipt of the Fee Summary, serve upon (i) the Professional whose Fee Summary is objected to, and (ii) except to the extent duplicative of the foregoing clause, the other Notice Parties, a written "Notice of Objection to Fee Summary" with a statement setting forth the precise nature of the objection and the amount at issue. Global objections to the entirety of the Fee Summary shall not be permitted. Instead, objections must identify the precise time entries and expenses that are the subject of the objection and the total amount of those entries and expenses that are the subject of the objection. Thereafter, the objecting Notice Party or Notice Parties and the Professional whose Fee Summary is objected to shall attempt to reach an agreement regarding the correct payment to be made. If the parties are unable to reach an agreement on the objection(s) within three (3) business days after receipt of such objection(s), the Professional whose Fee Summary is objected to shall have the option of (i) filing the objection(s) together with a request for payment of the disputed amount with the Court, or (ii) foregoing payment of the disputed amount until the next interim fee application hearing, at which time the Court will consider and dispose of the objection(s) if payment of the disputed amount is requested. Any objection submitted to the Court for resolution shall be heard at the earlier of (i) the next omnibus hearing scheduled by the Court, or (ii) such other date requested by the parties and set by the Court. The Debtors will be required to pay promptly any portion of the fees and disbursements requested that are not the subject of a Notice of Objection to Fee Summary.

e.     Beginning on or before May 15, 2021, and approximately every four (4) months thereafter, each of the professionals shall file with the Court and serve on the Office of the United States Trustee and the other parties identified in sub-paragraph (a) above, an application for interim Court approval and allowance, pursuant to Section 331 of the Bankruptcy Code, of the compensation and reimbursement of expenses requested for the prior four (4) months. Any professional who fails to file an application when due shall be ineligible to receive further payment of any fees or expenses under these procedures until such time as the application is submitted.

f.     The Professionals will be required to attach detailed time entries and expense itemizations to their application, although such detailed time entries and expense itemizations may be redacted in order to preserve and protect matters protected by the attorney-client privilege, the attorney work product doctrine, the consulting expert privilege, or similar protections and in the interest of not disclosing privileged communications

**ORDER GRANTING DEBTORS' MOTION TO ESTABLISH PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR CASE PROFESSIONALS**     **PAGE 3**

90428v.2

          and/or litigation strategy and/or the identity, work and opinions of consulting only experts..

    g.    The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Fee Summary shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above.

    a.    Neither the payment of, nor the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses as provided herein shall bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of any Professionals.

3.    The submission of the detailed time entries to the Notice Parties and the contents thereof shall remain confidential and shall not be disseminated by the Notice Parties to any party without further order of this Court and the act of submitting such detail shall not constitute a waiver of the attorney-client privilege, the attorney work product doctrine or the privilege protecting the identity, work and opinions of consulting-only experts. The Notice Parties reserve any and all rights to review the fees and expenses of Professionals set forth in interim applications, and it is not necessary for the Notice Parties to file objections to the monthly Fee Summaries to reserve those rights.

4.    This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

### # # # END OF ORDER # # #

**Submitted by:**

Patrick J. Neligan, Jr.
State Bar. No. 14866000
Douglas J. Buncher
State Bar No. 03342700
John D. Gaither
State Bar No. 24055516
NELIGAN LLP
325 North St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: 214-840-5333
Facsimile: 214-840-5301
pneligan@neliganlaw.com
dbuncher@neliganlaw.com
jgaither@neliganlaw.com

**PROPOSED ATTORNEYS FOR DEBTORS**