**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| NATIONAL RIFLE ASSOCIATION | § | Case No. 21-30085-hdh11 |
| OF AMERICA and SEA GIRT LLC | § | |
| | § | |
| Debtors[1] | § | Jointly Administered |

## ORDER APPOINTING EXAMINER

Upon the motion (the "Motion") of Phillip Journey ("Movant"), pursuant to §§ 105(a), 1104(c), and 1106(b) of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 2007.1, for the entry of an order appointing an independent examiner with certain investigatory duties; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and due and proper notice of the Motion

---

[1] The last four digits of the Debtors' taxpayer identification numbers are: 6130 (NRA) and 5681 (Sea Girt). The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.

having been provided and no further notice being needed; and the Court having determined that appointment of an examiner in the Debtors' chapter 11 cases is mandatory as the statutory predicates of 11 U.S.C. §§ 1104(c)(1) and 1104(c)(2) have been satisfied; it is hereby **ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. The United States Trustee shall, in consultation with the Debtors, Movant, the Official Committee of Unsecured Creditors, and other parties in interest, appoint an examiner to serve in these cases (the "Examiner").

3. The scope of the Examiner's duties shall include the authority to investigate: (i) the actions of Debtors' pre- and post-petition management; (ii) the management practices being employed in the operation of the non-profit organization; (iii) the compensation of management; (iv) the benefits and perks being provided to the Debtors' management team; and (v) the propriety of arrangements with certain vendors.

4. The Debtors and the Debtors' officers, directors, affiliates and subsidiaries, and their respective professionals, are directed to fully cooperate with the Examiner and other parties in interest in conjunction with the performance of any of the Examiner's duties, including producing to the Examiner, as promptly as practicable, all relevant documents and information, and exercising their respective best efforts to avoid any unnecessary interference with, or duplication of, the Examiner's duties.

5. The Examiner shall provide a preliminary report within 45 days after appointment with a final report to be provided 120 days after such appointment, unless such time shall be extended by order of the Court on notice to all parties that have requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002. Such final report shall include, but is not limited to, any findings of fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the

Debtors by current management, either before or after the commencement of the Debtors' bankruptcy cases.

6. Following the appointment of the Examiner, the Examiner may retain counsel. The Examiner shall be provided a budget of $350,000 to complete the requirements set forth in this Order.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

### ### END OF ORDER ###