# EXHIBIT 2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| NATIONAL RIFLE ASSOCIATION | § | CASE NO. 21-30085-hdh11 |
| OF AMERICA and SEA GIRT LLC, | § | |
| | § | |
| DEBTORS[1] | § | Jointly Administered |

## DECLARATION OF JAY KYLE IN SUPPORT OF THE APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT OF COLLIERS INTERNATIONAL AS THE DEBTORS' REAL ESTATE BROKER

Pursuant to 28 U.S.C. § 1746, I, Jay Kyle, submit this Declaration:

1. I am an Executive Director and Principal of Colliers International Houston, Inc. ("Colliers"), a commercial real estate brokerage, professional services and investment management company for landlords, tenants, and investors. I am located in the Houston office of Colliers, at 1233 West Loop South, 9th Floor, Houston, TX 77027.

2. I submit this Declaration in support of the application to employ Colliers, filed by the Debtors, in the above-referenced Bankruptcy Cases, and to apprise the Court of Colliers' qualifications and disinterestedness.

3. I have personal knowledge of each of the facts stated in this Declaration and they are true and correct. If called as a witness, I could and would testify as to the matters set forth below based upon my personal knowledge, except where otherwise indicated below. To the extent any information disclosed herein requires amendment or modification upon Colliers completion of further analysis or as additional information becomes available to it, a supplemental Declaration will be submitted to the Court.

---

[1] The last four digits of the Debtors' taxpayer identification numbers are: 6130 (NRA) and 5681 (Sea Girt). The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.

4.    I have read the Application.

5.    Based upon my discussions with representatives of the Debtors and my experience in similar situations, I believe that the proposed retention of Colliers by the Debtors will involve the issues and require the services described in the Application.

6.    The proposed retention of Colliers is proper under Bankruptcy Rule 5002. Colliers, as well as I and the other professionals that Colliers employs, are qualified to represent the Debtors in the matters for which Colliers is proposed to be employed.

7.    The terms of Colliers' engagement and the compensation they are to be paid is set forth in the Agreement attached as Exhibit 1 to the Application.

8.    Colliers was provided with a list of all of the Debtors' top twenty creditors as well as the names of the Debtors' affiliates. Based on those lists, Colliers ran a conflict check against the top twenty creditor list of the NRA, as well as the Pension Benefit Guaranty Corporation, the State of California Franchise Tax Board, and the United States Trustee. Based on that review of Colliers' records, I believe that:

    a.    Colliers has no connections with any of the top twenty creditors, the Pension Benefit Guaranty Corporation, the State of California Franchise Tax Board, or the Offices of the United States Trustee in connection with the Bankruptcy Cases;

    b.    Neither Colliers nor its employees hold equity securities or have an ownership interest in the Debtors;

    c.    Colliers has not been, within three years before the date of the filing of the petition herein, an investment banker for a security of the Debtors, in connection with the offer, sale or issuance of a security of the Debtors;

    d.    Colliers does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors; and

    e.    Colliers has not acted as a broker or done any work in any other capacity for any of the creditors on the Debtors' top twenty creditors' list, the

Pension Benefit Guaranty Corporation, the State of California Franchise Tax Board, or the United States Trustee's office.

9. I do not believe that there is any connection or interest (as such terms are used in § 101(14)(C) and Bankruptcy Rule 2014(a)) between Colliers or its employees and (a) the United States Trustee or any person employed by the Office of the United States Trustee, or (b) any creditors on the Debtors' top twenty creditors list. Colliers does not, nor will it, represent an entity directly adverse to the Debtors or their bankruptcy estates.

10. Colliers did not represent, nor has it ever represented prior to the date of this Declaration, any current or former employees, or any affiliates of the Debtors.

11. Consistent with its professional responsibilities, Colliers has evaluated potential conflicts of interest and believes that none exist. In the event that Colliers discovers any conflict of interest in the future, Colliers will promptly so inform this Court, the Office of the United States Trustee, and any statutory committee appointed by the United States Trustee.

12. The Debtors have numerous business relationships and creditors. Consequently, although every reasonable effort has been made to discover and eliminate the possibility of any conflict, including the efforts outlined above, Colliers is unable to state with certainty whether one of its current or former clients or an entity affiliated with those parties holds a claim or otherwise is a party in interest in the Bankruptcy Cases. If Colliers discovers any information that is contrary to or pertinent to the statements made herein, Colliers will disclose such information to the Court on notice to creditors and the United States Trustee promptly.

13. Accordingly, except as set forth herein, and based upon the information available to me, neither I, Colliers, nor any employee thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates in connection with the matters upon which Colliers is to be employed.

14. No promises were received by Colliers, or by any employee of Colliers, as to compensation in connection with this Bankruptcy Cases other than those set forth in the Agreement attached as Exhibit 1 to the Application.

15. The foregoing constitutes the statement of Colliers under Bankruptcy Rule 2014(a). Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: February 5, 2021

_____
Jay Kyle

2277-21
4820-5380-0923, v. 6