Patrick J. Neligan, Jr.
State Bar. No. 14866000
Douglas J. Buncher
State Bar No. 03342700
John D. Gaither
State Bar No. 24055516
NELIGAN LLP
325 North St. Paul, Suite 3600
Dallas, Texas 75201
Telephone:  214-840-5333
Facsimile:  214-840-5301
pneligan@neliganlaw.com
dbuncher@neliganlaw.com
jgaither@neliganlaw.com

**PROPOSED COUNSEL FOR DEBTORS**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| NATIONAL RIFLE ASSOCIATION | § | CASE NO. 21-30085-hdh11 |
| OF AMERICA and SEA GIRT LLC, | § | |
| | § | |
| DEBTORS[1] | § | Jointly Administered |

### AGENDA OF MATTERS SCHEDULED FOR HEARING ON
### FEBRUARY 10, 2021 AT 2:00 P.M. (CT)

**UNCONTESTED MATTERS:**

1. Debtors' Emergency Motion for Entry of an Order Extending the Time to File Schedules and Statements [Docket No. 4]

   **Responses/Related Documents**: Interim Order Extending the Time to File Schedules and Statements [Docket No. 50]

   **Status:**  This matter is going forward on a final basis.

2. Debtors' Emergency Motion for Interim and Final Orders Authorizing the Debtors to Pay Certain Prepetition Taxes [Docket No. 7].

---

[1] The last four digits of the Debtors' taxpayer identification numbers are:  6130 (NRA) and 5681 (Sea Girt).  The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.

1

      **Responses/Related Documents**: Interim Order Authorizing The Debtors To Pay Certain Pre-Petition Taxes [Docket No. 51]

      **Status:** This matter is going forward on a final basis.

3. Debtors' Emergency Motion For Interim And Final Orders (I) Prohibiting Utilities From Altering, Refusing Or Discontinuing Services On Account Of Prepetition Invoices, (II) Approving Procedures For Providing Adequate Assurance Of Postpetition Payments, And (III) Approving Debtor's Proposed Form Of Adequate Assurance [Docket No. 8

   **Responses/Related Documents**: Exhibit B [Docket No. 19]

   **Comments:** Although this motion requests interim and final relief, it was not heard at the first day hearing in this case. In the time since filing this motion, the Debtors have communicated with their utility service providers, arranged to make the adequate assurance deposits proposed in the motion, and resolved any requests for additional or alternative adequate assurance by agreement. Accordingly, the Debtors propose that this matter go forward on a final basis.

   **Status:** This matter is going forward.

4. Debtors' Motion for Authority to Honor Prepetition Obligations Related to Customer, Donor, and Member Programs [Docket No. 76]

   **Responses/Related Document**: None.

   **Status:** This matter is going forward.

5. Debtors' Motion for Approval of Certain Notice and Confidentiality Procedures [Docket No. 77]

   **Responses/Related Document**: None.

   **Status:** This matter is going forward.

6. Emergency Joint Motion to Approve Agreement Providing Replacement Liens as Adequate Protection of Security Interest In Personal Property [Docket No. 106]

   **Responses/Related Document**: None.

   **Status:** This matter is going forward.

**CONTESTED MATTERS:**

1. Debtors' Emergency Motion for Authority to Continue Use of Existing Cash Management System, Maintain Existing Bank Accounts, Pay Certain Costs and Fees Associated with Credit Card Transactions, and Continue Use of Existing Business Forms [Docket No. 5]

    **Responses/Related Documents**: Interim Order Authorizing the Debtors to Continue Use of Existing Cash Management System, Maintain Existing Bank Accounts, Pay Certain Business Forms [Docket No. 52]

    **Comments**: The Office of the United States Trustee (the "UST") has provided the Debtors with informal comments to this motion, the majority of which have been resolved by agreement. The Debtors and UST are in discussions regarding the continued use of the Existing Bank Accounts at Atlantic Union Bank. Atlantic Union Bank, which houses the Debtors' primary operating accounts and has an interest in the funds in those accounts, is an approved depository in UST Region 4 and it would be disruptive to the Debtors' operations and prejudicial to Atlantic Union Bank's rights to close these accounts and move the funds. Based on recent communications with the UST, the Debtors believe this motion may proceed on an uncontested basis. However, the Debtors have listed this motion as a contested matter pending confirmation from the UST that all outstanding issues have been resolved. In the event the UST provides such confirmation prior to the hearing, the Debtors will file an amended agenda reflecting that this motion will proceed on an uncontested basis. In the event the UST does not consent to the Debtors' maintenance of debtor-in-possession accounts at Atlantic Union Bank, this motion will go forward on a contested basis.

    **Status:** This matter is going forward on a final basis.

2. Debtors' Emergency Motion for Interim and Final Orders Authorizing Payment of Prepetition Employee Wages, Compensation, and Employee Benefits and Granting Related Relief [Docket No. 6]

    **Responses/Related Documents**: Interim Order Authorizing The Debtors To Pay Pre-Petition Employee Wages, Compensation, And Employee Benefits And Granting Related Relief [Docket No. 41]

    **Comments**: The UST has indicated that it opposes the continuation of the Debtors' Section 457 non-qualified retirement plans and vacation policy in the ordinary course of business as requested in the Motion. Specifically, the UST objects to payments to employees under the non-qualified retirement plans and honoring prepetition obligations under the Debtors' vacation policy that would result in any individual receiving more than $13,650 on account of prepetition claims. The Debtors submit that the funds in the Section 457 non-qualified retirement plans are excluded from property of the estate under Section 541(b)(7)(A)(i)(II) of the Bankruptcy Code and that continuation of the vacation policy, including honoring prepetition obligations to employees in connection with the vacation policy, is proper under both Section 507(a)(4) and the doctrine of necessity. The Debtors

intend to ask the Court for approval to maintain the non-qualified retirement plans and vacation policy in the ordinary course of business and to honor any prepetition obligations associated with such policies.

**Status:** This matter is going forward on a final basis.

3. Debtors' Motion for Waiver of the Requirements of Section 345(b) [Docket No. 78]

   **Responses/Related Documents:** None.

   **Comments**:  The UST has informed the Debtors that it opposes the relief requested in this motion.

   **Status:** This matter is going forward.

Dated:  February 8, 2021        Respectfully submitted,
        Dallas, Texas

                                 /s/ Patrick J. Neligan, Jr.
                                Patrick J. Neligan, Jr.
                                Texas Bar No. 14866000
                                pneligan@neliganlaw.com
                                Douglas J .Buncher
                                Texas State Bar No. 03342700
                                dbuncher@neliganlaw.com
                                John D. Gaither
                                Texas State Bar No. 24055516
                                jgaither@neliganlaw.com
                                **NELIGAN LLP**
                                325 N. St. Paul, Suite 3600
                                Dallas, Texas  75201
                                Telephone: (214) 840-5300
                                Facsimile:  (214) 840-5301

                                **PROPOSED COUNSEL FOR THE DEBTORS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 8th day of February 2021 a true and correct copy of the foregoing was served electronically via this Court's CM/ECF notification system.

                                 *John D. Gaither*
                                John D. Gaither

90458v.1