Judith W. Ross
State Bar No. 21010670
Frances A. Smith
State Bar No. 24033084
Eric Soderlund
State Bar No. 24037525
Jessica L. Voyce Lewis
State Bar No. 24060956
**Ross & Smith, PC**
700 N. Pearl Street, Suite 1610
Dallas, Texas 75201
Telephone: 214-377-7879
Facsimile: 214-377-9409
Email:  judith.ross@judithwross.com
       frances.smith@judithwross.com
       eric.soderlund@judithwross.com
       jessica.lewis@judithwross.com
**Counsel for Membership Marketing Partners, LLC**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
(DALLAS DIVISION)**

| | | |
|---|---|---|
| IN RE: | § § | **CHAPTER 11** |
| NATIONAL RIFLE ASSOCIATION OF AMERICA and SEA GIRT LLC, | § § § | **CASE NO. 21-30085-hdh-11** |
| DEBTORS.[1] | § § § | **JOINTLY ADMINISTERED** |

**MMP'S MOTION FOR AN ORDER REQUIRING THE UNITED STATES TRUSTEE TO RECONSTITUTE THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Creditor and party-in-interest Membership Marketing Partners, LLC ("**MMP**") files this *Motion for an Order Requiring the United States Trustee to Reconstitute the Official Committee of Unsecured Creditors*, and would respectfully show the Court as follows:

---

[1] The last four digits of the Debtors' taxpayer identification numbers are: 6130 (NRA) and 5681 (Sea Girt). The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding in accordance with 28 U.S.C. § 1334(b). This Court can hear and determine this matter in accordance with 28 U.S.C. § 157 and the standing order of reference of bankruptcy cases and proceedings in this District. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. §157(b)(2)(A).

2. MMP consents to the entry of final orders by the Bankruptcy Court for all matters over which this Court has jurisdiction concerning this Motion.

## II. RELIEF REQUESTED AND BASES FOR RELIEF

3. The bases for the relief sought are found in §§ 105(a), 1102(a)(4), and 1102(b)(1) of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**") and Rule 2007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

4. MMP asks the Court to enter an order requiring the U.S. Trustee to change the composition of the Official Unsecured Creditors' Committee (the "**OCC**") as it is currently constituted because the current composition of the OCC does not meet the Bankruptcy Code's requirements for committees of creditors.

5. Specifically, MMP asks the Court to enter an order requiring the U.S. Trustee to appoint to the OCC "persons, willing to serve, that hold the seven largest claims against the debtor of the kinds represented by such committee" as is the "ordinary" rule for committees under Bankruptcy Code § 1102(b)(1).

### III. BACKGROUND

6. Sea Girt LLC and the National Rifle Association of America ("**NRA**" or the "**Debtor**") filed their voluntary petitions under Chapter 11 of the Bankruptcy Code on January 15, 2021 ("**Petition Date**") initiating the above-captioned Chapter 11 bankruptcy cases (together, the "**Bankruptcy Case**").

7. On February 4, 2021 the United States Trustee for the Bankruptcy Case filed a notice of the formation of the OCC. *See* Docket No. 105.

8. The OCC formed by the U.S. Trustee consists of only five members: (i) the Pension Benefit Guaranty Corporation ("**PBGC**"); (ii) Ackerman McQueen Inc.; (iii) David Dell'Aquila; (iv) InfoCision, Inc.; and (v) Stone River Gear, LLC.

9. Regarding the five members, MMP has no complaint about the inclusion of true creditors InfoCision, and Stone River Gear, LLC, but the inclusion of the PBGC Dell'Aquila, and Ackerman are puzzling, to say the least. The PBGC is, at best, a contingent creditor; Ackerman's relationship with the Debtor is litigious and antagonistic, and involves far more than its role as a creditor (*see* Phillip Journey's Motion for Appointment of an Examiner, Docket No. 114); and Dell'Aquila is not on the list of creditors holding the largest unsecured claims but is, rather, a donor who is in litigation with the Debtor and who has been on a years-long quest to replace the Debtor's board of directors and management.

