EXHIBIT

___A___

**From:** "Lambert, Lisa  (USTP)" <Lisa.L.Lambert@usdoj.gov>
**Date:** February 11, 2021 at 2:53:58 PM CST
**To:** Judith Ross <Judith.Ross@judithwross.com>
**Cc:** pneligan@neliganlaw.com
**Subject: RE: In re NRA; Case No. 21-30085-hdh-11**


Judith:

Thank you for your email.  We hope you are staying well, too.

The NRA committee selection process was thorough to ensure adequate
representation of all creditors' interests. Your client's interview typified the process.
The committee has already met, organized, selected counsel, and begun work.

Bill Neary, the United States Trustee, declines to add two members at this juncture.
The members of the Office of the United States Trustee will continue to fulfill our
statutory responsibility to monitor the creditors' committee, and we will carry out our
duties.

Yours very truly,

Lisa L. Lambert
Assistant U.S. Trustee
Office of the U.S. Trustee
1100 Commerce, Room 976
Dallas, TX  75242
(202) 834-4233

**From:** Judith Ross <Judith.Ross@judithwross.com>
**Sent:** Tuesday, February 9, 2021 5:50 PM
**To:** Lambert, Lisa (USTP) <Lisa.L.Lambert@UST.DOJ.GOV>
**Cc:** pneligan@neliganlaw.com
**Subject:** In re NRA; Case No. 21-30085-hdh-11

Hello Lisa,

I hope you are doing well.

You will recall that you invited my client, Membership Marketing Partners LLC, which was listed as the largest undisputed unsecured creditor in the debtors' bankruptcy filings, to fill out the questionnaire you sent in order for my client to possibly serve on the Official Committee of Creditors Holding Unsecured Claims ("OCC"). Thereafter, you interviewed my client's representative, Mr. Murray Drechsler for almost one hour. Last Friday, you advised Mr. Drechsler that Membership Marketing Partners LLC was not selected to serve on the OCC, and you sent him a list of members that would be on the OCC.

Initially, my client has no issue with not being selected to serve on the OCC. However, my client and I have a tremendous issue with the makeup of the proposed OCC, and respectfully request that, at a minimum, at least two more creditors be added to the OCC. Let me explain this request.

Without any organization meeting of the OCC having occurred, your office selected and then suggested that the Pension Benefit Guaranty Corporation serve as "Interim Chair." This is so even though my client believes the PBGC to be, at best, a contingent creditor as there is no suggestion that there are any issues with the Debtor and any benefit obligations. Next, Ackerman McQueen Inc. was selected. As set forth in the initial filings by the Debtor, this creditor's claim is DISPUTED and it is my client's understanding that there is significant litigation pending between this creditor and the Debtor. Further, this highly contentious dispute does not relate solely to lack of payment.

It appears that you selected InfoCision, Inc. (scheduled in the amount of $712,034.83) and Stone River Gear, LLC (scheduled as a creditor in the amount of $89,282.80), both of which seem appropriate members of the OCC. But, David Dell'Aquila was selected even though he is not a creditor, but rather a donor who is seeking to organize other donors to challenge the current leadership of the Debtors without regard to the business operations of the Debtor.

Why were these creditors selected over other creditors? I thought that the US

Trustee's Office was supposed to select members that fairly  represented members of the creditor body?  Unfortunately, the majority of the creditors selected and put on the OCC do not appear to represent the interests of the majority of NRA creditors.  And why was only a five-member OCC selected?   Traditionally, the US Trustee's office selects at least 7 members or more.  It is unclear to me how appointing parties that avowedly want to destroy the NRA helps unsecured creditors  in any way.

In any event, I assume your Office is prepared to monitor all OCC members to ensure that they do not breach their fiduciary duties to other creditors in all respects.  But, at a minimum, my client, Membership Marketing  Partners LLC, and, I would trust,  many if not most of the trade creditors of the Debtor, respectfully request that the Office of the United States Trustee forthwith appoint not less than two additional creditors from the Debtor's List of Creditors to the OCC, so that the OCC can timely meet, become organized, and work for the benefit of all interested parties.

By regular mail, I plan to send a copy of this email to other unsecured creditors listed on the Debtor's 20 largest unsecured creditor list in hopes that some of them will want to join the OCC.


Judith W. Ross
Ross & Smith, PC
Plaza of the Americas
700 N. Pearl Street, Suite 1610
North Tower
Dallas, TX 75201
(Main) 214-377-7879
(Direct) 214-377-8659
(Cell)  214-732-9743
Judith.ross@judithwross.com
https://www.judithwross.com/



Judith W. Ross
Ross & Smith, PC
Plaza of the Americas
700 N. Pearl Street, Suite 1610
North Tower

Dallas, TX 75201
(Main) 214-377-7879
(Direct) 214-377-8659
(Cell)  214-732-9743
Judith.ross@judithwross.com
https://www.judithwross.com/

