

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed February 16, 2021

_____
United States Bankruptcy Judge
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| NATIONAL RIFLE ASSOCIATION | § | CASE NO. 21-30085-hdh11 |
| OF AMERICA and SEA GIRT LLC | § | |
| | § | |
| DEBTORS[1] | § | Joint Administration Requested |

**FINAL ORDER (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE, (II) APPROVING PROCEDURES FOR PROVIDING ADEQUATE ASSURANCE OF POSTPETITION PAYMENTS, AND (III) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE**

Upon consideration of the Debtors' motion (the "Motion") [Docket No. 8] requesting the entry of interim and final orders (i) prohibiting utility service providers from altering, refusing, or discontinuing service on account of prepetition invoices; (ii) establishing procedures for providing adequate assurance of postpetition payments; and (iii) determining that the adequate assurance proposed in the Motion is sufficient under Section 366, the Court finds that: (i) it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§

---

[1] The last four digits of the Debtors' taxpayer identification numbers are: 6130 (NRA) and 5681 (Sea Girt). The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.

1

157(b)(2) and 1334; (ii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) due and proper notice of the Motion has been provided and no other or further notice need be provided; and (iv) the relief requested in the Motion is in the best interests of the Debtors, their estates, and creditors.  Having reviewed the Motion and having heard the statements and evidence offered in support of the relief requested therein at a hearing before this Court, the Court determines that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein.  Accordingly, it is hereby **ORDERED** that:

1. The Motion is GRANTED as set forth herein.

2. Absent any further order of this Court, the Utilities, including but not limited to those listed on **Exhibit A** hereto, which is incorporated herein by reference, may not alter, refuse, or discontinue service to, or discriminate against the Debtors.

3. The Debtors are authorized to pay the Utilities a cash deposit equal to 30 days' average billing based on the Debtors' average monthly consumption of utility services from the respective Utilities during the past one year as adequate assurance under Section 366(c), as reflected on **Exhibit A**.  Such deposit constitutes "adequate assurance of payment" to the Utilities as that term is used in Section 366.

4. The following Adequate Assurance Procedures are approved:

    (a) Absent any further order of the Court, no Utility may alter, refuse, or discontinue service to, or discriminate against, the Debtors on account of the commencement of this case or any unpaid prepetition charges, or request payment of a deposit or other security in connection with any unpaid prepetition charges, except as provided in these Adequate Assurance Procedures;

    (b) The Debtors will serve the Motion and this order on all Utilities identified on **Exhibit A** within two business days after the date the order is entered;

    (c) Any Utility that objects to the Debtors' proposed adequate assurance must serve a written adequate assurance request within twenty-one (21) days of the date of

        entry of the this order on the Debtor, c/o Patrick J. Neligan, Jr. and John D. Gaither, Neligan LLP, 325 N St. Paul St., Suite 3600, Dallas, Texas 75201, pneligan@neliganlaw.com, jgaither@neliganlaw.com;

(d)     Any adequate assurance request must (i) be made in writing, (ii) identify the location for which utility services are provided, (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits, (iv) explain why the Utility believes the Debtors' proposed adequate assurance is not sufficient adequate assurance of future payment, and (v) be served on the Debtors in accordance with subsection (c) above.

(e)     The Debtors are authorized to resolve, in their sole discretion, any adequate assurance request by mutual agreement with a Utility and without further order of the Court and, in connection with any such agreement, in the Debtors' sole discretion, to provide a Utility with additional and/or alternative adequate assurance of payment, including cash deposits, prepayments, or other forms of security, if the Debtors believe such alternative assurance is reasonable.

(f)     If the Debtors are unable to consensually resolve an adequate assurance request by mutual agreement within the later of (i) fourteen (14) days of receipt of the adequate assurance request and (ii) thirty (30) days from the Petition Date, the Utility shall file a motion (the "<u>Determination Motion</u>"), to be heard before the Court at the next regularly scheduled omnibus hearing date, to determine the adequacy of assurances of payment with respect to the particular Utility, pursuant to Section 366(c)(3) of the Bankruptcy Code.  Pending notice and a hearing on the Determination Motion, the Utility that is the subject of the unresolved adequate assurance request may not alter, refuse or discontinue services to the Debtors.

5.     Any Utility that fails to object to the adequate assurance provided in this order within the time periods set forth in the foregoing Adequate Assurance Procedures is deemed to have consented to the adequate assurance provided in this order.

6.     The relief granted herein is for all Utilities providing utility services to the Debtors and is not limited to those listed on the list of Utilities attached as **Exhibit A** hereto. The Debtors are authorized to supplement, as necessary, **Exhibit A**.  This Order shall apply to any Utility that is subsequently added to **Exhibit A**.  In the event the Debtors learn of an additional Utility not listed on **Exhibit A**, the Debtors shall serve a copy of the Motion and this order an any subsequently added Utility, and such Utility shall have 30 days from the date of service of the

Motion and this order to make a request for additional adequate assurance in accordance with the terms of this order.

7. The inclusion on or omission from the list of Utilities of any entity shall not constitute an admission or concession that such entity is or is not a "utility" within the meaning of Section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

8. Nothing in this order or the Motion shall be deemed to constitute post-petition assumption or adoption of any agreement pursuant to Section 365 of the Bankruptcy Code.

9. Adequate notice of an opportunity for a Hearing on the Motion has been provided under the circumstances. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a). Notwithstanding any potential applicability of Bankruptcy Rule 6004(h), the terms and conditions of this order are immediately effective and enforceable upon its entry.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this order in accordance with the Motion.

11. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

### # # # END OF ORDER # # #