Patrick J. Neligan, Jr.
State Bar. No. 14866000
Douglas J. Buncher
State Bar No. 03342700
John D. Gaither
State Bar No. 24055516
Neligan LLP
325 North St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: 214-840-5333
Facsimile: 214-840-5301
pneligan@neliganlaw.com
dbuncher@neliganlaw.com
jgaither@neliganlaw.com

**Proposed Attorneys for Debtors**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NATIONAL RIFLE ASSOCIATION OF AMERICA and SEA GIRT LLC[1] | ) | Case No. 21-30085 (HDH) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AUTHORIZING THE RETENTION AND EMPLOYMENT OF KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS INTERNATIONAL LLP AS SPECIAL LITIGATION COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF JANUARY 15, 2021**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON MARCH 29, 2021 AT 10:30 AM IN COURTROOM #3, EARL CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, 14TH FLOOR, DALLAS, TEXAS. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS APPLICATION. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK**

---

[1] The last four digits of the Debtors' taxpayer identification numbers are: 6130 (NRA) and 5681 (Sea Girt). The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.

KE 74077392

**OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE DAYS FROM THE DATE YOU WERE SERVED WITH THIS APPLICATION. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE APPLICATION AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

[*Remainder of Page Intentionally Left Blank*]

The above-captioned debtors and debtors in possession, Sea Girt LLC ("Sea Girt") and the National Rifle Association of America (the "NRA"), (collectively, the "Debtors") file this application (this "Application") for the entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to retain and employ Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively, "Kirkland") as special litigation counsel effective as of the Petition Date (as defined herein). In support of this Application, the Debtors submit the declaration of Erin E. Murphy, a partner at Kirkland (the "Murphy Declaration"), which is attached hereto as **Exhibit B** and the declaration of Michael T. Jean, the Director of the Office of Litigation Counsel of the National Rifle Association of America, Inc., Institute for Legislative Action (the "Jean Declaration"), which is attached hereto as **Exhibit C**. In further support of this Application, the Debtors respectfully state as follows:

## Jurisdiction

1.      The United States Bankruptcy Court for the Northern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 327(e) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules").

## Background

4.      On January 15, 2021 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5.      The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

6.      On January 20, 2021, the Court entered an order [Docket No. 36] authorizing the joint administration and procedural consolidation of the chapter 11 cases pursuant to Bankruptcy Rule 1015(b). On February 4, 2021, the United States Trustee for the Northern District of Texas (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 105].

7.      Under Rule 2014-1 of the Local Rules, "[i]f a motion for approval of the employment of a professional is made within 30 days of the commencement of that professional's provision of services, it is deemed contemporaneous." Here, the Debtors are moving for approval of Kirkland's retention and employment a day after the 30 days of the commencement of Kirkland's provision of services to the Debtors.[2] The Debtors were prepared to file this Application on February 16, 2021 (within the 30-day time period), however, due to power outages and a lack of internet as a result of the winter storm the filing was delayed by one day. Accordingly, the Debtors submit that good cause exists to deem the Debtors' retention of Kirkland as contemporaneous.

## Relief Requested

8.      By this Application, the Debtors seek entry of the Order authorizing the retention and employment of Kirkland as their special litigation counsel in accordance with the terms and conditions set forth in that certain engagement letter between the Debtors and Kirkland effective

---

[2]    Thirty days after the Petition Date is Sunday, February 14, 2021. In accordance with Bankruptcy Rule 9006(a)(1)(C), the Debtors have until Tuesday, February 16, 2021 to file this Application.

as of October 17, 2016 (the "Engagement Letter"), a copy of which is attached hereto as **Exhibit 1**

to **Exhibit A** and incorporated herein by reference.

### Kirkland's Qualifications

9.      The Debtors selected Kirkland as special litigation counsel because of Kirkland's

extensive experience representing the Debtors in the matters described herein and Kirkland's track

record of providing the Debtors with effective and efficient legal services.  The Debtors believe

that both the interruption and duplicative cost involved in obtaining substitute counsel at this

juncture would be extremely harmful to the Debtors and their estates.

10.      Kirkland is a full service, 2,700-attorney law firm representing global clients in a

wide range of matters.  Kirkland has provided legal services to the Debtors through a core group

of dedicated attorneys and staff that has developed a close working relationship with the Debtors

and has become intimately familiar with key issues that may become critical in potential litigation.

