**<u>EXHIBIT A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NATIONAL RIFLE ASSOCIATION OF | ) | Case No. 21-30085 (HDH) |
| AMERICA and SEA GIRT LLC[1] | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE**
**AUTHORIZING THE RETENTION AND EMPLOYMENT OF KIRKLAND &**
**ELLIS LLP AND KIRKLAND & ELLIS INTERNATIONAL LLP AS SPECIAL**
**LITIGATION COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION**
**EFFECTIVE AS OF JANUARY 15, 2021**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in

possession, Sea Girt LLC ("Sea Girt") and the National Rifle Association of America (the "NRA"

and, collectively with Sea Girt, the "Debtors") for entry of an order (the "Order") authorizing the

Debtors to retain and employ Kirkland & Ellis LLP and Kirkland & Ellis International LLP

(collectively, "Kirkland") as special litigation counsel effective as of the Petition Date, pursuant

to sections 327(e) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules

2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

rules 2014-1 and 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for

the Northern District of Texas (the "Local Rules"); and the Court having reviewed the Application,

and the Declaration of Erin E. Murphy, a partner at Kirkland (the "Murphy Declaration") and the

---

[1]     The last four digits of the Debtors' taxpayer identification numbers are: 6130 (NRA) and 5681 (Sea Girt). The
        Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

Declaration of Michael T. Jean, the Director of the Office of Litigation Counsel, of the National

Rifle Association of America, Inc., Institute for Legislative Action (the "<u>Jean Declaration</u>"); and

the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334; and the Court having found that the Application is a core proceeding pursuant to

28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the

Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having

found based on the representations made in the Application and in the Murphy Declaration that

Kirkland does not represent or hold an interest adverse to the Debtors or the estates with respect

to the matters on which it is seeking to be employed; and the Court having found that the relief

requested in the Application is in the best interests of the Debtors' estates, their creditors, and other

parties in interest; and the Court having found that the Debtors provided adequate and appropriate

notice of the Application under the circumstances and that no other or further notice is required;

and the Court having reviewed the Application and having heard statements in support of the

Application at a hearing held before the Court (the "<u>Hearing</u>"); and the Court having determined

that the legal and factual bases set forth in the Application and at the Hearing establish just cause

for the relief granted herein; and any objections to the relief requested herein having been

withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing

therefor, it is HEREBY ORDERED THAT:

1. The Application is granted to the extent set forth herein.

2. The Debtors are authorized to retain and employ Kirkland as special litigation

counsel effective as of the Petition Date in accordance with the terms and conditions set forth in

the Application and the Engagement Letter attached hereto as **<u>Exhibit 1</u>**.

3. Kirkland is authorized to provide the Debtors with the professional services as described in the Application and the Engagement Letter.

4. Kirkland shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

5. Notwithstanding anything to the contrary in the Application, the Engagement Letter, or the Declarations attached to the Application, the reimbursement provisions allowing the reimbursement of fees and expenses incurred in connection with participating in, preparing for, or responding to any action, claim, suit, or proceeding brought by or against any party that relates to the legal services provided under the Engagement Letter and fees for defending any objection to Kirkland's fee applications under the Bankruptcy Code are not approved pending further order of the Court.

6. Kirkland shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by Kirkland to provide services to the Debtors and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

7. Kirkland shall provide ten-business-days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

8.      Pursuant to Local Bankruptcy Rule 2014-1(a), because the application for approval of the employment of Kirkland was made within 30 days of the commencement of Kirkland's provision of services to the Debtors and Debtors in Possession, it is deemed contemporaneous.

9.      The Debtors and Kirkland are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

10.     Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

11.     To the extent the Application, the Murphy Declaration, the Jean Declaration, or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

12.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

### ### END OF PROPOSED ORDER ###

## **EXHIBIT 1**

**Engagement Letter**

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Eugene F. Assaf, P.C.
To Call Writer Directly:
(202) 879-5196

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

eugene.assaf@kirkland.com

October 17, 2016

David Lehman
General Counsel
NRA-ILA
11250 Waples Mill Road
Fairfax, VA 22030

Re:     Retention to Provide Legal Services

Dear Mr. Lehman:

We are very pleased that NRA-ILA ("you") have asked us to represent you as your national appellate counsel. Specifically, you are engaging us to serve as your national appellate counsel and to provide strategic advice on Second Amendment and related litigation.

**General Terms.** This retention letter (the "Agreement") sets forth the terms of your retention of Kirkland & Ellis LLP (and its affiliated entity Kirkland & Ellis International LLP (collectively, "K&E LLP")) to provide legal services and constitutes an agreement between us. The Agreement sets forth our entire agreement for rendering professional services for the current matter, as well as for all other existing or future matters (collectively, the "Engagement"), except where we otherwise agree in writing.

