Gerrit M. Pronske
State Bar No. 16351640
Eric M. Van Horn
State Bar No. 24051465
Jason P. Kathman
State Bar No. 24070036
**SPENCER FANE LLP**
2200 Ross Avenue, Suite 4800 West
Dallas, TX 75201
(214) 750-3610 – Telephone
(214) 750-3612 – Telecopier
-and-
5700 Granite Parkway, Suite 650
Plano, TX 75024
(972) 324-0300 – Telephone
(972) 324-0301 – Telecopier
Email: gpronske@spencerfane.com
Email: ericvanhorn@spencerfane.com
Email: jkathman@spencerfane.com

**COUNSEL FOR THE PEOPLE OF
THE STATE OF NEW YORK, BY
LETITIA JAMES, ATTORNEY GENERAL
OF THE STATE OF NEW YORK**

James Sheehan
*Pro Hac Vice*
Emily Stern
*Pro Hac Vice*
Monica Connell
*Pro Hac Vice*
Stephen Thompson
*Pro Hac Vice*
**OFFICE OF THE ATTORNEY GENERAL
OF THE STATE NEW OF NEW YORK**
28 Liberty Street
New York, NY  10005
(212) 416-8401 – Telephone
Email: James.Sheehan@ag.ny.gov
Email: Emily.Stern@ag.ny.gov
Email: Monica.Connell@ag.ny.gov
Email: Stephen.Thompson@ag.ny.gov

**COUNSEL FOR THE PEOPLE OF
THE STATE OF NEW YORK, BY
LETITIA JAMES, ATTORNEY GENERAL
OF THE STATE OF NEW  YORK**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 21-30085-hdh-11** |
| **NATIONAL RIFLE ASSOCIATION** | § | |
| **OF AMERICA and SEA GIRT LLC,** | § | **CHAPTER 11** |
| | § | |
| **Debtors.[1]** | § | **Jointly Administered** |

## THE STATE OF NEW YORK'S MOTION TO CONTINUE HEARING
## ON MOTION FOR APPOINTMENT OF EXAMINER

---

[1] The last four digits of the Debtors' taxpayer identification numbers are: 6130 (NRA) and 5681 (Sea Girt). The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.

**TO THE HONORABLE HARLIN D. HALE,**
**CHIEF UNITED STATES BANKRUPTCY JUDGE:**

The People of the State of New York, by Letitia James, Attorney General of the State of New York ("**NYAG**"), a party in interest in the above-referenced bankruptcy case, submits this motion (the "**Motion**") for entry of an order substantially in the form attached hereto as **Exhibit A**, continuing the hearing on the Motion for Appointment of an Examiner (the "**Examiner Motion**")[Docket NO. 1114] until after the hearing on the NYAG's *Motion to Dismiss, or, in the Alternative, to Appoint a Chapter 11 Trustee* (the "**NYAG Dismissal Motion**")[Docket Nos. 155 and 163] and Ackerman McQueen Inc.'s ("**AMc**") *Motion to Dismiss the Chapter 11 Bankruptcy Petition, or, in the Alternative, Motion for the Appointment of a Chapter 11 Trustee, and Brief in Support* (the "**AMc Dismissal Motion**")[Docket No. 131].[2] In support of the Motion, the NYAG respectfully states as follows:

## BACKGROUND

1.      On January 15, 2021 (the "**Petition Date**"), the National Rifle Association of America, Inc. (the "**NRA**") and Sea Girt LLC ("**Sea Girt**" and together with the NRA, the "**Debtors**") filed their voluntary petitions for bankruptcy under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

2.      On February 4, 2021, the Official Committee of Unsecured Creditors (the "**Committee**") was appointed by the United States Trustee.

3.      On February 8, 2021, without conferring with any other parties in the case other than the Debtors, Phillip Journey ("**Journey**") filed his *Motion for Appointment of Examiner* (the "**Examiner Motion**")[Docket No. 114]. The Examiner Motion is based largely upon facts and allegations alleged in the NYAG's enforcement complaint (the "**NYAG Enforcement**

---

[2] Collectively the NYAG Dismissal Motion and AMc Dismissal Motion are referred to as the "**Dismissal Motions**."

**Complaint**") filed in the Supreme Court of the State of New York. The Examiner Motion is currently set for hearing on March 9, 2021.

4. On February 10, 2021, AMc filed the AMc Dismissal Motion.

5. On February 12, 2021, the NYAG filed the NYAG Dismissal Motion.

6. The Court originally set aside three days for the hearing on the AMc Dismissal Motion [Docket No. 150], beginning on March 29, 2021 at 10:30 a.m. (prevailing Central Time).

