Nancy L. Alper
*Pro Hac Vice (pending)*
Catherine A. Jackson
*Pro Hac Vice (pending)*
Leonor Miranda
*Pro Hac Vice (pending)*
**OFFICE OF THE ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA**
600 6th Street N.W.
10th Floor
Washington, D.C. 20001
(202) 727-3400  (telephone)
(202) 347-8922 (fax)
Email: Nancy.Alper@dc.gov
Email: Catherine.Jackson@dc.gov
Email: Leonor.Miranda@dc.gov

**COUNSEL FOR THE DISTRICT OF COLUMBIA, BY KARL A. RACINE, ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 21-30085-hdh-11 |
| **NATIONAL RIFLE ASSOCIATION** § | |
| **OF AMERICA and SEA GIRT LLC,** § | CHAPTER 11 |
| § | |
| Debtors.[1] § | Jointly Administered |

**THE DISTRICT OF COLUMBIA'S MOTION IN SUPPORT IN THE STATE OF NEW YORK'S MOTION TO APPOINT CHAPTER 11 TRUSTEE**

**TO THE HONORABLE HARLIN D. HALE,
CHIEF UNITED STATES BANKRUPTCY JUDGE:**

---

[1] The last four digits of the Debtors' taxpayer identification numbers are: 6130 (NRA) and 5681 (Sea Girt). The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.

1.  The District of Columbia (the "District"), through its Attorney General, a party of interest in the above-referenced bankruptcy proceeding, hereby files this Motion in Support of the State of New York's General's Motion to Appoint Chapter 11 Trustee ("District's Motion").

2.  The District agrees with the State of New York ("New York") that, to the extent that the Debtor National Rifle Association of America, Inc. (NRA) is using the bankruptcy process to subvert the regulatory authority and oversight of the state of New York where the NRA is duly incorporated, this action is improper and abusive of the authority and purposes of this Court. To the extent this Court does not grant New York's motion to dismiss, the District joins New York's Motion[2] in seeking the appointment of a Chapter 11 Trustee.

3.  On August 6, 2020, the District filed a nonprofit enforcement action pursuant to the District's Nonprofit Corporation Act and common law in D.C. Superior Court against the NRA Foundation, Inc. and the NRA ("District Enforcement Action"). *District of Columbia v. The NRA Foundation, Inc. et al.* (2020 CA 003454 B).[3]  The District's Enforcement Action came after almost a year of diligent investigation into the relationship between the NRA Foundation and the NRA which found that loans made to the NRA by the NRA Foundation and management fee increases charged by NRA to the NRA Foundation were not in the interests of the NRA Foundation and contrary to law.

4.  The NRA Foundation is a nonprofit organization incorporated under the laws of the District of Columbia. The NRA Foundation is required to operate solely for charitable purposes related to promoting firearm and hunting safety. *See e.g.*, D.C. Code § 29-401.02(3)-(4)(A). The NRA Foundation is exempt from taxation under section 501(c)(3) of the Internal Revenue Code

---

[2] The State of New York's Motion to Dismiss, or, in the Alternative, to Appoint a Chapter 11 Trustee [Docket No. 155] and State of New York Brief in Support of Motion to Dismiss, or in The Alternative Appoint Chapter 11 Trustee (Feb. 12, 2021) [Docket No. 156].
[3] District Enforcement Action Complaint, attached as Exhibit 1.

THE DISTRICT OF COLUMBIA'S MOTION IN SUPPORT OF IN THE STATE OF NEW YORK'S
MOTION TO APPOINT CHAPTER 11 TRUSTEE- Page 2

of 1986. As a charity with status as a 501(c)(3) organization under federal tax law, donors can give money to the NRA Foundation tax free.

5.    The NRA Foundation is strictly prohibited from funding activities of the NRA, as a section 501(c)(4) organization, that are not consistent with the Foundation's nonprofit purpose and 501(c)(3) status, including political and substantial lobbying activities.

6.    The NRA and NRA Foundation share management.  For example, NRA Executive Vice President Wayne Lapierre also serves on the NRA Foundation Board of Trustees, the NRA and NRA Foundation share the same Treasurer, and the NRA Foundation Trustees must be elected by the NRA Board of Directors. The majority of the NRA Foundation Trustees must also be directors of the NRA and any remaining Trustees must at least be NRA members.

7.    The District's Enforcement Action asserts that, after years of financial extravagance and mismanagement, the NRA improperly exploited the intertwining of the two organizations to pilfer NRA Foundation funds to support the NRA generally, without adherence to the Foundation's nonprofit purposes. *See* State of New York Brief in Support of Motion to Dismiss, or in The Alternative Appoint Chapter 11 Trustee at 15-34 (Feb. 12, 2021) [Docket No. 156]. Through loans and management fee agreements, as well as other acts, the NRA Foundation subverted its own charitable nonprofit purposes and interest to those of the NRA, and the NRA has continually diverted NRA Foundation funds to benefit the NRA without proper oversight, thus diminishing the NRA Foundation's ability to further its charitable purposes. In other words, the NRA mismanaged and diminished its own financial resources and then went after the resources of an affiliated nonprofit and diminished the solvency of that second organization and the Foundation's ability to fulfill the purposes for which individuals believed they were providing donations.

