Judith W. Ross
State Bar No. 21010670
Frances A. Smith
State Bar No. 24033084
Eric Soderlund
State Bar No. 24037525
Jessica L. Voyce Lewis
State Bar No. 24060956
**Ross & Smith, PC**
700 N. Pearl Street, Suite 1610
Dallas, Texas 75201
Telephone: 214-377-7879
Facsimile: 214-377-9409
Email:  judith.ross@judithwross.com
   frances.smith@judithwross.com
   eric.soderlund@judithwross.com
   jessica.lewis@judithwross.com
**Counsel for Membership Marketing Partners, LLC**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
(DALLAS DIVISION)**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CHAPTER 11** |
| NATIONAL RIFLE ASSOCIATION | § | |
| OF AMERICA and SEA GIRT LLC, | § | **CASE NO. 21-30085-hdh-11** |
| | § | |
| DEBTORS.[1] | § | **JOINTLY ADMINISTERED** |
| | § | |

**REPLY TO U.S. TRUSTEE'S OBJECTION TO MMP'S MOTION FOR AN ORDER REQUIRING THE UNITED STATES TRUSTEE TO RECONSTITUTE THE OFFICIAL <u>COMMITTEE OF UNSECURED CREDITORS</u>**

Creditor and party-in-interest Membership Marketing Partners, LLC ("**MMP**") files this reply to the *U.S. Trustee's Objection to MMP's Motion for an Order Requiring the*

---

[1] The last four digits of the Debtors' taxpayer identification numbers are: 6130 (NRA) and 5681 (Sea Girt). The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.

*United States Trustee to Reconstitute the Official Committee of Unsecured Creditors* (Docket No. 194) (the "**Objection**"),[2] and would respectfully show the Court as follows:

1. As stated in its motion (Docket No. 165) (the "**Motion**"), MMP asks the Court to enter an order requiring the U.S. Trustee to change the composition of the Official Unsecured Creditors' Committee (the "**OCC**") as it is currently constituted because the current composition of the OCC does not meet the Bankruptcy Code's requirements for committees of creditors.

2. The Court has the power under the Bankruptcy Code to grant the relief requested if the Court determines that the OCC as currently constituted does not "adequately represent" the creditors in the case. The U.S. Trustee acknowledges as much in his Objection: "the Court may make findings about adequate representation and order the U.S. Trustee to modify membership accordingly." Objection at 2, ¶ 3. This is precisely what MMP has asked the Court to do; nothing more and nothing less.

3. Much of the U.S. Trustee's Objection is spent arguing against straw men of the U.S. Trustee's own creation. For example, the U.S. Trustee argues that:

- the Court has limited powers with respect to the composition of creditors' committees formed by the U.S. Trustee (Obj. at 4-7, ¶¶ 9-19);

- the Bankruptcy Code does not "mandate a committee must faithfully reproduce the exact composition of the creditor body" (Obj. at 9, ¶ 22);

- a committee need not possess "proportionate representation" (Obj. at 9, ¶ 24);

- contingent creditors are not barred from serving on committees (Obj. at 10, ¶ 27);

---

[2] Attached as **Exhibit A** to this Reply is a Declaration of Murray Drechsler.

MMP's Reply to U.S. Trustee Objection                                                                                   2

- section 105(a) confers authority on the Court only "to 'carry out' provisions of the Code" (Obj. at 13, ¶ 34); and

- the Bankruptcy Code does not permit the Court to appoint specific creditors to a committee (Obj. at 14, ¶ 39).

4. None of these propositions is controversial; MMP does not dispute them.

5. Contrary to the U.S. Trustee's assertions, *see, e.g.*, Obj. at 15, ¶ 42, MMP is not asking the Court to order that any specific creditor be added to the OCC. Nor does MMP itself seek to be placed on the OCC. As MMP expressly stated in the Motion, it is merely asking the Court to enter an order "requiring the U.S. Trustee to add to the OCC at least two willing trade creditors among those holding the twenty largest unsecured claims against the Debtor's estate." Motion at 9. Thus, MMP is not asking the Court to exercise its authority to do anything other than that which the U.S. Trustee admits the Court can do, namely ordering the U.S. Trustee to add two creditors to the OCC so that the OCC will adequately represent the creditors in the case.

6. MMP also does not ask the Court to expel any member currently serving from the OCC, including the PBGC, Ackerman, or Dell'Aquila. And MMP does not argue that the OCC must "reflect the exact composition of the creditor body" or be absolutely "proportional." Rather, MMP asks only that the OCC adequately represent the creditor body as a whole and not be dominated by members chosen for political reasons, at least one of whom appears not even to be a creditor at all. (Mr. Dell'Aquila is not listed on the Debtor's list of creditors holding the twenty largest claims. He describes himself as a former donor on a personal quest to remove the current board of directors. The U.S.

MMP's Reply to U.S. Trustee Objection                                                                                   3

Trustee has refused to explain why he was placed on the OCC instead of willing creditors identified on the Debtor's own Top 20 list.).

7. MMP does not ask the Court to exercise its authority under Bankruptcy Code § 105(a) to do anything other than "carry out provisions of the Code." Specifically, MMP asks the Court to enforce the express requirement of the Bankruptcy Code, which provides that "[a] committee of creditors appointed under subsection (a) of this section ***shall ordinarily consist of the persons, willing to serve, that hold the seven largest claims against the debtor*** . . . ." 11 U.S.C. §11022(b)(1) (emphasis added). MMP acknowledges that not all committees in all cases require seven members. But that is the standard articulated by the Bankruptcy Code as the one to be used ordinarily, and the Court certainly has the power under §105(a) to issue an order that will "carry out" this provision.

8. Rather than be distracted by the red herrings scattered throughout the U.S. Trustee's Objection, the Court should focus its attention on what the U.S. Trustee does *not* include in his Objection—any reasonable explanation for departing from the Bankruptcy Code's mandate that it should "ordinarily" appoint a committee comprising seven of the debtor's largest creditors. As of the filing of the Motion, the U.S. Trustee had refused to provide an explanation for why the OCC was limited to five members. Unfortunately, after the filing of its Objection that question remains unanswered. Nowhere in the Objection does the U.S. Trustee even attempt to provide a justification for departing from the "ordinary" rule in this case. Instead, the U.S. Trustee argues against application of an "arbitrary and capricious" standard to his determination, perhaps

because he knows he is unable to show that the decision was not made arbitrarily and capriciously.

9.  Accordingly, the Court should order the U.S. Trustee to follow Bankruptcy Code § 1102(b)(1) and appoint two additional members to the OCC, chosen from willing creditors among the Debtor's twenty largest creditors.

Dated:  February 23, 2021

By: /s/    Judith W. Ross
Judith W. Ross, State Bar No. 21010670
Frances A. Smith, State Bar No. 24033084
Eric Soderlund, State Bar No. 24037525
Jessica L. Voyce Lewis, State Bar No. 24060956
**Ross & Smith, PC**
700 N. Pearl Street, Suite 1610
Dallas, Texas 75201
Telephone: 214-377-7879
Facsimile: 214-377-9409
Email: judith.ross@judithwross.com
frances.smith@judithwross.com
eric.soderlund@judithwross.com
jessica.lewis@judithwross.com

**COUNSEL TO MEMBERSHIP MARKETING PARTNERS, LLC**