M. Jermaine Watson
Texas Bar I.D. No. 24063055
Joshua N. Eppich
Texas Bar I.D. No. 24050567
H. Brandon Jones
Texas State Bar No. 24060043
Clay M. Taylor
Texas Bar I.D. No. 24033261
J. Robertson Clarke
Texas Bar I.D. No. 24108098
**BONDS ELLIS EPPICH SCHAFER JONES LLP**
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: jermaine.watson@bondsellis.com
Email: joshua@bondsellis.com
Email: brandon@bondsellis.com
Email: clay.taylor@bondsellis.com
Email: robbie.clarke@bondsellis.com

**ATTORNEYS FOR THE HONORABLE PHILLIP JOURNEY**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| NATIONAL RIFLE ASSOCIATION | § | Case No. 21-30085-hdh11 |
| OF AMERICA and SEA GIRT LLC | § | |
| | § | |
| Debtors[1] | § | Jointly Administered |

**OBJECTION TO THE STATE OF NEW YORK'S MOTION TO
CONTINUE HEARING ON MOTION FOR APPOINTMENT OF EXAMINER**

The Honorable Phillip Journey ("Judge Journey") hereby files this objection (the "Objection") to *The State of New York's Motion to Continue Hearing on Motion for Appointment of Examiner* [Docket No. 208] (the "Motion to Continue"),[2] which seeks a continuance of the

---

[1] The last four digits of the Debtors' taxpayer identification numbers are: 6130 (NRA) and 5681 (Sea Girt). The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.

[2] Capitalized terms used and not otherwise defined in this Objection shall have the meanings given to them in the Motion to Continue.

hearing on Judge Journey's *Motion for Appointment of Examiner* [Docket No. 114] (the "Examiner Motion"), and respectfully states as follows:

1. The singular motivation behind Judge Journey's Examiner Motion is transparency. Amidst all of the competing legal proceedings and the underlying motivations involving the NRA, Judge Journey believes that transparency is a guiding principle that will benefit—and gain the support of—all parties, from the regular NRA members across the country to the state regulators to the Debtors' own management. It is precisely for this reason that Judge Journey sought the mandatory appointment of an examiner under 11 U.S.C. § 1104, as opposed to dismissal or a trustee. Notwithstanding the NYAG's contentions, Judge Journey continues to believe that an independent, uninterested investigator with a clear directive to fully and finally uncover the allegations of wrongdoing is the best path forward for ***all*** involved parties.

2. Judge Journey therefore filed the Examiner Motion on February 8, 2021 and set the Examiner Motion for hearing on March 9, 2021 [Docket No. 130] in compliance with the Local Bankruptcy Rules and the complex case procedures in effect for these cases. At the time of filing, there was neither a pending motion for the dismissal nor the appointment of a trustee. Therefore, under 11 U.S.C. § 1104(c), and as further set forth in the Examiner Motion, appointment of an examiner is mandatory.

3. In filing the Examiner Motion, Judge Journey simply exercised his rights to seek a Court-appointed examiner and set the Examiner Motion for hearing on regular notice. The NYAG's claims of prejudice from the Examiner Motion moving forward are therefore unavailing. In fact, Judge Journey emphasizes that the NYAG does not actually contest the merits of the Examination Motion. To the contrary, ***the NYAG stands to benefit from an examiner as much—if not more—than any other interested party in these bankruptcy cases.*** As stated in the Motion to Continue, the NYAG is seeking an expedited discovery schedule in preparation for a six-day

trial, which is effectively the continuation of a protracted legal battle with the NRA in New York that threatens to draw in not only the Debtors, but other parties in interest at great expense to such parties engaged in the proposed discovery. Indeed, the NYAG's admission that additional discovery remains necessary to support her allegations in the Dismissal Motion further justifies the appointment of an examiner. Simply put, an examiner's report could accomplish more within 45 days than the proposed discovery process, benefit all parties in interest, ***and preserve the Court's docket*** at much less expense.

