

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed February 26, 2021

_____
United States Bankruptcy Judge
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| NATIONAL RIFLE ASSOCIATION | § | CASE NO. 21-30085-hdh11 |
| OF AMERICA and SEA GIRT LLC | § | |
| | § | |
| DEBTORS[1] | § | JOINTLY ADMINISTERED |

**ORDER AUTHORIZING THE DEBTORS TO HONOR PREPETITION OBLIGATIONS RELATED TO CUSTOMER, DONOR, AND MEMBER PROGRAMS**

The Court has considered the motion (the "Motion")[2] [Docket No. 76] filed by the above-captioned debtors (the "Debtors") pursuant to Sections 105(a), 363(c), 364, 507(a)(7) of the Bankruptcy Code requesting authority to honor certain prepetition obligations to customers, donors, and members and continue certain prepetition customer, donor, and member programs in the ordinary course of business. The Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding

---

[1] The last four digits of the Debtors' taxpayer identification numbers are: 6130 (NRA) and 5681 (Sea Girt). The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.
[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

pursuant to 28 U.S.C. § 157; (iii) the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; (iv) proper and sufficient notice of the Motion was given; and (v) good and sufficient cause exists for the granting of the relief requested in the Motion. Therefore, the Court hereby **ORDERS** as follows:

1. The Motion is granted to the extent provided herein.

2. Subject to the other terms and conditions of this Order, the Debtors are authorized, but not directed, to honor all prepetition obligations related to the Customer, Donor, and Member Programs, including customer deposits and obligations related to the Customer Refunds, Gift Cards, Donor and Member Refunds, and Member Programs in the ordinary course of business; provided that before making any payments on account of obligations (whether prepetition or postpetition) related to the Customer Refunds or Donor and Member Refunds, including any deposits, in excess of $16,500 (the "Cap"), the Debtors shall provide three (3) days' advance notice to the U.S. Trustee and counsel to the official committee of unsecured creditors (the "Committee") of (a) the name of the payee, (b) the amount of the payment, and (c) the proposed payment date; provided, further that if the Committee or U.S. Trustee objects to the making of any payment in excess of the Cap, the Debtors shall not make such payment without the Committee's and U.S. Trustee's, as applicable, written waiver of the objection or specific approval by the Court.

3. The Debtors are authorized, but not directed, to pay any scholarships and grants up to a maximum aggregate cap of $40,000, first from restricted funds dedicated to such scholarships and grants and then from any unrestricted funds.

4. If the Debtors at any time during these chapter 11 cases cease to honor or choose to alter or terminate the Gift Card program, the Debtors shall file a motion on the same with the Court, and such motion shall provide a ten (10) day time period for parties to object thereto. Such

a motion shall be served upon the U.S. Trustee, counsel to the Committee, all State Attorneys General in any State that the Debtors conduct business, any wholesale outlets to whom the Debtors sell gift cards in bulk, and any party filing request for service under Bankruptcy Rule 2002. If no objections are timely raised, the motion shall be granted without need of a hearing. In addition, the Debtors shall post notice of any motion to terminate Gift Cards on the Debtors' company website, at the Debtors' social media websites including Facebook and Twitter, and any case website hosted by the Debtors' claims agent in these chapter 11 cases and shall, during the pendency of the hearing, cease to sell or distribute Gift Cards.

5. The Debtors are authorized, but not directed, in its sole discretion, to continue, renew, replace, modify, implement new, or terminate, as applicable, the Customer, Donor, and Member Programs.

6. The banks at which the Debtors maintain accounts shall be, and hereby are, authorized and directed to receive, process, honor and pay any and all checks or electronic transfers drawn on the Debtors' accounts in connection with the Customer, Donor, and Member Programs, including payments on account of Customer Refunds, Gift Cards, Donor and Member Refunds, whether those checks were presented prior to or after the Petition Date, provided that sufficient funds are available in the applicable accounts to make such payments.

7. Nothing in the Motion or this Order shall be construed as impairing the Debtors', the Committee's, or any creditors' or interested parties' rights to contest the validity or amount of any obligation allegedly arising from the Customer, Donor, and Member Programs.

8. Within three (3) business days of filing the Debtors' Monthly Operating Report, the Debtors shall provide the financial advisors to the Committee with a report detailing any and all payments made pursuant to this Order.

4

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this order.

### # # # END OF ORDER # # #

90527v.2