| | |
|---|---|
| Patrick J. Neligan, Jr.<br>State Bar. No. 14866000<br>Douglas J. Buncher<br>State Bar No. 03342700<br>John D. Gaither<br>State Bar No. 24055516<br>**NELIGAN LLP**<br>325 North St. Paul, Suite 3600<br>Dallas, Texas 75201<br>Telephone:  214-840-5333<br>Facsimile:  214-840-5301<br>pneligan@neliganlaw.com<br>dbuncher@neliganlaw.com<br>jgaither@neliganlaw.com | Gregory E. Garman<br>Nevada Bar No. 6654, pro hac vice<br>William M. Noall<br>Nevada Bar No. 3549, pro hac vice<br>Gabrielle A. Hamm<br>Texas Bar No. 24041047<br>**GARMAN TURNER GORDON LLP**<br>7251 Amigo Street, Suite 210<br>Las Vegas, Nevada 89119<br>Telephone: 725-777-3000<br>Facsimile: 725-777-3112<br>ggarman@gtg.legal<br>wnoall@gtg.legal<br>ghamm@gtg.legal |

**PROPOSED CO-COUNSEL FOR DEBTORS
AND DEBTORS-IN-POSSESSION**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| | § | |
| **NATIONAL RIFLE ASSOCIATION OF** | § | **CASE NO. 21-30085-hdh11** |
| **AMERICA and SEA GIRT LLC** | § | |
| | § | |
| **DEBTORS**[1] | § | **JOINTLY ADMINISTERED** |

**DEBTORS' EMERGENCY MOTION FOR AN ORDER CONTINUING TO APRIL 2021
THE HEARING ON THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER
PURSUANT TO SECTIONS 105(a), 327(e), 329 AND 1107(b) OF THE BANKRUPTCY
CODE AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION
EFFECTIVE AS OF THE PETITION DATE OF
BREWER, ATTORNEYS & COUNSELORS AS SPECIAL COUNSEL FOR THE
<u>DEBTORS AND DEBTORS IN POSSESSION</u>**

---

[1] The last four digits of the Debtors' taxpayer identification numbers are: 6130 (NRA) and 5681 (Sea Girt). The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.

---

The National Rifle Association of America (the "NRA") and Sea Girt LLC ("Sea Girt") (collectively, the "Debtors"), as debtors and debtors in possession, file this emergency motion (the "Motion") seeking an order, substantially in the form attached hereto as **Exhibit A**, continuing to April 2021, the hearing on the Debtors' Application for Entry of an Order Pursuant to Sections 105(a), 327(e), 329 and 1107(b) of the Bankruptcy Code Authorizing and Approving the Employment and Retention Effective as of the Petition Date of Brewer, Attorneys & Counselors as Special Counsel for the Debtors and Debtors in Possession (Docket No. 84) and in support of the motion state as follows:

1.  Although the Office of the U.S. Trustee objects to the requested continuance, the Debtors respectfully submit that (i) the U.S. Trustee's consent to the continuance is not necessary; and (ii) the Court should grant the relief the Debtors seek because doing so will serve the interests of the Debtors' creditors and their estates. Moreover, counsel for Ackerman McQueen and the Official Committee of Unsecured Creditors have advised the Debtors' counsel that they have no objection to the continuance.[2]

### I.    BACKGROUND

2.  On or about January 29, 2021, the Debtors filed several applications to retain professionals, including an Application for Entry of an Order Pursuant to Sections 105(a), 327(e), 329 and 1107(b) of the Bankruptcy Code Authorizing and Approving the Employment and Retention Effective as of the Petition Date of Brewer, Attorneys & Counselors as Special Counsel for the Debtors and Debtors in Possession (the "Application") (Docket No. 84). Shortly

---

[2] The Debtors understand that the U.S. Trustee intends to file a response to the motion. The Debtors respectfully reserve the right to respond to any arguments the U.S. Trustee raises in the response that were not previously raised in the parties' meet and confer.

thereafter, the Application was set to be heard on February 24, 2021.

3.  On February 16, 2021, and February 19, 2021, the United States Trustee and Ackerman McQueen, Inc. (the "Objectors") objected to the relief sought in the Application. (Docket Nos. 166 and 198).

4.  As noted above, the hearing on the Application was originally scheduled for February 24, 2021, but, for the reasons set forth in the Debtors' email message to chambers (attached as Exhibit B) and at the request of counsel for the Official Committee of Unsecured Creditors, the Court continued the hearing to March 4, 2021.

5.  Roughly contemporaneously with the above-described Application and objections, the State of New York ("New York") and Ackerman McQueen, Inc. moved for an order dismissing these chapter 11 cases, or, in the alternative, appointing a chapter 11 trustee (Docket Nos. 131 and 155). Other parties later filed joinders to the motions. These motions are scheduled for a 6-day hearing starting on March 29, 2021.

