Louis R. Strubeck, Jr. (SBT 19425600)
Kristian W. Gluck (SBT 24038921)
Scott P. Drake (SBT 24026812)
Laura L. Smith (SBT 24066039)
Nick Hendrix (SBT 24087708)
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, TX 75201-7932
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
louis.strubeck@nortonrosefulbright.com
kristian.gluck@nortonrosefulbright.com
scott.drake@nortonrosefulbright.com
laura.smith@nortonrosefulbright.com
nick.hendrix@nortonrosefulbright.com

PROPOSED COUNSEL FOR THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: § | Chapter 11 |
| § | |
| NATIONAL RIFLE ASSOCIATION OF AMERICA § | Case No. 21-30085-hdh11 |
| AND SEA GIRT LLC, § | |
| § | |
| Debtors[1].                                     § | Jointly Administered |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' COMMENT WITH RESPECT TO (1) APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF NELIGAN LLP AS COUNSEL TO THE DEBTOR [DKT. NO. 82]; AND (2) DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF GARMAN TURNER GORDON LLP AS CHAPTER 11 CO-COUNSEL <u>FOR THE DEBTORS [DKT. NO. 132]</u>**

TO THE HONORABLE HARLIN D. HALE,
UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") for the above-captioned chapter 11 cases of the National Rifle Association of America (the "<u>NRA</u>") and Sea Girt

---

[1] The last four digits of the Debtors' taxpayer identification numbers are: 6130 (NRA) and 5681 (Sea Girt). The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.

LLC (collectively, the "Debtors"), through the Committee's proposed counsel, Norton Rose Fulbright US LLP, respectfully submits this comment (the "Comment") in connection with:

- Application for an Order Authorizing the Retention and Employment of Neligan LLP (the "Neligan Firm") as Counsel to the Debtor (the "Neligan Application") [Dkt. No. 82]; and

- Debtors' Application for Entry of an Order Authorizing and Approving the Employment of Garman Turner Gordon LLP (the "Garman Firm") as Chapter 11 Co-Counsel for the Debtors (the "Garman Application") [Dkt. No. 132].

In further support of the Comment, the Committee respectfully represents as follows:

## PRELIMINARY STATEMENT

1. The Debtors' request to retain three law firms as bankruptcy counsel in these cases is highly unusual.[2] While the Committee does not oppose the retention of the Neligan Firm and the Garman Firm, it is especially sensitive to, and concerned about, the prospect of duplication of effort. Therefore, there is a compelling need for particular vigilance by counsel whom the Debtors are seeking to retain, to manage the considerable risks of inefficiencies so as to avoid unreasonably and unnecessarily higher fees and expenses being borne by the estates. The Committee will work with the Debtors' professionals to insure that appropriate protective procedures are adopted and implemented.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over the Neligan Application and the Garman Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] The Debtors have also sought to retain Brewer, Attorneys & Counselors [Dkt. No. 84]; however the hearing on that application has been continued, and the deadline for the Committee to respond to that application has been extended.

## BACKGROUND

4. On January 15, 2021, each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Court").

5. The Debtors continue to operate their business as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6. On January 29, 2021, the Debtors filed the Neligan Application.

7. On February 4, 2021, the United States Trustee for the Northern District of Texas appointed the Committee pursuant to section 1102 of the Bankruptcy Code.[3] *See* Dkt. No. 105.

8. On February 8, 2021, the Committee selected Norton Rose Fulbright US LLP as counsel, subject to Court approval. On February 11, 2021, the Committee selected AlixPartners as its financial advisor, subject to Court approval.

