United States Department of Justice
Office of the United States Trustee
1100 Commerce St.  Room 976
Dallas, Texas  75242
(214) 767-8967

Lisa L. Lambert
Tx Bar. No. 11844250 (also NY)
for the United States Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **In re:**<br><br>**NATIONAL RIFLE ASSOCIATION OF AMERICA and SEA GIRT LLC**<br><br>**Debtors.** | **Chapter 11**<br>**Case No. 21-30085-hdh11**<br>**Jointly Administered**<br>*Emergency Setting*<br>**Hearing Date: 03/02/2021**<br>**Hearing Time: 3:00 p.m.** |

## U.S. TRUSTEE'S OBJECTION TO SECOND MOTION TO CONTINUE HEARING ON APPLICATION TO EMPLOY BREWER ATTORNEYS & COUNSELORS (Dkt No 84)

TO THE HONORABLE HARLIN D. HALE,
UNITED STATES BANKRUPTCY JUDGE:

The United States Trustee for Region 6 objects to the Second Motion to Continue Hearing on

Application to Employ Brewer Attorneys & Counselors, LLP (respectively, "Brewer

Continuance Request," Dkt No. 265; "Brewer Application," Dkt No. 84) and respectfully states:

## Overview

The Brewer Firm seeks to defer the hearing on the Brewer Application so it can focus on the

six-day trial of the Motion to Dismiss or Appoint a Trustee and Motion to Appoint an Examiner.

Continuing the hearing to the hearing on the Motion to Dismiss or to Appoint a Trustee de facto

denies the objection. At the hearing on the Motion to Dismiss or to Appoint a Trustee, Brewer

must defend an investigation into its own fees as well as the Debtor's payment to it. The Debtor

should be advised by a disinterested professional on these points.

The inadequate disclosures, the pre-petition time billed for invoicing bankruptcy-related

matters, and now Brewer's explanation about its role in the Motion to Dismiss or Appoint a

Trustee highlight that the Brewer Firm is acting as section 327(a) counsel even though it lacks

the disinterestedness required to serve that role. This issue should be resolved or contained now

rather than at the hearing on a Motion to Dismiss or to Appoint a Trustee.

### Factual Statement and Argument

1.      Two weeks ago—on February 19—the Brewer Firm obtained its first continuance

on the hearing on the Brewer Application.

2.      The United States Trustee objected.

3.      The hearing was continued and set for March 4, 2021. At the time of the

continuance, no one indicated that the Brewer Application needed to be set with the motion to

dismiss or to appoint a trustee.

4.       The United States Trustee has alleged that the Brewer firm is disqualified even as

to the matters on which it seeks representation because of conflicts. These conflicts are

exacerbated by the Brewer Firm's expansive role, which the United States Trustee contends is de

facto a section 327(a) general bankruptcy counsel role rather than a special counsel role.

5.      The Debtor expresses concern about handling the motion to dismiss or appoint a

trustee without the Brewer Firm.

6.      First, inconvenience is not a basis to suspend ethical mandates for bankruptcy

employment. Although the Brewer says it is willing to waive fees if disqualified, waiving fees

does not resolve a conflict of interest, especially in a bankruptcy case. It may be in the interest of the estate to acknowledge that the Brewer firm invoicing was incorrect or to make other hard management decisions that the Brewer Firm would not recommend due to conflicts of interest.

7.      Second, the statement that the Brewer Firm is needed for these matters underscores the United States Trustee's allegation that the Brewer Firm is serving more as section 327(a) counsel than as section 327(e) counsel. The employment application represents that the Brewer Firm will provide "[a]ssistance to Debtors' bankruptcy counsel, to facilitate the efficient handling of matters in these Cases that implicate BAC's institutional knowledge and prepetition." Collins Declaration in Support of Brewer Application, ECF 84-2, p. 4 of 16. The Brewer Firm has not provided requested post-petition time records, but the Brewer Firm admits it is integral to the pivotal bankruptcy litigation. Assistance is not issuing requests for production, handling depositions, or managing a six-day trial.

8.      The Debtor retained two bankruptcy firms under section 327(a). The pending issues – the motion to dismiss, motion to appoint a trustee, and motion to appoint an examiner – exist under the Bankruptcy Code and arise frequently in bankruptcy cases. While the facts of the case are unique, bankruptcy practitioners handle these issues recurringly.

9.      Finally, the Brewer Firm alleges 27 pages of supplemental evidence establish "the office [of the United States Trustee] is going to raise at the hearing objections other than those set forth in its written objection." These new issues are unstated. The United States Trustee does not intend to raise new hearing objections, and the designated exhibits relate to the pending issues.

## Conclusion

Wherefore, the United States Trustee respectfully requests that the motion to continue be

denied.

DATED: March 2, 2021

Respectfully submitted,

WILLIAM T. NEARY
UNITED STATES TRUSTEE

*/s/ Lisa L. Lambert*
Lisa L. Lambert
Assistant U.S. Trustee
TX 11844250 (also NY)
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas  75242
(202) 834-4233
Lisa.L.Lambert@usdoj.gov

## Certificate of Service

I certify that on March 2, 2021, I served a copy of this document by electronic case filing notice on those requesting ECF notice and by email as listed below:

Michael J. Collins
BREWER, ATTORNEYS & COUNSELORS
1717 Main Street, Suite 5900
Dallas, Texas 75201
MJC@brewerattorneys.com

Gregory Garman
GARMAN TURNER GORDON LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
ggarman@gtg.legal

*By email to:*
Patrick J. Neligan, Jr.
Neligan LLP
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
pneligan@neliganlaw.com

*/s/ Lisa L. Lambert*
Lisa L. Lambert