

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 8, 2021**

_____
**United States Bankruptcy Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| NATIONAL RIFLE ASSOCIATION | § | CASE NO. 21-30085-hdh11 |
| OF AMERICA and SEA GIRT LLC, | § | |
| | § | |
| DEBTORS[1] | § | Jointly Administered |

### ORDER GRANTING DEBTORS' MOTION TO ESTABLISH PROCEDURES
### FOR INTERIM COMPENSATION AND REIMBURSEMENT OF
### <u>EXPENSES FOR CASE PROFESSIONALS</u>

Upon the *Debtors' Motion to Establish Procedures for Interim Compensation and Reimbursement for Certain Professionals* (the "<u>Motion</u>") [Docket No. 112] of National Rifle Association of America and Sea Girt LLC (collectively, the "Debtors"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to

---

[1] The last four digits of the Debtors' taxpayer identification numbers are: 6130 (NRA) and 5681 (Sea Girt). The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing on the Motion; and all objections, if any, to the Motion have been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED to the extent provided herein.

2. Except as may otherwise be provided in Court orders authorizing the retention of specific professionals, all Professionals (as defined in the Motion) may seek interim compensation in accordance with the following procedures (collectively, the "Compensation Procedures"):

    a. On or after the 10th day of each month following the month for which compensation is sought, each Professional seeking compensation may serve on the United States Trustee and counsel for the Official Committee of Unsecured Creditors (the "Committee," and collectively with the United States Trustee, the "Notice Parties") a monthly fee statement, including the relevant time entries broken down in 6 minute increments, as to the fees and expenses incurred during the preceding month (each, a "Monthly Fee Statement"), redacted as permitted by subparagraph (f) below to protect privileged material and attorney work product, mental impressions and strategy.  The Monthly Fee Statement shall contain (i) a description of the services rendered, (ii) the time spent, (iii) the hourly rates charged, and (iv) the name of the attorney, accountant, other professional, or paraprofessional performing the work. Subject to the Court's approval of the Debtors' Application to Retain Brewer Attorneys and Counselors ("BAC") as Special Counsel, the Monthly Fee Statements of BAC shall include the reasonable and necessary litigation expenses incurred by BAC, which include the fees and expenses of any consulting or testifying experts used in the litigation BAC is handling for the Debtors.  The identity of consulting only experts in the litigation BAC is handling will be redacted to protect this privileged information until such time as they are disclosed as testifying experts in the litigation.  Nothing in these Compensation Procedures prohibit the Monthly Fee Statements of BAC from being shared with any member of the Committee; provided, however with respect to any litigation

**ORDER GRANTING DEBTORS' MOTION TO ESTABLISH PROCEDURES FOR
INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR CASE PROFESSIONALS**   PAGE 2

90428v.2

        in which BAC has been retained to represent the Debtors against a member of the Committee, BAC may provide a separate redacted copy of the Monthly Fee Statement (a "<u>Redacted Monthly Fee Statement</u>") containing redacted time entries related to such litigation which may be shared with the applicable Committee member. Failure to provide a Redacted Monthly Fee Statement contemporaneously with the Monthly Fee Statement shall result in the Professional not receiving compensation. Any Professional that does not file a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement that includes a request for compensation earned or expenses incurred during the previous months.

   b.    Each Notice Party and any other party in interest will have seven (7) days after service of a Monthly Fee Statement along with a Redacted Monthly Fee Statement, if applicable, to object to the requested fees and expenses in accordance with subparagraph (c) below. At the expiration of the seven (7)-day period, if no objection (as described below) is made to the Monthly Fee Statement, each Professional who submitted such Monthly Fee Statement will notify the Debtors in writing that no objections have been made with regard to the Monthly Fee Statement. Upon receipt of such notice in writing, the Debtors shall pay eighty (80%) of the fees and one hundred (100%) of the expenses requested in the Professionals' applicable Monthly Fee Statement (the "<u>Maximum Monthly Payment</u>") that are not subject to an objection pursuant to paragraph (c) below.

   c.    In the event any of the Notice Parties object to the compensation or reimbursement of expenses sought in a particular Monthly Fee Statement, such objecting party shall, within seven (7) days of the receipt of the Monthly Fee Statement, serve (via email) upon (i) the Professional whose Monthly Fee Statement is objected to, and (ii) except to the extent duplicative of the foregoing clause, the other Notice Parties, a written "Notice of Objection to Monthly Fee Statement" with a statement setting forth the precise nature of the objection and the amount at issue. Global objections to the entirety of the Monthly Fee Statement shall not be permitted. Instead, objections must identify the precise time entries and expenses that are the subject of the objection and the total amount of those entries and expenses that are the subject of the objection. Thereafter, the objecting party and the Professional whose Monthly Fee Statement is objected to resolve the objection on a consensual basis. If, however, the parties are unable to reach resolution of the objection within seven (7) days (or such longer period as mutually agreed to by the Professional and the objecting party) after service of the objection, the objecting party shall file its objection (the "<u>Objection</u>") with the Court within three (3) business days and serve such Objection on the respective Professional and each of the Notice Parties. Thereafter, the Professional

    may either (i) file with the Court a response to the Objection, together with a request for payment of the disputed amount, or (ii) forego payment of the disputed amount until the next hearing on an Interim Fee Application or Final Fee Application (each as defined below), at which time the Court will consider the Objection, if requested by the parties. BAC is authorized to file Redacted Monthly Fee Statements containing redacted time entries related to any litigation in which BAC has been retained to represent the Debtors against a member of the Committee. Within one (1) business day of filing such Redacted Monthly Fee Statement, BAC shall provide an un-redacted copy of such Redacted Monthly Fee Statement to the Court.

