**NELIGAN LLP**
PATRICK J. NELIGAN, JR.
State Bar No. 14866000
DOUGLAS J. BUNCHER
State Bar No. 03342700
JOHN D. GAITHER
State Bar No. 24055516
325 North St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: 214-840-5333
Facsimile: 214-840-5301
pneligan@neliganlaw.com
dbuncher@neliganlaw.com
jgaither@neliganlaw.com
*Counsel for Debtors and
Debtors-in-Possession*

**GARMAN TURNER GORDON LLP**
GREGORY E. GARMAN
Nevada Bar No. 6654, admitted *pro hac vice*
Email: ggarman@gtg.legal
GABRIELLE HAMM
State Bar No. 24041047
Email: ghamm@gtg.legal
TERESA M. PILATOWICZ
Nevada Bar No. 9605, admitted *pro hac vice*
Email: tpilatowicz@gtg.legal
DYLAN CICILIANO
Nevada Bar No. 12348, admitted *pro hac vice*
E-mail: tgray@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone: 725-777-3000
Facsimile: 725-777-3112
*Counsel for Debtors and
Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| NATIONAL RIFLE ASSOCIATION OF AMERICA and SEA GIRT LLC, | § § § | CASE NO. 21-30085-hdh11 |
| | § | |
| DEBTORS[1] | § § | Jointly Administered |

**DEBTORS' EMERGENCY MOTION FOR PROTECTIVE ORDER
RE: NYAG'S NOTICE OF INTENTION TO TAKE
DEPOSITION OF THE HONORABLE PHILLIP JOURNEY**

The National Rifle Association of America ("NRA") and Sea Girt ("Sea Girt" and, together with NRA, the "Debtors"), debtors and debtors-in-possession, hereby submit this emergency Motion (the "Motion") for a protective order with respect to the *Notice of Intent to Take Oral Deposition of the Honorable Phillip Journey* (the "Notice") served by the People of the State of New York, by Letitia James, Attorney General of the State of New York (the

---

[1] The last four digits of the Debtors' taxpayer identification numbers are: 6130 (Association) and 5681 (Sea Girt).

"NYAG") via e-mail at 12:54 p.m. on March 10, 2021, scheduling the deposition (the "Journey Deposition") of the Honorable Phillip Journey ("Judge Journey") on March 11, 2021 at 3:00 p.m.

This Motion is made upon the memorandum of points and authorities set forth below, the declaration of Gabrielle Hamm (the "Hamm Decl."), filed concurrently herewith, the pleadings, papers, and other records on file with the clerk of the above-captioned Court, judicial notice of which is hereby respectfully requested under Federal Rule of Evidence 201, and the evidence and argument of counsel entertained by the Court at the time of the trial on the motions.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The NYAG has filed the NYAG Dismissal Motion[2] seeking the extreme remedies of either dismissing the Debtors' Chapter 11 Cases or appointing a trustee. The NYAG Dismissal Motion was set on an accelerated timeline with trial scheduled to commence in about three weeks and deposition discovery to be completed over the next two weeks  In order to accommodate this time frame, the Debtors sought to, and did, reach an extensive Discovery Agreement on discovery parameters specifically addressing deposition limits and noticing requirements to ensure a fair and timely trial.  The Parties have been operating under the Discovery Agreement in serving written discovery and objections to date, as well as working collaboratively to prepare a comprehensive deposition schedule.

Despite the extensive negotiations between the Parties and the Discovery Agreement, and without any prior notice or warning, the NYAG served the Notice scheduling the Journey Deposition for today on just 26 hours' notice.  The Notice violates the Discovery Agreement by exceeding the number of permitted depositions and failing to provide even the shortened notice

---

[2] Capitalized terms in this Introduction shall have those meanings ascribed to them within this Motion.

permitted under the Discovery Agreement (as the notice of the Journey Deposition is patently insufficient on its face absent the Discovery Agreement). Moreover, the timing of the Journey Deposition presents additional, significant problems because the Journey Deposition appears to be designed to seek attorney-client privileged communications but prevents the Debtors from adequately addressing or preparing for such improper intrusion or otherwise fully participating in the deposition through cross-examination.

Plain and simple, the Notice violates the Parties' Discovery Agreement, the Federal Rules, and any notion of fair play. Therefore, the Debtors are entitled to a protective order prohibiting the Journey Deposition from proceeding as scheduled.

## II.
## JURISDICTION

1. On January 15, 2021 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned cases (the "Chapter 11 Cases").

2. On February 12, 2021, the NYAG filed its *Motion to Dismiss, or, in the Alternative, to Appoint a Chapter 11 Trustee* [Docket No. 155] (the "NYAG Dismissal Motion"), which has been scheduled for an evidentiary hearing on March 29, 30, and 31, and April 5, 6, and 7.

3. The NYAG, Ackerman McQueen, Inc. ("AMc"),[3] and the Debtors (collectively with the NYAG and AMc, the "Parties") agreed to certain expedited discovery procedures and limitations in connection with the Dismissal Motions.

