UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: § | | CHAPTER 11 |
| § | | |
| NATIONAL RIFLE ASSOCIATION OF § | | CASE NO. 21-30085-hdh11 |
| AMERICA and SEA GIRT LLC, § | | |
| § | | |
| DEBTORS¹ § | | Jointly Administered |
| § | | |

### DECLARATION OF GABRIELLE A. HAMM IN SUPPORT OF DEBTORS' EMERGENCY MOTION FOR PROTECTIVE ORDER RE: NYAG'S NOTICE OF INTENTION TO TAKE DEPOSITION OF THE HONORABLE PHILLIP JOURNEY

I, Gabrielle A. Hamm, state as follows under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am an attorney licensed to practice law in the States of Texas and Nevada and I am admitted to practice before this Court. I am an attorney with the law firm of Garman Turner Gordon LLP ("GTG"), co-counsel for the National Rifle Association of America and (the "NRA") Sea Girt LLC ("Sea Girt" and, together with the NRA, the "Debtors") in the above-captioned case.

2. I submit this declaration in support of the *Debtors' Emergency Motion for Protective Order re: NYAG's Notice of Intention to Take Deposition of the Honorable Phillip Journey* (the "Motion"). Except as otherwise stated, I have personal knowledge of each of the facts stated in this Declaration, which are true and correct to the best of my knowledge, information, and belief. If called as a witness, I could and would testify as to the matters set forth herein.

---

¹ The last four digits of the Debtors' taxpayer identification numbers are: 6130 (National Rifle Association of America) and 5681 (Sea Girt LLC).

3. The Debtors, the People of the State of New York, by Letitia James, Attorney General of the State of New York (the "NYAG"), and Ackerman McQueen, Inc. ("AMc" and, together with the NYAG, the "Movants") have been engaged in discovery with respect to the NYAG's *Motion to Dismiss, or, in the Alternative, to Appoint a Chapter 11 Trustee* [Docket No. 163] (the "NYAG Dismissal Motion") and *Ackerman McQueen Inc.'s Motion to Dismiss the Chapter 11 Bankruptcy Petition, or, in the Alternative, Motion for the Appointment of a Chapter 11 Trustee, and Brief in Support* [Docket No. 131] (the "AMc Dismissal Motion" and, together with the NYAG Dismissal Motion, the "Dismissal Motions") since the week of February 22, 2021.

4. The Debtors and the Movants (collectively, the "Parties") reached an agreement for an expedited discovery schedule on February 25, 2021, a true and correct copy of which is attached as **Exhibit B** (the "Discovery Agreement"). Among other things, the Discovery Agreement provides:

**Notices of Deposition ("Deposition Notices")**:

  i. Deposition Notices may be served electronically, and depositions may be noticed to occur upon, at least, seven (7) days' notice.

  ii. Deponents will be produced by the Parties where the deponents are located, but may be taken by video teleconferencing. Parties shall not be required to issue subpoenas or Deposition Notices through the applicable federal court where the deponent is located.

  iii. The NRA may notice and conduct a maximum of seven (7) depositions of the Movants (including one 30(b)(6) deposition of each Movant); at the NRA's option, this allowance may include a corporate-representative deposition of each movant. Each 30(b)(6) deposition will last a total of 10 hours.

  iv. <u>Movants may each notice and may conduct a combined maximum of seven (7) depositions of NRA witnesses</u> (six in their individual capacities and one 30(b)(6) deposition)<u>, consisting of</u>

   1. <u>Wayne</u> LaPierre (limited to a combined 10 hours)[;]

   2. John Frazer[;]

    3. Woody Phillips[;]

    4. Craig Spray;

    5. Carolyn Meadows;

    6. Sonya Rowling; and

    7. A single 30(b)(6) deposition of NRA (limited to a combined 10 hours).[1]

  v. To the extent that the witnesses noticed by Movants include former employees of the NRA, the NRA will make good faith efforts to facilitate outreach to such witnesses; similarly, to the extent that the NRA wishes to notice witnesses that are former employees of Movants, Movants will make good faith efforts to facilitate outreach to such witnesses.

  vi. To avoid any doubt, officers, directors, employees, and consultants of the NRA may be served with deposition notices, subpoenas, and other discovery by serving counsel of record for the NRA or Movants, by electronic mail.

  vii. Nothing contained herein shall waive any rights of either of the Movants or the NRA to object to discovery, including persons to be deposed or the subject matter of any 30(b)(6) deposition.

Ex. B, p. 4. Further, the Movants "reserve[d] the right to substitute other witnesses for any of the 6 individuals" identified, and the NRA reserved the right to object to such other witnesses. Id. at n.1.

