# EXHIBIT E

# Gabby Hamm

| | |
|---|---|
| **From:** | Connell, Monica <Monica.Connell@ag.ny.gov> |
| **Sent:** | Wednesday, March 10, 2021 6:02 PM |
| **To:** | Gabby Hamm; gpronske@spencerfane.com; ericvanhorn@spencerfane.com; jkathman@spencerfane.com |
| **Cc:** | Gregory Garman; Sheehan, James; Stern, Emily; Thompson, Stephen; gruber.mike@dorsey.com; acosta.joseph@dorsey.com; mason.brian@dorsey.com; Strubeck, Louis; Gluck, Kristian W.; Drake, Scott; Smith, Laura; Hendrix, Nick; Pat Neligan; sbr@BrewerAttorneys.com; William Noall; Talitha Gray; Teresa Pilatowicz; Dylan Ciciliano; Conley, Jonathan |
| **Subject:** | RE: NRA: Phillip Journey Deposition |
| **Attachments:** | 2021-3-10 Greg Garman re Journey Dep FINAL.pdf |

Counsel,

Please see the attached letter regarding the response to the Debtors' objection.  I believe we have sent an invitation for a meet and confer at 8:15 CST.

Monica Connell

---

**From:** Gabby Hamm <ghamm@Gtg.legal>
**Sent:** Wednesday, March 10, 2021 7:37 PM
**To:** gpronske@spencerfane.com; ericvanhorn@spencerfane.com; jkathman@spencerfane.com
**Cc:** Gregory Garman <Ggarman@Gtg.legal>; Sheehan, James <James.Sheehan@ag.ny.gov>; Stern, Emily <Emily.Stern@ag.ny.gov>; Connell, Monica <Monica.Connell@ag.ny.gov>; Thompson, Stephen <Stephen.Thompson@ag.ny.gov>; gruber.mike@dorsey.com; acosta.joseph@dorsey.com; mason.brian@dorsey.com; Strubeck, Louis <louis.strubeck@nortonrosefulbright.com>; Gluck, Kristian W. <kristian.gluck@nortonrosefulbright.com>; Drake, Scott <scott.drake@nortonrosefulbright.com>; Smith, Laura <laura.smith@nortonrosefulbright.com>; Hendrix, Nick <nick.hendrix@nortonrosefulbright.com>; Pat Neligan <pneligan@neliganlaw.com>; sbr@BrewerAttorneys.com; William Noall <wnoall@Gtg.legal>; Talitha Gray <tgray@Gtg.legal>; Gabby Hamm <ghamm@Gtg.legal>; Teresa Pilatowicz <tpilatowicz@Gtg.legal>; Dylan Ciciliano <dciciliano@Gtg.legal>
**Subject:** NRA: Phillip Journey Deposition

**[EXTERNAL]**
Good evening counsel,
Please see the attached letter regarding the notice of deposition of Phillip Journey.

**Gabrielle A. Hamm**
Attorney

O:  725 777 3000 | D:  725 244 4596
F:  725 777 3112

GARMAN | TURNER | GORDON
7251 AMIGO STREET, SUITE 210
LAS VEGAS, NV 89119

Visit us online at www.gtg.legal

**IMPORTANT NOTICE:** This e-mail, including any attachments, may be confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE
CHARITIES BUREAU

212.416.8965
Monica.Connell@ag.ny.gov

March 10, 2021

**Via Email**

Gregory T. Garman, Esq.
7251 Amigo Street, Suite 210
Las Vegas, NV 89119
Email: ggarman@gtg.legal

           Re:    *In re: National Rifle Association of American and Sea Girt LLC* ("Debtors"); Objection to Notice of Intention to Take Oral Deposition of the Honorable Phillip Journey

Dear Greg:

      We just received your objection to the notice of deposition of the Hon. Phillip Journey tomorrow night. You object on the grounds that Judge Journey is an "NRA Witness" and was not identified as one of the seven we seek to depose. You also object based upon the short notice of the deposition. As set forth below, we do not believe your objections are well founded.

      First, during our lengthy meet and confers with Ms. Rogers of the Brewer firm, the Debtors made clear that they do not consider NRA Board members within their control, that Board members were represented by Board counsel and that we would have to separately subpoena Board members if we sought information from them.[1] Second, Judge Journey himself is a party in interest in this proceeding. He has brought a motion for the appointment of an examiner. He is not, as you represent, an "NRA witness." Our agreement specifically does not limit third party depositions. Further, Debtor's witnesses at the 341 hearings have led us to believe that in order to obtain knowledge of what actually occurred in Board meetings, particularly those relevant to the determination to file for bankruptcy, we will have to obtain testimony from Board members. Judge Journey is thus appropriately noticed.

---

[1] There can be no doubt that the NRA has claimed Board members are not NRA witnesses. This evening, by email at 4:46 CST, in response to the NYAG's requests regarding how the NRA (or others) could know what resolutions were passed or what was actually decided in executive sessions, you stated that Debtors would be willing to reach out to certain Board members in an "attempt to collect records in the possession of members" of certain committees but noted that such production could not take place in the time the NRA had agreed to for document production because "these collection efforts may require some additional time, *since the documents requested are not within the NRA's possession*…The NRA reserves all rights, and waives none."

Page 2                                                                                                    March 10, 2021
Greg T. Garman, Esq.

      With regard to the short notice, it is an unfortunate necessity. We noticed and gave notice to the parties contemporaneously as soon as we could, working with Judge Journey's schedule. The deposition will be narrow in scope and is limited to two hours on topics that are central to these cases, focusing primarily on whether the Debtors had authority to file for bankruptcy. The NRA has information regarding what occurred at Board meetings and in regard to the determination to file for bankruptcy. We do not have that same access or insight. The testimony at the 341 hearings has not been clear on this matter and our meet and confers with Ms. Rogers on the topic have not given us assurance that we will receive responsive information particularly on information given to the Board in executive session. We have limited time before the trial.[2] Frankly, it appears that the best course forward is to take this short and focused deposition of a party when Judge Journey is available. To the extent that you allege that it violates our agreement, that seven day notice provision pertains to party witnesses, not non-parties and it is our position that we exempted such discovery from the deposition limitations. We do agree that we have this deposition is being taken on short notice but assure you that the intent was to expeditiously obtain relevant information from non-NRA parties.

      To the extent that we cannot reach an agreement upon this, which we hope to do, we would ask the Court to permit the deposition to proceed.

      Very truly yours,

      */s/Monica Connell*
      Monica Connell
      Special Counsel
      Assistant Attorney General

cc:    All Counsel of Record

---

[2] For example, for the first time today, you have lodged an objection regarding the deposition of the Debtors' corporate representative pursuant to 30(b)(6) which is scheduled to begin on Monday. We asked that you let us know whether you would be producing one person or more than one person or how you were dividing the topics if there was more than one representative which might help us have a meaningful meet and confer on this issue. That information could help the parties plan appropriately, particularly since the NYAG has agreed to share its deposition time with counsel for Ackerman McQueen, who has also moved. We have not received a response yet. We have received one deposition notice from you of the seven that you are permitted to notice under our agreement. We are very concerned that we are headed into the two weeks before trial with little knowledge of how Debtors intend to proceed. However, despite our requests, neither you nor Ms. Rogers have engaged with us to holistically discuss deposition schedules.