| | |
|---|---|
| Gerrit M. Pronske<br>State Bar No. 16351640<br>Eric M. Van Horn<br>State Bar No. 24051465<br>Jason P. Kathman<br>State Bar No. 24070036<br>**SPENCER FANE LLP**<br>2200 Ross Avenue, Suite 4800 West<br>Dallas, TX 75201<br>(214) 750-3610 – Telephone<br>(214) 750-3612 – Telecopier<br>-and-<br>5700 Granite Parkway, Suite 650<br>Plano, TX 75024<br>(972) 324-0300 – Telephone<br>(972) 324-0301 – Telecopier<br>Email: gpronske@spencerfane.com<br>Email: ericvanhorn@spencerfane.com<br>Email: jkathman@spencerfane.com<br><br>**COUNSEL FOR THE PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK** | James Sheehan<br>*Pro Hac Vice*<br>Emily Stern<br>*Pro Hac Vice*<br>Monica Connell<br>*Pro Hac Vice*<br>Stephen Thompson<br>*Pro Hac Vice*<br>**OFFICE OF THE ATTORNEY GENERAL OF THE STATE NEW OF NEW YORK**<br>28 Liberty Street<br>New York, NY 10005<br>(212) 416-8401 – Telephone<br>Email: James.Sheehan@ag.ny.gov<br>Email: Emily.Stern@ag.ny.gov<br>Email: Monica.Connell@ag.ny.gov<br>Email: Stephen.Thompson@ag.ny.gov<br><br>**COUNSEL FOR THE PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 21-30085-hdh-11 |
| **NATIONAL RIFLE ASSOCIATION** | § | |
| **OF AMERICA and SEA GIRT LLC,** | § | CHAPTER 11 |
| | § | |
| Debtors.[1] | § | Jointly Administered |

**RESPONSE OF NYAG TO THE DEBTORS' EMERGENCY MOTION FOR PROTECTIVE ORDER REGARDING NYAG'S NOTICE OF INTENTION TO TAKE DEPOSITION OF THE HONORABLE PHILLIP JOURNEY**

The People of the State of New York, by Letitia James, Attorney General of the State of

New York (the "**NYAG**") hereby submit this Response (the "**Response**") to the Debtors'

Emergency Motion for Protective Order (the "**Motion**") Regarding NYAG's Notice of Intention

---

[1] The last four digits of the Debtors' taxpayer identification numbers are: 6130 (NRA) and 5681 (Sea Girt). The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.

to Take Deposition of Phillip Journey (the "**Notice**"), and would respectfully show the Court the following:

**Background Facts relating to Noticing of the Journey Deposition**

It has become abundantly clear that not only was the bankruptcy filing of the National Rifle Association of America (the "**NRA**") not approved by its Board of Directors (the "**Board**"), but was intentionally kept from the Board, with Board approval ambiguously snuck into an Employment Agreement between the NRA and Wayne LaPierre. Instead of directly advising the Board of the NRA bankruptcy proceeding, which was filed on January 15, 2021, one week after the January 7, 2021 Board Meeting (the "**Board Meeting**"), the executives and attorneys of the NRA apparently sought to inform the Board and seek approval of the filing of bankruptcy by and through Paragraph 2(a) of the Employment Agreement, which outlines a list of "duties" of Mr. LaPierre as Executive Vice President of the NRA. The sentence of Paragraph 2(a) of the LaPierre Employment Agreement (entitled "**Duties and Compensation**") that the NRA believes provided the Board notice, knowledge and authority to file the bankruptcy states as follows:

> Among his authorities, Employee shall be empowered to exercise corporate authority in furtherance of the mission and interests of the NRA, including without limitation to reorganize or restructure the affairs of the Association for purposes of cost-performing the customary duties of such position and such other commensurate duties as may be assigned from time to time by the Board of Directors.

Because the portion of the executive session of the Board Meeting regarding consideration of the Employment Agreement dealt with Mr. LaPierre, Mr. LaPierre was conveniently excluded from that executive session of the Board Meeting to hide "reorganization" language into an Employment Contract. No Minutes of the Board Meeting show that there was any discussion about the above-quoted sentence of the Employment Agreement, or that there was any discussion whatsoever about the NRA filing bankruptcy. Apparently, the NRA takes the position that they

**RESPONSE OF NYAG TO THE DEBTORS' EMERGENCY MOTION FOR PROTECTIVE ORDER REGARDING NYAG'S NOTICE OF INTENTION TO TAKE DEPOSITION OF THE HONORABLE PHILLIP JOURNEY – Page 2 of 10**

informed their Board and obtained approval to file bankruptcy by sneaking an ambiguous provision into an Employment Contract of an executive with the executive absent from that portion of the Board Meeting.

