# **EXHIBIT A**

| | |
|---|---|
| Gerrit M. Pronske<br>State Bar No. 16351640<br>Eric M. Van Horn<br>State Bar No. 24051465<br>Jason P. Kathman<br>State Bar No. 24070036<br>**SPENCER FANE LLP**<br>2200 Ross Avenue, Suite 4800 West<br>Dallas, TX 75201<br>(214) 750-3610 – Telephone<br>(214) 750-3612 – Telecopier<br>-and-<br>5700 Granite Parkway, Suite 650<br>Plano, TX 75024<br>(972) 324-0300 – Telephone<br>(972) 324-0301 – Telecopier<br>Email: gpronske@spencerfane.com<br>Email: ericvanhorn@spencerfane.com<br>Email: jkathman@spencerfane.com<br><br>**COUNSEL FOR THE PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK** | James Sheehan<br>*Pro Hac Vice*<br>Emily Stern<br>*Pro Hac Vice*<br>Monica Connell<br>*Pro Hac Vice*<br>Stephen Thompson<br>*Pro Hac Vice*<br>**OFFICE OF THE ATTORNEY GENERAL OF THE STATE NEW OF NEW YORK**<br>28 Liberty Street<br>New York, NY 10005<br>(212) 416-8401 – Telephone<br>Email: James.Sheehan@ag.ny.gov<br>Email: Emily.Stern@ag.ny.gov<br>Email: Monica.Connell@ag.ny.gov<br>Email: Stephen.Thompson@ag.ny.gov<br><br>**COUNSEL FOR THE PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 21-30085-hdh-11** |
| **NATIONAL RIFLE ASSOCIATION** | § | |
| **OF AMERICA and SEA GIRT LLC,** | § | **CHAPTER 11** |
| | § | |
| Debtors.[1] | § | **Jointly Administered** |

**THE STATE OF NEW YORK'S MOTION TO ESTABLISH EXEPEDITED DISOVERY PROCEDURES IN CONNECTION WITH THE HEARINGS ON THE MOTION TO DISMISS, OR, IN THE ALTERNATIVE, <u>TO APPOINT A CHAPTER 11 TRUSTEE</u>**

---

[1] The last four digits of the Debtors' taxpayer identification numbers are: 6130 (NRA) and 5681 (Sea Girt). The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.

**TO THE HONORABLE HARLIN D. HALE,**
**CHIEF UNITED STATES BANKRUPTCY JUDGE:**

The People of the State of New York, by Letitia James, Attorney General of the State of New York ("**NYAG**"), a party in interest in the above-referenced bankruptcy case, submits this motion (the "**Motion**") for entry of an order substantially in the form attached hereto as **Exhibit A**, establishing certain expedited discovery procedures in connection with the hearings set to commence on March 29, 2021 (the "**Hearings**") on the NYAG's *Motion to Dismiss, or, in the Alternative, to Appoint a Chapter 11 Trustee* [Docket Nos. 155 & 163] (the "**NYAG Dismissal Motion**") and Ackerman McQueen, Inc.'s ("**AMc**") *Motion to Dismiss the Chapter 11 Bankruptcy Petition, or, in the Alternative, Motion for the Appointment of a Chapter 11 Trustee, and Brief in Support* [Docket No. 131] (the "**AMc Dismissal Motion**", collectively with the NYAG Dismissal Motion, the "**Dismissal Motions**"). In support of the Motion, the NYAG respectfully states as follows:

## BACKGROUND

1. On January 15, 2021 (the "**Petition Date**"), the National Rifle Association of America, Inc. (the "**NRA**") and Sea Girt LLC ("**Sea Girt**") and together with the NRA, the "**Debtors**") filed their voluntary petition for bankruptcy under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

2. On February 4, 2021, the Official Committee of Unsecured Creditors (the "**Committee**") was appointed by the United States Trustee.

3. On February 10, 2021, AMc filed the AMc Dismissal Motion.

4. On February 12, 2021, the NYAG filed the NYAG Dismissal Motion, and the Court set a hearing on the AMc Dismissal Motion [Docket No. 150] to begin on March 29, 2021 at 9:30 a.m. (prevailing Central Time) (the "**Hearing Date**").

**THE STATE OF NEW YORK'S MOTION TO ESTABLISH EXEPEDITED DISOVERY PROCEDURES IN CONNECTION IN CONNECTION WITH THE HEARINGS ON THE MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO APPOINT A CHAPTER 11 TRUSTEE – PAGE 1**

5. Counsel for the NYAG has conferred with counsel for AMc and each believe judicial economy and resources would best be served by hearing the Dismissal Motions together at the same hearing. Accordingly, the NYAG has requested that the NYAG Dismissal Motion be set for hearing on the Hearing Date.

