| | |
|---|---|
| Patrick J. Neligan, Jr.<br>Texas Bar No. 14866000<br>Douglas J. Buncher<br>Texas Bar No.03342700<br>John D. Gaither<br>Texas Bar No. 24055516<br>**Neligan LLP**<br>325 N. St. Paul, Suite 3600<br>Dallas, Texas 75201<br>Telephone: (214) 840-5300<br>Facsimile: (214) 840-5301<br>pneligan@neliganlaw.com<br>dbuncher@neliganlaw.com<br>jgaither@neliganlaw.com | Gregory E. Garman<br>Nevada Bar No. 6665, *pro hac vice*<br>William M. Noall<br>Nevada Bar No. 3549, *pro hac vice*<br>Gabrielle A. Hamm<br>Texas Bar No. 24041047<br>**Garman Turner Gordon LLP**<br>7251 Amigo Street, Suite 210<br>Las Vegas, Nevada 89119<br>Telephone: (725) 777-3000<br>Facsimile: (725) 777-3112<br>ggarman@gtg.legal<br>wnoall@gtg.legal<br>ghamm@gtg.legal |

**COUNSEL FOR THE DEBTORS**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | CHAPTER 11 |
| NATIONAL RIFLE ASSOCIATION<br>OF AMERICA and SEA GIRT LLC | § § § | CASE NO. 21-30085-hdh11 |
| DEBTORS[1] | § § § | JOINTLY ADMINISTERED |

## DEBTORS' RESPONSE IN OPPOSITION TO THE MOTION FOR APPOINTMENT OF AN EXAMINER FILED BY PHILLIP JOURNEY

The National Rifle Association of America (the "NRA") and Sea Girt LLC ("Sea Girt") (collectively, the "Debtors") file this response in opposition to the Motion for Appointment of Examiner (the "Motion") [Docket No. 114] filed by Phillip Journey, and state as follows:

### I. PRELIMINARY STATEMENT

1. The Debtors understand and support Journey's stated goal of transparency and appreciate that Journey desires the successful reorganization of the Debtors in chapter 11 as a going concern so that they may continue to fulfill their core mission. However, the appointment

---

[1] The last four digits of the Debtors' taxpayer identification numbers are: 6130 (NRA) and 5681 (Sea Girt). The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.

**Debtors' Response in Opposition to the Motion for Appointment of an Examiner filed by Phillip Journey
Page 1**

of an examiner with extraordinary powers that would supplant the role of the Official Committee of Unsecured Creditors (the "Committee") in a fashion inconsistent with the Bankruptcy Code is neither necessary nor appropriate in this case.

2. The Debtors' conduct in these cases have demonstrated their ongoing commitment to transparency and to working with the Committee to provide information about the Debtors' businesses and financial affairs. As the Committee establishes in its objection to Journey's Motion [Docket No. 354], the Committee is not only statutorily empowered to undertake an investigation into the concerns raised by Journey, but the Committee has already commenced that investigation, aided by experienced professionals. An examiner will, at best, duplicate the Committee's efforts in the fulfillment of its statutory duties, including its investigation that is already underway, at significant additional expense to these estates.

3. Beyond the Committee's investigation, the Debtors are presently engaged in extensive discovery in connection with the pending dismissal and trustee motions set for hearing on March 29. Further still, the Debtors have been participating in an ongoing, multi-day Section 341 meeting conducted by the Office of the United States Trustee (the "UST") involving the production of a substantial number of documents and the detailed testimony of numerous witnesses on a broad range of topics. Taken together, these ongoing processes amount to an intensive investigation into the Debtors' pre- and post-petition business, management, and financial affairs. The Debtors submit that the cost and delay of yet another open-ended, third-party investigation would far exceed any incremental benefit to the Debtors' estates, creditors, and members.

4. As a result, Journey cannot meet his burden to establish that appointment of an examiner is necessary or appropriate under Section 1104(c). As an initial matter, Journey has not established that the $5 million debt threshold in Section 1104(c)(2) is met in this case. Because

the Debtors do not have more than $5 million in non-trade, non-insider debt, appointment of an examiner is not mandatory under Section 1104(c)(2). In addition, Journey cannot demonstrate that appointment of an examiner is in the best interest of the Debtors' estates under Section 1104(c)(1). As set forth above, the Debtors are presently subject to a multi-faceted, in-depth investigation into their businesses and financial affairs and Journey cannot demonstrate that an additional investigation will benefit the Debtors' estates. Because Journey cannot meet his burden under either 1104(c)(1) or (2), the Motion should be denied.

