IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 21-30085-hdh-11 |
| NATIONAL RIFLE ASSOCIATION OF § | |
| AMERICA and SEA GIRT LLC, § | CHAPTER 11 |
| § | |
| Debtors.[1] § | Jointly Administered |

**DECLARATION OF JAMES SHEEHAN IN OPPOSITION TO DEBTORS' MOTION TO COMPEL AND IN SUPPORT OF THE STATE OF NEW YORK'S MOTION FOR <u>PROTECTIVE ORDER AND</u> <u>TO STAY RULE 30(b)(6) DEPOSITION</u>**

I, James Sheehan, pursuant to 28 U.S.C. § 1746, state:

1. I am a licensed attorney in good standing of the bars of the Supreme Court, Appellate Division, Third Judicial Department of the State of New York and of the Supreme Court of the Commonwealth of Pennsylvania. I am authorized pursuant to Bankruptcy Rule 9010 to appear in this Court under L.B.R. 2090-1(f) to represent the People of the State of New York, by Letitia James, Attorney General of the State of New York, who is a party in interest in this proceeding. I am the Bureau Chief of the Charities Bureau of the New York State Office of the Attorney General (the "**NYAG**"), a party in interest in the above-referenced bankruptcy case.

2. I submit this declaration in opposition to the Debtors' *Motion to Compel* and in support of the NYAG *Motion for a Protective Order and to Stay Rule 30(b)(6) Deposition* (the "**Motion**"). The Motion seeks relief from the *Notice of Intention to Take Oral Deposition of Corporate Representative(s) of the People of the State of New York* (the "Notice"), served on NYAG at 11:18 p.m. on March 9, 2021 by Debtors National Rifle Association of America (the "**NRA**") and Sea Girt LLC (together, the "**Debtors**"), which schedules a deposition of the

---

[1] The last four digits of the Debtors' taxpayer identification numbers are: 6130 (NRA) and 5681 (Sea Girt). The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.

**DECLARATION OF JAMES SHEEHAN– PAGE 1**

NYAG for March 23, 2021. A true and correct copy of the Notice is attached as **Exhibit A** to this declaration.

3. As the Bureau Chief of the NYAG's Charities Bureau, I have participated in the investigation and related legal proceedings involving the NRA. The NYAG's Charities Bureau is responsible for overseeing the NYAG's regulatory authority over and investigations of charities, including the NRA. Assistant attorneys general are assigned by me or by their section chiefs who report to me to conduct any necessary investigations themselves and represent the NYAG and the State of New York in any resulting legal proceedings.

4. The NYAG investigation into the NRA was conducted by attorneys assigned to the NYAG's Charities Bureau. Those same attorneys interviewed all witnesses, secured and reviewed all relevant information and data and ultimately drafted the complaint in *People of the State of New York by Letitia James, Attorney General of the State of New York v. The National Rifle Association of America, Inc. et al.,* New York County Supreme Court, Index No. 451625/2020 ("**NYAG Enforcement Action**"). Those same assistant attorneys general are representing the People of the State of New York in the NYAG Enforcement Action. They are also counsel for the NYAG in this bankruptcy case.

5. The NYAG Enforcement Action is based upon information obtained from the NRA, its current and former officers, directors and employees, its official filings, vendors and affiliated entities, and other witnesses and outside data sources.

6. At the request of the NRA and the four current and former NRA officers sued in the NYAG Enforcement Action, the NYAG turned over its complete discoverable investigatory file (the "**Investigatory File**") in February 2021. Specifically, copies of examination transcripts and exhibits were produced on February 10, 2021. The bulk of the remaining discoverable

**DECLARATION OF JAMES SHEEHAN– PAGE 2**

Investigatory File was produced on February 18, 2021, with a small number of remaining documents produced on February 25, 2021.

7. At the request of one of the two firms serving as bankruptcy counsel for the NRA herein, the NYAG again produced the entire Investigatory File as well as additional documents on March 12, 2021.

8. The NYAG attorneys who have conducted the investigation into NRA and Debtors, including myself, are attorneys of record in this bankruptcy case and are the attorneys who continue to vigorously pursue the NYAG Enforcement Action. These attorneys are the only persons with sufficient knowledge to attempt to answer the topics identified in the Notice and the allegations contained in the NYAG Enforcement Complaint and the Motion to Dismiss. There are no officers, directors, or managing agents of the Attorney General's office other than attorneys involved in overseeing the pending litigation. Thus, there is no non-attorney employee of NYAG who could presently act as a corporate representative for a Federal Rule of Civil Procedure 30(b)(6) deposition.

