| | |
|---|---|
| **NELIGAN LLP**<br>PATRICK J. NELIGAN, JR.<br>State Bar No. 14866000<br>DOUGLAS J. BUNCHER<br>State Bar No. 03342700<br>JOHN D. GAITHER<br>State Bar No. 24055516<br>325 North St. Paul, Suite 3600<br>Dallas, Texas 75201<br>Telephone: 214-840-5333<br>Facsimile: 214-840-5301<br>pneligan@neliganlaw.com<br>dbuncher@neliganlaw.com<br>jgaither@neliganlaw.com<br>*Counsel for Debtors and*<br>*Debtors-in-Possession* | **GARMAN TURNER GORDON LLP**<br>GREGORY E. GARMAN<br>Nevada Bar No. 6654, admitted *pro hac vice*<br>Email: ggarman@gtg.legal<br>GABRIELLE A. HAMM<br>Texas Bar No. 240401047<br>Email: ghamm@gtg.legal<br>TERESA M. PILATOWICZ<br>Nevada Bar No. 9605, admitted *pro hac vice*<br>Email: tpilatowicz@gtg.legal<br>DYLAN CICILIANO<br>Nevada Bar No. 12348, admitted *pro hac vice*<br>E-mail: dciciliano@gtg.legal<br>7251 Amigo Street, Suite 210<br>Las Vegas, Nevada 89119<br>Telephone: 725-777-3000<br>Facsimile: 725-777-3112<br>*Counsel for Debtors and*<br>*Debtors-in-Possession* |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | CHAPTER 11 |
| NATIONAL RIFLE ASSOCIATION OF AMERICA and SEA GIRT LLC, | § § § | CASE NO. 21-30085-hdh11 |
| DEBTORS[1] | § § § | Jointly Administered |

### DEBTORS' EMERGENCY MOTION FOR PROTECTIVE ORDER RE: NYAG'S NOTICE OF INTENTION TO TAKE DEPOSITION OF GAYLE STANFORD

The National Rifle Association of America ("NRA") and Sea Girt LLC ("Sea Girt" and, together with NRA, the "Debtors"), debtors and debtors-in-possession, hereby submit this emergency Motion (the "Motion") for a protective order with respect to the *Notice of Intent to Take Oral Deposition of the Gayle Stanford* (the "Notice") served by the People of the State of New York, by Letitia James, Attorney General of the State of New York (the "NYAG") via e-

---

[1] The last four digits of the Debtors' taxpayer identification numbers are: 6130 (Association) and 5681 (Sea Girt).

mail at 11:50 CDT on March 18, 2021, scheduling the deposition (the "Stanford Deposition") of Gayle Stanford ("Mrs. Stanford") on March 25, 2021 at 9:00 a.m PST [*sic*].

This Motion is made upon the memorandum of points and authorities set forth below, the declaration of Dylan Ciciliano (the "Ciciliano Decl."), filed concurrently herewith, the pleadings, papers, and other records on file with the clerk of the above-captioned Court, judicial notice of which is hereby respectfully requested under Federal Rule of Evidence 201, and the evidence and argument of counsel entertained by the Court at the time of the trial on the motions.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### INTRODUCTION

The NYAG has filed the NYAG Dismissal Motion[2] seeking the extreme remedies of either dismissing the Debtors' Chapter 11 Cases or appointing a trustee. The NYAG Dismissal Motion was set on an accelerated timeline with trial scheduled to commence on March 29, 2021 with deposition discovery to be completed in the preceding two weeks. In order to accommodate this time frame, the Debtors sought to, and did, reach an extensive Discovery Agreement on discovery parameters specifically addressing deposition limits. The Discovery Agreement limited the Movants (and other parties to the Discovery Agreement) to seven depositions. The Movants have already exceeded that limit by noticing the deposition of the Hon. Phillip Journey, to which the Debtors have now agreed. The NYAG now seeks to notice a *ninth deposition* on March 25, 2021 on an already congested discovery schedule and just two business days before the parties are set to commence trial. The *ninth deposition* is of an "unregistered travel agent" who was paid by Movant Ackerman McQueen ("Ackerman") and NRA related to travel expenses. Ms. Stanford's involvement with the NRA has been by known by the NYAG and was

---

[2] Capitalized terms in this Introduction shall have those meanings ascribed to them within this Motion.

even reported on by the Wall Street Journal and other media outlets in 2019. The NYAG could have noticed Ms. Stanford's deposition as one of its *seven* depositions, however it did not, and cannot now end run the parties' agreement.

