# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| NATIONAL RIFLE ASSOCIATION OF AMERICA and SEA GIRT LLC, | § § § | CASE NO. 21-30085-hdh11 |
| | § | |
| DEBTORS[1] | § | Jointly Administered |
| | § | |

**DECLARATION OF DYLAN CICILIANO IN SUPPORT OF DEBTORS' RESPONSE IN OPPOSITION TO THE NYAG'S MOTION TO PRECLUDE DEBTORS FROM INTRODUCING CERTAIN EVIDENCE AND ELICITING CERTAIN TESTIMONY THEY HAVE SHIELDED FROM DISCOVERY BASED ON INAPPROPRIATE PRIVILEGE ASSERTIONS**

I, Dylan Ciciliano, state as follows under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am an attorney licensed to practice law in the State of Nevada and I am admitted *pro hac vice* to practice before this Court. I am an attorney with the law firm of Garman Turner Gordon LLP ("GTG"), co-counsel for the National Rifle Association of America and (the "NRA") Sea Girt LLC ("Sea Girt" and, together with the NRA, the "Debtors") in the above-captioned case.

2. I submit this declaration in support of Debtors' response in opposition (the "Opposition") to the *Motion to Preclude Debtors from Introducing Certain Evidence and Eliciting Certain Testimony They Have Shielded from Discovery Based on Inappropriate Privilege Assertions* (the "Motion") filed by The People of the State of New York, by Letitia James, Attorney General of the State of New York ("NYAG").

3. I have been directly involved in almost every aspect of discovery relating to the NYAG's *Motion to Dismiss or in the Alternative, to Appoint Chapter 11 Trustee* [ECF Nos.

---

[1] The last four digits of the Debtors' taxpayer identification numbers are 6130 (NRA) and 5681 (Sea Girt).

155/156/163] (the "NYAG Dismissal Motion") and the *Motion to Dismiss the Chapter 11 Bankruptcy Petition, or, in the Alternative, Motion for the Appointment of a Chapter 11 Trustee, and Brief in Support* [ECF No. 131] (the "AMc Dismissal Motion") filed by Ackerman McQueen, Inc. ("AMc"), along with the *Motion for Appointment of Examiner* [ECF No. 114] (the "Examiner Motion" or, collectively with the NYAG and AMc Dismissal Motions, the "Motions") filed by Hon. Phillip Journey ("Judge Journey"), a member of the NRA Board of Directors. Except as otherwise stated, I have personal knowledge of each of the facts stated in this Declaration, which are true and correct to the best of my knowledge, information, and belief. If called as a witness, I could and would testify as to the matters set forth herein.

4. On March 18, 2021, Hon. Phillip Journey ("Judge Journey") was deposed in connection with the Motions. A true and correct copy of excerpts of the transcript of Judge Journeys' deposition is attached to the Opposition as **Exhibit E**.

5. During a meet-and-confer teleconference on or about March 8, 2021, the NYAG's counsel suggested that the parties "might have a dispute" about the redactions to the Morgan Lewis BAC Memo, but to the best of my knowledge, NYAG counsel did not follow-up or make any attempt to ripen or resolve the potential dispute until March 23, 2021.

6. I heard nothing more from the NYAG regarding the Morgan Lewis BAC Memo until 4:32 p.m. (CDT) on March 23, 2021, when during a deposition I was defending I received a voicemail from Gerrit Pronske, NYAG counsel, stating he was calling "regarding some discovery sanctions that we're going to file today" and had to do a certificate of conference, and asking that I return his call quickly because he was planning on filing within the next hour.

7. Debtors have not blocked the NYAG from obtaining information relating to illegal excess benefit transactions to EVP LaPierre and other senior NRA executives during the course of discovery. As set forth below, the opposite is true.

8. On March 22, 2021, Monica Connell, NYAG counsel, sent an email requesting that Debtors supplement their production to include, among other things, "[d]ocuments that support the calculation of the excess benefit transactions identified in the NRA's 2019 IRS Form 990 including but not limited to the specific invoices from Gayle Stanford and her related entities which were used to calculate excess benefit transactions identified in the NRA's 2019 IRS Form 990" or identify relevant documents within their production. A true and correct copy of an email chain between Ms. Connell and me, beginning with Ms. Connell's March 22, 2021 email and ending on March 23, 2021, is attached to the Opposition as **Exhibit F**.

9. The following morning, on March 23, Debtors produced the requested documents. A true and correct copy of my March 23, 2021 email delivering the supplemental production is attached to the Opposition as **Exhibit G**.

10. In response to a further email from Ms. Connell regarding the documents on March 23, 2021, I told her that documents had already been produced and Debtors would further supplement their production with respect to other categories. *See* Ex. F.

11. Later on March 23, I provided "2019 NRA 990 highlights to Board of Director's meeting.docx" and "NRA 2019 990 Tax Return Comments.docx," attachments to emails that had either been separated or omitted from emails produced in discovery, to NYAG counsel Stephen Thompson. A true and correct copy of an email chain between Mr. Thompson and me, beginning on March 21, 2021 and ending on March 23, 2021 (without attachments) is attached to the Opposition as **Exhibit H**.

12. On March 24, 2021, I sent an email to Ms. Connell confirming that documents supporting the calculation of the excess benefit transactions identified in the NRA's 2019 IRS Form 990 requested in Ms. Connell's March 22 email were produced, and attached a spreadsheet identifying the Bates-ranges of the relevant documents. A true and correct copy of my March 24, 2021 email is attached to the Opposition as **Exhibit I.**

13. Later that evening, however, Ms. Connell sent an email with the same demands yet again. A true and correct copy of an email chain between Ms. Connell and me, beginning with Ms. Connell's March 24, 2021 email and ending on March 28, 2021 is attached to the Opposition as **Exhibit J**. In her email, Ms. Connell stated:

> We have been endeavoring, through demands and various witnesses, to obtain information regarding the amount of excess benefit transactions reported in the NRA's 2019 990 and taxes reported on the 4720s including specifically the documents that were relied upon to make those calculations and the manner of calculation. We have been met with assertions of privilege. This is unacceptable and we would like to meet and confer with regard to this issue as soon as possible.

14. On March 25, before I responded to Ms. Connell's latest email, Mr. Pronske advised the Court that the NYAG would be filing a motion for sanctions that same day. The Motion was filed the next day, on March 26.

15. Notwithstanding the filing of the NYAG's Motion, on March 28, 2021, I responded to Ms. Connell's March 24 email, again confirming that the requested documents had already been produced, including the spreadsheet that underlay the NRA's excess-benefit calculations for Mr. LaPierre in connection with the NRA's 2019 Form 990. Specifically, I advised Ms. Connell:

> Upon investigation, Debtors have produced the documents that form the basis of excess benefit transactions reported in the NRA's 2019 990 and taxes reported on the 4720, including relied upon invoices. Likewise, I've read transcripts where your co-counsel examined witnesses on those documents, including NRA-BK-00039547. I don't believe there is actually

>a dispute here. To the extent that you would still like to meet and confer, we'll be available tomorrow. Please propose a time.

*See* Ex. J.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

Dated: March 30, 2021                    By: */s/ Dylan T. Ciciliano*
                                              Dylan Ciciliano