# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| NATIONAL RIFLE ASSOCIATION OF AMERICA and SEA GIRT LLC, | § § § | CASE NO. 21-30085-hdh11 |
| | § | |
| DEBTORS[1] | § | Jointly Administered |
| | § | |

**DECLARATION OF GREGORY E. GARMAN IN SUPPORT OF DEBTORS' RESPONSE IN OPPOSITION TO THE NYAG'S MOTION TO PRECLUDE DEBTORS FROM INTRODUCING CERTAIN EVIDENCE AND ELICITING CERTAIN TESTIMONY THEY HAVE SHIELDED FROM DISCOVERY BASED ON INAPPROPRIATE PRIVILEGE ASSERTIONS**

I, Gregory E. Garman, state as follows pursuant to 28 U.S.C. § 1746:

1. I am an attorney licensed to practice law in the State of Nevada and I am admitted to practice before this Court. I am an attorney with the law firm of Garman Turner Gordon LLP ("GTG"), co-counsel for the National Rifle Association of America and (the "NRA") Sea Girt LLC ("Sea Girt" and, together with the NRA, the "Debtors") in the above-captioned case.

2. I submit this declaration in support of Debtors' response in opposition (the "Opposition") to the *Motion to Preclude Debtors from Introducing Certain Evidence and Eliciting Certain Testimony They Have Shielded from Discovery Based Upon Inappropriate Privilege Assertions* (the "Motion") filed by The People of the State of New York, by Letitia James, Attorney General of the State of New York ("NYAG").

---

[1] The last four digits of the Debtors' taxpayer identification numbers are 6130 (NRA) and 5681 (Sea Girt).

3. Except as otherwise stated, I have personal knowledge of each of the facts stated in this Declaration, which are true and correct to the best of my knowledge, information, and belief. If called as a witness, I could and would testify as to the matters set forth herein.

4. A privileged executive session of the NRA Board of Directors was held on Sunday, March 28, 2021. After receiving legal advice from Debtors' counsel in these chapter 11 cases—Garman Turner Gordon LLP and Neligan LLP—the overwhelming majority of members of the Board of Directors in attendance adopted a resolution approving and ratifying the filing of the Chapter 11 cases.

5. I called NYAG counsel Gerrit Pronske on March 23, 2021 following his 4:32 p.m. (CDT) voicemail to Mr. Ciciliano, seeking to understand and resolve whatever issue the NYAG deemed sanctionable. Mr. Pronske advised me that the NYAG demanded one or more purported "reports" prepared by Morgan Lewis or other counsel. We discussed the terms of a resolution of the dispute, and on behalf of Debtors, I proposed producing the actual Morgan Lewis BAC Memo in unredacted form, subject to an agreement that the NYAG would not contend that Debtors' production effected a subject-matter waiver.

6. On March 24, 2021, Mr. Pronske sent an email documenting proposed terms for resolving the discovery dispute, a true and correct copy of which is attached to the Opposition as **Exhibit K**. However, the provision that the NRA provide a list of "any other reports/opinions/assessments/reviews, formal or informal given to the NRA regarding compliance, governance or remediation issues" no later than 5:00 p.m. the following day was not consistent with my understanding or recollection of the terms discussed by phone a short while before. I responded within twenty minutes, stating that preparing a list of all advice given to the NRA concerning compliance, governance and/or remediation, formal or informal, written or unwritten,

would be not merely burdensome, but impossible, and inviting further discussion.  I did not receive a response.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

Dated: March 30, 2021                                    By:  /s/  Gregory E. Garman
                                                                        Gregory E. Garman