# EXHIBIT C

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | CHAPTER 11 |
| NATIONAL RIFLE ASSOCIATION OF AMERICA and SEA GIRT LLC | § § § § | CASE NO. 21-30085-hdh11 |
| DEBTORS[1] | § | JOINTLY ADMINISTERED |

### DECLARATION OF JOHN C. FRAZER IN SUPPORT OF DEBTORS' OPPOSITION TO THE STATE OF NEW YORK'S MOTION TO PRECLUDE DEBTORS FROM INTRODUCING CERTAIN EVIDENCE AND ELICITING CERTAIN TESTIMONY THEY HAVE SHIELDED FROM DISCOVERY BASED ON INAPPROPRIATE PRIVILEGE ASSERTIONS

I, John C. Frazer, pursuant to 28 U.S.C. § 1746, state:

1. I am the Secretary and General Counsel of the National Rifle Association of America (the "NRA" or the "Association"). I have served as General Counsel since January 2015. In my capacity as General Counsel, I have supervised outside counsel, including the firm of Morgan, Lewis & Bockius LLP ("Morgan Lewis"). I am familiar with the subject matter and scope of work performed by Morgan Lewis for the NRA.

2. The State of New York's Motion to Preclude Debtors From Introducing Certain Evidence and Eliciting Certain Testimony They Have Shielded From Discovery Based On Inappropriate Privilege Assertions (the "Motion") asserts that: "NRA claims that it retained Morgan Lewis to do a complete review of the governance of the NRA to ensure NRA was in compliance with New York's not-for-profit laws and Morgan Lewis issued a report confirming it

---

[1] The last four digits of the Debtors' taxpayer identification numbers are: 6130 (NRA) and 5681 (Sea Girt). The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.

was (the 'Morgan Lewis Report')."[2]  This is false on multiple levels: the NRA has made no such claim, and no such "Report" exists.

3. During the period from mid-2017 to early 2020, Morgan Lewis was engaged to provide tax and nonprofit governance advice to the NRA. During the course of this engagement, in response to concerns asserted by Lt. Col. Oliver North regarding the authority of management to retain Brewer, Attorneys & Counselors ("BAC"), the NRA sought legal advice from Morgan Lewis regarding the validity of BAC's engagement. Morgan Lewis set forth its advice in a memorandum dated March 21, 2019 (the "Morgan Lewis BAC Memo").

4. The Morgan Lewis BAC Memo was a discrete assignment that arose from an unusual dispute within the NRA over a very specific issue: the authority of management to engage outside legal counsel on behalf of the Association. Although Morgan Lewis performed other governance-related work for the NRA, the subject matter of such work was disimilar from that of the Morgan Lewis BAC Memo. The Morgan Lewis BAC Memo is the only written opinion of its kind, and represents the only instance in which the NRA sought legal advice from Morgan Lewis on the topic raised therein: namely, management authority to engage an outside vendor pursuant to applicable NRA policies and applicable law.

5. In addition to the purported "Morgan Lewis Report," the Motion asserts that the NRA "seeks to affirmatively use . . . addition[al] [] report(s) and advice obtained from other third party entitites (including K&L Gates) . . . that provided tax advice concerning illegal excess benefit transactions (collectively the 'Reports')."[3] To the best of my knowledge, the NRA has never sought tax advice from K&L Gates regarding illegal excess benefit transactions; certainly, K&L

---

[2] Motion at 6.

[3] *Id.*

Gates has never issued a report, opinion letter, memorandum, or similar document to the NRA on this topic.

6. Separately, the Motion contends, "Mr. Frazer . . . was not present at the Executive Session where Mr. LaPierre's Employment Contract was discussed[] [but] did attend a separate Executive Session as well as the open portion of the Board Meeting on January 7th."[4]  This is inaccurate:  I was present during the entirety of the executive session where Mr. LaPierre's Employment Contract was discussed, but recused myself for a separate executive session the same day.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct and that all statements I make in this declaration are based on my personal knowledge unless otherwise noted herein.

Executed on March 29, 2021              By:  */s/ John C. Frazer*
                                             John C. Frazer

---

[4] Motion at 12.

Page 3
DECLARATION OF JOHN C. FRAZER IN SUPPORT OF DEBTORS' OPPOSITION TO THE STATE OF NEW YORK'S MOTION TO PRECLUDE DEBTORS FROM INTRODUCING CERTAIN EVIDENCE AND ELICITING CERTAIN TESTIMONY THEY HAVE SHIELDED FROM DISCOVERY BASED ON INAPPROPRIATE PRIVILEGE ASSERTIONS