**NELIGAN LLP**
PATRICK J. NELIGAN, JR.
State Bar No. 14866000
DOUGLAS J. BUNCHER
State Bar No. 03342700
JOHN D. GAITHER
State Bar No. 24055516
325 North St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: 214-840-5333
Facsimile: 214-840-5301
pneligan@neliganlaw.com
dbuncher@neliganlaw.com
jgaither@neliganlaw.com
*Counsel for Debtors and*
*Debtors-in-Possession*

**GARMAN TURNER GORDON LLP**
GREGORY E. GARMAN
Nevada Bar No. 6654, admitted *pro hac vice*
Email: ggarman@gtg.legal
WILLIAM M. NOALL
Nevada Bar No. 3549, admitted *pro hac vice*
Email: wnoall@gtg.legal
DYLAN CICILIANO
Nevada Bar No. 12348, admitted *pro hac vice*
E-mail: dciciliano@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone: 725-777-3000
Facsimile: 725-777-3112
*Counsel for Debtors and*
*Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| NATIONAL RIFLE ASSOCIATION OF AMERICA and SEA GIRT LLC, | § § § | CASE NO. 21-30085-hdh11 |
| | § | |
| DEBTORS[1] | § § | Jointly Administered |

### DEBTORS' MOTION TO EXCLUDE TESTIMONY FROM DR. ERICA HARRIS

Debtors and debtors-in-possession National Rifle Association of America ("**NRA**") and Sea Girt LLC ("**Sea Girt**" and together with NRA, the "**Debtors**") hereby request entry of an order excluding testimony from Dr. Erica Harris.

This motion is made upon the memorandum of points and authorities set forth below, the pleadings, papers, and other records on file with the clerk of the above-captioned Court, judicial notice of which is hereby respectfully requested under Federal Rule of Evidence 201, and the evidence and argument of counsel entertained by the Court at the time any hearing on the Motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.
## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334. The Motion is a core proceedings under 28 U.S.C. § 157(b). The Debtors consent to entry of a final order under Article III of the United States Constitution.

2. Venue of the Debtors' Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.
## BACKGROUND

3. On January 15, 2021 (the "**Petition Date**"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned cases (the "**Chapter 11 Cases**"). The Chapter 11 Cases are jointly administered pursuant to the *Order Granting Debtors' Emergency Motion for Joint Administration of Chapter 11 Cases*. ECF No. 36.

4. The Debtors remain in possession of their property and continue operations as debtors-in-possession under Sections 1107 and 1108 of the Bankruptcy Code.

5. On March 9, 2021, the Debtors filed their *Notice of Intention to Take Oral Deposition of Corporate Representative(s) of the People of the State of New York,* a true and correct copy of which is attached hereto as **Exhibit 1** (the "**30(b)(6) Notice**"). In the 30(b)(6) Notice, the Debtors requested that the NYAG designate one or more individual corporate representative(s) to testify regarding each of the **seventeen** topics enumerated on Attachment A to the 30(b)(6) Notice, including the following:

---

[1] The last four digits of the Debtors' taxpayer identification numbers are: 6130 (Association) and 5681 (Sea Girt).

- 3. The identity of each transaction or relationship ratified by the Audit Committee pursuant to N-PCL § 715(j) for which You contend that the Audit Committee's ratification failed to satisfy the requirements of § 715(j), and the factual basis for such contention.

- 4. The "ample evidence of fraud, dishonesty, incompetency and gross mismanagement of the NRA's affairs" which you alleged existed at the time You filed the Motion Memorandum, including the facts and circumstances surrounding each instance of alleged fraud, dishonesty, incompetency or gross mismanagement.

- 6. If You contend that the NRA's executive vice president, general counsel, and/or treasurer receive any excessive or improper compensation, the factual basis for such contention.

- 7. The factual basis for Your contention, if applicable, that the NRA failed to correct, or pursue correction of, the excess benefits disclosed on its 2019 Form 990.

- 11. You contend that the NRA, or any individual NRA executive, was aware of, directed, or was party to any "informal agreement" concerning any allegedly-improper expense invoiced by AMc, the factual basis for Your contention.

