Natalie L. Arbaugh
State Bar No. 24033378
**WINSTON & STRAWN LLP**
2121 N. Pearl Street,
Suite 900
Dallas, TX 75201
T: (214) 453-6500
F: (214) 453-6400
narbaugh@winston.com
*Attorneys for Christopher Cox*

David Neier
(admitted *pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166-4193
T: (212) 294-6700
F: (212) 294-4700
dneier@winston.com

Thomas M. Buchanan
(admitted *pro hac vice*)
**WINSTON & STRAWN LLP**
1901 L St., N.W.
Washington, DC 20036
Tel.: (202) 282-5000
Fax: (202) 282-5100
tbuchana@winston.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| The National Rifle Association of America, *el al.*[1] | : | |
| | : | (Jointly Administered) |
| Debtors**.** | : | |
| | : | Case No. 21-30085-hdh11 |

## CHRISTOPHER W. COX'S REPLY IN SUPPORT OF HIS
## MOTION TO MODIFY THE AUTOMATIC STAY

---

[1] The last four digits of the Debtors' taxpayer identification numbers are: 6130 (NRA) and 5681 (Sea Girt). The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.

In further support of the Motion[2] to modify the automatic bankruptcy stay to proceed with a trial-ready arbitration, Christopher Cox respectfully states as follows:

1.      In the Motion, Cox demonstrated that cause exists to lift the stay since the arbitration is trial ready (the NRA filed for bankruptcy just one business day ███████████████ ████████████ ), and the prejudice to █████████████████████████████████ ████████████████████—outweighs any prejudice to the NRA, which publicly stated that it is "as financially strong as we have been in years."

2.      The NRA's Opposition[3] does not dispute that arbitration is the appropriate forum for Cox's claim.  Rather, the NRA argues that regardless of the forum, the stay should not be lifted because the NRA needs "breathing room" to focus on "the typical issues that arise in the early stages of Chapter 11."  Opp. at 6.  However, in the three months since the NRA filed its petition, nearly all the "early stage" issues identified in the NRA's Opposition have been completed.

3.      The NRA's own litigious actions also undercut its request for "breathing room."  Since requesting "breathing room," the NRA has continued to pursue its meritless, scorched-earth lawsuit against Cox's counsel Winston & Strawn—a lawsuit that was quickly dismissed at the pleading stage but which the NRA has now appealed.  The NRA is also moving forward with affirmative litigations involving Ackerman McQueen and the State of New York.

4.      The NRA's actions against Cox cast serious doubt on its request for a "time out."  Through the bankruptcy, we now know that the NRA has spent over *$6 million* in legal fees trying to crush Cox ██████████████ . Dkt. 536 at 28:40. ████████████████████████

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion of Christopher W. Cox (I) to Modify the Automatic Stay (Dkt. No. 75) (the "Motion").
[3] Debtors' Opposition to Motion of Christopher W. Cox to Modify the Automatic Stay dated February 8, 2021 (Dkt. No. 121) (the "Opposition" or "Opp.").

1

███████████████████████████████████████████████████ The NRA's

uncontrollable spending in its case against Cox does not comport with its "need" for a timeout.

5.      Next, the NRA speculates that if the Court lifts the stay for Cox, then "other litigants

will demand" the same relief.  Opp. at 14.  But the parties are now three months into the

bankruptcy, and none of the NRA's other adversaries (almost all of whom are defendants in actions

commenced by the NRA) have moved to lift the stay.  In any event, Cox—who is situated

differently from the NRA's other adversaries—should not be denied relief to which he is entitled

simply because the NRA's counsel predicts others *might* want the same relief in the future.

6.      Finally, the NRA argues that lifting the stay "would not give Cox the result he really

seeks" since he would not get "immediate payment of his purported claim."  But the Arbitration

will quickly and efficiently liquidate Cox's claim in the parties' chosen forum. ████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

## FACTUAL BACKGROUND

7.      The Opposition ███████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█ ██████████████████████████

8.      For 24 years, Christopher Cox dedicated his career to the NRA.   During the 17

years before resigning, Cox served as the executive director of the NRA's Institute for Legislative

Action, the NRA's lobbying arm. During that time, he became one of Washington's most

influential political strategists.

