Louis R. Strubeck, Jr. (SBT 19425600)
Kristian W. Gluck (SBT 24038921)
Scott P. Drake (SBT 24026812)
Laura L. Smith (SBT 24066039)
Nick Hendrix (SBT 24087708)
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, TX 75201-7932
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
louis.strubeck@nortonrosefulbright.com
kristian.gluck@nortonrosefulbright.com
scott.drake@nortonrosefulbright.com
laura.smith@nortonrosefulbright.com
nick.hendrix@nortonrosefulbright.com

*Counsel for The Official
Committee of Unsecured Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| NATIONAL RIFLE ASSOCIATION OF AMERICA AND SEA GIRT LLC, | § § | Case No. 21-30085-hdh11 |
| | § | |
| Debtors[1]. | § § | Jointly Administered |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' COMMENT TO THE APPLICATION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF ANKURA CONSULTING GROUP, LLC AND APPOINTMENT OF LOUIS E. ROBICHAUX IV AS THE DEBTORS CHIEF RESTRUCTURING OFFICER**

TO THE HONORABLE HARLIN D. HALE,
UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") filed by the National Rifle Association of America (the "NRA") and Sea Girt LLC ("Sea Girt" and collectively with the NRA, the "Debtors"), through the

---

[1] The last four digits of the Debtors' taxpayer identification numbers are: 6130 (NRA) and 5681 (Sea Girt). The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.

1

Committee's counsel, Norton Rose Fulbright US LLP, respectfully submits this comment (the "Comment") to the *Application of the Debtors for an Order Authorizing the Retention and Employment of Ankura Consulting Group, LLC and Appointment of Louis E. Robichaux IV as the Debtors' Chief Restructuring Officer* [Dkt. No. 519] (the "CRO Application"). In further support of the Comment, the Committee respectfully represents as follows:

## PRELIMINARY STATEMENT

1. Since shortly following its appointment, the Committee repeatedly has encouraged the Debtors to retain a chief restructuring officer ("CRO") in these Chapter 11 Cases. CROs are routinely retained in large, complex cases such as these to assist management in the restructuring process as management typically has no meaningful experience with Chapter 11. Not only is such experience desperately needed here but, as the Committee previously has opined, the retention of the right CRO with the proper authority and scope of responsibility, who is unburdened by the taint of the allegations raised in connection with the pending motions to dismiss or to appoint a Chapter 11 Trustee, would bring essential stability and much needed credibility to the process, while instilling confidence and assurance that these Chapter 11 Cases are being independently run for the benefit of unsecured creditors without undue influence from any internal agendas. Assuming that certain changes to the scope proposed in the CRO Application are made, the Committee fully supports the appointment of a CRO in these Chapter 11 Cases and believes that the proposed CRO, Louis E. Robichaux IV, is well and uniquely qualified to assume such role.

## BACKGROUND

2. On January 15, 2021 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division

(the "Court").

3. The Debtors continue to operate their business as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

4. On February 4, 2021, the United States Trustee for the Northern District of Texas (the "U.S. Trustee") appointed the Committee pursuant to section 1102 of the Bankruptcy Code.[2] *See* Dkt. No. 105.

5. On February 8, 2021, the Committee selected Norton Rose Fulbright US LLP ("NRF") as counsel, subject to Court approval. On February 11, 2021, the Committee selected AlixPartners, LLP as its financial advisor, subject to Court approval. The Court subsequently entered orders on April 6, 2021, approving the Committee's retention of NRF and AlixPartners, respectively. *See* Dkt. Nos. 489 and 490.

6. On February 10, 2021, Ackerman McQueen, Inc. ("Ackerman") filed the *Motion to Dismiss the Chapter 11 Bankruptcy Petition, or, in the Alternative, Motion for the Appointment of a Chapter 11 Trustee, and Brief in Support* (the "Ackerman Motion") [Dkt. No. 131] seeking an order dismissing the Debtors' Chapter 11 Cases or, in the alternative, appointing a Chapter 11 trustee.