### IV. ARGUMENT AND AUTHORITIES

10. The Bankruptcy Code provides that a bankruptcy court "may order the United States trustee to change the membership of a committee appointed under this subsection,

if the court determines that the change is necessary to ensure adequate representation of creditors . . . ." 11 U.S.C. § 1102(a)(4). As the U.S. Trustee in this case has acknowledged, "[t]he unsecured creditors' committee, at its core, must adequately represent the class of unsecured creditors, meeting the goal of functionality." Greg M. Zipes & Lisa L. Lambert, Creditors' Committee Formation Dynamics: Issues in the Real World, 77 Am. Bankr. L. J. 229, 238 (Spring 2003).

11. The Bankruptcy Code does not define "adequate representation." *In re Enron Corporation*, 279 B.R. 671, 684-85 (Bankr. S.D.N.Y. 2002) ("There is no framework provided in the Bankruptcy Code for [courts] to determine adequate representation."). Nevertheless, factors such as the ability of the committee to function, the nature of the case, and the standing and desires of the various constituencies help a court determine adequate representation. on a case-by-case basis. *See In re Dow Corning Corp.*, 194 B.R. 121, 141 (Bankr. E.D. Mich. 1996), *rev'd on other grounds*, 212 B.R. 258 (E.D. Mich. 1997) (decision of adequate representation is made on a case-by-case basis, and "[t]he factors most commonly cited are: the ability of the committee to function; the nature of the case; and the standing and desires of the various constituencies."); *see also In re Hill Stores Co.*, 137 B.R. 4, 5–6 (Bankr. S.D.N.Y. 1992); *In re McLean Indus., Inc.*, 70 B.R. 852, 860-61 (Bankr. S.D.N.Y. 1987); *Albero v. Johns-Manville Corp. (In re JohnsManville Corp.)*, 68 B.R. 155, 159 (Bankr. S.D.N.Y. 1986).

12. For a creditor group to be adequately represented by a committee, the interests of that group must "have a *meaningful* voice on the committee in relation to their posture in the case." *In re Dow Corning Corp.*, 194 B.R. at 141 (emphasis added).

13. The issue of whether creditors are adequately represented is to be determined by the Court without any deference to the U.S. Trustee's determinations, and § 1102 affords the Court discretion to determine whether to appoint additional members to a committee. *See In re First Republicbank Corp.*, 95 B.R. 58, 59 (Bankr. N.D. Tex. 1988) ("If raised, the issue of adequate representation must be determined by the court de novo after the United States trustee performs his administrative task of appointing the committee members."); *In re ShoreBank Corp.*, 467 B.R. 156, 162 (Bankr. N.D. Ill. 2012) (holding that there is no standard of review to determine adequate representation, but rather it is to be an "independent determination of whether a change in committee composition is necessary"); *In re McLean Industries, Inc.*, 70 B.R. 852, 857–58 (Bankr. S.D.N.Y. 1987) ("Congress expressly retained in bankruptcy courts the ability to decide de novo the question of whether additional committees are necessary to assure adequate representation.")

14. A committee is not adequately represented when "the committee is so dominated by one group of creditors that a separate group has virtually no say in the decision-making process. Consequently, courts look to see whether conflicts of interest on the committee effectively disenfranchise particular groups of creditors." *In re Dow Corning Corp.*, 194 B.R. at 142 (*citing Sharon Steel*, 100 B.R. at 779; *In re Saxon Industries, Inc.*, 39 B.R. 945, 947 (Bankr. S.D.N.Y. 1984)). A committee adequately represents creditors only "***as long as the diverse interests of the various creditor groups are represented on and have participated in the committee***." *Mirant Americas Energy Mtkg., L.P. v. Official Comm. of Unsecured Creditors of Enron,* No. 02-CV-6274, 2003 WL

22327118, at *7 (S.D.N.Y. Oct. 10, 2003) *(quoting In re Hills Stores, Co., 137 B.R. at 6)* (citing *In re Sharon Steel Corp.*, 100 B.R. 767, 777–78 (Bankr W.D. Pa. 1989)) (emphasis added).

15. When reviewing a decision by a United States Trustee regarding the composition of a committee (for example, on a motion challenging a removal of a member), courts review whether the U.S. Trustee's action was arbitrary and capricious. A decision is arbitrary and capricious if "it is based on an erroneous conclusion of law, a record devoid of evidence on which the decision maker could rationally have based its decision, or is otherwise patently unreasonable, arbitrary or fanciful." *In re First Republicbank Corp.*, 95 B.R. at 60. Further, the decision must be judged on the stated reason for which the decision was initially made, and not on later statements or reasoning meant to shore up that original decision. *Securities Comm'n v. Chenery Corp. (Chenery II)*, 332 U.S. 194, 196 (1947) ("A reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis.").