For these reasons, the Debtors believe that Kirkland is well-qualified to provide the requested

services and that Kirkland's employment as special litigation counsel for the purposes specified

herein is in the best interest of the Debtors' estates.

### Services to be Provided

11.      Subject to further order of the Court, and consistent with the Engagement Letter,

the Debtors request the retention and employment of Kirkland to render certain legal services in

its capacity as special litigation counsel only upon the Debtors' request.  Specifically, Kirkland

will continue to provide legal services to the Debtors regarding certain pending constitutional

litigations, appeals, Supreme Court matters, and/or future litigations that may be brought in this or

another court and the specific matters set forth on **Schedule 2** to **Exhibit B**.

12.      Kirkland is uniquely positioned to handle these matters for the Debtors because it

has been advising the Debtors regarding the constitutional issues presented by these matters for

several years and is intimately familiar with the relevant facts and legal issues. Moreover, Kirkland has a long-standing relationship with the Debtors, and Kirkland has gained considerable knowledge of the Debtors' business operations to the extent necessary to effectively provide the anticipated services. If the Debtors were required to retain different counsel to provide these services, the Debtors would incur significant expenses in transitioning to new counsel and bringing new counsel up to speed. Accordingly, the Debtors seek to continue to employ Kirkland to provide the above-referenced services during the chapter 11 cases.

13.     Accordingly, in light of the scope of services to be provided by Kirkland during these Chapter 11 Cases, Kirkland is properly employed pursuant to section 327(e) of the Bankruptcy Code.

### Professional Compensation

14.     Kirkland intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with the services rendered, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court. The hourly rates and corresponding rate structure Kirkland will use is are the same hourly rates and corresponding rate structure that Kirkland uses in other litigation matters, as well as similar complex corporate, securities, and restructuring matters whether in court or otherwise, regardless of whether a fee application is required. These rates and the rate structure reflect that certain complex matters typically are national in scope and involve great complexity, high stakes, and severe time pressures.

15.     Kirkland operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors.

16.     Kirkland's current hourly rates for matters related to these Chapter 11 Cases range as follows:[3]

| Billing Category[4] | U.S. Range |
|---|---|
| Partners | $1,085-$1,895 |
| Of Counsel | $625-$1,895 |
| Associates | $625-$1,195 |
| Paraprofessionals | $255-$475 |

17.     Kirkland's hourly rates are set at a level designed to compensate Kirkland fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions.[5]

18.     Kirkland represented the Debtors during the twelve-month period before the Petition Date, using the hourly rates listed above and in the Murphy Declaration. Moreover, these

---

[3]     For professionals and paraprofessionals residing outside of the U.S., hourly rates are billed in the applicable currency. When billing a U.S. entity, such foreign rates are converted into U.S. dollars at the then applicable conversion rate. After converting these foreign rates into U.S. dollars, it is possible that certain rates may exceed the billing rates listed in the chart herein. While the rate ranges provided for in this Application may change if an individual leaves or joins Kirkland, if any such individual's billing rate falls outside the ranges disclosed above, Kirkland does not intend to update the ranges for such circumstances.

[4]     Although Kirkland does not anticipate using contract attorneys during these chapter 11 cases, in the unlikely event that it becomes necessary to use contract attorneys, Kirkland will not charge a markup to the Debtors with respect to fees billed by such attorneys. Any contract attorneys or non-attorneys who are employed by the Debtors in connection with work performed by Kirkland will be subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code.

[5]     For example, like many of its peer law firms, Kirkland typically increases the hourly billing rate of attorneys and paraprofessionals twice a year in the form of: (i) step increases historically awarded in the ordinary course on the basis of advancing seniority and promotion and (ii) periodic increases within each attorney's and paraprofessional's current level of seniority. The step increases do not constitute "rate increases" (as the term is used in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013). As set forth in the Order, Kirkland will provide ten business-days' notice to the Debtors, the U.S. Trustee, and any official committee before implementing any periodic increases, and shall file any such notice with the Court.

7

hourly rates are consistent with the rates that Kirkland charges other comparable litigation clients, regardless of the location of the litigation. [6]

19.    The rate structure provided by Kirkland is appropriate and not significantly different from (a) the rates that Kirkland charges for other similar types of representations or (b) the rates that other comparable counsel would charge to do work substantially similar to the work Kirkland will perform for the Debtors.

20.    It is Kirkland's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client.  It is also Kirkland's policy to charge its clients only the amount actually incurred by Kirkland in connection with such items.  Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, airfare, meals, and lodging.