**Effective Date.** Your current attorneys at Bancroft PLLC have agreed to join K&E LLP by the end of 2016. This Agreement shall be effective as of the date they join K&E LLP.

**Fees.** We will provide our services on an hourly basis at our standard rates and in quarterly increments of an hour. Hourly rates vary with the experience and seniority of the individuals assigned, and the type of matter being handled, and may be adjusted by us from time to time. Paul Clement's current hourly rate is $1500. All rates are valid for the 2016 calendar year and we reserve the right to adjust them thereafter. Other legal billers include legal assistants, project assistants and certain specialized personnel (*e.g.*, investigators, technical specialists and the like). We will select the individuals who will act on your behalf, and will take your preferences into account in making such selections.

## KIRKLAND & ELLIS LLP

David Lehman
October 17, 2016
Page 2

While we will attempt to estimate fees to assist you in your planning if requested, such estimates are subject to change and are not binding unless otherwise expressly and unequivocally stated in a writing signed by K&E LLP.

**Expenses.** Expenses related to providing services shall be included in our statements as disbursements advanced by us on your behalf. Such expenses include photocopying, printing, scanning, witness fees, travel expenses, filing and recording fees, certain long distance telephone calls, certain secretarial overtime and other overtime expenses, postage, express mail and messenger charges, deposition costs, computerized legal research charges and other computer services, and miscellaneous other charges. Our clients pay directly (and are solely responsible for) certain larger costs, such as consultant or expert witness fees and expenses, and outside suppliers or contractors' charges. Attached hereto as Schedule I is K&E LLP's current schedule of charges, which is subject to change.

**Billing Statements.** Our statements for fees and expenses are typically rendered monthly and, unless other arrangements are made, payment in full is due within thirty days of your receipt of the statement. If you have any question concerning any statement, we ask that you raise it within that thirty-day period.

**Termination.** Our retention may be terminated by either of us at any time by written notice by or to you. Such written notice may be (a) your notification to us of your termination of our representation, (b) our confirmation to you of the completion of our representation or (c) our notification to you of our withdrawal (as allowed or required by the governing rules of professional conduct). If permission for withdrawal is required by a court, we shall apply promptly for such permission and termination shall coincide with the court order for withdrawal.

Our representation also will end, regardless of whether or when written notice was sent by or to you, upon the constructive completion of our work. When constructive completion of our work shall have occurred will depend on the particular facts of our representation. If this Agreement or our services are terminated for any reason, such termination shall be effective only to terminate our services prospectively and all the other terms of this Agreement shall survive any such termination.

Upon cessation of our active involvement in a particular matter (even if we continue active involvement in other matters on your behalf), we will have no further duty to inform you of future developments or changes in law as may be relevant to such matter. Further, unless you and we mutually agree in writing to the contrary, we will have no obligation to monitor renewal or notice dates or similar deadlines which may arise from the matters for which we had been retained.

## KIRKLAND & ELLIS LLP

David Lehman
October 17, 2016
Page 3

**File Retention.** All records and files will be retained and disposed of in compliance with our policy in effect from time to time. Subject to future changes, it is our current policy generally not to retain records relating to a matter for more than five years. Upon your prior written request, we will return client records to you prior to their destruction. We recommend that you maintain your own files for reference or submit a written request for your client files promptly upon conclusion of a matter.

**Conflicts of Interest.** K&E LLP is a general service law firm that you recognize has represented, now represents and will continue to represent numerous clients (including, without limitation, you or your affiliates' debtors, creditors and direct competitors), nationally and internationally, over a wide range of industries and in a wide variety of matters. Given this, without a binding conflicts waiver, conflicts of interest might arise that could deprive you or other clients of the right to select K&E LLP as their counsel.

In undertaking our representation of you, we want to be fair not only to your interests but also to those of our other clients. Because you are engaged in activities (and may in the future engage in additional activities) in which your interests may diverge from those of our other clients, the possibility exists that one of our clients may take positions adverse to you in a matter in which such other client may have retained us.

Accordingly, as an integral part of the Engagement, you agree that K&E LLP may, now or in the future, represent such other clients in any existing or future matters that are directly adverse to you provided such matters are not substantially related to the legal services that K&E LLP is rendering or will render to you in the Engagement (an "Allowed Adverse Representation"). By way of example, such Allowed Adverse Representations might take the form of, among other contexts: litigation (including arbitration, mediation and other forms of dispute resolution); transactional work (including consensual and non-consensual M&A transactions); counseling (including advising direct adversaries and competitors); and restructuring (including bankruptcy, insolvency, financial distress, recapitalization, equity and debt workouts, and other transactions or adversarial adjudicative proceedings related to any of the foregoing and similar matters).