7. Counsel for the NYAG conferred with counsel for AMc and the Debtors and the parties all agree that judicial economy and resources will be best served by hearing the Dismissal Motions together at the same hearing. Accordingly, the NYAG requested from the Court's staff, and received, three additional days in which the Dismissal Motions will be heard, and thus the Dismissal Motions are now collectively scheduled to be heard March 29-31, and April 5-7.

8. In addition to conferring on the trial settings, counsel for the NYAG, AMc and the Debtors have been working together on an agreed discovery schedule, and the NYAG expect to be filing in the near future a joint motion seeking entry of a court order approving an expedited discovery schedule related to the Dismissal Motions (the "**Discovery Schedule Motion**").

9. Prior to filing the Motion, counsel for the NYAG and AMc conferred with counsel for Journey regarding the relief requested in the Dismissal Motions, and consolidating hearings on the Examiner Motion and the Dismissal Motions. Journey's counsel responded that they would not agree to change the March 9 hearing.

## ARGUMENT AND AUTHORITY

**A. Judicial Economy and Resources are Best Served by Litigating the Examiner Motion After the Dismissal Motions, or at a Minimum, at the Same Time.**

10. The Examiner Motion is based predominantly on the facts alleged in the Dismissal Motions, which reference many of the facts that underpin the NYAG Enforcement Action. Indeed,

the Examiner Motion attaches a copy of the NYAG's Enforcement Complaint and fifteen (15) of the Examiner Motion's eighteen (18) background paragraphs directly relate to allegations raised in the Dismissal Motions, with six (6) of the eighteen (18) paragraphs directly citing the NYAG Enforcement Action.[3] Rather than litigate the same issues in multiple different contexts in multiple different hearings, all of the issues raised in the Dismissal Motions and the Examiner Motion should be tried together. As noted above, counsel the NYAG, AMc and the Debtors have all agreed to a discovery schedule and trial dates on the Dismissal Motion to occur March 28-31 and April 5-7.

**B.     The NYAG and AMc Will be Prejudiced if the Examiner Motion is Heard on March 6.**

11.     Similarly, because the factual issues underlying the request for the Examiner Motion are the same as the facts underlying the Dismissal Motions, the NYAG (and AMc or any other party who may seek to file their own dismissal or trustee motion or join the Dismissal Motion)[4] will be prejudiced if the hearing on the Examiner Motion is permitted to go forward on March 9. More specifically, because the issues to be tried overlap, the NYAG and other parties will necessarily be required to participate in a premature hearing on the Examiner Motion to avoid potential issue preclusion and law of the case effects on the Dismissal Motions hearings. The parties to the Dismissal Motions (including the Debtors) have already conferred and determined that six days of Court time may be necessary for the matters raised in the motions. To force the

---

[3] Of the five paragraphs that do not directly relate to allegations raised in the Dismissal Motions, one of those paragraphs describes Judge Journey's background as a judge, with the NRA, and the Kansas Rifle Association, and another paragraph merely states when the Debtors filed their petitions. *See* Examiner Motion at ¶¶ 3-4. As such, only three paragraphs in the background section of the Examiner Motion raise issues not otherwise raised and addressed in the Dismissal Motions. *See* Examiner Motion at ¶¶ 18-20.

[4] The NYAG notes that at least one party has already filed a joinder to the relief requested in the Dismissal Motions. *See* Christopher W. Cox's Joinder to (I) The Motions to Dismiss or, in the Alternative, to Appoint a Chapter 11 Trustee Filed by Ackerman McQueen, Inc. and The State on New York, or (II) The Motion of Phillip Journey for Appointment of an Examiner. [Docket No. 172].

NYAG and others to potentially litigate the same issues in the limited amount of time requested by Journey would be prejudicial and not serve the best interest of creditors.

### C. The Dismissal Motions Should be Heard First.

12.     In the event the Court dismisses the case, or appoints a chapter 11 trustee, the relief requested in the Examiner Motion would be moot. Alternatively, if the Court appoints an examiner, and then three weeks later dismisses the case or appoints a trustee, the premature appointment of an examiner will have created an unnecessary administrative expense.[5] As such, the Court should hold a hearing on the Dismissal Motions, and then, if it denies the relief requested in the Dismissal Motions, determine whether an examiner is appropriate or necessary.