8. The influx of money to the NRA from the NRA Foundation occurred at the same time that NRA leadership misused NRA funds and lacked appropriate oversight over NRA expenditures, including for expensive travel, post-employment consulting agreements with former employees who provided no services under the agreements, and credit card use. Exh. 1 (*D.C. v. NRA Foundation, et al.* (2020 CA 0003454 B)); State of New York Brief in Support of Motion to Dismiss, or in The Alternative Appoint Chapter 11 Trustee at 15-34 (Feb. 12, 2021) [Docket No. 156].

9. The District's Enforcement Action seeks an array of equitable and injunctive relief, including that a constructive trust be imposed over the funds improperly diverted to the NRA to restore the funds to the benefit of the NRA Foundation's charitable purposes.

10. The District has ongoing concerns regarding the transfer of funds between the NRA and NRA Foundation, including concerns relating to the diversion of nonprofit funds by several of NRA's leadership, the mix of 501(c)(3) and 501(c)(4) monies, use and accounting of grant funding from the NRA Foundation to the NRA, and governance and oversight issues within the NRA that negatively impact the NRA Foundation's ability to meet its charitable purposes. Exh. 1 (D.C. v. NRA Foundation, et al. (2020 CA 0003454 B)). These improper transfers have and may continue to occur during the pendency of the NRA's bankruptcy. *See* State of New York Brief in Support of Motion to Dismiss, or in The Alternative Appoint Chapter 11 Trustee at 15-34 (Feb. 12, 2021) [Docket No. 156].

11. Not only does Section 1104(a) provide grounds for the appointment of a Chapter 11 trustee where there is fraud, dishonesty or gross mismanagement by the current management, but Section 1104(a)(2) of the Bankruptcy Code, 11 U.S.C. § 1104(a)(2), also provides grounds for the appointment of a Chapter 11 trustee in cases where the appointment of a Chapter 11

trustee is in the best interests of the creditors. Here in this case, not only does cause exist for the Court to appoint a Chapter 11 trustee for fraud, dishonesty, and gross mismanagement by the current management, but the appointment of a Chapter 11 trustee is also in the best interests of the creditors.

> As the Bankruptcy Court for the District of New Mexico stated:
>
> The debtor's ability to fulfill its duty of care to protect assets, its duty of loyalty, and its duty of impartiality is at the core of an 11 U.S.C.S. §1104(a)(2) analysis. Other factors courts consider when determining whether appointment of a trustee is in the best interest of creditors under §1104(a)(2) include: (1) The trustworthiness of the debtor; (2) The debtor in possession's past and present performance and prospects for the debtor's rehabilitation; (3) The confidence--or lack thereof--of the business community and of creditors in present management; and (4) The benefits derived by the appointment of a trustee, balanced against the costs of appointment.

*In re Golden Park Estates, LLC*, 2015 Bankr. LEXIS 1912 (Bankr. D.N.Mex. June 11, 2015) at 15.

12. Given the demonstrated dishonesty, fraud, negligence, and gross mismanagement by the NRA's current management, including LaPierre and other NRA executives, as detailed in New York's Motion, the District concurs that "cause" exists for the appointment of a trustee. The District further concurs with New York that the appointment of a trustee is also appropriate under 11 U.S.C. § 1104(a)(1)-(2) due to the NRA management team's long-standing history of failing in their fiduciary duties to the NRA and lacking honesty and care in their oversight of the NRA's charitable assets.

13. For these reasons, the District joins New York's request for an appointment of a trustee under 11 U.S.C. § 1104(a).

Dated: February 23, 2021

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

KATHLEEN KONOPKA
Deputy Attorney General
Public Advocacy Division

JIMMY R. ROCK
Assistant Deputy Attorney General
Public Advocacy Division

*Catherine A. Jackson*
CATHERINE A. JACKSON (D.C. Bar # 1005415)
Chief, Public Integrity Section

*Nancy L. Alper*
NANCY L. ALPER (D.C. Bar # 411324)
Senior Assistant Attorney General
Commercial Division

*/s/ Leonor Miranda*
LEONOR MIRANDA (D.C. Bar # 1044293)
Assistant Attorney General
Office of the Attorney General for the
District of Columbia
400 6th Street, N.W., 10th Floor
Washington, D.C. 20001
(202) 727-3400 (telephone)
(202) 347-8922 (fax)
Leonor.Miranda@dc.gov
Catherine.Jackson@dc.gov
Nancy.Alper@dc.gov

*Attorneys for the District of Columbia*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 23, 2021, a true and correct copy of the foregoing was served upon all parties entitled to notice, including the Debtors and United States Trustee, via the Court's electronic transmission facilities.

                                                    */s/ Nancy L. Alper*_____
                                                    NANCY L. ALPER
                                                    Senior Assistant Attorney General
                                                    Attorney for the District of Columbia