4. The Examiner Motion offers the NYAG, as well as all interested parties, a court-appointed and estate-funded fiduciary with insider access to achieve the same fact-finding with no motivating interests other than accuracy. As stated above, the interests of judicial economy, avoidance of duplication, and public disclosure are all served by the appointment of an examiner. In addition, an examiner can start the investigation immediately and Judge Journey has asked for an initial report within 45 days of the appointment so as to prevent any undue delay. The information reported by the examiner will be available to all parties, including the NYAG, and may result in the Debtors' bankruptcy cases moving in a different direction and resolving pending issues. Therefore, the only "prejudice" for the NYAG is that she does not get to argue her motion first, despite having not filed it until after the Examiner Motion. This is not a valid basis for a continuance of the Examiner Motion, and therefore the NYAG's Motion to Continue should be denied.

5. The vague contention that a hearing on the Examiner Motion will somehow result in preclusion issues for the NYAG is likewise unfounded. The Examiner Motion only seeks the appointment of a nonpartisan investigator to uncover and document wrongdoing within the NRA based in part on the very allegations the NYAG has already raised in her New York Proceeding. Judge Journey has neither sought emergency nor expedited treatment for the Examiner Motion.

Having initiated their own litigation in New York in August 2020 and under the guidance of very competent bankruptcy counsel, the NYAG is fully able to participate in (and benefit from) these proceedings.

6. Finally, the NYAG's argument that sections 1104 and 1112 of the Bankruptcy Code contain some form of hierarchy is unsubstantiated by any case law and finding otherwise would be a dangerous precedent. Specifically, if a motion for the appointment of an examiner could be superseded by a subsequent motion for dismissal or a trustee, a movant would be discouraged from ever seeking only an examiner. Certainly, sections 1104 and 1112 of the Bankruptcy Code are related, and often are raised jointly in motions seeking alternative forms of relief. However, Judge Journey specifically sought the appointment of an examiner precisely because he believed such fact-finding relief was perfectly tailored to the circumstances. Whereas moving forward with the Examiner Motion benefits all parties as explained herein, a continuance of the Examiner Motion at this point would prejudice Judge Journey's rights that he timely and properly asserted with no knowledge of the NYAG's intention to file the Dismissal Motion. As the NYAG has been active in this bankruptcy case from the very beginning, continuing the Examiner Motion would unduly benefit the NYAG for her own lack of diligence.

7. The allegations referenced by Judge Journey from the NYAG's own underlying proceedings are public record and do not belong to the NYAG. More importantly, at this point they remain allegations. Accordingly, an examiner will provide a centralized, non-partisan, and trustworthy fact investigation with independence and full access that will negate the need for full-blown litigation at this nascent stage in these cases and potentially convert the allegations into either facts or negate them as mere allegations of an adverse opponent. Most importantly, the NYAG and Ackerman McQueen Inc. will fully retain their rights to proceed with their Dismissal Motions now or, with the benefit of a court-authorized investigation, at a later stage in these cases

should they so choose.[3] In a bankruptcy case of national significance, partisan disputes, and a history of hotly contested litigation, Judge Journey submits that these proceedings must begin with complete transparency for all involved parties and that a non-partisan, non-adversarial investigator will provide this transparency.

## CONCLUSION

Movant therefore respectfully requests that the Court enter an order: (i) denying the Motion to Continue; and (ii) granting Judge Journey such other and further relief as is just and proper.

Dated: February 23, 2021           Respectfully submitted by,

*/s/ M. Jermaine Watson*
M. Jermaine Watson
Texas Bar I.D. No. 24063055
Joshua N. Eppich
Texas Bar I.D. No. 24050567
H. Brandon Jones
Texas State Bar No. 24060043
Clay M. Taylor
Texas Bar I.D. No. 24033261
J. Robertson Clarke
Texas Bar I.D. No. 24108098
**BONDS ELLIS EPPICH SCHAFER JONES LLP**
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: jermaine.watson@bondsellis.com
Email: joshua@bondsellis.com
Email: brandon@bondsellis.com
Email: clay.taylor@bondsellis.com
Email: robbie.clarke@bondsellis.com

**ATTORNEYS FOR THE HONORABLE PHILLIP JOURNEY**

---

[3] Judge Journey does not advocate for a delay of the dismissal motions as the NYAG suggests, but would instead suggest that the Dismissal Motions, if heard in the near term, be denied without prejudice pending the completion of the examiner's initial report.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 23, 2021, a copy of the foregoing document was served on all parties requesting service via the Court's ECF system.

*/s/ J. Robertson Clarke*
J. Robertson Clarke