6.  In addition, Phillip Journey, an NRA Board Member, filed a motion for the appointment of an examiner. Although the hearing on that motion was scheduled for early March 2021, on February 24, 2021, the Court granted New York's motion to adjourn the hearing on the examiner motion in the interests of, inter alia, judicial economy.

7.  Given the upcoming hearing on the motions to dismiss, for a trustee and for an examiner, over the course of the next twenty-eight days, the Debtors will conduct substantial expedited discovery (both offensive and defensive) and wish to focus all counsel on these matters rather than on counsel's retention. The counsel sought to be retained, BAC, understand that BAC's contributions to the NRA's trial-preparation efforts may ultimately be uncompensated (or compensation deferred) if the retention application is denied; the Debtors and

counsel accept this risk.

8. The hearing on March 29, 2021 involves intricate factual issues encompassing nearly seven years of the NRA's governance and transactions. Given BAC's institutional knowledge and expertise, having BAC's input and involvement in the March 29 hearing is critical to defending the allegations and claims raised by the three parties seeking either dismissal of these bankruptcies or alternatively, for appointment of a trustee. Having lost much of a week due to inclement weather, diverting resources to a Section 327 (e) hearing at this point disrupts the limited time available to focus on time-intensive preparation. Equally important, the Debtors' proposed bankruptcy counsel are not prepared to handle the March 29 hearing without assistance and input from BAC.

9. In addition, on February 28, 2021, the Debtors received an email message from the U.S. Trustee's Office, in which counsel designated a series of exhibits and deposition transcript excerpts for the hearing on the Application.  This includes approximately 27 pages of previously undesignated transcripts and about seven new exhibits.  As the Debtors are writing this motion, they have not yet had a chance to fully analyze the materials that the U.S. Trustee proposes to use at the hearing.  However, a quick review of the designated materials suggests that (a) additional time is needed to review the proposed evidence and to identify any counter-designations; and (b) the U.S. Trustee is signaling through the designated materials that the office is going to raise at the hearing objections other than those set forth in its written objection.

10. In sum, the hearing on the Application will require an extensive amount of preparation time and effort.  Given the importance of the March 29th hearing and BAC's institutional knowledge, the Debtor's request that the hearing on the Application be continued to

a date after the completion of the hearing on (i) the motions to dismiss or alternatively for a trustee, and (ii) motion to appoint an examiner. The Debtors cannot afford to have their counsel of choice distracted on an application that the Debtors filed and are willing—with the consent of the proposed special litigation counsel—to continue.

## II. REQUEST FOR AND BASIS FOR EXPEDITED RELIEF

11. The Motion requests a continuance of the hearing on the Application, scheduled for March 4, 2021, such that the Application is heard after the Dismissal/Trustee Motions are heard in April 2021. Because the Application is set for hearing on March 4, 2021, the Debtors respectfully request that the Court hear the Motion on an expedited basis on March 1, 2021, so the parties may know whether to prepare for the Application hearing on March 4, 2021.

March 1, 2021

Respectfully submitted,

*/s/ Patrick J. Neligan, Jr*
Patrick J. Neligan, Jr.
State Bar. No. 14866000
Douglas J. Buncher
State Bar No. 03342700
John D. Gaither
State Bar No. 24055516
**NELIGAN, LLP**
325 North St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: 214-840-5333
Facsimile: 214-840-5301
pneligan@neliganlaw.com
dbuncher@neliganlaw.com
jgaither@neliganlaw.com

*/s/ Gregory E. Garman*
Gregory E. Garman
Nevada Bar No. 6654, pro hac vice
William M. Noall
Nevada Bar No. 3549, pro hac vice
Gabrielle A. Hamm
Texas Bar No. 24041047

**GARMAN TURNER GORDON LLP**
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone: 725-777-3000
Facsimile: 725-777-3112
ggarman@gtg.legal
wnoall@gtg.legal
ghamm@gtg.legal

**PROPOSED CO-COUNSEL FOR DEBTORS**


*/s/ Michael J. Collins*
Michael J. Collins
MJC@brewerattorneys.com
State Bar No. 00785493
**BREWER, ATTORNEYS & COUNSELORS**
1717 Main Street, Suite 5900
Dallas, Texas  75201
Telephone: (214) 653-4000
Facsimile:  (214) 653-1015

**PROPOSED SPECIAL COUNSEL FOR DEBTORS**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on the 1st day of March 2021 a true and correct copy of the foregoing was serve electronically via this Court's CM/ECF notification system.

 */s/ Patrick J. Neligan, Jr.*
Patrick J. Neligan, Jr.