9. On February 10, 2021, the Debtors filed the Garman Application.

## COMMENT WITH REGARD TO THE NELIGAN APPLICATION AND THE GARMAN APPLICATION

10. The Committee does not oppose the Debtors' proposed engagement of the Neligan Firm and the Garman Firm as bankruptcy co-counsel. The Committee's proposed counsel, and certain members of the Committee, previously have worked with and are very familiar with the Neligan Firm, and have no concerns with their reputation and ability to adequately represent the Debtors' estates. The Committee is curious about the Debtors' decision to retain the Garman firm as co-counsel, as the firm is based outside of Texas and, to the best of the Committee's information and belief, neither the firm nor the attorneys have appeared to any significant degree in this District

---

[3] The Committee is currently comprised of the following entities: (a) the Pension Benefit Guaranty Corp.; (b) Ackerman McQueen, Inc.; (c) InfoCision, Inc.; (d) Stone River Gear, LLC; and (e) David Dell'Aquila [Dkt. No. 105].

or before this Court. Nevertheless, the Committee is not currently aware of any facts or circumstances that raise questions regarding Garman's, and specifically those attorneys whom the Committee understand will be principally involved in this engagement, reputations and ability to serve as bankruptcy co-counsel.

11. Despite the Committee having no opposition to the retention of either the Neligan Firm or the Garman Firm, and the Committee's expectation that the firms will be especially vigilant to avoid any duplication of effort, because the Debtors are seeking to retain three law firms to represent them as bankruptcy counsel (an unusual request by any measure), the potential for and risk of duplication of effort, inefficiencies and a corresponding increase in costs and administrative expenses is amplified here. In keeping with its duties, given these circumstances, the Committee is especially concerned about the potential for overlap and duplication of effort among the attorneys the Debtors are seeking to retain. This concern is especially heightened here given the broad and generic description of services to be performed by the three firms, which appear to cover many of the same tasks, including, among other things, preparation of pleadings, claims-related work, advising the Debtors regarding restructuring strategy, and formulating and implementing a plan. *See* Neligan Application at ¶ 6 and Garman Application at ¶ 14.

12. Beyond mere conclusory statements that the Debtors' professionals will avoid duplication of work by coordinating their services, the Debtors have yet to propose or identify any specific process or protections that will be implemented to prevent overlap and duplication of services by and between the firms. Accordingly, the Committee urges the Debtors and their proposed counsel to refine each firm's respective scope of services to avoid duplication and better delineate the division of labor between the firms the Debtors seek to retain. The Committee also urges said firms' timekeepers to be especially diligent in providing sufficient detail in their time

records of services performed so that the Court and other parties-in-interest can readily confirm that there is no duplication of effort and billing for the same work.

13.     The Committee will work constructively and proactively with the firms retained by the Debtors to discuss and implement further steps that can be taken to avoid duplication and minimize administrative expenses.  At a minimum, any order granting the retention of counsel for the Debtors must provide that the applicable firm "shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases."  Provided such protections are in place, the Committee does not oppose the Debtors' proposed engagement of the Neligan Firm and the Garman Firm as bankruptcy co-counsel.

## CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court enter an order approving the Neligan Application and the Garman Application consistent with the Committee's Comment and grant such other and further relief as is just and proper.

*(remainder of page left intentionally blank)*

Dated: March 1, 2021

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP

By: */s/ Louis R. Strubeck, Jr.*
Louis R. Strubeck, Jr. (SBT 19425600)
Kristian W. Gluck (SBT 24038921)
Scott P. Drake (SBT 24026812)
Laura L. Smith (SBT 24066039)
Nick Hendrix (SBT 24087708)
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201-7932
Tel: (214) 855-8000
Facsimile: (214) 855-8200
louis.strubeck@nortonrosefulbright.com
kristian.gluck@nortonrosefulbright.com
scott.drake@nortonrosefulbright.com
laura.smith@nortonrosefulbright.com
nick.hendrix@nortonrosefulbright.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing document was served electronically through the Bankruptcy Court's Electronic Case Filing System on those parties that have consented to such service, on the 1st day of March, 2021.

*/s/ Louis R. Strubeck, Jr.*
Louis R. Strubeck, Jr.