 d. Each Professional may submit its first Monthly Fee Statement on or after March 10, 2021. This initial Monthly Fee Statement shall cover the period from the Petition Date through February 28, 2020. Thereafter, the Professionals may serve on the Notice Parties a Monthly Fee Statement in the manner described above.

 e. Beginning with the period ending on March 30, 2021, and at three-month intervals thereafter (the "Interim Fee Period"), each Professional may file with the Court and serve on the Notice Parties an interim fee application (each an "Interim Fee Application") for compensation and reimbursement of expenses sought in the Monthly Fee Statements served during such period. The Notice Parties and other parties in interest will have 21 days after service of an Interim Fee Application to object thereto. The first Interim Fee Application should cover the Interim Fee Period from the Petition Date through and including March 30, 2021. The failure to file an Interim Fee Application covering the period from the Petition Date through March 30, 2021 or any other three-month period thereafter shall not preclude a Professional from filing an Interim Fee Application at a later date covering such period.

 f. The Professionals will be required to attach detailed time entries and expense itemizations to any Monthly Fee Statement, Interim Fee Application or Final Fee Application, although such detailed time entries and expense itemizations may be redacted in order to preserve and protect matters protected by the attorney-client privilege, the attorney work product doctrine, the consulting expert privilege, or similar protections and in the interest of not disclosing privileged communications and/or litigation strategy and/or the identity, work and opinions of consulting only experts.

 g. The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above.

**ORDER GRANTING DEBTORS' MOTION TO ESTABLISH PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR CASE PROFESSIONALS** **PAGE 4**

90428v.2

      h.      The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing if no objections are timely filed thereto. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the twenty percent holdback) and expenses not previously paid.

      3.      Neither (a) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures nor (b) the filing of or failure to file an objection with the Court shall bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals (each a "<u>Final Fee Application</u>"). All fees and expenses paid to Professionals under the Compensation Procedures are subject to challenge and disgorgement until final allowance by the Court.

      4.      In each Interim Fee Application and Final Fee Application all attorneys who have been or are hereafter retained pursuant to sections 327 or 1103 of the Bankruptcy Code, unless such attorney is retained by the Debtors pursuant to the *Order Authorizing Employment And Payment Of Professionals Utilized In The Ordinary Course Of Business* (collectively, the "<u>Required Professionals</u>"), shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Bankruptcy Local Rules, and any other applicable procedures and orders of the Court, both in connection with any Interim Fee Application and Final Fee Application to be filed by the Required Professionals in these chapter 11 cases.

      5.      Each member of the Committee is permitted to submit statements of expenses incurred in the performance of the duties of the Committee (excluding third-party counsel expenses

**ORDER GRANTING DEBTORS' MOTION TO ESTABLISH PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR CASE PROFESSIONALS**    **PAGE 5**

90428v.2

of individual committee members) and supporting vouchers to the respective Committee's counsel, which counsel will collect and file the Committee members' requests for reimbursement with this Court in accordance with the Compensation Procedures.

6. The Professionals shall only be required to serve (a) the Monthly Fee Statements, the Interim Fee Applications, and the Final Fee Application on the Notice Parties, and (b) notice of hearings on the Interim Fee Applications and Final Fee Applications on all other parties that have filed a notice of appearance with the clerk of this Court and requested notice of pleadings in these chapter 11 cases.

7. A Professional shall not seek payment in a Final Fee Application for any amounts that such Professional previously sought in a Monthly Fee Statement or Interim Fee Application and which (a) such Professional voluntarily waived or reduced to resolve formal or informal objections or (b) were disallowed by order of the Court.

8. Any Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Fee Statement shall be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided herein until such Interim Fee Application is filed.

9. All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

10. The submission of the detailed time entries to the Notice Parties and the contents thereof shall remain confidential and shall not be disseminated by the Notice Parties to any party without further order of this Court and the act of submitting such detail shall not constitute a waiver of the attorney-client privilege, the attorney work product doctrine or the privilege protecting the

**ORDER GRANTING DEBTORS' MOTION TO ESTABLISH PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR CASE PROFESSIONALS**     **PAGE 6**

90428v.2

identity, work and opinions of consulting-only experts. The Notice Parties reserve any and all rights to review the fees and expenses of Professionals set forth in Interim Fee Applications, and it is not necessary for the Notice Parties to file objections to the Monthly Fee Statements to reserve those rights.

11. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

### # # #   END OF ORDER   # # #