---

[3] AMc filed its *Ackerman McQueen Inc.'s Motion to Dismiss the Chapter 11 Bankruptcy Petition, or, in the Alternative, Motion for the Appointment of a Chapter 11 Trustee, and Brief in Support* [Docket No. 131] (the "AMc Dismissal Motion" and, together with the NYAG Dismissal Motion, the "Dismissal Motions") on February 10, 2021.

4. On or about February 26, 2021, the Parties entered into a formal discovery agreement (the "Discovery Agreement") which, at the insistence of the NYAG, was not filed with the Court.

5. Among other things, the Parties agreed that the NYAG and AMc, as movants, would be permitted to conduct a maximum of seven depositions[4] to comprise (1) Wayne LaPierre, (2) John Frazer, (3) Woody Phillips, (4) Craig Spray, (5) Carolyn Meadows, (6) Sonya Rowling, and (7) one 30(b)(6) deposition of the NRA. Moreover, the Parties agreed that depositions may be noticed to occur upon at least seven (7) days' notice.

6. Since entering into the Discovery Agreement, the Parties have actively engaged in written discovery and have had near daily meet and confers with respect to discovery issues and scheduling. These discussions included the scheduling of the proposed seven depositions discussed in the Discovery Agreement.

7. On March 10, 2021 at 12:54 p.m., without any prior discussion regarding a deposition of Judge Journey whatsoever, the NYAG served the Notice purporting to schedule the Journey Deposition just 26 hours later and as an eighth deposition in violation of the Parties' Discovery Agreement.

8. The Debtors delivered a notice of objection at 6:57 p.m. on March 10, 2021 and, thereafter at 8:15 p.m., the Parties held a meet and confer (the "Meet and Confer").

9. During Meet and Confer, the NYAG revealed that the purpose of the Journey Deposition was to seek the content of the discussions had during the NRA Board Meetings. The NYAG's asserted basis for the Journey Deposition suggests that the NYAG is attempting to invade the attorney-client privilege. Specifically, Mr. Pronske stated that the NYAG needs to

---

[4] The limit of seven depositions clearly contemplated former employees, outside directors and others not represented by the same counsel as the Debtors and explicitly contemplates depositions of directors.

depose Judge Journey because the NRA has "stonewalled" the NYAG concerning the January 2021 NRA Board meeting by asserting privilege, and Judge Journey can tell the NYAG what occurred.

10. The Parties were unable to reach an agreement regarding the Journey Deposition during the Meet and Confer.

### III.
### LEGAL ARGUMENT AND ANALYSIS

A. **Standard for Entry of a Protective Order.**

Fed. R. of Civ. P. 26, made applicable to the Dismissal Motions pursuant to Fed. R. of Bank. P. 9014, limits the discovery that a party may obtain to "***any nonprivileged matter*** that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1)(emphasis added).

In order to implement the controls of Fed. R. Civ. P. 26, the rule further provides:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…

Fed. R. Civ. P. 26(c).

In this case, in order to avoid any confusion and set the ground rules for the expedited and intensive discovery schedule on the Dismissal Motions, the Parties entered into the

Discovery Agreement, which provided that the Parties were limited to seven depositions on each side, and that the Parties were required to provide at least seven days' notice of any scheduled deposition.

**B.   A Protective Order is Necessary as the Notice Violates Fed. R. Civ. P. 26 and 30 and the Parties' Discovery Agreement.**

**1.   The Notice Does Not Provide Sufficient Notice of the Journey Deposition.**

Fed. R. Civ. P. 30 governs the notice requirements for oral depositions. In addition to permitting parties the authority to enter into broad agreements regarding the amount and time of such depositions, Fed. R. Civ. P. 30(b)(1) requires that, "A party who wants to depose a person by oral questions *must give reasonable written notice to every other party*." Here, through the Discovery Agreement, the Parties explicitly agreed that reasonable notice was seven days.

Despite Fed. R. Civ. P. 30(b)(1) and the Discovery Agreement, the NYAG served the Notice on the Debtors at 12:54 p.m. on March 10, 2021 purporting to schedule the Journey Deposition at 3:00 p.m. on March 11, 2021, *just 26 hours later*. Even worse, based upon the discussion during the Meet and Confer, the NYAG apparently did so following days of conversations with Journey and/or his counsel. This means that the NYAG intentionally concealed the potential for an eighth deposition on insufficient notice despite being in nearly daily contact with the Debtors' counsel on other discovery issues. The Notice falls woefully short of the required seven days' written notice to the Debtors and a protective order is appropriate.

. . .