    5. The NYAG served notices of the depositions of Wayne LaPierre, Craig Spray, Sonya Rowling, John Frazer, Carolyn Meadows, and the corporate representative(s) of the NRA on March 1, 2021, and AMc served cross-notices of the same depositions on March 3, 2021. In total, the Movants noticed eight days of depositions of NRA witnesses during the weeks of March 15 and March 22.

    6. At 12:54 p.m. (Central Time) on March 10, 2021, the NYAG served the *Notice of Intention to Take Oral Deposition of the Honorable Phillip Journey* (the "Notice"), advising of

the NYAG's intent to take the oral deposition of Phillip Journey ("Judge Journey") on March 11, 2021 at 3:00 p.m. (Central Time). A true and correct copy of the Notice is attached as **Exhibit C**.

7. At 6:57 p.m. on March 10, I sent correspondence attached hereto as **Exhibit D** from Gregory Garman to Gerrit Pronske, Eric Van Horn, and Jason Kathman, objecting to the Notice.

8. At 8:02 p.m. on March 10, Gregory Garman and I received the correspondence attached hereto as **Exhibit E** from Monica Connell, responding to the Debtors' objection.

9. A telephonic conference was conducted at 8:15 p.m. on March 10 (the "Meet and Confer"). Dylan Ciciliano and I attended on behalf of the Debtors, and Gerrit Pronske and Monica Connell, among others, attended on behalf of the NYAG. We were unable to reach an agreement regarding the Journey Deposition during the Meet and Confer. Rather, the Meet and Confer raised additional concerns that are unlikely to be resolved without the intervention of this Court.

10. First, Mr. Pronske indicated during the Meet and Confer that the testimony the NYAG expects to solicit from Journey will be central to the NYAG's case and, purportedly, very damaging to the Debtors. It is impracticable, if not impossible, for Debtors' counsel to adequately prepare for what is allegedly a linchpin deposition on one day's notice. Further, as the NYAG has noticed the Journey Deposition for only two hours beginning at 3:00 p.m., which effectively deprives the Debtors of any meaningful opportunity for cross-examination.

11. Second, Mr. Pronske indicated that NYAG counsel had been working on an agreement with Journey for "days," serving the Notice as soon as the agreement had been finalized. When Mr. Ciciliano inquired about the content of discussions with Journey—an NRA Director—over a period of days and the reason such discussions were not disclosed to Debtors' counsel, Ms. Connell seemed to contradict Mr. Pronske, denying that discussions had occurred for days. Regardless of the dates of discussions between the NYAG and Journey, however, discussions

occurred which were not disclosed to the Debtors and the NYAG did not raise the need to depose Journey—as an NRA witness or otherwise—during any of the almost daily conferences regarding discovery, including the March 10 conference regarding deposition scheduling and other outstanding discovery issues that began at 11:00 a.m. and concluded approximately 70 minutes before service of the Notice.

12. Third, the subject matter of the discussions between the NYAG and Journey and the NYAG's asserted basis for the Journey Deposition suggests that the NYAG is attempting to invade the attorney-client privilege. Specifically, Mr. Pronske stated that it is important for the NYAG to depose Judge Journey now because the NRA has "stonewalled" the NYAG concerning the January 2021 NRA Board meeting by asserting privilege, and Judge Journey will tell the NYAG what occurred. Apparently realizing the implications of this statement after Mr. Ciciliano inquired whether the NYAG had already asked Judge Journey about privileged information, both Mr. Pronske and Ms. Connell then stated that the anticipated deposition testimony is based on a published newspaper article rather than any communication that the NRA has asserted is privileged. However, Ms. Connell's 8:02 p.m. letter states that the primary subject of the NYAG's inquiry is "information given to the Board in executive session," which is the subject of an unequivocal assertion of privilege.

13. Fourth, as reflected in Ms. Connell's 8:02 p.m. letter and indicated by Mr. Pronske and Ms. Connell during the Meet and Confer, the NYAG takes the position that anyone who the NRA cannot compel to attend a deposition is not an "NRA witness" within the scope of the Discovery Agreement. While the Debtors disagree with the NYAG's characterization in the 8:02 p.m. letter of previous discovery disagreements and submit that the NYAG's position is unsupported by the language and context of the Discovery Agreement, the NYAG's position opens

the door to any number of purportedly "non-party" witness depositions set on virtually no notice during a 18-day period preceding the hearing on the Dismissal Motions in which depositions have already been scheduled almost every business day.  Put simply, surprise depositions on virtually no notice during the two weeks leading up to the hearing are not feasible.

      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

Dated: March 11, 2021                  By:   */s/ Gabrielle A. Hamm*
                                                                    Gabrielle A. Hamm