Various executives and counsel to the NRA were asked questions at 3 different sessions of bankruptcy section 341 meetings of creditors of the NRA as to whether there was any discussion at the Board Meeting (or any other Board Meeting) whatsoever regarding the NRA filing bankruptcy. Those questions were all objected to by NRA's bankruptcy counsel (Mr. Doug Buncher), objecting that questions (going to core issues in this bankruptcy case) relating to anything discussed in the executive sessions of the Board Meetings were objectionable and could and would not be answered on the grounds of attorney/client privilege. Witnesses were instructed not to answer those questions.

To summarize, the NRA apparently informed its 75 member Board of its intention to put the NRA into bankruptcy by inserting an ambiguous sentence into an Employment Contract which gave the employee duties "for purposes of cost-minimization" of the organization. Hiding a monumentally important provision into an Employment Contract with no discussion of the impending bankruptcy and then to attempt to cover up the entire scenario under the cloak of attorney/client privilege is nothing less than shocking. Mr. LaPierre was conveniently not present at the time that Employment Contract was discussed, and there appears to have been no discussion of a bankruptcy filing because none of the 75 Board Members figured out that they were being asked to approve the massively important corporate event of a Chapter 11 bankruptcy filing. At the third 341 meeting of the NRA, on March 12, 2021 at approximately 1:21 p.m., the question was asked of Johan Frazer, General Counsel for the NRA, as to whether "the words bankruptcy or Chapter 11" were ever spoken at any of the executive sessions of the January 7, 2021, Board

Meeting, or any other portion of that Board Meeting or any other board meeting, to which Mr. Frazer stated that he did not recall those words ever being used in the executive session or any other part of the January 7, 2021 Board Meeting one week before the filing of bankruptcy, or any other board meeting. Obviously the failure of the Board to approve the filing of the NRA bankruptcy, and more importantly the obvious attempt to hide and obfuscate the filing of bankruptcy from the Board, would be highly relevant facts to both the Motions to Dismiss the NRA bankruptcy case and the Motions to Appoint a Trustee, filed by both the NYAG and Ackerman McQueen and joined by the Washington, D.C. Attorney General.

With that background, and after various parties attempting to learn about critical facts having had great difficulty obtaining any open and honest discussion or testimony from the NRA about the non-disclosure of the bankruptcy filing to the Board, on March 9, 2021, at 5:00 a.m., a news story broke from the <u>Washington Free Beacon</u> that, if true, gave great insight into the issues of authority and disclosure of the bankruptcy filing to the Board that is being heavily guarded by the NRA and its attorneys. That article (a portion of which is reprinted below ***not for the truth of the matter asserted*** but instead as to illuminate reasons for the NYAG seeking a quick deposition of Judge Phillip Journey), said in relevant part:

> The meeting [an upcoming NRA Board Meeting scheduled for Sunday, March 14, 2021] comes after board member Phillip Journey accused NRA lawyers of misleading the board about the creation of the Special Litigation Committee and the bankruptcy in a court filing. ***Journey, a Kansas family court judge, told the Free Beacon the board was not made aware of the bankruptcy plan when it voted to empower the committee in a Jan. 7, 2021 meeting. He said he found out about it*** [the bankruptcy filing] ***when his daughter texted him a news story.***

> "You could have seen the top of my car blow off with my head," Journey said. "Because I knew what that meant. ***It meant that those three lawyers committed a lie of omission of material facts to the board of directors…. Nobody said bankruptcy."***

(Emphasis supplied).

If the statements contained in the news article were correctly stated and attributed, they show that in the opinion of Judge Phillip Journey, a current member of the Board and a sitting Judge in the State Court in Kansas, the filing of the bankruptcy of the NRA was a fraudulent omission of material facts to the Board. Obviously, if true, these facts will be highly significant to motions to be heard by this Court beginning March 29, 2021.