6. The Debtors, NYAG, and AMc, through counsel, have engaged in preliminary discussions regarding an expedited discovery schedule, and this Motion is being filed in the interest of time while those discussions continue. Based upon those initial discussions, the NYAG proposes (NYAG and AMc are together referred to as the "**Movants**") the expedited discovery schedule (the "**Expedited Discovery Schedule**") detailed below in connection with the Hearings on the Dismissal Motions.

## RELIEF REQUESTED

7. Rule 29 of the Federal Rules of Civil Procedure, as made applicable by, Rules 7029 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), provides that "[u]nless the court orders otherwise, the parties may stipulate that . . . other procedures governing or limiting discovery be modified . . . ." FED. R. CIV. P. 29.

8. Further, the Court, "for cause shown may in its discretion" shorten any period of time provided for in the Bankruptcy Rules or by order of the court. FED. R. BANKR. P. 9006(c); see also, FED. R. BANKR. P. 2002(a)(2) (providing an example of when the court may shorten time). This includes the period of time generally prescribed for giving notice of motions.

9. Based upon the Court's authority under the Bankruptcy Rules and Section 105(a) of the United States Bankruptcy Code, the NYAG requests the following Expedited Discovery Schedule to apply as between the Debtors, NYAG, and AMc (the "**Parties**"):

   a. **Requests for Production of Documents ("Production Requests")**:

**THE STATE OF NEW YORK'S MOTION TO ESTABLISH EXEPEDITED DISOVERY PROCEDURES IN CONNECTION IN CONNECTION WITH THE HEARINGS ON THE MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO APPOINT A CHAPTER 11 TRUSTEE – PAGE 2**

2060328
DA 2065491.1

    i. The deadline to respond to Production Requests as to Parties shall be on or before 5:00 p.m. (prevailing Central Time) fifteen (15) days following electronic service of the Production Requests.

    ii. The deadline to object to Production Requests made to Parties is reduced to three business (3) days following service of the Production Requests.

    iii. Each of the Movants and the NRA will serve a maximum of thirty (30) Production Requests to Parties.

b. **Notices of Deposition ("Deposition Notices")**:

    i. Deposition Notices may be served electronically, and depositions may be noticed to occur upon, at least, seven (7) days' notice.

    ii. Deponents will be produced by the Parties where the deponents are located, but may be taken by video teleconferencing. Parties shall not be required to issue subpoenas or Deposition Notices through the applicable federal court where the deponent is located.

    iii. The NRA may notice and conduct a maximum of seven (7) depositions of the Movants (including one 30(b)(6) deposition of each Movant); at the NRA's option, this allowance may include a corporate-representative deposition of each movant. Each 30(b)(6) deposition will last a total of 10 hours.

    iv. Movants may each notice and may conduct a combined maximum of seven (7) depositions of NRA witnesses (six in their individual capacities and one 30(b)(6) deposition), consisting of

        1. Wayne LaPierre (limited to a combined 10 hours)

**THE STATE OF NEW YORK'S MOTION TO ESTABLISH EXEPEDITED DISOVERY PROCEDURES IN CONNECTION IN CONNECTION WITH THE HEARINGS ON THE MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO APPOINT A CHAPTER 11 TRUSTEE – PAGE 3**

2060328
DA 2065491.1

    2. John Frazer

    3. Woody Phillips

    4. Craig Spray;

    5. Carolyn Meadows;

    6. Sonya Rowling; and

    7. A single 30(b)(6) deposition of NRA (limited to a combined 10 hours).[1]

iii. To the extent that the witnesses noticed by Movants include former employees of the NRA, the NRA will make good faith efforts to facilitate outreach to such witnesses; similarly, to the extent that the NRA wishes to notice witnesses that are former employees of Movants, Movants will make good faith efforts to facilitate outreach to such witnesses.

iv. To avoid any doubt, officers, directors, employees, and consultants of the NRA may be served with deposition notices, subpoenas, and other discovery by serving counsel of record for for the NRA or Movants, by electronic mail.

v. Nothing contained herein shall waive any rights of either of the Movants or the NRA to object to discovery, including any persons to be deposed who are not specifically listed above or the subject matter of any 30(b)(6) deposition.

---

[1] Movants reserve the right to substitute other witnesses for any of the 6 individuals referenced herein, and the NRA reserves the right to object to such other witnesses.