5. In the event the Court determines that appointment of an examiner is appropriate under Section 1104(c), the Debtors request that the Court enter an order appointing an examiner with a very narrow scope and limited budget. Given the ongoing investigations into the Debtors' affairs, appointment of an examiner with the type of wide-ranging authority Journey proposes would be inappropriately duplicative, unjustifiably costly, and needlessly disruptive. In short, any examiner appointed in these cases should be tasked with a mandate that furthers, rather than impairs, the Debtors' ability to successfully reorganize and continue their laudable mission of protecting the Second Amendment rights of all Americans.

## II. FACTUAL BACKGROUND

6. In support of this response, the Debtors incorporate by reference the factual background, arguments, and authorities contained in their omnibus opposition to the motions to dismiss and requests for appointment of a trustee filed by Ackerman McQueen, Inc. ("Ackerman"), the Attorney General for the State of New York (the "NYAG"), and the Attorney General for the District of Columbia (the "DCAG"). *See* Docket No. 307.

7. Journey's Motion is premised on speculation, unproven allegations, and the misconception that there are ongoing managerial and operational problems at the Debtors, which is not the case. Journey acknowledges that his request for appointment of an examiner is premised

on disputed allegations, not facts, and the majority of his assertions are made "upon information and belief." *See, e.g.*, Motion at ¶¶ 4, 5, 10, 11, 13 and 14. The Court cannot and should not simply assume that the allegations Journey references in his Motion are true (they are not), or assume that past allegations of wrongdoing equate to continued misconduct (they do not). The facts and evidence presented at the hearing scheduled to commence on March 29 will reveal that the disputed, outdated allegations upon which Journey relies are just that and Journey will not have carried his burden to demonstrate that appointment of an examiner is necessary or appropriate in this case.

8. The facts will show that the NRA commenced an internal audit and extensive self-correction measures even before the NYAG began its investigation of the NRA in 2019. Since that internal audit and self-correction process began, any managerial or operational issues at the NRA have been addressed and resolved, bad actors have been removed, and internal controls on expenses and contracts (which have always been in place) have been enforced. For example, the Debtors have implemented a compliance training program regarding the proper procedures for approval of expenses and contracts, and the Debtors' management scrupulously ensures that expenses and contracts and other matters are approved in accordance with internal policies, procedures and controls. In summary, the issues raised NYAG's lawsuit and upon which Journey's Motion is premised were resolved years prior to the Debtors' bankruptcy filing.

9. Journey further alleges without support (and in violation of his duty not to disclose privileged discussions in board meetings) that the bankruptcy was not properly approved by the NRA's board of directors. This is incorrect. A regular meeting of the board was held in Dallas, Texas on January 7, 2021, in which the board unanimously voted to approve (with one abstention) a new employment contract with Wayne LaPierre, the NRA's Executive Vice President, that gave

him authority to "exercise corporate authority in furtherance of the mission and interests of the NRA, including without limitation to reorganize or restructure the affairs of the Association for purposes of cost-minimization, regulatory compliance or otherwise."

10. At the same January 7 board meeting, the board further authorized a Special Litigation Committee to exercise corporate authority over pending litigation and "any additional legal proceedings arising from the same facts, circumstances, or allegations as the foregoing." Both Mr. LaPierre and the Special Litigation Committee signed resolutions authorizing the bankruptcy filing, which are attached to the Debtors' bankruptcy petitions. Journey's alleged concerns regarding the Debtors' corporate governance are therefore unfounded.

11. Because Journey cannot put forth sufficient evidence that an investigation by an examiner is warranted in this case, the Motion should be denied.