9. I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on this day March 17, 2021

*/s/ James Sheehan*
_____
James Sheehan, Esq.

**DECLARATION OF JAMES SHEEHAN– PAGE 3**

DA 2098796.1

## **EXHIBIT A**

| | |
|---|---|
| **NELIGAN LLP**<br>PATRICK J. NELIGAN, JR.<br>State Bar. No. 14866000<br>DOUGLAS J. BUNCHER<br>State Bar No. 03342700<br>JOHN D. GAITHER<br>State Bar No. 24055516<br>325 North St. Paul, Suite 3600<br>Dallas, Texas 75201<br>Telephone: 214-840-5333<br>Facsimile: 214-840-5301<br>pneligan@neliganlaw.com<br>dbuncher@neliganlaw.com<br>jgaither@neliganlaw.com<br>**Co-Counsel for Debtors and Debtors-in-Possession** | **GARMAN TURNER GORDON LLP**<br>GREGORY E. GARMAN<br>Nevada Bar No. 6654 (admitted *pro hac vice*)<br>Email: ggarman@gtg.legal<br>WILLIAM M. NOALL<br>Nevada Bar No. 3549 (admitted *pro hac vice*)<br>E-mail: wnoall@gtg.legal<br>DYLAN T. CICILIANO<br>Nevada Bar No. 12348 (*pro hac vice* pending)<br>Email: dciciliano@gtg.legal<br>7251 Amigo Street, Suite 210<br>Las Vegas, Nevada 89119<br>Telephone: 725-777-3000<br>Facsimile: 725-777-3112<br>**CO-COUNSEL FOR DEBTORS AND DEBTORS-IN-POSSESSION** |
| **BREWER, ATTORNEYS & COUNSELORS**<br>Sarah B. Rogers (admitted *pro hac vice*)<br>750 Lexington Avenue, Floor 14<br>New York, NY 10022<br>Telephone: 212-489-1400<br>Facsimile: 212-751-2849<br>sbr@brewerattorneys.com<br><br>**PROPOSED SPECIAL LITIGATION COUNSEL FOR DEBTORS AND DEBTORS-IN-POSSESSION** | |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | CHAPTER 11 |
| NATIONAL RIFLE ASSOCIATION OF AMERICA and SEA GIRT LLC, | § § § § | CASE NO. 21-30085-hdh11 |
| DEBTORS[1] | § § § | JOINTLY ADMINISTERED |

**NOTICE OF INTENTION TO TAKE ORAL DEPOSITION OF CORPORATE REPRESENTATIVE(S) OF THE PEOPLE OF THE STATE OF NEW YORK**

---

[1] The last four digits of the Debtors' taxpayer identification numbers are: 6130 (National Rifle Association of America) and 5681 (Sea Girt LLC).

TO:   PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, NYAG OF THE STATE OF NEW YORK, OFFICE OF THE NYAG OF THE STATE OF NEW YORK

C/O GERRIT M. PRONSKE, ERIC M. VAN HORN, AND JASON P. KATHMAN, SPENCER FANE LLP

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable by Rules 9014, 7026, and 7030 of the Federal Rules of Bankruptcy Procedure, debtors and debtors-in-possession National Rifle Association of America and Sea Girt LLC (the "Debtors"), by and through their attorneys, will take the oral deposition of the corporate representative(s) of the People of the State of New York, by Letitia James, Attorney General of the State of New York (the "Attorney General" or "You"), for the purposes of discovering matters relevant to Your Motion to Dismiss, or, in the Alternative, to Appoint a Chapter 11 Trustee and Your Brief in Support (collective, the "**NYAG Dismissal Motion**") and Ackerman McQueen Inc.'s Motion to Dismiss the Chapter 11 Bankruptcy Petition, or, in the Alternative, Motion for the Appointment of Chapter 11 Trustee, and Brief in Support (the "**Ackerman Dismissal Motion**"). The deposition shall begin on **March 23, 2021, at 8:00 a.m. (CST)**, or such other day and time as the Debtors may agree to in writing.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the NYAG shall designate an individual corporate representative or representatives to testify on the matters attached hereto as **Attachment A.** Debtors request that the NYAG provide written notice, at least five business days in advance of the deposition of: (1) the name(s) or each designee who will testify on behalf of the NYAG; (2) the job title of each such person; and (3) the topic(s) set forth in **Attachment A** upon which each such person will testify.