The Notice violates the Parties' Discovery Agreement and would improperly, inefficiently divert the Debtors' counsel and the Debtors' resources on the eve of trial. Therefore, the Debtors are entitled to a protective order prohibiting the Stanford Deposition from proceeding.

## II.
## JURISDICTION

1. On January 15, 2021 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned cases (the "Chapter 11 Cases").

2. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408(1) and (2) and 1409(a).

3. The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court.

## III.
## FACTUAL BACKGROUND

**A.    The Dismissal Motions and Parties Agreement.**

4. On February 12, 2021, the NYAG filed its *Motion to Dismiss, or, in the Alternative, to Appoint a Chapter 11 Trustee* [Docket No. 155] (the "NYAG Dismissal Motion"), which has been scheduled for an evidentiary hearing on March 29, 30, and 31, and April 5, 6, and 7.

5. The NYAG, Ackerman (the NYAG and Ackerman are collectively referred to as the "Movants"),[3] and the Debtors (collectively with the Movants, the "Parties") agreed to certain expedited discovery procedures and limitations in connection with the Dismissal Motions.

6. On or about February 26, 2021, the Parties entered into a formal discovery agreement (the "Discovery Agreement") which, at the insistence of the NYAG, was not filed with the Court.

7. Among other things, the Parties agreed that the NYAG and AMc, as Movants, would be permitted to conduct a maximum of seven depositions[4] to comprise (1) Wayne LaPierre, (2) John Frazer, (3) Woody Phillips, (4) Craig Spray, (5) Carolyn Meadows, (6) Sonya Rowling, and (7) one 30(b)(6) deposition of the NRA. Moreover, the Parties agreed that depositions may be noticed to occur upon at least seven (7) days' notice. Importantly, by including Mr. Phillips (who retired from the NRA in 2018 and has long been represented by separate counsel), the Discovery Agreement explicitly affirmed that Movants' seven-deposition allowance encompassed not only party witnesses, but third parties as well.

8. Since entering into the Discovery Agreement, the Parties have actively engaged in written discovery and have had near daily meet and confers with respect to discovery issues and scheduling. These discussions included the scheduling of the proposed seven depositions discussed in the Discovery Agreement.

. . .

---

[3] Ackerman filed its *Ackerman McQueen Inc.'s Motion to Dismiss the Chapter 11 Bankruptcy Petition, or, in the Alternative, Motion for the Appointment of a Chapter 11 Trustee, and Brief in Support* [Docket No. 131] (the "AMc Dismissal Motion" and, together with the NYAG Dismissal Motion, the "Dismissal Motions") on February 10, 2021.

[4] The limit of seven depositions clearly contemplated former employees, outside directors and others not represented by the same counsel as the Debtors and explicitly contemplates depositions of directors.

B. **The NYAG Notices an *Eighth* and *Ninth* Deposition in Violation of the Discovery Agreement.**

9. On March 10, 2021, the NYAG served a notice purporting to schedule the deposition of the Hon. Phillip Journey ("Judge Journey") on just 26 hours' notice and as an eighth deposition in violation of the Parties' Discovery Agreement. The Debtors were forced to file a request for protective order the next day in advance of the deposition. Ultimately, the Parties resolved the dispute and agreed to a deposition of Judge Journey to occur on March 18, 2021.

10. Then, on March 18, 2021, the NYAG revealed that it now wished to take a *ninth deposition* and would be serving a notice of the deposition of Mrs. Stanford for March 25, 2021, the second to last business day before trial is set to commence, and on the same day that the Debtors have already noticed the deposition of the Rule 30(b)(6) witness of Ackerman.

11. The Debtors raised their objections to the Stanford Deposition immediately upon receiving notice that the deposition was being scheduled through a phone call with the NYAG on March 18, 2021.

12. The Debtors and the NYAG had a further meet and confer on the evening of March 19, 2021 (the "Meet and Confer") but the Debtors and NYAG were unable to reach an agreement regarding the Stanford Deposition during the Meet and Confer.

## IV.
## LEGAL ARGUMENT AND ANALYSIS

A. **Standard for Entry of a Protective Order.**

13. Fed. R. Civ. P. 26, made applicable to the Dismissal Motions through Fed. R. Bank. P. 9014, provides:

> A party or any person from whom discovery is sought may move
> for a protective order in the court where the action is pending—or

> as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…

Fed. R. Civ. P. 26(c).