- 15. The factual basis for Your contention that any air travel expense was incurred by the NRA on the behalf or at the behest of Wayne LaPierre or his family, and lacked a proper business or security justification, including, for each transfer, the date of each expense, the person(s) incurring such expense, and the destination or location of such expense.

6. On March 16, 2021, during a meet and confer teleconference, the NYAG indicated that it would not be producing witnesses as the only witnesses possessing knowledge of the factual bases that the Debtors intended to explore were the NYAG Attorneys. ECF No. 372.

7. As such, on March 17, 2021, the Debtors' filed *Debtors' Emergency Motion to Compel the State of New York to (I) Respond to Debtors' Document Requests or Admit No Documents Exist and (II) Produce a Representative Under Fed. R. Civ. P. 30(b)(6)*, seeking in pertinent part, to compel the appearance of a 30(b)(6) witness to appear on behalf of the NYAG. ECF No. 372.

8. On March 18, 2021, the NYAG filed *The State of New York's Opposition to Debtor's Motion to Compel and Motion for a Protective Order and to Stay Rule 30(b)(6) Deposition*, attached hereto as **Exhibit 2**. ECF 382. Within that opposition, the NYAG strenuously argued that:

> The **only persons** with knowledge of the Topics identified in the Notice and the allegations contained in the NYAG Enforcement Complaint and the Motion to Dismiss **are the NYAG's trial attorneys**. Those assistant attorneys general who conducted the investigation and are acting as trial counsel in ongoing litigation.

*Id.* at 10 (emphasis added).

9. Mr. Sheehan's declaration attached to the Motion for Protective Order further stated:

> The NYAG attorneys who have conducted the investigation into NRA and Debtors, including myself, are attorneys of record in this bankruptcy case and are the attorneys who continue to vigorously pursue the NYAG Enforcement Action. **These attorneys are the only persons with sufficient knowledge to attempt to answer the topics identified in the Notice and the allegations contained in the NYAG Enforcement Complaint and the Motion to Dismiss.** There are no officers, directors, or managing agents of the Attorney General's office other than attorneys involved in overseeing the pending litigation. Thus, there is no non-attorney employee of NYAG who could presently act as a corporate representative for a Federal Rule of Civil Procedure 30(b)(6) deposition.

ECF No. 382-1 ¶ 8 (emphasis added).

10. At the March 19, 2019, hearing on the Debtors' Motion to Compel and the NYAG's Motion for Protective Order, the NYAG again advised this Court that the only people with knowledge about the identified Topics and the allegations in the NYAG Enforcement Complaint and the NYAG's Motion to Dismiss are the NYAG's trial attorneys.

11. On March 19, 2021, and based upon the NYAG's representations that the only people with knowledge of the Topics identified in the Notice, the NY Enforcement Complaint, and the NYAG's Motion to Dismiss are the NYAG's trial attorneys, the Court granted the NYAG's Motion for Protective Order in part, solely permitting the Debtors to depose the NYAG with respect to Topics 1 (the identity of the 30(b)(6) witness), 13 (communications with certain third-parties), and 17 (the NYAG's intent to distribute the Debtors' assets upon dissolution) identified in the 30(b)(6) Notice.

12. On April 2, 2021, at 5:02 p.m., the NYAG submitted its *Witness and Exhibit List*, attached hereto as **Exhibit 3**, thereby disclosing — for the first time — Dr. Erica Harris is identified as a witness that the NYAG will call at trial.

13. Dr. Erica Harris is unknown to the Debtors and was never disclosed by the NYAG. It is entirely improper to spring an unknown witness, and potentially an expert witness, on the Debtors on Friday, April 2, 2021, at 5:02 p.m., for a trial beginning on Monday, April 5, 2021. This is particularly true when the NYAG denied the Debtors' the ability to examine Dr. Harris by representing to the Debtors and this Court that "The **only persons** with knowledge of the Topics identified in the Notice and the allegations contained in the NYAG Enforcement Complaint and the Motion to Dismiss are the **NYAG's trial attorneys**."