9. ███████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
████████████████████████████████████████

10. ███████████████████████████████████████
███████████████████████████████████████████
██████████████████████████ ██████████████████
████████████████████████

11. ███████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
██ ████ ████ ████ ███ ████ ██ ████ █ ███
███████████████████████████████████████████
███

12. ████████████████████████████

13. ███████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████

---

[4] The exhibit numbers identified in the Reply are exhibits to the accompanying Buchanan Declaration.



15.

16.

17.

██████████████████████████████████████████████

## II.    THE ARBITRATION

18.    █████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████

19.    █████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████

20.    █████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████

21.    █████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████

22.    █████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████

23.    █████████████████████████████████████

5

24.

## ARGUMENT

25.     Pursuant to Bankruptcy Code section 362(d)(1), the Court "shall" lift the stay if the movant makes a *prima facie* showing that "cause" exists, and debtor fails to rebut it.  Cox has the initial burden of establishing a *prima facie* case that cause exists.  *See In re Self*, 239 B.R. 877, 880 (Bankr. E.D. Tex. 1999).  Thereafter, the Debtor bears the burden of proof on all other issues, including the absence of cause.  "Cause is an intentionally broad and flexible concept, made so in order to permit the courts to respond in equity to inherently fact-sensitive situations."  *Mooney v. Gill*, 310 B.R. 543, 546-47 (N.D. Tex. 2002) (*quoting In re Sentry Park, Ltd.*, 87 B.R. 427, 430 (Bankr. W.D. Tex. 1988)).  Whether cause exists will often be decided on a case-by-case basis. *Reitnauer v. Tex. Exotic Feline Found., Inc.*, 152 F.3d 341, 343 n.4 (5th Cir. 1998).  However, cause generally includes (1) a focus on prejudice to the parties; and (2) questions of judicial economy.  *See In re Xenon Anesthesia of Texas, PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014).

### A.  Cox Has Made a *Prima Facie* Case that Cause Exists to Lift the Automatic Stay.

26.     The NRA argues that the Court should apply a 12-factor test set out by the Second Circuit in *Sonnax Indus. v. Tri Component Prods. Corp.*, 907 F.2d 1280, 1286 (2d Cir. 1990).

27.     Although—as explained below—Cox would prevail based on the *Sonnax* factors,

the *Sonnax* factors do not apply with respect to lift stay motions in favor of arbitration. *See*, *e.g.*, *In re Hagerstown Fiber Ltd. P'ship,* 277 B.R. 181, 204 (Bankr. S.D.N.Y. 2002), (lifting stay to allow arbitration to proceed and ruling that "*Sonnax* balancing does not apply, and the strong federal policy favoring arbitration trumps the usual considerations of judicial economy and efficiency which are important factors under *Sonnax.*"); *see also Cardali v. Gentile,* 2010 Bankr. LEXIS 4113, Case No. 10-11185 (SHL), *12 (Bankr. S.D.N.Y. Nov. 18. 2010) (rejecting application of the *Sonnax* factors and lifting stay to allow arbitration to proceed and noting that an arbitration clause should be enforced in a bankruptcy case "unless [doing so] would seriously jeopardize the objectives of the [Bankruptcy] Code.").

28.      In motions to lift the automatic stay to allow a claim to be liquidated in an arbitration proceeding, in lieu of the *Sonnax* factors, courts have applied a four-factor test:

(1) did the parties agree to arbitrate;

(2) does the dispute fall within their arbitration clause;

(3) if federal statutory claims are raised, did Congress intend those claims to be arbitrable; and

(4) if the court concludes that some but not all of the claims are arbitrable, should it stay the non-arbitrable claims pending the conclusion of the arbitration

*Cardali*, 2010 Bankr. LEXIS 4113 at *13-*14 (collecting cases); *Hagerstown,* 277 B.R. at 198; *Norcom Elecs. Corp. v. CIM USA Inc.*, 104 F. Supp. 2d 198, 202 (S.D.N.Y. 2000)

29.      Each of these four factors compels that the automatic stay be lifted to allow Cox to liquidate his claim in the trial-ready arbitration proceeding:

(1) █████████████████████████████████████████
███████████

(2) █████████████████████████████████████████
██████████████████████

(3) █████████████████████████████████████████
███████

(4) ███████████████████████████████████████████████

30.     Even if the *Sonnax* factors applied to Cox's motion, the result is the same.[5]

31.     The first factor—whether relief would result in a partial or complete resolution of the issues—weighs in favor of Cox. ███████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████ The NRA attempts to dress up its counterclaims as allegations of fraudulent transfer (Opp. at 13), but numerous courts have rejected that argument and enforced the arbitration agreement.  *See*, e.g., *Cardali*, 2010 Bankr. LEXIS 4113 at *24-25 (arbitration of fraudulent conveyance counterclaims allowed); *Bethlehem Steel Corp. v. Moran Towing Corp*, 390 B.R. 784, 791-92 (Bankr. S.D.N.Y. 2008) ("Claims that are derivative of a debtor's rights may be subject to arbitration."); *Hagerstown*, 277 B.R. at 208 (holding that pending arbitration and the fraudulent conveyance claims shared common questions of fact, and therefore arbitration may contribute to the resolution of the fraudulent conveyance claims).

32.     The second factor—lack of any connection with or interference with the bankruptcy case—weighs in favor of Cox. ███████████████████████████

██████████████████████████ Nor will the Arbitration interfere with the bankruptcy. ██████████

███████████████████████████████████████████████████████████

33.     The third factor—whether the other proceeding involves the debtor as a fiduciary—

---

[5] Not all factors are relevant in every case.  *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 142 (2d Cir. 1999), *In re G.S. Distribution, Inc.,* 331 B.R. 552, 567 (Bankr. S.D.N.Y. 2005) ("[n]ot every one of these factors will be relevant in every case.").   And the Court need not assign equal weight to each factor.  *Cont'l Casualty Co. v. Pfizer, Inc. (In re Quigley Co.)*, 361 B.R. 723, 743-744 (*citing In re Keene Corp.*, 171 B.R. 180, 183 (S.D.N.Y. 1994)), *Burger Boys* 183 B.R. at 688.

is not applicable here. The NRA agrees. Opp. at 15 n.18.

34.    The fourth factor—whether a specialized tribunal with the necessary expertise has been established to hear the cause of action—weighs heavily in favor of Cox. ████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████    The Arbitration is a specialized forum that ████████████

████████████████████████████████████████████████████████

████████████    To allow debtors like the NRA to file a bankruptcy and avoid the terms of a clear arbitration agreement would be to allow forum shopping. *Barnes v. Ont. Drive & Gear Ltd.*, 2010 WL 311648, 2010 U.S. Dist. LEXIS 4390, at *8-9 (D. Md. 2010).

35.    The fifth factor, judicial economy, merits more weight than other factors. Indeed, the decision to lift the stay may be upheld on judicial economy grounds alone. *See In re United States Brass Corp.,* 176 B.R. 11, 13 (Bankr. E.D. Tex. 1994); *In re SCO Grp., Inc.,* 395 B.R. 852, 858 (Bankr. D. Del. 2007) (lifting the stay because "[o]f particular importance to the Court are the specialized knowledge that the District Court has developed in presiding over the Lawsuit for four years"). The legislative history of Bankruptcy Code Section 362 reveals that Congress intended "that one of the factors to consider when determining whether to modify the stay is whether doing so would permit pending litigation involving the debtor to continue in a nonbankruptcy forum," as "[i]t will often be more appropriate to permit proceedings to continue in their place of origin, where no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." *In re Project Orange Associates, LLC*, 432 B.R. 89, 103 (Bankr. S.D.N.Y. 2010) (quotation omitted).

36.    The fifth and sixth factors, available insurance and whether the action essentially

9

involves third parties, are not relevant.  The NRA agrees that the lack of available insurance is subsumed in other factors, (Opp. at 15 n.18), and does not allege involvement of third parties.

37.     The seventh factor—whether litigation in another forum would prejudice the interests of other creditors—weighs in favor of Cox.  Allowing the arbitrator— █████████ ████████—to try the case will be less costly to the estate and will therefore benefit the other creditors.  The NRA is also a solvent debtor that intends to pay all allowed claims in full.