7. On February 12, 2021, the People of the State of New York, by Letitia James, Attorney General of the State of New York ("NYAG") filed *The State of New York's Motion to Dismiss, or, in the Alternative, to Appoint a Chapter 11 Trustee* (the "NYAG Motion") [Dkt. Nos. 155 & 156][3] also seeking an order dismissing the Debtors' Chapter 11 Cases or, in the alternative,

---

[2] The Committee is comprised of the following entities: (a) the Pension Benefit Guaranty Corp.; (b) Ackerman McQueen, Inc.; (c) InfoCision, Inc.; (d) Stone River Gear, LLC; and (e) David Dell'Aquila [Dkt. No. 105].

[3] The NYAG appears to have filed an identical and duplicative motion at docket number 163. The defined term NYAG Motion shall include both motions.

3

appointing a Chapter 11 trustee.

8. On February 23, 2021, the District of Columbia, through its Attorney General (the "District," together with Ackerman and the NYAG, the "Moving Parties") filed *The District of Columbia's Motion in Support in the State of New York's Motion to Appoint Chapter 11 Trustee* (the "District Motion") [Dkt. No. 214] supporting the NYAG Motion insofar as it seeks the appointment of a Chapter 11 trustee. On March 26, 2021, the District filed *The District of Columbia's Motion in Support in the State of New York's Motion to Dismiss* (the "District Motion to Dismiss," and together with the District Motion, the Ackerman Motion and the NYAG Motion, the "Motions") wherein the District joined in the NYAG's request to dismiss the Chapter 11 Cases.

9. On March 5, 2021, the Debtors filed their *Omnibus Opposition to (1) Ackerman McQueen, Inc.'s Motion to Dismiss the Chapter 11 Bankruptcy Petition, or, in the Alternative, Motion for the Appointment of a Chapter 11 Trustee, (2) The State of New York's Motion to Dismiss or, in The Alternative, to Appoint Chapter 11 Trustee, and (3) The District of Columbia's Motion to Appoint Chapter 11 Trustee* (the "NRA Objection") [Dkt. No. 307].[4]

10. On March 16, 2021, the Committee filed *The Official Committee of Unsecured Creditors' Omnibus Response to (I) Ackerman McQueen Inc.'s Motion to Dismiss the Chapter 11 Bankruptcy Petition, or, in the Alternative, Motion for the Appointment of a Chapter 11 Trustee, and Brief in Support, (II) the State of New York's Motion to Dismiss, or, in the Alternative, to*

---

[4] On March 5, 2021, Phillip Journey also filed a *Limited Objection to the Motions to Dismiss or the Appointment of Trustee* (the "Limited Objection") [Dkt. No. 306]. The Committee has largely addressed the Limited Objection as part of the *Official Committee of Unsecured Creditors' Objection to the Motion for Appointment of Examiner* [Dkt No. 354]. Additionally, on March 24, 2021, the U.S. Trustee filed the *United States Trustee's Statement Regarding Motions Seeking Appointment of Examiner, Trustee, or Case Dismissal* [Dkt. No. 405]. Moreover, on March 26, 2021, David Dell'Aquila, a member of the Committee, filed *David Dell'Aquila's Partial Joinder to (I) Ackerman McQueen Inc.'s Motion to Dismiss the Chapter 11 Bankruptcy Petition or, in the Alternative, Motion for the Appointment of a Chapter 11 Trustee, and Brief in Support, (II) the State of New York's Motion to Dismiss, or, in the Alternative, to Appoint a Chapter 11 Trustee, (III) the District of Columbia's Motion in Support in the State of New York's Motion to Appoint Chapter 11 Trustee, and (IV) the Official Committee of Unsecured Creditors Motion in Response to (I), (II), and (III)* [Dkt. No. 415].