16. The OCC as formed by the U.S. Trustee does not adequately represent the unsecured creditors in the Bankruptcy Case. The Bankruptcy Code provides that "ordinarily" a creditors' committee should consist of seven members, yet the U.S. Trustee selected only five members for the OCC. The OCC as presently constituted simply cannot adequately represent the creditor body in this case. In a case where the Debtor asserts it has between $100 million and $500 million in liabilities owing to between 200 and 999

creditors, and in which the twenty largest creditors hold unsecured claims that the Debtor says total more than $7 million, a committee of just five members is not reasonable or appropriate.

17. Why does the OCC only have five members? The U.S. Trustee has so far refused to provide a credible answer to that question. But it appears that the OCC contains only five members in order to ensure that issues that come to a vote can be decided by the three non-trade creditors on the OCC. In other words, the U.S. Trustee appears to have stacked the OCC to make the PBGC/Ackerman/Dell'Aquila a ruling triumvirate—an insurmountable voting bloc. The U.S. Trustee's departure from the norm of having at least seven members on a committee has effectively rendered the two trade creditors on the OCC mere window dressing. And that appears to be precisely what the U.S. Trustee intended.

18. Although not every case *requires* seven members for a creditors' committee, the departure from the norm cannot be made arbitrarily and capriciously. Typically, committees in large cases will have at least seven members. Smaller committees generally are found in smaller cases with few creditors or cases where the U.S. Trustee is unable to persuade more creditors to serve. But in this case, that is not the reason the OCC has only five members. Indeed, the U.S. Trustee refused to place on the OCC multiple creditors that had expressed a willingness and desire to serve.

19. For example, the movant, MMP, is the second-largest unsecured creditor in the case and not only expressed a desire to serve on the OCC, but timely submitted all information requested by the U.S. Trustee and attended a nearly one-hour interview with

MMP's Motion to Reconstitute Official Creditors' Committee      7

representative from the U.S. Trustee's office. But the U.S. Trustee did not invite MPP to join the OCC and, when asked why, refused to give a reason for the decision. See Email exchange dated February 9-11 between Judith Ross and Lisa Lambert, attached to this Motion as **Exhibit A**.[2]

20. Other creditors on the Debtor's list of creditors holding the twenty largest unsecured claims against the Debtor also have expressed an interest in serving, provided information to the U.S. Trustee, engaged in lengthy phone interviews with the U.S. Trustee's office, and were summarily rejected without explanation. Such creditors include Valtim Marketing Solutions and Quad/Graphics, Inc., each of which the Debtor indicates have unsecured claims of over half a million dollars. See Email exchanges dated February 10-11 between Judith Ross and representatives of Valtim and Quad/Graphics, attached to this Motion as **Exhibits B and C**, respectively. MMP will happily step aside in favor of Valtim and Quad/Graphics being placed on the OCC. MMP's only goal is to ensure that the majority of creditor interests (i.e., those of vendors) are represented on such committee.

21. The law is clear and indisputable: a committee of creditors must adequately represent the general body of creditors in the case. The OCC appointed by the U.S. Trustee in this case does not. The U.S. Trustee appears to have hand-picked three creditors for the OCC with an axe to grind against the Debtor's management, effectively giving those three creditors absolute control of the OCC. This omission was as intentional and deliberate as it was arbitrary and capricious. The remedy for this departure from the

---

[2] By this Motion, MMP is not asking to be placed on the OCC; rather, MMP is simply asking the Court to appoint two additional trade creditors from the Debtor's list of twenty largest creditors.

MMP's Motion to Reconstitute Official Creditors' Committee    8

norm is simple: add at least two true trade creditors from the list of the Debtor's twenty largest creditors to make the OCC more balanced and genuinely representative of creditor interests.

## V. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, MMP respectfully prays that this Court enter an order substantially in the form submitted herewith requiring the U.S. Trustee to add to the OCC at least two willing trade creditors among those holding the twenty largest unsecured claims against the Debtor's estate and providing such other relief as the Court deems just and equitable.