21.    To ensure compliance with all applicable deadlines, from time to time Kirkland utilizes the services of overtime secretaries.  Kirkland charges fees for these services pursuant to the Engagement Letter, which permits Kirkland to bill the Debtors for overtime secretarial charges that arise out of business necessity.  In addition, Kirkland professionals also may charge their overtime meals and overtime transportation to the Debtors consistent with prepetition practices.

22.    Kirkland currently charges the Debtors $0.16 per page for standard duplication in its offices in the United States.  Kirkland does not charge its clients for incoming facsimile transmissions.  Kirkland has negotiated a discounted rate for Westlaw computer-assisted legal research.  Computer-assisted legal research is used whenever the researcher determines that using

---

[6]    As set forth in the Murphy Declaration, Kirkland provides the Debtors with a 15% discount as a product of the preexisting attorney-client relationship between Debtors and the principal partners on Debtors' matters while those partners were practicing at a different law firm.

Westlaw is more cost effective than using traditional (non-computer assisted legal research) techniques.

23.     Pursuant to Bankruptcy Rule 2016(b), Kirkland has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, associates, and contract attorneys associated with Kirkland or (b) any compensation another person or party has received or may receive.

24.     As of the Petition Date, the Debtors owe Kirkland $325,997.82 for legal services rendered before the Petition Date.

### No Adverse Interest

25.     To the best of the Debtors' knowledge, and as set forth in the Murphy Declaration: (a) Kirkland does not represent or hold any interest adverse to the Debtors or to their estate with respect to the matters upon which it is seeking to be employed as special litigation counsel as required by section 327(e) of the Bankruptcy Code, and (b) Kirkland has no connection to the Debtors, their creditors, or their related parties, except as may be disclosed herein or in the Murphy Declaration.

26.     Kirkland will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Kirkland will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

### Supporting Authority

27.     The Debtors seek retention of Kirkland as special litigation counsel pursuant to section 327(e) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ, for a specified special purpose . . . an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

28.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

29.     In considering whether to appoint special litigation counsel, courts generally consider whether "(1) employment of the attorney [is] for a specified special purpose, which does not include representing the trustee in conducting the case, (2) the attorney . . . previously represented the debtor, (3) the employment of the attorney [is] in the best interest of the estate, and (4) the attorney [does] not have any interest adverse to the debtor or the estate[.]" *In re Johnson*, 433 B.R. 626, 635 (Bankr. S.D. Tex. 2010); *see also In re AroChem Corp.*, 176 F.3d 610, 622 (2d Cir. 1999) (noting that "where the interest of the special litigation counsel and the interest of the estate are identical with respect to the matter for which special litigation counsel is retained, there is no conflict and the representation can stand").

30.     The Debtors are requesting authorization to retain Kirkland only with respect to the specific matters listed on **Schedule 2** to **Exhibit B**. From time to time, Kirkland provides the Debtors with general litigation strategy advice that may result in Kirkland's retention on a new matter. To the extent Kirkland is retained on an additional matter not listed in **Schedule 2** to

**Exhibit B** during these cases, Kirkland will file a supplemental declaration disclosing such matter. Moreover, Kirkland has represented the Debtors in these matters or matters raising comparable issues for the last four years and allowing Kirkland to continue this representation will provide beneficial continuity to the Debtors' estate. The Debtors submit that for all the reasons stated above and in the Murphy Declaration, the employment of Kirkland by the Debtors is in the best interests of the Debtors' estates and satisfies all other standards for retention under section 327(e) and Rule 2014(a).

## Notice

31.     The Debtors have caused notice of this Application to be provided by electronic mail, facsimile, regular or overnight mail, and/or hand delivery to the Master Service List. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

## No Prior Request

32.     No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein and in the Murphy Declaration, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and (b) grant such other and further relief as the Court may deem just and proper.

Dated:  February 17, 2021              */s/ Patrick J. Neligan, Jr.*
                                                              Patrick J. Neligan, Jr.
                                                              State Bar. No. 14866000
                                                              Douglas J. Buncher
                                                              State Bar No. 03342700
                                                              John D. Gaither
                                                              State Bar No. 24055516
                                                              Neligan LLP
                                                              325 North St. Paul, Suite 3600
                                                              Dallas, Texas 75201
                                                              Telephone:  214-840-5333
                                                              Facsimile:  214-840-5301