You also agree that you will not, for yourself or any other entity or person, assert that either (i) K&E LLP's representation of you or any of your affiliates in any past, present or future matter or (ii) K&E LLP's actual or possible possession of confidential information belonging to you or any of your affiliates is a basis to disqualify K&E LLP from representing another entity or person in any Allowed Adverse Representation. You further agree that any Allowed Adverse Representation does not breach any duty that this firm owes to you or any of your affiliates. You also agree that our representation is solely of NRA-ILA and that no parent, subsidiary, affiliate,

## KIRKLAND & ELLIS LLP

David Lehman
October 17, 2016
Page 4

or other entity or person related to NRA-ILA has the status of a client for conflict of interest purposes.

In addition, if a waiver of a conflict of interest necessary to allow K&E LLP to represent another client in a matter that is not substantially related to your matters is not effective for any reason, you agree that K&E LLP may withdraw from the Engagement. Should that occur, you will not, for yourself or any other entity or person, seek to preclude such termination of services or assert that either (a) K&E LLP's representation of you or any of your affiliates in any past, present or future matter or (b) K&E LLP's actual or possible possession of confidential information belonging to you or any of your affiliates is a basis to disqualify K&E LLP from representing such other client or acting on such adverse matter.

It is important that you review this letter carefully and consider all of the advantages and disadvantages of waiving certain conflicts of interests that would otherwise bar K&E LLP from representing parties with interests adverse to you during the time in which K&E LLP is representing you. You also understand that because this waiver includes future issues and future clients that are unknown and unknowable at this time, it is impossible to provide you with any more details about those prospective clients and matters. Thus, in choosing to execute this waiver, you have recognized the inherent uncertainty about the array of potential matters and clients K&E LLP might take on in matters that are adverse to you, but have nonetheless decided it is in your interest to waive conflicts of interest regarding the Allowed Adverse Representations and waive rights to prohibit K&E LLP's potential withdrawal should a conflict waiver prove ineffectual.

We inform you that certain entities owned by current or former K&E LLP attorneys and senior staff ("attorney investment entities") have investments in funds or companies that may, directly or indirectly, be affiliated with you, hold investments in your debt or equity securities or conduct commercial transactions with you (each a "Passive Holding"). The attorney investment entities are passive and have no management or other control rights in such funds or companies. We note that other persons may in the future assert that a Passive Holding creates, in certain circumstances, a conflict between K&E LLP's exercise of its independent professional judgment in rendering advice to you and the financial interest of our attorneys participating in the attorney investment entities, and such other persons might seek to limit your ability to use K&E LLP to advise you on a particular matter. While we cannot control what a person might assert or seek, we believe that K&E LLP's judgment will not be compromised by virtue of any Passive Holding. Please let us know if you have any questions or concerns regarding our Passive Holdings. By executing this letter, you acknowledge our disclosure of the foregoing.

**Insurance.** You may have insurance policies that will pay for attorneys' fees and costs to litigate matters. In addition, such insurance policies may pay for the other party's (or parties')

## KIRKLAND & ELLIS LLP

David Lehman
October 17, 2016
Page 5

damages. It is important to apprise your insurance carrier(s) promptly. If you do not request that we notify your insurance carrier(s) on your behalf regarding any such matter, we will assume that you are taking responsibility for any such notification.

**No Guarantee of Success.** It is impossible to provide any promise or guarantee about the outcome of your matters. Nothing in this Agreement or any statements by our staff or attorneys constitute a promise or guarantee. Any comments about the outcome of your matter are simply expressions of judgment and are not binding on us.

**Consent to Use of Information.** In connection with future materials that, for marketing purposes, describe facets of our law practice and recite examples of matters we handle on behalf of clients, you agree that, if those materials avoid disclosing your confidences and secrets as defined by applicable ethical rules, they may identify you as a client, may contain factual synopses of your matters, and may indicate generally the results achieved.

**Reimbursement of Fees and Expenses.** You agree promptly to reimburse us for all fees and expenses, including the amount of our attorney and paralegal time at normal billing rates, as incurred by us in connection with participating in, preparing for, or responding to any action, claim, suit or proceeding brought by or against any third-party that relates to the legal services provided by us under the Agreement. Without limiting the scope of the foregoing, and by way of example only, this paragraph extends to all such fees and expenses incurred by us in responding to document subpoenas and preparing for and testifying at depositions and trials.