13.     The Bankruptcy Code's statutory scheme reinforces a continuance of the hearing on the Examiner Motion. Section 1112 provides, in pertinent part, "after notice and a hearing [on a motion to dismiss], the Court *shall*…dismiss a case…for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1). Further, as noted above, Section 1112(b)(3) generally requires that the bankruptcy court commence the hearing on a motion to dismiss under section 1112 within thirty (30) day of the filing of the motion, and to decide the motion within fifteen (15) days. *See* 11 U.S.C. § 1112(b)(3). Likewise, under section 1104, the Bankruptcy Code states "If the Court does not order the appointment of a trustee under this section…on request of a party in interest or the United States trustee, and after notice and a hearing [on the request for an examiner], the Court shall order the order the appointment of an examiner to conduct such an

---

[5] To the extent Journey or any other party attempts to argue that the Examiner Motion should be heard, and then the Dismissal Motions be delayed pending the report required by an examiner, the Bankruptcy Code prohibits such delay. *See* 11 U.S.C. § 1112(b)(3)("The court *shall* commence the hearing on a motion under this subsection not later than 30 days after filing of the motion, and shall decide the motion not later than 15 days after commencement of such hearing, unless the movant expressly consents to a continuance for a specific period of time, or compelling circumstances prevent the court from meeting the time limits established by this paragraph.").

investigation….” 11 U.S.C. § 1104(c). Taken together, the three statutes set forth a statutory scheme for the procedural order of the three types of motions/relief—dismissal, trustee, examiner. Where a motion to dismiss is filed under section 1112, the bankruptcy court is required to determine *first*, whether cause exists, and if so, *second*, whether dismissal or a trustee under section 1104 is in the best interest of creditors. Section 1104 then distinctly states "[i]f the Court does not order the appointment of a trustee under this section" then the Court shall appoint an examiner after notice and a hearing of the requisite elements are met. Put differently, Section 1104 expressly contemplates that if a trustee motion is pending, the Court will first determine whether a trustee should be appointed (*i.e.,* "if the Court does not order" indicates that the Court has considered the request for appointment of a trustee). Because appointing an examiner that may be mooted three weeks later with a dismissal or appointment of a trustee would potentially create an unnecessary administrative expense, and is counter to the statutory framework enacted in the Bankruptcy Code, the Court should continue the hearing on the Examiner Motion.

WHEREFORE, the NYAG respectfully requests the Court enter an Order (i) continuing the hearing on the Examiner Motion until after the hearings on the Dismissal Motions, or at a minimum, continuing the hearing on the Examiner Motion to be heard simultaneously with the Dismissal Motions, and (ii) granting the NYAG such other and further relief, at law or equity, to which the NYAG may be entitled.

*[--- intentionally left blank --- ]*

Dated: February 22, 2021.

Respectfully submitted,

*/s/ Jason P. Kathman*
Gerrit M. Pronske
State Bar No. 16351640
Eric M. Van Horn
State Bar No. 24051465
Jason P. Kathman
State Bar No. 24070036
**SPENCER FANE LLP**
2200 Ross Avenue, Suite 4800 West
Dallas, Texas 75201
(214) 750-3610 – Telephone
(214) 750-3612 – Telecopier
-and-
5700 Granite Parkway, Suite 650
Plano, Texas 75024
(972) 324-0300 – Telephone
(972) 324-0301 – Telecopier
Email: gpronske@spencerfane.com
Email: ericvanhorn@spencerfane.com
Email: jkathman@spencerfane.com

– And –

James Sheehan
(NY Bar No. 4552055)
Emily Stern
(NY Bar No. 2647220)
Monica Connell
(NY Bar No. 3070943)
Stephen Thompson
(NY Bar No. 5390067)
**OFFICE OF THE ATTORNEY GENERAL
OF THE STATE OF NEW YORK**
28 Liberty Street
New York, NY  10005
(212) 416-8401
Email: James.Sheehan@ag.ny.gov
Email: Emily.Stern@ag.ny.gov
Email: Monica.Connell@ag.ny.gov
Email: Stephen.Thompson@ag.ny.gov

**COUNSEL FOR THE PEOPLE OF
THE STATE OF NEW YORK, BY
LETITIA JAMES, ATTORNEY GENERAL
OF THE STATE OF NEW YORK**

## CERTIFICATE OF CONFERENCE

Counsel for AMc and NYAG previously conferred with counsel for Journey regarding a request to have the Examiner Motion heard together with the Dismissal Motions, and Journey's counsel communicated that he was opposed to such request. The undersigned again conferred with Jermaine Watson, counsel for Journey, on February 19, 2021, regarding the relief requested herein, and Mr. Watson communicated that Journey was opposed to the relief requested herein.

*/s/ Jason P. Kathman*
Jason P. Kathman


## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2021, a true and correct copy of the foregoing Motion was served upon all parties entitled to notice, including the Debtors, United States Trustee, and Official Committee of Unsecured Creditors via the Court's electronic transmission facilities. Any further methods of service will be reflected in a supplemental certificate of service.

*/s/ Jason P. Kathman*
Jason P. Kathman