**2.   The Notice Exceeds the Agreed Deposition Limits By Adding an Eighth Deposition by Movants on an Already Congested Schedule.**

Given the short time frame to complete discovery on the Dismissal Motions, the Parties expressly agreed to limit the Parties to seven depositions on each side (including two that would exceed the hour limits under the rules). In connection with the Discovery Agreement, the NYAG provided the seven witnesses it intended to depose and provided proposed scheduling for the same. The Debtors have been working diligently to accommodate the NYAG's requested schedule. The Notice purports to schedule an eighth deposition, a violation of the Discovery Agreement, and therefore, a protective order is appropriate.

### 3. The Failure to Abide by Discovery Rules or the Discovery Agreement is Prejudicial to the Debtors.

In addition to being in direct violation of the Federal Rules and the Discovery Agreement, the Notice serves to significantly prejudice the Debtors. By virtue of the short notice, the Debtors have not been provided sufficient time to raise objections, prepare for issues that may arise during the Journey Deposition, or adequately prepare for the Journey Deposition by reviewing relevant documents or preparing for cross-examination. In addition to the time constraints, the NYAG's attempts to exceed the agreed deposition limits serves to exhaust the Debtors' resources and prevent the Debtors from focusing their efforts on the defense of the Dismissal Motions. For example, the Notice caused the Debtors' counsel to deflect from time preparing for the upcoming properly scheduled depositions and trial preparation in order to address the Notice. The NYAG should not be permitted to exhaust the Debtors' resources to the Debtors' detriment when the Parties spent significant time negotiating and implementing the Discovery Agreement to prevent these very disputes. Therefore, a protective order is necessary.

. . .

. . .

### 4. The Notice Seeks to Schedule a Deposition Intended to Elicit Testimony For Which the NRA Has Asserted Its Privilege.[5]

Fed. R. Civ. P. 26 limits discovery to non-privileged information. The attorney-client privilege protects both "the giving of professional advice [and] the giving of information to the lawyer to enable him to give sound and informed advice." *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981). Its purpose is "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *United States v. Zolin*, 491 U.S. 554, 562 (1989) (internal quotation marks omitted); *see also In re EEOC*, 207 F. App'x 426, 431 (5th Cir. 2006). Communications between a board of directors and counsel containing legal advice are privileged. *See Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 475 (N.D. Tex. 2004) (portions of board minutes containing legal advice are privileged). The power to waive the corporate attorney-client privilege rests with the corporation's management. *Commodities Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348 (1985). Numerous courts have applied that principle to hold that one member of the board of directors or management could not waive the corporation's attorney-client privilege unless authorized to do so. *See. e.g., Milroy v. Hanson*, 875 F. Supp. 646, 648-50 (D. Neb. 1995).

During the Meet and Confer, the NYAG revealed that the Journey Deposition was intended to elicit the content of the discussions that occurred at the January 2021 NRA Board Meeting. Specifically, Mr. Pronske stated that the NYAG needs to depose Judge Journey because the NRA has "stonewalled" the NYAG concerning the January 2021 NRA Board meeting by asserting privilege, and Judge Journey can tell the NYAG what occurred. Apparently realizing

---

[5] The Debtors reserve the right to submit additional affidavits in advance of the hearing as to the privileged nature of the NRA Board Meeting.

the implications of this statement, both Mr. Pronske and Ms. Connell later stated that the proposed deposition is based on a published newspaper article rather than any communication that the NRA has asserted is privileged. However, Ms. Connell's letter in advance of the Meet and Confer makes clear that the primary subject of the NYAG's inquiry is "information given to the Board in executive session," which is the subject of an unequivocal assertion of privilege. . As set forth above, the privilege is the NRA's to assert and the NRA has asserted it. As the Journey Deposition may be intended to primarily seek protected information, a protective order is necessary.

## IV.
## CONCLUSION

The Notice is wholly improper as it violates Federal Rules, the Parties' Discovery Agreement, and any notions of justice and fair play, including adequate protection of the attorney-client privilege. Therefore, the Debtors request:

    A.    That this Court issue a protective order prohibiting the improperly noticed deposition of Journey from proceeding; and

    B.    Granting such other and further relief as may be just and proper.

DATED: March 11, 2021

| | |
|---|---|
| Dated:   March 11, 2021 | Respectfully submitted, |

/s/  *Patrick J. Neligan, Jr.*
Patrick J. Neligan, Jr., SBN 14866000
Douglas J. Buncher, SBN 03342700
John D. Gaither, SBN 24055516
**NELIGAN, LLP**
325 North St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: 214-840-5333
Facsimile: 214-840-5301
pneligan@dneliganlaw.com
dbuncher@neliganlaw.com
jgaither@neliganlaw.com

Gregory E. Garman
Nevada Bar No. 6654, admitted *pro hac vice*
Gabrielle A. Hamm, SBN 24041047
Teresa M. Pilatowicz,
Nevada Bar No. 9605, admitted *pro hac vice*
**GARMAN TURNER GORDON LLP**
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
T: 725-777-3000 / F: 725-777-3112
ggarman@gtg.legal
ghamm@gtg.legal
tpilatowicz@gtg.legal

**COUNSEL FOR DEBTORS**

4851-2285-0784, v. 1