### The Notice of Deposition to Judge Phillip Journey

With Judge Journey's testimony becoming critical as to issues that are core to the hearing set before this Court beginning March 29 – issues that the NRA has sought to protect from disclosure using attorney/client privilege – and with a new Board Meeting set in 2 days on March 14, 2021, which may be for the purpose of attempting to clean up the notice and authority issues, the NYAG reached out to Judge Journey's counsel, Mr. M Jermaine Watson, to see if a short deposition could be agreed upon prior to the upcoming March 14, 2021 Board Meeting. From those calls it was apparent that Judge Journey's only slot of availability was 3:00 p.m. CST on Thursday, March 11, 2021. Within an hour of obtaining that date and time from counsel for Judge Journey, the deposition was noticed.

The short notice of the deposition was an unfortunate necessity. The NYAG noticed and gave notice to the parties contemporaneously as soon as possible, working with Judge Journey's schedule. A meet and confer meeting was scheduled for the same day and took place at approximately 8:15 p.m. CST. The deposition was scheduled as narrow in scope and limited to two hours on topics that are central to these cases, focusing primarily on whether the Debtors had authority to file for bankruptcy and was on notice of such filing. The NRA has information regarding what occurred at Board meetings and in regard to the determination to file for

bankruptcy, but has hidden that information behind the attorney/client privilege. No other parties have that same access or insight as to information that is critical to the upcoming hearings on dismissal of the NRA bankruptcy case and the appointment of a Chapter 11 Trustee. The testimony at the 341 hearings has not been clear on this matter and "meet and confer" meetings with NRA attorneys on this topic have not given any assurance that responsive information will be given as to what took place particularly in executive sessions of the Board, making a quick, short and focused deposition of Judge Journey the best course forward. Since the deposition has been cancelled for March 11, counsel for the NYAG has reached out to counsel for Judge Journey to obtain another date for his deposition, which will be vetted with other interested counsel, including counsel for the NRA.

### The Request for a 2-Hour Deposition of Judge Journey does not Violate the Discovery Agreement

The NRA argues in the Motion that the Notice of Deposition of Judge Journey violates a written Discovery Agreement by and between NYAG, the NRA and Ackerman.[2] The NRA takes the incorrect position that Judge Journey is included in the deposition witnesses that were 1) limited in number to seven; and 2) subject to a seven day notice provision. The problem with the NRA's argument is that those limitations *only* apply to "NRA Witnesses", which are officers (and former officers) and employees (and former employees) of the NRA, but not independent Board Members who have their own counsel.

---

[2] That Discovery Agreement is contained in emails by and between counsel for NYAG, the NRA and Ackerman, agreeing to a final draft of a Motion to Establish Expedited Discovery, a true and correct copy of which is attached hereto as Exhibit "A" and incorporated by reference herein.

**RESPONSE OF NYAG TO THE DEBTORS' EMERGENCY MOTION FOR PROTECTIVE ORDER REGARDING NYAG'S NOTICE OF INTENTION TO TAKE DEPOSITION OF THE HONORABLE PHILLIP JOURNEY – Page 6 of 10**

The NRA has made clear in writing and in various "meet and confer" meetings that 1) they do not consider NRA Board Members within their control, 2) Board Members are independently represented by separate Board counsel (Mr. William Davis) (and in the case of Judge Journey, additionally by personal counsel Jermain Watson), and 3) NYAG would have to separately subpoena Board Members if information were sought from them – this is why NYAG sought Judge Journey's deposition through Mr. Watson, not NRA counsel.[3] Second, Judge Journey himself is a party in interest in this proceeding who has brought a motion for the appointment of an examiner. He is not an "NRA witness" but instead is *adverse to the NRA*. The Discovery agreement specifically does not limit additional third party depositions.[4] Further, the NRA representatives at

---

[3] *See,* for example, an email dated March 10, 2021, from Dylan Ciciliano (attorney for the NRA) to Monica Connell (attorney for NYAG), stating:

> Monica,
>
> Further to our discussions Monday and earlier today, the NRA writes to confirm as follows:
>
> 1. . . . .
>
> 2. ***The NRA will likewise attempt to collect records in the possession of members of the Audit Committee, Officers Compensation Committee, and Special Litigation Committee*** [all of which are Board Members] ***pertaining to the meetings and proceedings of these committees.***
>
> ***Both of these collection efforts may require some additional time, since the documents requested are not within the NRA's possession.*** We will endeavor to include responsive materials in Monday's production; to the extent that any remain outstanding, we will provide an ETA for their transmittal. The NRA reserves all rights, and waives none.
>
> Dylan

The Committees referred to in the highlighted section of the above email are comprised solely of Board Members, over which the NRA is asserting it has no control.