**THE STATE OF NEW YORK'S MOTION TO ESTABLISH EXEPEDITED DISOVERY PROCEDURES IN CONNECTION IN CONNECTION WITH THE HEARINGS ON THE MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO APPOINT A CHAPTER 11 TRUSTEE – PAGE 4**

**Other Discovery**

    a. The Parties agree to forego interrogatories.

    b. Each of the Movants and the NRA may serve a maximum of twenty (20) requests for admission.

**Miscellaneous**

    a. No Party hereto waives objections otherwise available under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or applicable local rules regarding the length, scope, or format (*e.g.*, videoconference or in-person) of any noticed deposition; provided, however, that the Parties will meet and confer in good faith in attempt to resolve any such objections.

    b. Nothing contained in the Order shall prohibit any of the parties hereto from seeking additional discovery from the Court for good cause shown and circumstances not known as of the date of this Order. The parties shall meet and confer in good faith prior to requesting additional discovery from the Court.

**Agreement to Expedited Hearings for Discovery Disputes**:

    v. The Parties will not oppose another Party's request for an expedited or emergency hearing to seek the Court's resolution of any dispute arising from discovery requests, or objections thereto.

**THE STATE OF NEW YORK'S MOTION TO ESTABLISH EXEPEDITED DISOVERY PROCEDURES IN CONNECTION IN CONNECTION WITH THE HEARINGS ON THE MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO APPOINT A CHAPTER 11 TRUSTEE – PAGE 5**

2060328
DA 2065491.1

## **PRAYER**

WHEREFORE, the NYAG respectfully requests the Court (i) enter an Order, substantially in the form attached hereto, granting the Motion; and (ii) for any and all further relief, at law or equity, to which the NYAG may be entitled.

**THE STATE OF NEW YORK'S MOTION TO ESTABLISH EXEPEDITED DISOVERY PROCEDURES IN CONNECTION IN CONNECTION WITH THE HEARINGS ON THE MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO APPOINT A CHAPTER 11 TRUSTEE – PAGE 6**

2060328
DA 2065491.1

Dated: February __, 2021.  Respectfully submitted,

*DRAFT*
Gerrit M. Pronske
State Bar No. 16351640
Eric M. Van Horn
State Bar No. 24051465
Jason P. Kathman
State Bar No. 24070036
**SPENCER FANE LLP**
2200 Ross Avenue, Suite 4800 West
Dallas, Texas 75201
(214) 750-3610 – Telephone
(214) 750-3612 – Telecopier
-and-
5700 Granite Parkway, Suite 650
Plano, Texas 75024
(972) 324-0300 – Telephone
(972) 324-0301 – Telecopier
Email: gpronske@spencerfane.com
Email: ericvanhorn@spencerfane.com
Email: jkathman@spencerfane.com

– And –

*DRAFT*
James Sheehan
(NY Bar No. 4552055)
Emily Stern
(NY Bar No. 2647220)
Monica Connell
(NY Bar No. 3070943)
Stephen Thompson
(NY Bar No. 5390067)
**OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF NEW YORK**
28 Liberty Street
New York, NY 10005
(212) 416-8401
Email: James.Sheehan@ag.ny.gov
Email: Emily.Stern@ag.ny.gov
Email: Monica.Connell@ag.ny.gov
Email: Stephen.Thompson@ag.ny.gov

**COUNSEL FOR THE PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK**

**THE STATE OF NEW YORK'S MOTION TO ESTABLISH EXEPEDITED DISOVERY PROCEDURES IN CONNECTION IN CONNECTION WITH THE HEARINGS ON THE MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO APPOINT A CHAPTER 11 TRUSTEE – PAGE 7**

2060328
DA 2065491.1

## CERTIFICATE OF SERVICE

I hereby certify that on February __, 2021, a true and correct copy of the foregoing Motion was served upon all parties entitled to notice, including the Debtors, United States Trustee, and Official Committee of Unsecured Creditors via the Court's electronic transmission facilities. Any further methods of service will be reflected in a supplemental certificate of service.

/s/*Gerrit M. Pronske*
Gerrit M. Pronske

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that he conferred with counsel for the Debtors and AMc regarding the relief requested herein, and those parties _____.

*/s/Gerrit M. Pronske*
Gerrit M. Pronske

**THE STATE OF NEW YORK'S MOTION TO ESTABLISH EXEPEDITED DISOVERY PROCEDURES IN CONNECTION IN CONNECTION WITH THE HEARINGS ON THE MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO APPOINT A CHAPTER 11 TRUSTEE – PAGE 8**

2060328
DA 2065491.1