### III. ARGUMENT & AUTHORITIES[2]

**A. Journey Cannot Meet His Burden to Establish That Appointment of an Examiner is Mandatory Under Section 1104(c)(2)**

12. Journey erroneously contends that appointment of an examiner is mandatory under Section 1104(c)(2) because the Debtors' "fixed, liquidated, non-insider unsecured debts exceed $5 million." Motion at ¶ 27. However, not all unsecured debts are counted under Section 1104(c)(2). The statute expressly excludes "debts for goods, services, or taxes, or owing to an insider" from the calculation and Journey has not identified any qualifying debts in support of his contention that the $5 million debt threshold is met in this case. *See, e.g.*, *In re Erickson Retirement Communities, LLC*, 425 B.R. 309, 312 (Bankr. N.D. Tex. 2010) (observing that only fixed, liquidated, unsecured debts *other than* for goods, services, or taxes insider debt are counted under Section 1104(c)).

---

[2] In addition to the arguments set forth below, the Debtors concur with the arguments made by the Committee in its opposition to Journey's Motion. *See* Docket No. 354.

**Debtors' Response in Opposition to the Motion for Appointment of an Examiner filed by Phillip Journey**
**Page 5**

13.     "The $5 million requirement [in Section 1104(c)(2)] is typically satisfied where there is outstanding unsecured bank debt or outstanding publicly issued debentures in an aggregate sum in excess of $5,000,000." *In re Dewey & Leboeuf LLP*, 478 B.R. 627, 636-37 (Bankr. S.D.N.Y. 2012) (internal quotations omitted).  Here, the Debtors do not have more than $5 million in unsecured bank or bond debt or other qualifying non-trade debt.[3]  As the moving party, Journey bears the burden to establish that the elements of Section 1104(c)(2) are met.  *Id*. at 636.  Because Journey cannot meet his burden to demonstrate that the Debtors' "fixed, liquidated, unsecured debts, other than debts for goods, services, or taxes, or owing to an insider, exceed $5,000,000," he has failed to establish that appointment of an examiner is mandatory under Section 1104(c)(2). *Id*. at 368.

**B.      Journey Cannot Meet His Burden to Establish That Appointment of an Examiner is in the Best Interest of the Debtors' Estates**

14.     Journey alternatively contends that appointment of an examiner is appropriate under Section 1104(c)(1) because it is in the best interest of the Debtors' estates.  Motion at ¶ 29. Journey's request for appointment of an examiner is largely premised upon the disputed allegations in the complaints filed against the NRA by the NYAG and DACG.  *Id*. at ¶¶ 7-14.  As Journey himself admits, however, the allegations in the NYAG complaint "remain allegations" and have not been proven.  Objection to Motion to Continue at ¶ 7 [Docket No. 224].

15.     To prevail on his Motion, Journey must do more than point to unproven, disputed allegations to establish that appointment of an examiner is required under Section 1104(c)(1). "Mere allegations of fraud, dishonesty, incompetence, misconduct, mismanagement or irregularity in the management of the affairs of the debtor of or by current or former management are

---

[3] The NRA's contingent liability to the Pension Benefit Guaranty Corporation is not the type of "fixed, liquidated" debt that satisfies the requirements of Section 1104(c)(2). *Dewey*, 478 B.R. at 638.

**Debtors' Response in Opposition to the Motion for Appointment of an Examiner filed by Phillip Journey**
**Page 6**

insufficient to justify the appointment of an examiner under section 1104(c)." *Dewey*, 478 B.R. at 640 (internal quotations omitted). "Such allegations of misconduct must be supported by facts." *Id.*; *see also In re Bel Air Assocs., Ltd.*, 4 B.R. 168, 173 (Bankr. W.D. Okla. 1980) (mere allegations are insufficient to warrant the appointment of a receiver; evidence must be presented that the allegations have some factual basis). The evidence at the March 29 hearing on the Motion will demonstrate that NYAG's unproven allegations are either flatly incorrect or have long-since been addressed and corrected. As such, the NYAG's disputed allegations do not support appointment of an examiner.

16. Further, Journey cannot demonstrate that appointment of an examiner is in the best interests of the Debtors' estates. Section 1103(c) authorizes the Committee to undertake the type of investigation Journey alleges is warranted in this case and, since being appointed, the Committee has retained a financial advisor and commenced an investigation into the Debtors' business and affairs. Indeed, the Committee has indicated that its investigation will cover the areas into which Journey believes an investigation is necessary. *See, e.g.*, Docket No. 354. The Debtors' estates are already bearing the expense of this investigation and the added expense of a duplicative investigation is not warranted. *See In re Shelter Resources Corp.*, 35 B.R. 304, 305 (Bankr. N.D. Ohio 1983) (appointment of examiner not necessary because existing Committee could conduct similar investigation under Section 1103(c)). The fact that the Committee, representing the creditors in these cases, believes that an examiner is unwarranted and duplicative is particularly persuasive.