**PLEASE TAKE FURTHER NOTICE** that the above and foregoing deposition will: (1) take place before a notary public; (b) be recorded by stenographic tape recording device and videotaped; an (c) be continued only upon agreement of all counsel and/or parties present.

**The deposition will be taken** remotely via an only platform due to the ongoing COVID-19 pandemic such that no one will need to be in the same location as anyone else in order to participate in the deposition by use of Zoom, Microsoft Teams, Skype, Webex, or other video conferencing software.  Parties who wish to attend the deposition should contact FIRST NAME LAST NAME, FIRM, EMAIL ADDRESS <u>**no fewer than 48 hours before the start of the deposition**</u> for more information regarding participation in this deposition remotely.

Dated: March 9, 2021
          Respectfully submitted,

/s/ *Gregory E. Garman*

Gregory E. Garman
Nevada Bar No. 6654, (admitted *pro hac vice*)
William M. Noall
Nevada Bar No. 3549, (admitted *pro hac vice*)
Dylan T. Ciciliano
Nevada Bar No. 12348, (*pro hac vice* pending)
**GARMAN TURNER GORDON LLP**
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
T: 725-777-3000 / F: 725-777-3112
ggarman@gtg.legal
wnoall@gtg.legal
ghamm@gtg.legal

*Co-Counsel for Debtors*

Sarah B. Rogers (admitted *pro hac vice*)
sbr@brewerattorneys.com
**BREWER, ATTORNEYS & COUNSELORS**
750 Lexington Avenue, Floor 14
New York, New York 10022
Telephone: (212) 489-1400
Facsimile: (212) 751-2849

*Proposed Special Litigation Counsel for Debtors*

# ATTACHMENT A

# DEFINITIONS

For purposes of these topics on which deposition testimony is sought, the following definitions shall apply. These definitions are to be construed in the broadest sense with reference to the Federal Rules of Bankruptcy Procedure and the Federal Rules of Civil Procedure.

1. "AMc" shall mean Ackerman McQueen, Inc., and all other persons acting or purporting to act with, for, or on its behalf, including, but not limited to, consultants, advisors, attorneys, or any person acting in an advisory or consulting capacity including, but not limited to, any subsidiary or other entity affiliated with Ackerman, including, but not limited to, Mercury Group, Inc.

2. "Andrew Cuomo" shall mean Andrew M. Cuomo, Governor of the State of New York, in both his official and individual capacities.

3. "Communications" shall mean any oral, written, or recorded utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, emails, text messages, conversations, facsimiles, letters, telegrams, cables, telexes, dialogues, discussions, negotiations, interviews, consultations, telephone calls, agreements, and other understandings, among two or more persons. The term "Communication(s)" includes written summaries of any of the foregoing Communications. Drafts of Communications—including unsent drafts which may or may not have been sent to or received by another person and hence may not thus have been "among two or more persons"—are encompassed by the term "Communication(s)."

4. "Everytown" shall mean Everytown for Gun Safety Action Fund, Inc., and any affiliated entities, e.g. Moms Demand Action for Gun Sense in America.

5. "Linda Lacewell" shall mean Linda A. Lacewell, Superintendent of the New York State Department of Financial Services, in both her official and individual capacities.

6. "Maria Vullo" shall mean Maria T. Vullo, former Superintendent of the New York State Department of Financial Services, in both her official and individual capacities.

7. "Motion Memorandum" shall mean The State of New York's Motion to Dismiss, or, in the Alternative, to Appoint a Chapter 11 Trustee [ECF No. 155], and supporting papers, including (1) The State of New York's Memorandum of Law and Brief in Support of Motion to Dismiss, or, in the Alternative, to Appoint Chapter 11 Trustee and (2) Appendix to the State of New York's Motion to Dismiss, or, in the Alternative, to Appoint Chapter 11 Trustee, [ECF No. 156].

8. "NRA" shall mean the National Rifle Association of America and any person acting, or who has so acted, on its behalf, including, but not limited to, any of its agents, representatives, officers, directors, employees (current and former), independent

**NOTICE OF INTENTION TO TAKE ORAL DEPOSITION OF CORPORATE REPRESENTATIVE(S)**            5 of 9
**OF THE PEOPLE OF THE STATE OF NEW YORK**

9. "NYAG-NRA Investigation" means Your investigation of the NRA prior to Your commencement of the NYAG State Lawsuit, whether formally or informally initiated, discussed, commenced, conceived, etc., including the investigation commencing with the NYAG's document preservation notice sent to the NRA on April 26, 2019.