14. In this case, in order to avoid any confusion and set the ground rules for the expedited and intensive discovery schedule on the Dismissal Motions, the Parties entered into the Discovery Agreement, which provided that the Parties were limited to seven depositions on each side. Here, ignoring those limits, the NYAG now seeks to notice a *ninth deposition* on March 25, 2021.

**B.    A Protective Order is Necessary as the Notice Violates the Parties' Discovery Agreement and Places an Undue Burden on Debtors.**

**1. The Notice Exceeds the Agreed Deposition Limits By Adding a *Ninth Deposition* by Movants on an Already Congested Schedule.**

15. Given the short time frame to complete discovery on the Dismissal Motions, the Parties expressly agreed to limit the Parties to seven depositions on each side (including two that would exceed the hour limits under the rules). In connection with the Discovery Agreement, the NYAG provided the seven witnesses it intended to depose and provided proposed scheduling for the same. The Debtors have been working diligently to accommodate the NYAG's and Ackerman's requested schedule. Indeed, the Debtors ultimately agreed to accommodate an eighth deposition of Judge Journey on March 18, 2021 despite that it exceeded the agreed upon limits. However, the NYAG now seeks to take a *ninth deposition*, which is a violation of the Discovery Agreement. Critically, the Discovery Agreement was designed to permit parties to timely obtain the information necessary for the Dismissal Motions. The existence of Ms.

Stanford was known for years before the Discovery Agreement was executed and could have been identified as one of the persons that the Movants sought to depose. They chose not to do so and have not demonstrated any good faith for their omission. Even if they could, as further set forth below, this last-minute request for yet another deposition is prejudicial and creates and undue burden for Debtors. There, a protective order is necessary.

> **2. The Failure to Abide by the Discovery Agreement is Prejudicial to the Debtors as it Creates an Undue Burden on Debtors.**

16. In addition to being in direct violation of the Discovery Agreement, the Notice serves to significantly prejudice the Debtors. As this Court is aware, the Parties have been operating on a condensed timeline in order to move the Dismissal Motions to hearing. In connection therewith, the Movants have already scheduled eight depositions over a two-week period, which Debtors have worked to accommodate. These are on top of the four deposition that Debtors themselves have scheduled (but at least two of which the Movants have objected necessitating additional motion practice further distracting the Debtors from the Dismissal Motions). Seemingly by design, the Movants have moved all of the depositions requested of their representatives to the last week before trial. They now seek to add yet another deposition seeking to divert the Debtors' efforts toward trial prep, notwithstanding that Ms. Stanford's identify has been known to the NYAG for well over two years.

17. The Debtors designed the schedule to ensure that sufficient resources were available in the days leading up to trial to complete preparations which necessarily meant limiting the depositions toward the end of the week of March 22, 2021. The Debtors have already accommodated a request from Ackerman to move one of the depositions of its executive, William Winkler, to March 25, 2021. The NYAG now seeks to add yet another deposition into the schedule (already in excess of the Discovery Agreement) that will serve to deprive the

Debtors of the time necessary to preparing their case. The NYAG should not be permitted to exhaust the Debtors' resources to the Debtors' detriment when the Parties spent significant time negotiating and implementing the Discovery Agreement to prevent these very disputes. Therefore, a protective order is necessary.

## V.
## CONCLUSION

The Notice is wholly improper as it violates the Parties' Discovery Agreement and any notions of justice and fair play thereby serving to unduly burden the Debtors. Therefore, the Debtors request:

A.    That this Court issue a protective order prohibiting the improperly noticed deposition of Mrs. Stanford from proceeding; and

B.    Granting such other and further relief as may be just and proper.

Dated: March 22, 2021          Respectfully submitted,

*/s/ Gabrielle A. Hamm*
Patrick J. Neligan, Jr., SBN 14866000
Douglas J. Buncher, SBN 03342700
John D. Gaither, SBN 24055516
**NELIGAN, LLP**
325 North St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: 214-840-5333
Facsimile: 214-840-5301
pneligan@dneliganlaw.com
dbuncher@neliganlaw.com
jgaither@neliganlaw.com

Gregory E. Garman
Nevada Bar No. 6654, admitted *pro hac vice*
Gabrielle A. Hamm
Texas Bar No. 240401047
Teresa M. Pilatowicz
Nevada Bar No. 9605, admitted *pro hac vice*
Dylan Ciciliano
Nevada Bar No. 12348, admitted *pro hac vice*
**GARMAN TURNER GORDON LLP**
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
T: 725-777-3000 / F: 725-777-3112
ggarman@gtg.legal
ghamm@gtg.legal
tpilatowicz@gtg.legal
dciciliano@gtg.legal

Counsel for Debtors