## III.
## RELIEF REQUESTED

14. The Debtors request that Dr. Harris be excluded as a witness irrespective of whether she is being offered by the NYAG as a percipient witness or an expert witness as she was not previously disclosed and the Court entered a protective order limiting the areas of inquiry available for the 30(b)(6) deposition of the NYAG as a result of the NYAG's representations that the "only persons" with knowledge are the "NYAG's trial attorneys."

15. Had the NYAG disclosed that Dr. Harris, who is not an NYAG trial attorney, had knowledge regarding the Topics identified in the 30(b)(6) deposition, the NYAG Enforcement Complaint, or the NYAG's Motion to Dismiss, the Debtors would have deposed Dr. Harris and should she be an expert witness, retain a rebuttal witness.

16. The NYAG cannot use its assertion that only NYAG's trial attorneys have knowledge as a shield to prevent discovery and then disclose a non-NYAG trial attorney as a percipient/expert witness on the eve of trial. This is patently unfair and violative of the intent and purpose of Fed. Rule Civ. P. 26(c), providing the terms upon which a protective order may be issued.

17. The appropriate sanction is to exclude any testimony by Dr. Harris.

18. Pursuant to Fed. R. Civ. P. 37 and Bankruptcy Rules 7037 and 9014, sanctions such as excluding an undisclosed witness, are available within the context of "contested matters" of a bankruptcy proceeding in the event of "an abuse of discovery process." *See In re Melenyzer*, 142 B.R. 154, 158 (W.D. Tex. 1991)(holding "Abuse of discovery process is not permitted in any federal court.").

19. In addition to the authority to issue sanctions pursuant to Fed. R. Civ. P. 37, the Court possesses inherent power to sanction a party under circumstances where "neither the

statute nor the Rules are up to the task." *See ClearValue, Inc. v. Pearl River Polymers, Inc.*, 560 F.3d 1291, 1309 (D.C. Cir. 2009).

20. Sanctions pursuant to Fed. R. Civ. P. 37, incorporated by Bankruptcy Rules 7037 and 9021, for failure to comply with a notice of deposition pursuant to Fed. R. Civ. 30(b)(6) are applicable regardless of whether the court had issued a discovery order. *See In re LTV Steel Co.*, 307 B.R. 37, 45 (N.D. Ohio 2004).

21. The extent of any sanction imposed necessarily turns upon the (1) an element of willfulness or bad-faith; (2) prejudice to the moving party; (3) whether the offending party had notice that its conduct could lead to sanctions; and (4) the proportionality between the sanction sought and the harm that had been caused to the moving party. *See Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511, 514 (5th Cir. 1985). Among those factors, intentionality in the form of willfulness or bad-faith are paramount. *See National Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 640, 49 L. Ed. 2d 747, 96 S. Ct. 2778 (1976); *Societe Internationale Pour Participations Industrielles v. Rogers*, 357 U.S. 197, 2 L. Ed. 2d 1255, 78 S. Ct. 1087 (1958); *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990); *Prince v. Poulos*, 876 F.2d 30, 32 (5th Cir. 1989); *Truck Treads, Inc. v. Armstrong Rubber Co.*, 818 F.2d 427, 429, (5th Cir. 1987); *Batson, supra*, at 514.

22. The NYAG's representation that no persons other than the "NYAG's trial attorneys" have knowledge of the Topics noticed for deposition was functionally no different than a refusal to produce a representative for deposition, except that it mislead the Court in addition to misleading the Debtors, as apparently the NYAG engaged an undisclosed person to provide testimony with respect to its Motion to Dismiss.