38.     The parties agree that the eighth and ninth *Sonnax* factors (whether the claim arises from a foreign action that is subject to equitable subordination and whether an avoidable lien would be imposed by a foreign proceeding) are not relevant.  Opp. at 15 n.18.

39.     The tenth factor—the interests of judicial economy and the expeditious and economical resolution of litigation—weighs heavily in Cox's favor.  ███████████ ███████████████████████████████████████████████████████████████████████ ██████████████████████████████  Opp. at 5, 11.  Allowing the arbitration to continue will therefore save estate and judicial resources.  *In re The Consolidated FGH Liquidating Trust*, 419 B.R. 636 (Bankr. S.D. Miss. 2009) (lifting the stay to allow a contractually-agreed-upon arbitration to proceed); *In re Betzold*, 316 B.R. 906 (Bankr. N.D. Ill. 2004) (modifying stay for cause to allow arbitration to continue where parties had spent considerable time in arbitration).

40.     The eleventh factor—whether the parties are ready for trial in the other proceeding—weighs very heavily in favor of Cox.  The NRA's Opposition never even mentions this factor since it so clearly favors Cox.  ███████████████████████████████ ██████████████████████████████████

41.     Courts have lifted stays in similar circumstances.  In *In re Betzold*, 316 B.R. 906(Bankr. N.D. Ill. October 14, 2004), the Debtors—██████████████—filed bankruptcy

*the day before* the hearing was set to begin. *Id.* at 914. The bankruptcy court lifted the stay, noting

that "the advanced stage of the litigation weighed heavily in favor of stay modification, because

otherwise, [the movant] would have been forced to, in effect, write off the expenses it had incurred

in litigating its case to the eve of trial." *Id.* at 918 (citation omitted). *See also In re Burger Boys*,

183 B.R. 682, 687-88 (S.D.N.Y. 1994) (finding that "cause" existed for lifting automatic stay to

allow resolution of dispute between Chapter 11 debtor-tenant and landlord in pending state court

action, where debtor's Chapter 11 petition had been filed on eve of trial of state court action).

42.     The twelfth and final factor—the impact of the stay on the parties and the balance

of harms—weighs heavily in favor of Cox. The prejudice to Cox is significant. ███████████

████████████████████████████████████████████████████████████████

████████████████████████████████████

43.     ███████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

█████████████  That type of gamesmanship should not be rewarded.

44.     The NRA's Opposition never disputes that Cox is prejudiced. Instead, the NRA

claims that lifting the stay "would not give Cox the result he really seeks" because he would not

receive "immediate payment" of his severance. Opp at 14. But the Arbitration will liquidate Cox's

claim quickly and efficiently. ████████████████████████████████

████████████████████████████████████  That there would be no

immediate payment to Cox does not mean that he is not prejudiced by the delay. By contrast, there

is no meaningful harm to the NRA. The arbitration is trial-ready and will not take long to complete. The NRA is a solvent Debtor that is actively pursuing litigation—including against Cox's counsel.

**B. The NRA Has Failed to Meet Its Burden of Showing an Absence of Cause.**

45.     Once Cox establishes a *prima facie* case for cause, the stay "shall" be lifted unless the NRA shows an absence of "cause." 11 U.S.C. § 362(d)(1). The NRA has not met its burden.

46.     The NRA first argues that it needs a "time-out" from the "more than a dozen pending actions." Opp. at 13. But three months have now passed since the NRA filed bankruptcy, and it has now completed most of the preliminary tasks that it lists in its Opposition brief.

47.     Further, the NRA is not taking a "time-out," but is rather cherry-picking which cases to move forward with. As noted above, the NRA recently filed a notice of appeal in its case against Cox's counsel (ex. 22), which the D.C. Superior Court had dismissed at the pleading stage. Further, any "morass" of litigation is self-inflicted. Ten of the sixteen pre-petition cases identified in Schedule 1 of Mr. Collins' Declaration (Dkt. No. 84-2), were initiated by the NRA. The remaining cases are either enforcement actions that the NRA has told the Court that it is "ready and willing to go forward with" (First Day Motions Hr'g Tr. at 19:6-7 (Jan. 20, 2021)), a class action, or otherwise connected with other litigation.