4

*Appoint a Chapter 11 Trustee and (III) the District of Columbia's Motion in Support in the State of New York's Motion to Appoint a Chapter 11 Trustee* (the "Committee Response") [Dkt. No. 368].[5]

11. On April 7, 2021, the Debtors filed the CRO Application, wherein they request an order pursuant to section 363(b) of the Bankruptcy Code authorizing the retention and employment of Ankura Consulting Group, LLC ("Ankura") to provide chief restructuring officer services, and appointing Louis E. Robichaux IV to serve as the Debtors' chief restructuring officer (the "CRO") in accordance with the terms and conditions outlined in the engagement agreement dated as of April 2, 2021, between Ankura and the Debtors (the "Engagement Agreement"). The specific scope and authority of the CRO is described in section 1 of the Engagement Agreement.

## COMMENT

12. The Debtors have proposed an experienced CRO with impeccable credentials and reputation who is also well known by the Court based upon his other approved engagements in complex chapter 11 restructurings.

13. As set forth in the Committee Response and reiterated in its opening statement at the start of the trial on the Motions, the Committee has suggested since its appointment that the retention of the right CRO with the appropriate authority and scope of responsibility would be the most effective and practical approach to addressing the concerns raised by the Moving Parties in the Motions.

14. While the Committee supports the retention of a CRO, that support is not without qualification. Namely, the Committee had concerns that the proposed authority and scope of

---

[5] The Committee Response also responds to any joinders to the Motions, including, without limitation, the joinder of Christopher W. Cox to the Ackerman Motion and NYAG Motion, that was filed on February 17, 2021 [Dkt. No. 172].

responsibility set forth in the CRO Application was not sufficiently broad to appropriately address the issues raised in the Motions. Accordingly, the Committee provided the Debtors with a revised proposed scope for the CRO, a copy of which is attached as **Exhibit A**.

15. The Committee is confident that the retention of Mr. Robichaux as the CRO will provide much needed transparency in, and credibility to, these Chapter 11 Cases. More importantly, the Committee understands that its comments to expand the scope of the CRO have been accepted by the Debtors and will be incorporated into a revised Engagement Agreement. With this expanded scope, Mr. Robichaux now should have the necessary authority and scope of responsibility to: (i) allay any reasonable concerns that the issues regarding the alleged prepetition improprieties which are the gravamen for the relief requested in the Motions would be repeated postpetition; and (ii) work with the Debtors, the Debtors' professionals, the Committee, its professionals, and other necessary parties in interest to negotiate, propose, and implement a plan for the Debtors to exit bankruptcy as expeditiously and efficiently as possible. For these reasons, the Committee supports approval of the CRO Application.

## CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court enter an order approving the CRO Application with the broader authority and scope of responsibility set forth in the attached **Exhibit A**, and granting such other and further relief as is just and proper.

Dated: April 15, 2021                               Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

By: */s/ Louis R. Strubeck, Jr.*
Louis R. Strubeck, Jr. (SBT 19425600)
Kristian W. Gluck (SBT 24038921)
Scott P. Drake (SBT 24026812)
Laura L. Smith (SBT 24066039)
Nick Hendrix (SBT 24087708)

        2200 Ross Avenue, Suite 3600
        Dallas, Texas 75201-7932
        Tel: (214) 855-8000
        Facsimile: (214) 855-8200
        louis.strubeck@nortonrosefulbright.com
        kristian.gluck@nortonrosefulbright.com
        scott.drake@nortonrosefulbright.com
        laura.smith@nortonrosefulbright.com
        nick.hendrix@nortonrosefulbright.com

*Counsel to the Official Committee of Unsecured Creditors*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true and correct copy of the foregoing document was served electronically through the Bankruptcy Court's Electronic Case Filing System on those parties that have consented to such service, on the 15th day of April, 2021.

        */s/ Louis R. Strubeck, Jr.*
        Louis R. Strubeck, Jr.