Dated: February 15, 2021

By: /s/ *Judith W. Ross*
Judith W. Ross, State Bar No. 21010670
Frances A. Smith, State Bar No. 24033084
Eric Soderlund, State Bar No. 24037525
Jessica L. Voyce Lewis, State Bar No. 24060956
**Ross & Smith, PC**
700 N. Pearl Street, Suite 1610
Dallas, Texas 75201
Telephone: 214-377-7879
Facsimile: 214-377-9409
Email: judith.ross@judithwross.com
      frances.smith@judithwross.com
      eric.soderlund@judithwross.com
      jessica.lewis@judithwross.com

**COUNSEL TO MEMBERSHIP MARKETING PARTNERS, LLC**

**CERTIFICATE OF CONFERENCE**

I certify that on February 15 2021, I attempted to confer via email with Lisa Lambert with the United States Trustee's office regarding the relief requested in the foregoing Motion. As of the time of filing of the Motion Ms. Lambert has not yet responded.

/s/ Judith W. Ross
Judith W. Ross

**CERTIFICATE OF SERVICE**

I hereby certify that I caused to be served a true and correct copy of the above and foregoing document on February 16, 2021 via ECF-Electronic Notice on parties receiving ECF-Notice in this case and by email and/or United States mail as indicated below in the Master Service List.

/s/ Judith W. Ross
Judith W. Ross

## Master Service List
## National Rifle Association of America
## Case No. 21-30085

*Debtor:*
National Rifle Association of America
11250 Waples Mill Road
Fairfax, VA 22030
**Served via U.S. mail**

Sea Girt LLC
11250 Waples Mall Road
Fairfax, VA 22030
**Served via U.S. mail**

*Debtor's Counsel:*
Neligan LLP
c/o Douglas James Buncher
  John D. Gaither
  Patrick Neligan, Jr.
325 N. St. Paul, Suite 3600
Dallas, TX 75201
(214) 840-5300
Fax : (214) 840-5301
Email: dbuncher@neliganlaw.com
  jgaither@neliganlaw.com
  pneligan@neliganlaw.com
**Served via ECF**

Brewer, Attorneys & Counselors
Attn: Michael J. Collins
5900 Comerica Bank Tower
1717 Main Street
Dallas, TX 75201
(214) 653-4000
Fax : (214) 653-1015
Email: MJC@brewerattorneys.com
**Served via ECF**

Sarah Brooke Rogers
c/o Sarah Brooke Rogers
Brewer ,Attorneys & Counselors
750 Lexington Avenue, Floor 14
New York, NY 10022
(212) 527-2587
Fax : (212) 751-2849
Email: sbr@brewerattorneys.com
**Served via ECF**

*U.S. Trustee:*
United States Trustee
Attn: Lisa Young
1100 Commerce Street
Room 976
Dallas, TX 75202
(214) 767-8967
Email:
**Served via ECF**

*Secured Creditors:*
Atlantic Union Bank
Attn: Andrew Kalin
1800 Robert Fulton Drive, Suite 100
Reston, VA 20191
Email: andrew.kalin@atlanticunionbank.com
**Served via email**

*Creditor Committee:*
Norton Rose Fulbright US, LLP
c/o Laura Lynn Smith
  Louis R. Strubeck, Jr.
  Kristian W. Gluck
  Scott Drake
  Nick Hendrix
2200 Ross Avenue, Suite 3600
Dallas, TX 75201-7932
(214) 855-8237
Fax : (214) 855-8200
Email:
laura.smith@nortonrosefulbright.com
  Louis.strubeck@nortonrosefulbright.com
  Kristian.gluk@nortonrosefulbright.com
  Scott.drake@nortonrosefulbright.com
  Nick.hendrix@nortonrosefulbright.com
**Served via ECF**

*20 Largest Unsecured Creditors:*
Membership Marketing Partners LLC
11250 Waples Mill Road, Suite 310
Fairfax, VA 22030
Served via U.S. **mail**

Gould Paper Corporation
Attn: Warren Connor
99 Park Avenue, 10th Floor
New York, NY 10016
**Served via U.S. mail**

Under Wild Skies
201 N. Union Street, Suite 510
Alexandria, VA 22314
**Served via U.S. mail**