**Auditor Requests.** K&E's responses to auditors' requests for information from legal counsel are prepared according to the American Bar Association's December 1975 Statement of Policy Regarding Lawyers' Responses to Auditors' Requests for Information and the accompanying commentary and Financial Accounting Standard Board (FASB) Accounting Standards Codification Subtopic 450-20, Contingencies-Loss Contingencies.

**LLP.** Kirkland & Ellis LLP is a limited liability partnership organized under the laws of Illinois, and Kirkland & Ellis International LLP is a limited liability partnership organized under the laws of Delaware. Pursuant to those statutory provisions, an obligation incurred by a limited liability partnership, whether arising in tort, contract or otherwise, is solely the obligation of the limited liability partnership, and partners are not personally liable, directly or indirectly, by way of indemnification, contribution, assessment or otherwise, for such obligation solely by reason of being or so acting as a partner.

**Miscellaneous.** This Agreement sets forth our entire agreement for rendering professional services. It can be amended or modified only in a writing signed by both parties and not orally or by course of conduct. Each party signing below is jointly and severally responsible for all obligations due us and represents that each has full authority to execute this Agreement so

# KIRKLAND & ELLIS LLP

David Lehman
October 17, 2016
Page 6

that it is binding. This Agreement may be signed in one or more counterparts and binds each party countersigning below, whether or not any other proposed signatory ever executes it. If any provision of this Agreement or the application thereof is held invalid or unenforceable, the invalidity or unenforceability shall not affect other provisions or applications of this Agreement which can be given effect without such provisions or application, and to this end the provisions of this Agreement are declared to be severable.

We are not advising you with respect to this Agreement, because we would have a conflict of interest in doing so. If you wish to receive such advice, you should consult independent counsel of your choice.

Please confirm your agreement with the arrangements described in this letter by signing the enclosed copy of this letter in the space provided below and returning it to us.

Very truly yours,

KIRKLAND & ELLIS LLP

By: _____ P.C
Name:  **Eugene F. Assaf**

Agreed and accepted this _____ day of _____, 2016

NRA-ILA

By: _____
Name: _____
Title: _____

# KIRKLAND & ELLIS LLP

David Lehman
October 17, 2016
Page 6

that it is binding. This Agreement may be signed in one or more counterparts and binds each party countersigning below, whether or not any other proposed signatory ever executes it. If any provision of this Agreement or the application thereof is held invalid or unenforceable, the invalidity or unenforceability shall not affect other provisions or applications of this Agreement which can be given effect without such provisions or application, and to this end the provisions of this Agreement are declared to be severable.

We are not advising you with respect to this Agreement, because we would have a conflict of interest in doing so. If you wish to receive such advice, you should consult independent counsel of your choice.

Please confirm your agreement with the arrangements described in this letter by signing the enclosed copy of this letter in the space provided below and returning it to us.

Very truly yours,

KIRKLAND & ELLIS LLP

By: _____
Name: **Eugene F. Assaf**

Agreed and accepted this **21** day of **OCT**, 2016

NRA-ILA

By: _____
Name: DAVID LEHMAN
Title: GENERAL COUNSEL

October 17, 2016
Page No. 1

## KIRKLAND & ELLIS LLP

## CLIENT-REIMBURSABLE EXPENSES AND OTHER CHARGES

*Effective 01/01/2016*

The following outlines Kirkland & Ellis LLP's ("K&E LLP") policies and standard charges for various services performed by K&E LLP and/or by other third parties on behalf of the client which are often ancillary to our legal services. Services provided by in-house K&E LLP personnel are for the convenience of our clients. Given that these services are often ancillary to our legal services, in certain instances it may be appropriate and/or more cost efficient for these services to be outsourced to a third-party vendor. If services are provided beyond those outlined below, pricing will be based on K&E LLP's approximate cost and/or comparable market pricing.

- **Duplicating, Reprographics and Printing**: The following list details K&E LLP's charges for duplicating, reprographics and printing services:

  ▶ Black and White Copy or Print (all sizes of paper):
    - $0.16 per impression for all U.S. offices
    - €0.10 per impression in Munich
    - £0.15 per impression in London
    - HK$1.50 per impression in Hong Kong
    - RMB1.00 per impression in Beijing and Shanghai
  ▶ Color Copy or Print (all sizes of paper):
    - $0.55 per impression
  ▶ Scanned Images:
    - $0.16 per page for black and white or color scans
  ▶ Other Services:
    - CD/DVD Duplicating or Mastering - $7/$10 per CD/DVD
    - Binding - $0.70 per binding
    - Large or specialized binders - $13/$27
    - Tabs - $0.13 per item
    - OCR/File Conversion - $0.03 per page
    - Production Blowbacks - $0.10 per page for electronic batch printing over 500 pages
    - Large Format Printing - $1.00 per sq. ft.