[4] Paragraph 9(b)vi of the Discovery Agreement provides that:

> Nothing contained herein shall waive any rights of either of the Movants or the NRA to object to discovery, including any persons to be deposed ***who are not specifically listed above*** or the subject matter of any 30(b)(6) deposition. [Emphasis supplied].

---

**RESPONSE OF NYAG TO THE DEBTORS' EMERGENCY MOTION FOR PROTECTIVE ORDER REGARDING NYAG'S NOTICE OF INTENTION TO TAKE DEPOSITION OF THE HONORABLE PHILLIP JOURNEY – Page 7 of 10**

the 341 hearings have led other parties, including the NYAG, to believe that in order to obtain knowledge of what actually occurred in Board meetings, particularly those relevant to the determination to file for bankruptcy, we would have to obtain testimony from Board members.

Finally, notwithstanding that Judge Journey is not an NRA Witness subject to restrictions contained the Discovery Agreement, but is instead an adverse party to the NRA, the Discovery Agreement further provides, in Paragraph b of the Miscellaneous paragraph:

> Nothing contained in the Order shall prohibit any of the parties hereto from seeking additional discovery from the Court for good cause shown and circumstances not known as of the date of this Order. The parties shall meet and confer in good faith prior to requesting additional discovery from the Court.

To the extent that Judge Journey is somehow an NRA Witness subject to limitations in number and notice time, NYAG submits that the information regarding Board lack of knowledge and lack of approval of the bankruptcy filing constitutes "good cause" for the granting of additional discovery as provided by the Discovery Agreement. Further, the circumstances of Judge Journey's knowledge of these facts came known only this week, and therefore were "circumstances not known as of the date" of the Discovery Agreement. NYAG will seek to meet and confer regarding this request for additional discovery prior to the hearing on Monday, March 15, 2021, at 11:00 a.m.

### The Noticing of a Deposition does not Violate the Attorney/Client Privilege

Until the deposition of Judge Journey is commenced, if permitted by this Court, there can be no way to "predict" that deposition will violate the attorney/client privilege, as that privilege must be assessed on a question by question basis. Any privilege concerns raised by the NRA amount to nothing more than a request for an "advisory opinion."

But more broadly and importantly, certainly in the event that the NRA purposefully hid the bankruptcy filing from its Board and sought Board approval through the trickery of placing it ambiguously into an Employment Agreement, those facts cannot be shielded by privilege. They are facts that go to the core of the NRA's good faith in its filing, honesty in dealing with its Board, honesty in the management of its affairs, and possibly even fraud. Those issues are at the core of what this Court needs to hear in both a Motion to Dismiss under section 1112 and a Motion to Appoint a Chapter 11 Trustee under section 1104.

Dated: March 12, 2021.                                   Respectfully submitted,

*/s/ Gerrit M. Pronske*
Gerrit M. Pronske
State Bar No. 16351640
Eric M. Van Horn
State Bar No. 24051465
Jason P. Kathman
State Bar No. 24070036
**SPENCER FANE LLP**
2200 Ross Avenue, Suite 4800 West
Dallas, Texas 75201
(214) 750-3610 – Telephone
(214) 750-3612 – Telecopier
-and-
5700 Granite Parkway, Suite 650
Plano, Texas 75024
(972) 324-0300 – Telephone
(972) 324-0301 – Telecopier
Email: gpronske@spencerfane.com
Email: ericvanhorn@spencerfane.com
Email: jkathman@spencerfane.com

– And –

James Sheehan
(NY Bar No. 4552055)
Emily Stern
(NY Bar No. 2647220)
Monica Connell
(NY Bar No. 3070943)
Stephen Thompson

(NY Bar No. 5390067)
**OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF NEW YORK**
28 Liberty Street
New York, NY 10005
(212) 416-8401
Email: James.Sheehan@ag.ny.gov
Email: Emily.Stern@ag.ny.gov
Email: Monica.Connell@ag.ny.gov
Email: Stephen.Thompson@ag.ny.gov

**COUNSEL FOR THE PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK**

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2021, a true and correct copy of the foregoing Response was served upon all parties entitled to notice, including the Debtors, United States Trustee, and Official Committee of Unsecured Creditors via the Court's electronic transmission facilities.

*/s/ Gerrit M. Pronske*
Gerrit M. Pronske