17. In addition, the NYAG and DCAG, as well as Ackerman, are currently conducting extensive discovery into the issues Journey raises in the Motion and an additional investigation would be unnecessarily duplicative of the discovery that is already being conducted. *In re*

*Bradlees Stores, Inc.*, 209 B.R. 36, 39 (Bankr. S.D.N.Y. 1997) (appointment of an examiner not warranted when other estate professionals and parties in interest have already conducted investigation and additional investigation would be duplicative, needless, and wasteful). The parties will present the results of that discovery to the Court on March 29, meaning that the investigation Journey requests in the Motion will be largely completed by the time the Court hears the Motion. *See In re Spansion, Inc.*, 426 B.R. 114, 128 (Bankr. D. Del. 2010) (declining to appoint examiner where "[a]ll of the parties have had ample opportunity to conduct—and have conducted—extensive discovery, and to investigate the Debtors").

18. Finally, the UST has taken a very active role in these cases and has investigated many of the issues Journey identifies in the Motion, including during the ongoing Section 341 meeting that has spanned multiple days and involved five witnesses from the Debtor's executive management – Wayne LaPierre (Executive VP), Sonya Rowling (interim CFO), David Warren (Chief Financial Officer – For Profit Entities), John Frazer (Secretary and General Counsel) and Robert Owens (Chief Fiscal Officer of Institute for Legislative Action). Furthermore, numerous parties in interest have participated and questioned these witnesses on all aspects of the bankruptcy, the Debtors' authority to file, the board approval of Mr. LaPierre's contract giving him authority to reorganize and restructure the NRA, the board resolutions approved at the January 7, 2021 board meeting and attached to Debtors' Petitions, the issues raised in the NYAG lawsuit and the Debtors' actions to address those issues, the Debtors' financial affairs, and the objectives of the Debtors' reorganization plan. Given the ongoing investigations by the Committee, the discovery being conducted in connection with the dismissal and trustee motions, and the UST's active investigation and oversight of the Debtors, there is simply no need for yet another costly and disruptive investigation. *See In re Res. Cap., LLC*, 474 B.R. 112, 121 (Bankr. S.D.N.Y. 2012) (appointment

of an examiner inappropriate where investigation has already been conducted (or is nearly complete) by a creditors committee or a governmental agency).

19. In order to satisfy his burden to prove that the appointment of an examiner is in the best interest of the Debtors' estates, it is incumbent upon Journey to demonstrate to the Court that the requested investigation would not be duplicative and that the benefit of such an investigation outweighs the added cost to the estate. *In re Gilman Servs., Inc.*, 46 B.R. 322, 327-28 (Bankr. D. Mass. 1985). Simply put, Journey cannot meet his burden to demonstrate that the benefit of the additional, duplicative investigation he has requested outweighs the significant cost, disruption, and delay to the Debtors' estates the proposed investigation would entail.

**C.    If the Court Determines Appointment of an Examiner Is Warranted, the Scope of the Examiner's Investigation Should be Appropriately Limited**

20. If the Court determines that appointment of an examiner is warranted in this case, the scope of the examiner's investigation should be appropriately limited to specific issues that have not already been investigated by the NYAG, DCAG, UST, or Committee. The Debtors submit that, upon completion of discovery on the pending dismissal and trustee motions, there will be few, if any, areas for which additional investigation is necessary or efficient, and certainly nothing that falls outside the Committee's statutory authority or that the Committee cannot handle. The ongoing discovery and investigations by the Committee and other parties in interest in this case militate against the appointment of an examiner with a broad mandate or expanded powers, that Journey requests. *See* Docket No. 306.