10. "NYAG State Lawsuit" shall mean the lawsuit brought by You against the NRA and others in the Supreme Court of the State of New York styled *People of the State of New York, by Letitia James, Attorney General of the State of New York v. The National Rifle Association of America, Inc., et. al.*, Index No. 451625/2020.

11. "Regarding" shall mean regarding, relating to, concerning, reflecting, referring to, having a relationship to, pertaining to, identifying, containing, pertinent to, comprising, setting forth, showing, disclosing, describing, explaining, summarizing, evidencing, or constituting, directly or indirectly, in whole or in part, or to be otherwise factually, legally, or logically connected to, the subject matter of the particular Request.

12. "RSM" shall mean RSM US LLP, the firm that conducted outside audits of the NRA's financials through 2018.

13. "You" or "Your" shall mean the People of the State of New York, by Letitia James, Attorney General of the State of New York, and all other persons acting or purporting to act with, for, or on its behalf, including, but not limited to, consultants, advisors, attorneys, or any person acting in an advisory or consulting capacity, including, but not limited to other agencies, offices, departments, or divisions of the State of New York or their constituent personnel.

## TOPICS ON WHICH DEPOSITION TESTIMONY IS SOUGHT

1. The name and role of each designated 30(b)(6) witness for response to each of the numbered paragraphs herein, the name and role of each person who participated in the selection and preparation of each 30(b)(6) witness, the document reviews undertaken to prepare for this examination, and whether the designated witness is able to testify about all the information known or readily available to the NYAG about each of the topics in the 30(b)(6) notice.

2. The factual basis for Your contention that "LaPierre[] and his lieutenants[] siphon[ed] [] tens of millions of dollars out of the NRA to use for their own purposes," including (i) the identity of each "lieutenant" referenced, (ii) the factual basis for your contention, if applicable, that the conduct alleged to constitute "siphoning" was authorized, aided or abetted by current NRA management, and (iii) the transaction(s) in which funds were allegedly "siphoned."

3. The identity of each transaction or relationship ratified by the Audit Committee pursuant to N-PCL § 715(j) for which You contend that the Audit Committee's ratification failed to satisfy the requirements of § 715(j), and the factual basis for such contention.

4. The "ample evidence of fraud, dishonesty, incompetency and gross mismanagement of the NRA's affairs" which you alleged existed at the time You filed the Motion Memorandum, including the facts and circumstances surrounding each instance of alleged fraud, dishonesty, incompetency or gross mismanagement.

5. Each "lucrative contract" between the NRA and any "insider[] [or] entit[y] providing personal benefits to the LaPierres" which You contend was awarded without proper review or authorization, and the factual basis for Your contention.

6. If You contend that the NRA's executive vice president, general counsel, and/or treasurer receive any excessive or improper compensation, the factual basis for such contention.

7. The factual basis for Your contention, if applicable, that the NRA failed to correct, or pursue correction of, the excess benefits disclosed on its 2019 Form 990.

8. The factual basis for Your contention that the NRA fails or has failed to protect whistleblowers, or suppresses or has suppressed whistleblower reports, including, without limitation, the factual basis for Your contention that "NRA personnel . . . took affirmative steps to conceal the nature and scope of the NRA whistleblowers' concerns from its external auditors."

9. The factual basis for Your contention that Wilson Phillips "was awarded," by the NRA, the post-employment consulting contract described in Paragraph 81 of the Motion Memorandum.

10. The identity of each NRA executive whom You contend "lack[s] honesty and care in their oversight of the NRA's charitable assets" and the factual basis for such contention.

11. If You contend that the NRA, or any individual NRA executive, was aware of, directed, or was party to any "informal agreement" concerning any allegedly-improper expense invoiced by AMc, the factual basis for Your contention.

12. The factual basis for each of Your contentions, in the NYAG State Lawsuit, regarding RSM, including, without limitation, Your contentions that: (i) RSM was not present for, nor invited to participate in, the July 30, 2018, Audit Committee meeting; (ii) none of the NRA personnel interviewed by RSM reported any instances of whistleblowing or "suspicious activity" to RSM; (iii) the Audit Committee "failed to exercise the requisite level of oversight or accountability" with respect to RSM; (iv) the Audit Committee "itself failed to communicate essential information to RSM that may have materially impacted the quality of the audit; (v) RSM "was not aware that Ackerman was covering substantial expenses" which were invoiced to the NRA; and (vi) an RSM audit partner claimed that his team was unaware of the Top Concerns Memo while the 2018 Audit was ongoing, and

likely would have performed additional audit testing around certain transactions if it were made aware.