23. While Dr. Harris' identity and knowledge regarding the NYAG's Motion to Dismiss was not disclosed and she remains unknown to the Debtors, the law is clear that surprise expert witness testimony is prejudicial, an unfair surprise, and reversible error if admitted. *See Conway v. Chemical Leaman Tank Lines, Inc.*, 687 F.2d 108, (5th Cir. 1982) (holding that unfair surprise resulting from testimony of previously undisclosed expert was reversible error); *see also Roor Int'l BV v. Stinky's Smoke Shop, LLC,* 2020 WL 7863857 *3 (E.D. Tex. 2020) (*citing Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir. 1990) (courts have "wide latitude: to cure prejudice by excluding surprise expert witness) and *F & S Offshore, Inc. v. K.O. Steel Castings, Inc.,* 662 F.2d 1104, 1108 (5th Cir. 1981) ("previously unidentified witness disclosed shortly before trial and raising completely new issues amount to unfair surprise")).

24. In addition to the authority to sanction pursuant to Fed. R. Civ. P. 37(d), this Court has inherent authority to issue sanctions for misconduct.

25. Section 105(a) affirms this inherent power. It states as follows:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

26. The Bankruptcy Code provides equitable powers for the bankruptcy court to use at its discretion, which includes the power to sanction a party. *Perkins Coie v. Sadkin (In re Sadkin)*, 36 F.3d 473, 478–79 (5th Cir. 1994); *Carroll v. Abide (In re Carroll),* 850 F.3d 811, 816 (5th Cir. 2017); 2 Collier on Bankruptcy ¶ 105.02[6][b] (16th ed. 2020) ("[Bankruptcy courts] may sanction attorneys or their clients for abuses of process and other harms. The ability to sanction may take the form of civil contempt, sanctions not otherwise authorized in the Code or Bankruptcy Rules[,] or general damages."); *Matter of Ridgeway*, 973 F.3d 421, 427–28 (5th Cir. 2020).

27. The Court's sanctioning authority flowing from both of those sources includes the authority to prohibit Dr. Erica Harris from testifying as an expert or a percipient witness at trial.

28. Of course, there may be numerous other grounds on which the Court should exclude Dr. Harris's testimony. For example, if she is a percipient witness, it is not clear that she has any personal knowledge about the facts relevant to the resolution of this dispute. *See* Fed. R. Evid. 601 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").

29. If her testimony is offered pursuant to Fed. R. Evid. 702, given the belated disclosure of this witness on the eve of trial, the Debtors have been denied all opportunity to conduct discovery to determine if the testimony by this witness meets any of the numerous requirements of Fed. R. Evid. 702 and related rules and caselaw. For example, the Debtors have no way of knowing if this "witness . . . is qualified as an expert by knowledge, skill, experience, training, or education," if "the expert's . . . specialized knowledge will help the [Court as] trier of fact to understand the evidence or to determine a fact in issue," whether her proposed "testimony is based on sufficient facts or data," whether her proposed "testimony is the product of reliable principles and methods," and whether she "has reliably applied the principles and methods to the facts of the case." *See* Fed. R. Evid. 702.

30. In fact, as of this first day of trial, the NYAG has not stated whether Dr. Harris is a percipient or an expert witness and if the latter, has not identified any of her credentials on the topics on which the NYAG expects her to testify.

## IV.
## CONCLUSION

The most appropriate result under these circumstances, pursuant to Fed. R. Civ. P. 37(d) or the Court's inherent authority, is to prohibit the NYAG from calling Dr. Harris as a witness, whether percipient or expert.

Dated:   April 5, 2021

Respectfully submitted,

*/s/  Gregory Garman*
Patrick J. Neligan, Jr., SBN 14866000
Douglas J. Buncher, SBN 03342700
John D. Gaither, SBN 24055516
**NELIGAN, LLP**
325 North St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: 214-840-5333
Facsimile: 214-840-5301
pneligan@dneliganlaw.com
dbuncher@neliganlaw.com
jgaither@neliganlaw.com

Gregory E. Garman
Nevada Bar No. 6654, admitted *pro hac vice*
William M. Noall
Nevada Bar No. 3549, *admitted pro hac vice*
Dylan Ciciliano
Nevada Bar No. 12348, *admitted pro hac vice*
**GARMAN TURNER GORDON LLP**
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
T: 725-777-3000 / F: 725-777-3112
ggarman@gtg.legal
wnoall@gtg.legal
dciciliano@gtg.legal

*Counsel for Debtors*