48.     The NRA claims that it cannot proceed with the arbitration because several of its executives "are focused on these Chapter 11 cases." Opp at 6. The court in *In re SCO Grp., Inc.,* 395 B.R. 852 (Bankr. D. Del. 2007) rejected this exact argument under similar circumstances. There, the debtors argued that "allowing the trial to go forward would require the Debtors and their top management to focus all of their attention on the trial, to the detriment and exclusion of the reorganization efforts at a critical stage in the bankruptcy case." *Id.* at 858. The court disagreed, finding that, "[w]hile the trial will likely require the attendance of [debtor's] primary officers and

directors, [debtor's] attention to the lawsuit will certainly not harm the estate." *Id.* The court in *In re SCO Grp* was also persuaded by the fact that "the parties were on the door-step of beginning a five-day trial of complex issues when the Debtors filed their petitions," and that "court has extensive knowledge of the facts and issues and has already made detailed findings." *Id*. at 857. The court explained that since the bankruptcy was filed on the eve of trial, "both parties have already spent all of the necessary time and resources in preparations," and "[t]he longer the trial is delayed, the more burdensome it is to both parties to ready themselves again." *Id.*

49.    The NRA's other argument—that if the Court lifts the stay for Cox then others will ask for similar relief—also fails.  As an initial matter, the stay only currently applies to three cases: *David Dell' Aquilla v. The NRA*, 3:19-cv-679 (M.D. Tenn. 2019); *Under Wild Skies, Inc. v. The NRA,* 19-12530 (Va. Cir. Ct. 2019); and *Cox v. The NRA*, CPR Case No. 1340018083. (Dkt. 84-2). After three months in bankruptcy, none of these litigants (besides Cox) have moved to lift the stay.  The NRA cannot be prejudiced by something that has not occurred and has shown no sign of occurring.  Cox is confident that the Court will correctly apply the statutory standard to each litigant who moves, and the Court will not allow the litigation to deteriorate into a "morass of litigation." Opp. at 14.  Cox is also situated differently than most of the NRA's other opponents

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████

50.    Finally, the NRA claims that Cox misunderstands "the automatic stay as a question of venue" and that Cox could not even bring an action in bankruptcy outside of proof of claim process.  Opp. at 12.  That is not the issue.  ███████████████████████████████

████████████████    Once Cox's claim is fixed, he understands that payment of any award with respect to his claim will await further proceedings in this Court.

13

## CONCLUSION

For the foregoing reasons, Cox respectfully requests entry of an order (i) modifying the

automatic stay to allow the Arbitration to proceed; (ii) confirming that the automatic stay does not

stay the NRA's counterclaims, and (iii) granting such other and further relief as the Court deems

just and proper.

Dated: April 14, 2021                                      Respectfully submitted,

                                                           **WINSTON & STRAWN LLP**

                                                           /s/ Natalie L. Arbaugh
                                                           Natalie L. Arbaugh
                                                           State Bar No. 24033378
                                                           2121 N. Pearl Street, Suite 900
                                                           Dallas, TX 75201
                                                           T: (214) 453-6500
                                                           F: (214) 453-6400
                                                           narbaugh@winston.com

                                                           David Neier
                                                           (admitted *pro hac vice*)
                                                           200 Park Avenue
                                                           New York, NY 10166-4193
                                                           T: (212) 294-6700
                                                           F: (212) 294-4700
                                                           dneier@winston.com

                                                           Thomas M. Buchanan
                                                           (admitted *pro hac vice*)
                                                           1901 L St., N.W.
                                                           Washington, DC 20036
                                                           Tel.: (202) 282-5000
                                                           Fax: (202) 282-5100
                                                           tbuchana@winston.com

                                                           *Attorneys for Christopher Cox*

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct redacted copy of the foregoing document and accompanying exhibits has been served upon all parties named on the attached Master Service List by first-class U.S. Mail, and all parties receiving notice by and through the Court's CM/ECF system.  True and correct unredacted copies have been served upon counsel for the Debtor and the U.S. Trustee by first-class U.S. Mail, consistent with the relief requested in Mr. Cox's motion to seal, filed contemporaneously herewith.   Mr. Cox will serve such additional parties with unredacted copies of the foregoing as provided in any further order of the Court.