Quadgraphics
N63W23075 Hwy. 74
Sussex, WI 53089
**Served via U.S. mail**

Membership Advisors Fund Raising
11250 Waples Mill Road, Suite 310
Fairfax, VA 22030
**Served via U.S. mail**

Krueger Associates, Inc.
105 Commerce Drive
Aston, PA 19014
**Served via U.S. mail**

Infocision Management Corp.
325 Springside Drive
Akron, OH 44333
**Served via U.S. mail**

Valtim Incorporated
P.O. Box 114
Forest, VA 24551
**Served via U.S. mail**

Communications Corp of America
Attn: Ken Bentley
13129 Airpark Drive, Suite 120
Elkwood, VA 22718
**Served via U.S. mail**

Salesforce.Com, Inc.
One Mark St. – The Landmark, Suite 300
San Francisco, CA 94105
**Served via U.S. mail**

Speedway Motorsports, Inc.
P.O. Box 600
Concord, NC 28026
**Served via U.S. mail**

Google
1600 Amphitheatre Parkway
Mountain View, CA 94043-1351
**Served via U.S. mail**

Membership Advisors Public REL
11250 Waples Mill Road, Suite 310
Fairfax, VA 22030
**Served via U.S. mail**

Image Direct Group LLC
200 Monroe Avenue, Building 4
Frederick, MD 21701
**Served via U.S. mail**

TMA Direct, Inc.
12021 Sunset Hills Road, Suite 350
Manassas, VA 20109
Served via U.S. mail
Stone River Gear, LLC
P.O. Box 67
Bethel, CT 06801
**Served via U.S. mail**

CDW Computer Centers, Inc.
P.O. Box 75723
Chicago, IL 60675
**Served via U.S. mail**

Government Agencies:
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346
**Served via U.S. mail**

Office of Attorney General (NY)
Attn: Letitia James
28 Liberty Street
New York, NY 10005
**Served via U.S. mail**

Office of Attorney General (DC)
Attn: Karl A. Racine
441 Fourth St., N.W., Suite 600-South
Washington, DC 20001
**Served via U.S. mail**

United Parcel Services
P.O. Box 7247-0244
Philadelphia, PA 19170
**Served via U.S. mail**

Mahmooth A. Faheem
Lori A. Butler
Pension Benefit Guaranty Corporation
1200 K NW
Washington, DC 20005-4026
Email:  mahmooth.faheem@pbgc.gov
 butler.lori@pbgc.gov
 efile@pbgc.gov
**Served via email**

*Noticed Parties:*
Dallas County
c/o Laurie A. Spindler
Linebarger Coggan Blair & Sampson, LLP
2777 N. Stemmons Freeway, Suite 1000
Dallas, TX 75207
Email:  dallas.bankruptcy@publicans.com
**Served via ECF**

Ackerman McQueen, Inc.
Brian E. Mason
Dorsey & Whitney LLP
300 Crescent Court, Suite 400
Dallas, TX 75201
Email:  mason.brian@dorsey.com
**Served via ECF**

Christopher Cox
c/o Natalie L. Arbaugh
Winston & Strawn LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Email:  narbaugh@winston.com
**Served via ECF**

MMP's Motion to Reconstitute Official Creditors' Committee                13

Office of Attorney General (TX)
Attn: Ken Paxton
P.O. Box 12548
Austin, TX 78711-2548
**Served via U.S. mail**

Christopher Cox
c/o Thomas M. Buchanan
Matthew Saxon
Winston & Strawn LLP
1901 L St., N.W.
Washington, DC 20036
Email:  tbuchana@winston.com
  msaxon@winston.com
**Served via ECF**

The County of Denton, Texas
Tara LeDay
McCreary, Veselka, Bragg & Allen, P.C.
P.O. Box 1269
Round Rock, TX 78680
Email:  tleday@mvbalaw.com
**Served via ECF**

Michael I. Baird
Pension Benefit Guaranty Corporation
1200 K St. NW
Washington, DC 20005-4026
Email: baird.michael@pbgc.gov
 efile@pbgc.gov
**Served via ECF**

Mark Ralston
Fishman Jackson Ronquillo PLLC
Three Galleria Tower
13155 Noel Road, Suite 700
Dallas, TX 75240
Email:  mralston@fjrpllc.com
**Served via ECF**