- **Secretarial and Word Processing**: Clients are not charged for secretarial and word processing activities incurred on their matters during standard business hours.

- **Overtime Charges**: Clients will be charged for overtime costs for secretarial and document services work if either (i) the client has specifically requested the after-hours work or (ii) the nature of the work being done for the client necessitates out-of-hours overtime and such work could not have been done during normal

1

October 17, 2016
Page No. 2

working hours. If these conditions are satisfied, costs for related overtime meals and transportation also will be charged.

- **Travel Expenses**: We charge clients our out-of-pocket costs for travel expenses including associated travel agency fees.

- **Catering Charges:** Clients will be charged for any in-house catering service provided in connection with client matters.

- **Communication Expenses**: We do not charge clients for telephone calls or faxes made from K&E LLP's offices with the exception of third-party conference calls and videoconferences.

  Charges incurred for conference calls, videoconferences, cellular telephones, and calls made from other third-party locations will be charged to the client at the actual cost incurred. Further, other telecommunication expenses incurred at third-party locations (e.g., phone lines at trial sites, Internet access, etc.) will be charged to the client at the actual cost incurred.

- **Overnight Delivery/Postage**: We charge clients for the actual cost of overnight and special delivery (e.g., Express Mail, FedEx, and DHL), and U.S. postage for materials mailed on the client's behalf. K&E LLP negotiates, uses, and passes along volume discount rates whenever practicable.

- **Messengers**: We charge clients for the actual cost of a third party vendor messenger. Where a K&E LLP in-house messenger is used, we charge clients a standard transaction charge plus applicable cab fare.

- **Library Research Services:** Library Research staff provides research and document retrieval services at the request of attorneys, and clients are charged per hour for these services. Any expenses incurred in connection with the request, such as outside retrieval service or online research charges, are passed on to the client at cost, including any applicable discounts.

- **Online Research Charges**: K&E LLP charges for costs incurred in using third-party online research services in connection with a client matter. K&E LLP negotiates and uses discounts or special rates for online research services whenever possible and practicable and passes through the full benefit of any savings to the client based on actual usage.

- **Inter-Library Loan Services:** Our standard client charge for inter-library loan services when a K&E LLP library employee borrows a book from an outside source is $25 per title. There is no client charge for borrowing books from K&E LLP libraries in other cities or from outside collections when the title is part of the K&E LLP collection but unavailable.

October 17, 2016
Page No. 3

- **Off-Site Legal Files Storage**:  Clients are not charged for off-site storage of files unless the storage charge is approved in advance.

- **Electronic Data Storage**:  K&E LLP will not charge clients for costs to store electronic data and files on K&E LLP's systems if the data stored does not exceed 100 gigabytes (GB).  If the data stored for a specific client exceeds 100GB, K&E LLP will charge clients $4.00 per month/per GB for all network data stored until the data is either returned to the client or properly disposed of.  For e-discovery data on the Relativity platform, K&E LLP will also charge clients $4.00 per month/per GB until the data is either returned to the client or properly disposed of.

- **Calendar Court Services**:  Our standard charge is $25 for a court filing and other court services or transactions.

- **Supplies**:  There is no client charge for standard office supplies.  Clients are charged for special items (e.g., a minute book, exhibit tabs/indexes/dividers, binding, etc.) and then at K&E LLP's actual cost.

- **Contract Attorneys and Contract Non-Attorney Billers**:  If there is a need to utilize a contract attorney or contract non-attorney on a client engagement, clients will be charged a standard hourly rate for these billers unless other specific billing arrangements are agreed between K&E LLP and client.

- **Expert Witnesses, Experts of Other Types, and Other Third Party Consultants**:  If there is a need to utilize an expert witness, expert of other type, or other third party consultant such as accountants, investment bankers, academicians, other attorneys, etc. on a client engagement, clients will be requested to retain or pay these individuals directly unless specific billing arrangements are agreed between K&E LLP and client.

- **Third Party Expenditures**:  Third party expenditures (e.g., corporate document and lien searches, lease of office space at Trial location, IT equipment rental, SEC and regulatory filings, etc.) incurred on behalf of a client, will be passed through to the client at actual cost.  If the invoice exceeds $50,000, it is K&E LLP's policy that wherever possible such charges will be directly billed to the client.  In those circumstances where this is not possible, K&E LLP will seek reimbursement from our client prior to paying the vendor.

Unless otherwise noted, charges billed in foreign currencies are determined annually based on current U.S. charges at an appropriate exchange rate.