21. Indeed, the same concerns Journey expresses over the appointment of a trustee support denial of the request for the appointment of an examiner with a broad mandate and expanded powers. *See id*. at ¶ 6. As Journey himself recognizes, the allegations by the NYAG and others are narrowly focused on the actions of a few individuals which happened three years

ago or more, not the Debtors' entire organization, and a "targeted" investigation into specific issues would be the most efficient and productive path forward. *Id.* Conversely, the wide-ranging and open-ended investigation Journey proposes would be unduly expensive, disruptive, and intrude upon and hinder the Committee's ongoing investigation. This is not warranted where even Journey admits that the NYAG makes narrow allegations against a few individuals for conduct prior to 2019.

22. The Court has discretion in determining the appropriate nature and extent of an examiner's investigation and "can make the scope of an examiner's duties very broad or very narrow." *Erickson*, 425 B.R. at 312. In this case, multiple estate professionals, government agencies, and parties in interest are conducting their own investigations into specific allegations regarding the Debtors' prepetition business and financial affairs. As a result, were the Court to appoint an examiner, the order should narrowly tailor and limit any additional investigation in a manner that will efficiently advance these cases toward a speedy and successful reorganization.

## IV. CONCLUSION & PRAYER

23. For the reasons set forth above, the Debtors request the entry of an order (i) denying the Motion and (ii) awarding the Debtors any further relief the Court deems appropriate.

Dated: March 12, 2021                                        Respectfully submitted,

                                           */s/ Patrick J. Neligan, Jr.*
                                           Patrick J. Neligan, Jr.
                                           Texas State Bar No. 14866000
                                           Douglas J. Buncher
                                           Texas State Bar No. 03342700
                                           John D. Gaither
                                           Texas State Bar No. 24055516
                                           **NELIGAN LLP**
                                           325 N. St. Paul, Suite 3600
                                           Dallas, Texas 75201
                                           Telephone: (214) 840-5300

        Facsimile:  (214) 840-5301
        Email: pneligan@neliganlaw.com
              dbuncher@neliganlaw.com
              jgaither@neliganlaw.com

and

Gregory E. Garman
Nevada Bar No. 6654 *Pro Hac Vice*
William M. Noall
Nevada Bar No. 3549 *Pro Hac Vice*
Gabrielle A. Hamm
Texas State Bar No. 24041047
**GARMAN TURNER GORDON LLP**
7251 Amigo Street, Suite 210
Las Vegas, Nevada  89119
Telephone:  (725) 777-3000
Facsimile:  (725) 777-3112
Email: ggarman@gtg.legal
       wnoall@gtg.legal
       ghamm@gtg.legal

**COUNSEL FOR THE DEBTORS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 12th day of March 2021 a true and correct copy of the foregoing was served via first class U.S. mail on the parties named on the attached Master Service List.

           */s/ John D. Gaither*
           John D. Gaither

In re: Sea Girt LLC - Case No. 21-30080
In re: National Rifle Association of America - Case No. 21-30085

## MASTER SERVICE LIST

### Debtor/Debtor's Counsel

National Rifle Association of America
11250 Waples Mill Road
Fairfax, VA  22030

**Neligan LLP**
Attn:  Patrick J. Neligan
       Douglas J. Buncher
       John D. Gaither
325 N. St. Paul, Suite 3600
Dallas, TX 75201
Email: pneligan@neliganlaw.com
       dbuncher@neliganlaw.com
       jgaither@neliganlaw.com

Sea Girt LLC
11250 Waples Mall Road
Fairfax, VA  22030

**Garman Turner Gordon LLP**
Attn:  Gregory E. Garman
       William M. Noall
       Gabrielle A. Hamm
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone: 725-777-3000
Facsimile: 725-777-3112
Email: ggarman@gtg.legal
       wnoall@gtg.legal
       ghamm@gtg.legal

### U.S. Trustee

Office of the United States Trustee
Attn: Lisa Young
Earle Cabell Federal Building
1100 Commerce Street, Room 976
Dallas, TX  75242

### Secured Creditors

Atlantic Union Bank
Attn: Andrew Kalin
1800 Robert Fulton Drive, Suite 100
Reston, VA  20191
Email: andrew.kalin@atlanticunionbank.com

**Counsel For Official Committee of Unsecured Creditors**

Louis R. Strubeck, Jr.
Kristian W. Gluck
Scott P. Drake
Laura L. Smith
Nick Hendrix
Norton Rose Fulbright US LLP
2200 Ross Avenue, Suite 3600
Dallas, TX 75201-7932
louis.strubeck@nortonrosefulbright.com
kristian.gluck@nortonrosefulbright.com
laura.smith@nortonrosefulbright.com
scott.drake@nortonrosefulbright.com
nick.hendrix@nortonrosefulbright.com