13. Your Communications with the following persons (including, without limitation, Communications with counsel or agents acting under the supervision on the behalf of such person(s)) Regarding the NYAG-NRA Investigation: Andrew Cuomo; Maria Vullo; Linda Lacewell; Everytown; AMc.

14. The factual basis for Your contention that the NRA's retention and/or compensation of outside counsel "serve[s] as evidence of gross mismanagement" including, without limitation, the factual basis for Your contentions that: the NRA (i) improperly made payments to outside counsel without consideration of the factors set forth in NYPMIFA 552(e)(1); and (ii) the NRA's compensation of outside counsel was "exorbitant."

15. The factual basis for Your contention that any air travel expense was incurred by the NRA on the behalf or at the behest of Wayne LaPierre or his family, and lacked a proper business or security justification, including, for each transfer, the date of each expense, the person(s) incurring such expense, and the destination or location of such expense.

16. The factual basis for Your decision to seek dissolution of the NRA including, without limitation, the factual basis for Your disparate enforcement approach to the NRA vis-à-vis the following not-for-profit entities:

- NARAL Pro-Choice NY[2]
- Richenthal Foundation[3]
- Grand Marnier Foundation[4]
- Rochester Association of Paraprofessionals[5]
- Praxis Housing Initiative[6]
- Gloria Wise Community Center[7]
- Marcus Garvey Nursing Home and Ruby Weston Manor[8]
- Thoroughbred Retirement Foundation[9]
- National Arts Club[10]

---

[2] https://ag.ny.gov/press-release/2014/office-attorney-general-announces-settlement-former-naral-president-who-siphoned
[3] https://ag.ny.gov/press-release/2018/acting-ag-underwood-announces-settlement-self-dealing-trustee-private-foundation
[4] https://philanthropynewsdigest.org/news/new-york-attorney-general-wins-1.5-million-in-grand-marnier-settlement
[5] https://ag.ny.gov/press-release/2003/monroe-county-grand-jury-charges-ex-union-president
[6] https://ag.ny.gov/press-release/2005/state-settles-former-officers-and-counsel-nyc-hivaids-non-profit
[7] https://ag.ny.gov/press-release/2006/not-profit-agrees-governance-reforms-and-restitution
[8] https://ag.ny.gov/press-release/2012/ag-schneiderman-recovers-871000-self-dealing-former-ceo-marcus-garvey-nursing
[9] https://ag.ny.gov/press-release/2013/ag-schneiderman-announces-settlement-lawsuit-against-thoroughbred-retirement
[10] https://ag.ny.gov/press-release/2013/ag-schneiderman-obtains-950k-settlement-former-national-arts-club-leaders-years

- Educational Housing Services, Inc.[11]
- Therapy and Learning Center, Inc.[12]
- Metropolitan Council on Jewish Poverty[13]
- Society for Propagation of the Faith[14]
- Glad Tidings Tabernacle, Inc.[15]
- Regional Aid for Interim Needs, Inc.[16]
- Victor E. Perley Fund[17]
- Homeland Foundation, Inc.[18]
- New York Legal Assistance Group, Inc.[19]

17. Your intention to "distribute [the NRA's] remaining and future assets" as set forth in paragraph 574 of the NYAG State Lawsuit, including, without limitation, the specific entities or uses to which You seek to seek to allocate the NRA's assets.

---

[11] https://ag.ny.gov/press-release/2012/ag-schneiderman-obtains-55-million-settlement-self-dealing-leading-not-profit
[12] https://ag.ny.gov/press-release/2013/ag-schneiderman-secures-240k-head-brooklyn-pre-school-settling-charges-self
[13] https://ag.ny.gov/press-release/2013/ag-schneiderman-comptroller-dinapoli-announce-agreement-met-council-restore
[14] https://ag.ny.gov/press-release/2014/ag-schneiderman-recovers-1m-embezzled-catholic-missionary-group-former-cfo
[15] https://ag.ny.gov/press-release/2014/ag-schneiderman-announces-17-m-settlement-nyc-church-after-pastors-take-illegal
[16] https://ag.ny.gov/press-release/2015/ag-schneiderman-announces-800000-settlement-bronx-nonprofit-diverted-money
[17] https://ag.ny.gov/press-release/2015/ag-schneiderman-announces-1025-million-settlement-trustees-nonprofit-squandered
[18] https://ag.ny.gov/press-release/2015/ag-schneiderman-announces-43-million-settlement-former-leaders-new-york-city
[19] https://ag.ny.gov/press-release/2017/ag-schneiderman-announces-settlement-lawsuit-against-yisroel-schulman-former