*/s/ David Neier*

Patrick J. Neligan, Jr.
State Bar. No. 14866000
Douglas J. Buncher
State Bar No. 03342700
John D. Gaither
State Bar No. 24055516
**NELIGAN LLP**
325 North St. Paul, Suite 3600
Dallas, Texas 75201
Telephone:  214-840-5333
Facsimile:  214-840-5301
pneligan@neliganlaw.com
dbuncher@neliganlaw.com
jgaither@neliganlaw.com

Gregory E. Garman
Nevada Bar No. 6654 (*admitted pro hac vice*)
William M. Noall
Nevada Bar No. 3549 (*admitted pro hac vice*)
Gabrielle A. Hamm
Texas Bar No. 24041047
**GARMAN TURNER GORDON LLP**
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone: 725-777-3000
Facsimile: 725-777-3112
ggarman@gtg.legal
wnoall@gtg.legal
ghamm@gtg.legal

**COUNSEL FOR THE DEBTORS**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | **CHAPTER 11** |
| | § | |
| **NATIONAL RIFLE ASSOCIATION** | § | **CASE NO. 21-30085-hdh11** |
| **OF AMERICA and SEA GIRT LLC,** | § | |
| | § | |
| **DEBTORS**[1] | § | **Jointly Administered** |

## MASTER SERVICE LIST
### (as of April 7, 2021)

---

[1] The last four digits of the Debtors' taxpayer identification numbers are:  6130 (NRA) and 5681 (Sea Girt).  The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.

**In re: Sea Girt LLC - Case No. 21-30080**
**In re: National Rifle Association of America - Case No. 21-30085**

**MASTER SERVICE LIST**

**Debtor/Debtor's Counsel**

National Rifle Association of America
11250 Waples Mill Road
Fairfax, VA  22030

**Neligan LLP**
Attn:   Patrick J. Neligan
        Douglas J. Buncher
        John D. Gaither
325 N. St. Paul, Suite 3600
Dallas, TX 75201
Email: pneligan@neliganlaw.com
        dbuncher@neliganlaw.com
        jgaither@neliganlaw.com

Sea Girt LLC
11250 Waples Mall Road
Fairfax, VA  22030

**Garman Turner Gordon LLP**
Attn:   Gregory E. Garman
        William M. Noall
        Gabrielle A. Hamm
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone: 725-777-3000
Facsimile: 725-777-3112
Email: ggarman@gtg.legal
        wnoall@gtg.legal
        ghamm@gtg.legal

**U.S. Trustee**

Office of the United States Trustee
Attn: Lisa Young
Earle Cabell Federal Building
1100 Commerce Street, Room 976
Dallas, TX  75242

**Secured Creditors**

Atlantic Union Bank
Attn: Andrew Kalin
1800 Robert Fulton Drive, Suite 100
Reston, VA  20191
Email: andrew.kalin@atlanticunionbank.com

90324v1

**Counsel For Official Committee of Unsecured Creditors**

Louis R. Strubeck, Jr.
Kristian W. Gluck
Scott P. Drake
Laura L. Smith
Nick Hendrix
Norton Rose Fulbright US LLP
2200 Ross Avenue, Suite 3600
Dallas, TX  75201-7932
louis.strubeck@nortonrosefulbright.com
kristian.gluck@nortonrosefulbright.com
laura.smith@nortonrosefulbright.com
scott.drake@nortonrosefulbright.com
nick.hendrix@nortonrosefulbright.com

**20 Largest Unsecured Creditors**

Ackerman McQueen, Inc.
1601 Northwest Expressway
Oklahoma City, OK  73118-1438

Membership Marketing Partners LLC
11250 Waples Mill Road, Suite 310
Fairfax, VA  22030

Gould Paper Corporation
Attn: Warren Connor
99 Park Avenue, 10th Floor
New York, NY  10016

Infocision Management Corp.
325 Springside Drive
Akron, OH  44333

Under Wild Skies
c/o Dycio & Biggs
10533 Main Street
Fairfax, VA  22030

Valtim Incorporated
P.O. Box 114
Forest, VA  24551

Quadgraphics
N63W23075 Hwy. 74
Sussex, WI  53089

Communications Corp of America
Attn:  Ken Bentley
13129 Airpark Drive, Suite 120
Elkwood, VA  22718