Christopher Cox
c/o David Neier
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193
Email:  dneier@winston.com
**Served via ECF**

Ackerman McQueen, Inc.
Mercury Group, Inc.
c/o G. Michael Gruber
Dorsey & Whitney LLP
300 Crescent Court, Suite 400
Dallas, TX 75201
Email: gruber.mike@dorsey.com
**Served via ECF**

Ackerman McQueen, Inc.
c/o H. Joseph Acosta
Dorsey & Whitney LLP
300 Crescent Court, Suite 400
Dallas, TX 75201
Email:  acosta.joseph@dorsey.com
**Served via ECF**

M. Jermaine Watson
Joshua N. Eppich
H. Brandon Jones
Clay M. Taylor
J. Robertson Clarke
Bonds Ellis Eppich Schafer Jones LLP
420 Throckmorton Street, Suite 1000
Fort Worth, TX 76102
Email:  jermaine.watson@bondsellis.com
  joshua@bondsellis.com
  clay.taylor@bondsellis.com
  brandon@bondsellis.com
  robbie.clarke@bondsellis.com
**Served via ECF**

Robert Lapowsky
Stevens & Lee, P.C.
620 Freedom Business Center, Suite 200
King of Prussia, PA 19406
Email: rl@stevenslee.com
**Served via ECF**

Joe E. Marshall
Marshall Law
2626 Cole Avenue, Suite 300
Dallas, TX 75204
Email: jmarshall@marshalllaw.net
**Served via ECF**

The People of the State of New York, by Letitia James, Attorney General of the State of New York
c/o Gerrit M. Pronske
  Eric M. Van Horn
  Jason P. Kathman
SPENCER FANE LLP
2200 Ross Avenue, Suite 4800 West
Dallas, Texas 75201
(214) 750-3610 - Telephone
(214) 750-3612 – Telecopier
-and-
5700 Granite Parkway, Suite 650
Plano, Texas 75024
(972) 324-0300 - Telephone
(972) 324-0301 – Telecopier
Email: gpronske@spencerfane.com
Email: ericvanhorn@spencerfane.com
Email: jkathman@spencerfane.com
**Served via ECF**

Global New Beginnings, Inc.
c/o Brandon R. Freud
Chuhak & Tecson, P.C.
30 S. Wacker Drive, Suite 2600
Chicago, IL 60606
Email: bfreud@chuhak.com
**Served via ECF**

Kevin T. White
Director – Legal
Quad/Graphics, Inc.
601 Silveron Blvd., Suite 200
Flower Mound, TX 75028
Email: ktwhite@quad.com
**Served via ECF**

David W. Giattino
Stevens & Lee, P.C.
919 Market Street, Suite 1300
Wilmington, DE 19801
Email: dwg@stevenslee.com
**Served via ECF**

Duane M. Geck
Donald H. Cram
Severson & Werson, P.C.
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Email: dmg@severson.com
  dhc@severson.com
**Served via ECF**

| | |
|---|---|
| The People of the State of New York, by Letitia James, Attorney General of the State of New York<br>c/o James Sheehan<br>  Emily Stern<br>  Monica Connell<br>OFFICE OF LETITIA JAMES, ATTORNEY GENERAL FOR THE STATE OF NEW YORK<br>28 Liberty Street<br>New York, New York 10005<br>Telephone (212) 416-8401<br>Email: James.Sheehan@ag.ny.gov<br>Email: Emily.Stern@ag.ny.gov<br>Email: Monica.Connell@ag.ny.gov<br>**Served via ECF** | Honorable Phillip Journey<br>c/o M. Jermaine Watson<br>  Joshua N. Eppich<br>  H. Brandon Jones<br>  Clay M. Taylor<br>  J. Robertson Clarke<br>BONDS ELLIS EPPICH SCHAFER JONES LLP<br>420 Throckmorton Street, Suite 1000<br>Fort Worth, Texas 76102<br>(817) 405-6900 telephone<br>(817) 405-6902 facsimile<br>Email: jermaine.watson@bondsellis.com<br>Email: joshua@bondsellis.com<br>Email: clay.taylor@bondsellis.com<br>Email: brandon@bondsellis.com<br>Email: robbie.clarke@bondsellis.com<br>**Served via ECF** |