**20 Largest Unsecured Creditors**

Ackerman McQueen, Inc.
1601 Northwest Expressway
Oklahoma City, OK 73118-1438

Gould Paper Corporation
Attn: Warren Connor
99 Park Avenue, 10th Floor
New York, NY 10016

Under Wild Skies
c/o Dycio & Biggs
10533 Main Street
Fairfax, VA 22030

Quadgraphics
N63W23075 Hwy. 74
Sussex, WI 53089

Membership Advisors Public REL
11250 Waples Mill Road, Suite 310
Fairfax, VA 22030

Mercury Group
1601 NW Expressway, Suite 1100
Oklahoma City, OK 73118

Membership Marketing Partners LLC
11250 Waples Mill Road, Suite 310
Fairfax, VA 22030

Infocision Management Corp.
325 Springside Drive
Akron, OH 44333

Valtim Incorporated
P.O. Box 114
Forest, VA 24551

Communications Corp of America
Attn: Ken Bentley
13129 Airpark Drive, Suite 120
Elkwood, VA 22718

Salesforce.Com, Inc.
One Mark St. – The Landmark, Suite 300
San Francisco, CA 94105

Speedway Motorsports, Inc.
P.O. Box 600
Concord, NC 28026

Image Direct Group LLC
200 Monroe Avenue, Building 4
Frederick, MD  21701

TMA Direct, Inc.
12021 Sunset Hills Road, Suite 350
Manassas, VA  20109

Membership Advisors Fund Raising
11250 Waples Mill Road, Suite 310
Fairfax, VA  22030

Krueger Associates, Inc.
105 Commerce Drive
Aston, PA  19014

Google
1600 Amphitheatre Parkway
Mountain View, CA  94043-1351

United Parcel Services
P.O. Box 7247-0244
Philadelphia, PA  19170

Stone River Gear, LLC
P.O. Box 67
Bethel, CT  06801

CDW Computer Centers, Inc.
P.O. Box 75723
Chicago, IL  60675

## Government Agencies

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA  19101-7346

Office of Attorney General (DC)
Attn: Karl A. Racine
441 Fourth St., N.W., Suite 600-South
Washington, DC  20001

Mahmooth A. Faheem
Lori A. Butler
Pension Benefit Guaranty Corporation
1200 K NW
Washington, DC  20005-4026
mahmooth.faheem@pbgc.gov
butler.lori@pbgc.gov
efile@pbgc.gov

Office of Attorney General (NY)
Attn:  Letitia James
28 Liberty Street
New York, NY  10005

Office of Attorney General (TX)
Attn:  Ken Paxton
P.O. Box 12548
Austin, TX  78711-2548

## Notice of Appearance

Laurie A. Spindler
Linebarger Coggan Blair & Sampson, LLP
2777 N. Stemmons Freeway, Suite 1000
Dallas, TX  75207
dallas.bankruptcy@publicans.com

G. Michael Gruber
Dorsey & Whitney LLP
300 Crescent Court, Suite 400
Dallas, TX  75201
gruber.mike@dorsey.com

90324v1

Brian E. Mason
Dorsey & Whitney LLP
300 Crescent Court, Suite 400
Dallas, TX 75201
mason.brian@dorsey.com

Natalie L. Arbaugh
Winston & Strawn LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
narbaugh@winston.com

David Neier
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193
dneier@winston.com

Michael I. Baird
Pension Benefit Guaranty Corporation
1200 K St. NW
Washington, DC 20005-4026
baird.michael@pbgc.gov
efile@pbgc.gov

Gerritt M. Pronske
Eric M. Van Horn
Jason P. Kathman
Spencer Fane LLP
2200 Ross Avenue, Suite 4800 West
Dallas, TX 75201
gpronske@spencerfane.com
ericvanhorn@spencerfane.com
jkathman@spencerfane.com

Mark Ralston
Fishman Jackson Ronquillo PLLC
Three Galleria Tower
13155 Noel Road, Suite 700
Dallas, TX 75240
mralston@fjrpllc.com