Membership Advisors Public REL
11250 Waples Mill Road, Suite 310
Fairfax, VA  22030

Salesforce.Com, Inc.
One Mark St. – The Landmark, Suite 300
San Francisco, CA  94105

Mercury Group
1601 NW Expressway, Suite 1100
Oklahoma City, OK  73118

Speedway Motorsports, Inc.
P.O. Box 600
Concord, NC  28026

Image Direct Group LLC
200 Monroe Avenue, Building 4
Frederick, MD  21701

TMA Direct, Inc.
12021 Sunset Hills Road, Suite 350
Manassas, VA  20109

Membership Advisors Fund Raising
11250 Waples Mill Road, Suite 310
Fairfax, VA  22030

Krueger Associates, Inc.
105 Commerce Drive
Aston, PA  19014

Google
1600 Amphitheatre Parkway
Mountain View, CA  94043-1351

United Parcel Services
P.O. Box 7247-0244
Philadelphia, PA  19170

Stone River Gear, LLC
75 Manor Road
Red Hook, NY 12571

CDW Computer Centers, Inc.
P.O. Box 75723
Chicago, IL  60675

## **Government Agencies**

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA  19101-7346

Office of Attorney General (NY)
Attn:  Letitia James
28 Liberty Street
New York, NY  10005

Office of Attorney General (DC)
Attn: Karl A. Racine
441 Fourth St., N.W., Suite 600-South
Washington, DC  20001

Office of Attorney General (TX)
Attn:  Ken Paxton
P.O. Box 12548
Austin, TX  78711-2548

Mahmooth A. Faheem
Lori A. Butler
Pension Benefit Guaranty Corporation
1200 K NW
Washington, DC  20005-4026
mahmooth.faheem@pbgc.gov
butler.lori@pbgc.gov
efile@pbgc.gov

## **Notice of Appearance**

Laurie A. Spindler
Linebarger Coggan Blair & Sampson, LLP
2777 N. Stemmons Freeway, Suite 1000
Dallas, TX  75207
dallas.bankruptcy@publicans.com

G. Michael Gruber
Dorsey & Whitney LLP
300 Crescent Court, Suite 400
Dallas, TX  75201
gruber.mike@dorsey.com

Brian E. Mason
Dorsey & Whitney LLP
300 Crescent Court, Suite 400
Dallas, TX  75201
mason.brian@dorsey.com

Natalie L. Arbaugh
Winston & Strawn LLP
2121 N. Pearl Street, Suite 900
Dallas, TX  75201
narbaugh@winston.com


David Neier
Winston & Strawn LLP
200 Park Avenue
New York, NY  10166-4193
dneier@winston.com

Michael I. Baird
Pension Benefit Guaranty Corporation
1200 K St. NW
Washington, DC  20005-4026
baird.michael@pbgc.gov
efile@pbgc.gov

Gerritt M. Pronske
Eric M. Van Horn
Jason P. Kathman
Spencer Fane LLP
2200 Ross Avenue, Suite 4800 West
Dallas, TX  75201
gpronske@spencerfane.com
ericvanhorn@spencerfane.com
jkathman@spencerfane.com


Mark Ralston
Fishman Jackson Ronquillo PLLC
Three Galleria Tower
13155 Noel Road, Suite 700
Dallas, TX  75240
mralston@fjrpllc.com

H. Joseph Acosta
Dorsey & Whitney LLP
300 Crescent Court, Suite 400
Dallas, TX  75201
acosta.joseph@dorsey.com

Thomas M. Buchanan
Matthew Saxon
Winston & Strawn LLP
1901 L St., N.W.
Washington, DC  20036
tbuchana@winston.com
msaxon@winston.com

Tara LeDay
McCreary, Veselka, Bragg & Allen, P.C.
P.O. Box 1269
Round Rock, TX  78680
tleday@mvbalaw.com

Brandon R. Freud
Chuhak & Tecson, P.C.
30 S. Wacker Drive, Suite 2600
Chicago, IL  60606
bfreud@chuhak.com