H. Joseph Acosta
Dorsey & Whitney LLP
300 Crescent Court, Suite 400
Dallas, TX 75201
acosta.joseph@dorsey.com

Thomas M. Buchanan
Matthew Saxon
Winston & Strawn LLP
1901 L St., N.W.
Washington, DC 20036
tbuchana@winston.com
msaxon@winston.com

Tara LeDay
McCreary, Veselka, Bragg & Allen, P.C.
P.O. Box 1269
Round Rock, TX 78680
tleday@mvbalaw.com

Brandon R. Freud
Chuhak & Tecson, P.C.
30 S. Wacker Drive, Suite 2600
Chicago, IL 60606
bfreud@chuhak.com

James Sheehan
Emily Stern
Monica Connell
Office of Letitia James
Attorney General for the State of New York
28 Liberty Street
New York, NY 10005
james.sheehan@ag.ny.gov
emily.stern@ag.ny.gov
monica.connell@ag.ny.gov

Kevin T. White
Director – Legal
Quad/Graphics, Inc.
601 Silveron Blvd., Suite 200
Flower Mound, TX 75028
ktwhite@quad.com

90324v1

Robert Lapowsky
Stevens & Lee, P.C.
620 Freedom Business Center, Suite 200
King of Prussia, PA 19406
rl@stevenslee.com

Joe E. Marshall
Marshall Law
2626 Cole Avenue, Suite 300
Dallas, TX 75204
jmarshall@marshalllaw.net

M. Jermaine Watson
Joshua N. Eppich
H. Brandon Jones
Clay M. Taylor
J. Robertson Clarke
Bonds Ellis Eppich Schafer Jones LLP
420 Throckmorton Street, Suite 1000
Fort Worth, TX 76102
jermaine.watson@bondsellis.com
joshua@bondsellis.com
clay.taylor@bondsellis.com
brandon@bondsellis.com
robbie.clarke@bondsellis.com

Arthur A. Greenberg
G&B Law, LLP
16000 Ventura Boulevard, Suite 100
Encino, CA 91436-2730
agreenberg@gblawllp.com

Stephen G. Wilcox
Wilcox Law, PLLC
P.O. Box 201849
Arlington, TX 76006
swilcox@wilcoxlaw.com

David W. Giattino
Stevens & Lee, P.C.
919 Market Street, Suite 1300
Wilmington, DE 19801
dwg@stevenslee.com

Duane M. Geck
Donald H. Cram
Severson & Werson, P.C.
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
dmg@severson.com
dhc@severson.com

Judith W. Ross
Ross & Smith, PC
700 North Pearl Street, Suite 1610
Dallas, TX 75201
judith.ross@judithwross.com

Nancy L. Alper
Senior Assistant Attorney General
Office of the Attorney General
for the District of Columbia
400 Sixth Street, N.W., 9th Floor
Washington, DC 20001
nancy.alper@dc.gov

Catherine Jackson
Assistant Attorney General
Office of the Attorney General for
The District of Columbia
400 Sixth Street, N.W. 10th Floor
Washington, DC 20001
catherine.jackson@dc.gov

90324v1

Leonor Miranda
Assistant Attorney General
Office of the Attorney General For
The District of Columbia
400 Sixth Street, N.W. 10th Floor
Washington, DC  20001
leonor.miranda@dc.gov

D. Brett Marks
Akerman LLP
201 East Olas Blvd., Suite 1800
Fort Lauderdale, FL  33301
brett.marks@akerman.com

Heather M. Crockett
Deputy Attorney General
Indiana Office of Attorney General
302 W. Washington St., IGCS – 5th Floor
Indianapolis, IN  46204
heather.crockett@atg.in.gov

David W. Parham
Akerman LLP
2001 Ross Avenue, Suite 3600
Dallas, TX  75201
david.parham@akerman.com

Walter A. Herring
Robert Blackwell
Blackwell, Blackburn, Herring & Singer LLP
7557 Rambler Road, Suite 1450
Dallas, TX  75231
wherring@bbhsllp.com
bblackwell@bbhsllp.com

James F. Chiu
Deputy Attorney General
Indiana Office of Attorney General
302 W. Washington St., IGCS – 5th Floor
Indianapolis, IN  46204
james.chiu@atg.in.gov

90324v1