James Sheehan
Emily Stern
Monica Connell
Office of Letitia James
Attorney General for the State of New York
28 Liberty Street
New York, NY  10005
james.sheehan@ag.ny.gov
emily.stern@ag.ny.gov
monica.connell@ag.ny.gov

Kevin T. White
Director – Legal
Quad/Graphics, Inc.
601 Silveron Blvd., Suite 200
Flower Mound, TX  75028
ktwhite@quad.com

Robert Lapowsky
Stevens & Lee, P.C.
620 Freedom Business Center, Suite 200
King of Prussia, PA  19406
rl@stevenslee.com

Joe E. Marshall
Marshall Law
2626 Cole Avenue, Suite 300
Dallas, TX  75204
jmarshall@marshalllaw.net

M. Jermaine Watson
Joshua N. Eppich
H. Brandon Jones
Clay M. Taylor
J. Robertson Clarke
Bonds Ellis Eppich Schafer Jones LLP
420 Throckmorton Street, Suite 1000
Fort Worth, TX  76102
jermaine.watson@bondsellis.com
joshua@bondsellis.com
clay.taylor@bondsellis.com
brandon@bondsellis.com
robbie.clarke@bondsellis.com

Arthur A. Greenberg
G&B Law, LLP
16000 Ventura Boulevard, Suite 100
Encino, CA  91436-2730
agreenberg@gblawllp.com

Stephen G. Wilcox
Wilcox Law, PLLC
P.O. Box 201849
Arlington, TX  76006
swilcox@wilcoxlaw.com

David W. Giattino
Stevens & Lee, P.C.
919 Market Street, Suite 1300
Wilmington, DE 19801
dwg@stevenslee.com

Duane M. Geck
Donald H. Cram
Severson & Werson, P.C.
One Embarcadero Center, Suite 2600
San Francisco, CA  94111
dmg@severson.com
dhc@severson.com

Judith W. Ross
Ross & Smith, PC
700 North Pearl Street, Suite 1610
Dallas, TX  75201
judith.ross@judithwross.com

Nancy L. Alper
Senior Assistant Attorney General
Office of the Attorney General
for the District of Columbia
400 Sixth Street, N.W., 9th Floor
Washington, DC  20001
nancy.alper@dc.gov

Catherine Jackson
Assistant Attorney General
Office of the Attorney General for
The District of Columbia
400 Sixth Street, N.W. 10th Floor
Washington, DC  20001
catherine.jackson@dc.gov

90324v1

Leonor Miranda
Assistant Attorney General
Office of the Attorney General For
The District of Columbia
400 Sixth Street, N.W. 10th Floor
Washington, DC  20001
leonor.miranda@dc.gov

David W. Parham
Akerman LLP
2001 Ross Avenue, Suite 3600
Dallas, TX  75201
david.parham@akerman.com

D. Brett Marks
Akerman LLP
201 East Olas Blvd., Suite 1800
Fort Lauderdale, FL  33301
brett.marks@akerman.com

Walter A. Herring
Robert Blackwell
Blackwell, Blackburn, Herring & Singer LLP
7557 Rambler Road, Suite 1450
Dallas, TX  75231
wherring@bbhsllp.com
bblackwell@bbhsllp.com

Heather M. Crockett
Deputy Attorney General
Indiana Office of Attorney General
302 W. Washington St., IGCS – 5th Floor
Indianapolis, IN  46204
heather.crockett@atg.in.gov

James F. Chiu
Deputy Attorney General
Indiana Office of Attorney General
302 W. Washington St., IGCS – 5th Floor
Indianapolis, IN  46204
james.chiu@atg.in.gov

Michael W. May
Trial Attorney – Tax Division
U.S. Department of Justice
717 N. Harwood, Suite 400
Dallas, TX  75201
michael.w.may@usdoj.gov

Jennifer Jones
Senior Trial Counsel
Office of the Attorney General
For the District of Columbia
400 Sixth Street, N.W., 10th Floor
Washington, DC  20001
leonor.miranda@dc.gov

Christina Carroll
Dorsey & Whitney LLP
300 Crescent Court, Suite 400
Dallas, TX  75201
carroll.christina@dorsey.com