Patrick J. Neligan, Jr.
Texas Bar No. 14866000
Douglas J. Buncher
Texas Bar No.03342700
John D. Gaither
Texas Bar No. 24055516
**Neligan LLP**
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: (214) 840-5300
Facsimile: (214) 840-5301
pneligan@neliganlaw.com
dbuncher@neliganlaw.com
jgaither@neliganlaw.com

Gregory E. Garman
Nevada Bar No. 6665, *pro hac vice*
William M. Noall
Nevada Bar No. 3549, *pro hac vice*
Gabrielle A. Hamm
Texas Bar No. 24041047
**Garman Turner Gordon LLP**
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone: (725) 777-3000
Facsimile: (725) 777-3112
ggarman@gtg.legal
wnoall@gtg.legal
ghamm@gtg.legal

COUNSEL FOR THE DEBTORS

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| **NATIONAL RIFLE ASSOCIATION** | § | CASE NO. 21-30085-hdh11 |
| **OF AMERICA and SEA GIRT LLC** | § | |
| | § | |
| **DEBTORS¹** | § | JOINTLY ADMINISTERED |

## DEBTORS' LIMITED OBJECTION TO MOTION FOR APPOINTMENT
## OF A MEMBER COMMITTEE

The National Rifle Association of America (the "NRA") and Sea Girt LLC ("Sea Girt") (collectively, the "Debtors") file this limited objection to the motion filed by Phillip Journey, Roscoe B. Marshall, Jr., Esther Schneider, and Owen Mills (collectively the "Movants") seeking the appointment of an official NRA member committee (the "Motion") [Docket No. 416], and state as follows:

---

¹ The last four digits of the Debtors' taxpayer identification numbers are: 6130 (NRA) and 5681 (Sea Girt). The Debtors' mailing address is 11250 Waples Mill Road, Fairfax, Virginia 22030.

## I. PRELIMINARY STATEMENT

1.      The Debtors do not oppose the appointment of a committee of NRA members in this case.  However, the Debtors do not believe that Section 1102(a)(2) authorizes the appointment of an official member committee and object to the Movants' attempt to characterize NRA members as equity owners for purposes of Section 1102(a)(2).   Under New York law, not-for-profit corporations like the NRA are prohibited from having shareholders.  Treatment of NRA members as residual stakeholders for purposes of appointment of an official committee could yield unintended consequences on matters beyond the relief requested in the Motion, including plan solicitation requirements and the application of the absolute priority rule.  As a result, the Debtors request that the Court's decision to appoint a member committee not be premised upon the treatment of NRA members as equity.

2.      The Debtors also dispute, and object to, the Movants' unsupported assertion that the NRA's members are not adequately represented in this bankruptcy case.  Contrary to the assertions in the Motion, the NRA's members are represented in this case by an engaged and informed board of directors who recently voted overwhelmingly to support the Debtors' ongoing restructuring efforts.  That same board is elected by NRA members and therefore necessarily enjoys the members' support.  While the Movants have formed an *ad hoc* committee of NRA members who appear to share a negative view of the NRA's existing board and management, they do not speak for the NRA's membership as a whole.  The Debtors therefore believe that any official member committee appointed in this case should be fairly representative of the NRA membership and should not be dominated by a core group of like-minded members (and sitting directors) whose viewpoints and agenda are not shared by the NRA's duly elected board of directors.  To this end, the Debtors request that any member committee be constituted in a manner that reflects a diversity of viewpoints and operates independently of the Movants.

3.      Finally, the Debtors believe that the scope and role of any member committee should be appropriately limited to member-specific issues that are not already subsumed by the scope of the Official Committee of Unsecured Creditors in this case.  The Debtors submit that most, if not all, of the Committee's ongoing efforts in these cases will inure to the benefit of the NRA's membership and that there are few, if any, areas related to the Debtors' reorganization in which the interests of the Committee and the NRA's members are not aligned.  As a result, the Debtors submit that any order appointing a committee of NRA members should appropriately limit the committee's scope, authority, and budget to ensure there is no duplication of efforts with the existing Committee.

## II. ARGUMENT & AUTHORITIES

### A.      Legal Standard for Appointment of an Additional Committee

4.      Section 1102(a)(2) provides that the Court "may order the appointment of additional committees of creditors or of equity security holders if necessary to assure adequate representation of creditors or of equity security holders."  Stated differently, Section 1102(a)(2) "permits the appointment of an additional committee . . . only if necessary to assure adequate representation."  *In re Res. Cap., LLC*, 480 B.R. 550, 557 (Bankr. S.D.N.Y. 2012).  The appointment of an additional committee under Section 1102(a)(2) "is an extraordinary remedy that courts are reluctant to grant."  *Id*.

5.      The party seeking the appointment of an additional committee bears the burden of proof.  *In re SunEdison, Inc*., 556 B.R. 94, 103 (Bankr. S.D.N.Y. 2016).  The requirement that a moving party show that the appointment of an additional official committee is "necessary to assure adequate representation" has been described as ranging from a "high standard" to requiring a showing that an additional committee is "absolutely required," "essential," or "indispensable."  *Id*. at 558 (internal quotations omitted).  This standard is "far more onerous than if the statute merely

provided that a committee would be useful or appropriate." *In re Eastman Kodak Co*., No. 12-10202, 2012 WL 2501071, at *2 (Bankr. S.D.N.Y. Jun. 28, 2012).

## B. Lack of Statutory Basis for the Appointment of an Official Member Committee

6.      The Debtors note that the Movants have not identified a sound statutory basis for the appointment of an official NRA member committee.  By its terms, Section 1102(a)(2) only authorizes the appointment of committees of "creditors" and "equity security holders."  Although the Movants purport to be creditors of the NRA, they do not move for appointment of a member committee on that basis, and they are not, and do not purport to be, equity security holders of the Debtors.  Motion at ¶ 16 ("[T]he NRA's members are not equity holders . . . .").  As a result, Section 1102(a)(2) does not facially authorize the appointment of an official committee of NRA members.

7.      In an analogous context, courts have held that the plain language of Section 1102(a)(2) does not authorize the appointment of committees other than committees of "creditors" and "equity security holders."  *See In re Finley, Kumble, Wagner, Heine, Underber, Manley, Myerson & Casey*, 85 B.R. 13, 16 (Bankr. S.D.N.Y. 1988) (no statutory basis for appointment of general partner committee); *In re Westgate Gen. P'ship*, 55 B.R. 560, 561 (Bankr. E.D. Pa. 1985) (same).  In holding that Section 1102(a)(2) does not authorize the appointment of a general partner committee, the *Finley* court concluded that "the omission of [a] statutory provision for such a committee must be viewed as legislative policy."  85 B.R. at 16.  "[T]his is a straightforward application of the interpretive doctrine *expressio unius est exclusio alterius*—the expression of one thing is the exclusion of another."  *In re Caesars Enter. Op. Co., Inc*., 526 B.R. 265, 268-89 (Bankr. N.D. Ill. 2015).  "When a statute expressly grants courts the authority to take certain actions, that express grant implies the prohibition of other actions."  *Id*. at 263 (citing *Gomez v. United States*, 490 U.S. 858, 872 (1989)).  Because the authority granted under Section 1102(a)(2) is expressly

limited to appointing committees of creditors and equity security holders, it impliedly precludes the appointment of an official NRA member committee unless those members fit the statutory definition of equity security holders.

8.      Recognizing this limitation, the Movants attempt to characterize NRA members as the functional equivalent of equity security holders.  Motion at ¶ 16.  However, "equity security holder" is a defined term in the Bankruptcy Code and Movants themselves acknowledge that NRA members do not fit the statutory definition.  *Id*.  Relying on *In re E. Me. Elec. Coop., Inc*., 121 B.R. 917 (Bankr. D. Me. 1990), Movants nonetheless attempt to circumvent the statutory limitations by likening themselves to equity owners of the NRA based on their various governance and membership rights.  Motion at ¶ 17.  New York not-for-profit corporations like the NRA are prohibited from having stock, shares, or shareholders and may only issue non-transferrable membership certificates or cards to evidence membership.  N.Y. N-PCL § 501.  Contrary to the holding in *E. Me. Elec. Coop.*, the non-transferable membership interests in the NRA do not fit within the statutory definition of "equity security" or other "security."  11 U.S.C. §§ 101(15), (49).  For example, unlike the co-op members in *E. Me. Elec. Coop.*, NRA members are not entitled to a distribution of the NRA's residual assets upon dissolution. 121 B.R. at 931. Moreover, the court in *E. Me. Elec. Coop.* ultimately held that the members' request for appointment of a committee was untimely, and therefore its analysis with respect to whether co-op members' interests came within the purview of Section 1102(a)(2) is *dicta*.  121 B.R. at 933.

9.      Given the foregoing, the Debtors submit that the Movants have not identified a proper statutory basis for appointment of an official committee unless NRA members are deemed to be the equivalent of "equity security holders" under Section 1102(a)(2).  As noted above, however, treating NRA members as equity in this case could have far reaching ramifications on the Debtors' reorganization efforts and on plan confirmation.  The Debtors therefore object to the

Movants' efforts to characterize their interests as equity for purposes of Section 1102(a)(2). To the extent the Court elects to treat the NRA members as equity for purposes of appointment of an official committee, the Debtors request that such treatment be strictly limited to the appointment of a committee and that any order make clear that the NRA members are not deemed to be equity for any other purpose. In the alternative, the Court could consider the appointment of an unofficial advisory committee of NRA members without characterizing members as equity security holders.[2]

## C. NRA Members are Adequately Represented by a Duly Elected Board of Directors

10. The Debtors also dispute the Movants' assertion that NRA members are not adequately represented in this case. The Movants' *ad hoc* member group is not representative of the NRA's membership as a whole. The NRA's members are adequately represented in this case by the NRA's board of directors. *Eastman Kodak Co.*, 2012 WL 2501071, at *2 (noting presumption that debtor's board represents interests of shareholders). Under the NRA bylaws, one third of the NRA's 76 board members are elected annually through a vote of the NRA membership. That duly elected board of directors recently voted 44 to 1 in support of the Debtors' reorganization efforts and is scheduled to meet again in early May for a further update on the bankruptcy proceedings. *See* Docket No. 440. The Movants' allegations that the board's "inaction" and "lack of oversight" necessitate appointment of a member committee in this case are therefore unfounded.

11. The board's recent vote also undercuts Journey's complaint that the board "has not presented a unified front on behalf of NRA members." Motion at ¶ 26. In fact, the Movants themselves were the only board members present at the March meeting that did not vote to support the Debtors' reorganization. *See* Docket No. 440-1. Thus, it appears that the Movants' real complaint is not that the board lacks a unified view for the direction of the NRA, but that the rest

---

[2] The appointment of an advisory committee of members in a non-profit debtor was recently requested in *In re Brazos Elec. Power Coop., Inc.*, No. 21-30725 (Bankr. S.D. Tex. Apr. 9, 2021) [Docket No. 413].

of the board does not share the Movants' view. Members' support for the current board and reorganization strategy is reflected in the NRA's strong membership, which has grown steadily since the petition date, and successful fundraising—with monthly donations (above and beyond standard dues) increasing nearly 50 percent from January to March. Absent a showing that NRA members are not adequately represented by the board, the Court should not permit the Movants to use the leverage (and budget) of an official committee under Section 1102(a)(2) to relitigate issues they have already lost at the board level and to pursue an agenda that the rest of the board has firmly rejected.

12.     While the Debtors dispute the Movants' factual allegations regarding the basis for the appointment of a member committee, the Debtors do not oppose the appointment of a member committee to avoid any doubt that the interests of the NRA's members are being protected in this case. The Debtors submit that the best way to ensure that NRA members are adequately represented in this case is to ensure that any official NRA member committee be fairly representative of the NRA's overall membership and not be composed of a core-group of current and former NRA board members with a shared viewpoint. To that end, the Debtors propose that they be permitted to assist in the canvassing of NRA members to solicit membership on any official or informal advisory committee appointed in this case. To ensure that the committee reflects a diversity of viewpoints, the Debtors also suggest that the number of Movants appointed to the committee be limited or, alternatively, that sitting board members not be eligible to serve on the committee. Regardless of the manner in which a committee is constructed, the Debtors submit that the committee should be independent from the Movants and that it would be particularly inappropriate to simply convert the Movants' *ad hoc* group into an official committee.

**D.** **The Scope and Role of an Official NRA Member Committee Should be Appropriately Tailored to Member-Specific Issues**

13.     The Debtors believe that the interests of the NRA's creditors and members will be largely aligned on the overwhelming majority of issues that will arise in this case. *See Eastman Kodak*, 2012 WL 2501071, at *3. As a result, the Debtors submit that the scope and role of an official member committee be appropriately tailored to focus solely on member-specific issues and limited in a manner that will ensure there is no duplication of efforts (and costs) with the existing creditors' committee.

Dated:  April 16, 2021                              Respectfully submitted,


                                        /s/ Patrick J. Neligan, Jr.
                                        Patrick J. Neligan, Jr.
                                        Texas State Bar No. 14866000
                                        Douglas J. Buncher
                                        Texas State Bar No. 03342700
                                        John D. Gaither
                                        Texas State Bar No. 24055516
                                        **NELIGAN LLP**
                                        325 N. St. Paul, Suite 3600
                                        Dallas, Texas  75201
                                        Telephone: (214) 840-5300
                                        Facsimile:  (214) 840-5301
                                        Email: pneligan@neliganlaw.com
                                               dbuncher@neliganlaw.com
                                               jgaither@neliganlaw.com

                                        and

                                        Gregory E. Garman
                                        Nevada Bar No. 6654 *Pro Hac Vice*
                                        William M. Noall
                                        Nevada Bar No. 3549 *Pro Hac Vice*
                                        Gabrielle A. Hamm
                                        Texas State Bar No. 24041047
                                        **GARMAN TURNER GORDON LLP**
                                        7251 Amigo Street, Suite 210
                                        Las Vegas, Nevada  89119

Telephone:  (725) 777-3000
Facsimile:  (725) 777-3112
Email: ggarman@gtg.legal
      wnoall@gtg.legal
      ghamm@gtg.legal

**COUNSEL FOR THE DEBTORS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 16, 2021 a true and correct copy of the foregoing was served via first class U.S. mail on the parties named on the attached Master Service List.

       */s/ John D. Gaither*
       John D. Gaither

---

**In re: Sea Girt LLC - Case No. 21-30080**
**In re: National Rifle Association of America - Case No. 21-30085**

**MASTER SERVICE LIST**

**<u>Debtor/Debtor's Counsel</u>**

National Rifle Association of America
11250 Waples Mill Road
Fairfax, VA  22030

**Neligan LLP**
Attn:   Patrick J. Neligan
        Douglas J. Buncher
        John D. Gaither
325 N. St. Paul, Suite 3600
Dallas, TX 75201
Email: pneligan@neliganlaw.com
       dbuncher@neliganlaw.com
       jgaither@neliganlaw.com

Sea Girt LLC
11250 Waples Mall Road
Fairfax, VA  22030

**Garman Turner Gordon LLP**
Attn:   Gregory E. Garman
        William M. Noall
        Gabrielle A. Hamm
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone: 725-777-3000
Facsimile: 725-777-3112
Email: ggarman@gtg.legal
       wnoall@gtg.legal
       ghamm@gtg.legal

**<u>U.S. Trustee</u>**

Office of the United States Trustee
Attn: Lisa Young
Earle Cabell Federal Building
1100 Commerce Street, Room 976
Dallas, TX  75242

**<u>Secured Creditors</u>**

Atlantic Union Bank
Attn: Andrew Kalin
1800 Robert Fulton Drive, Suite 100
Reston, VA  20191
Email: andrew.kalin@atlanticunionbank.com

90324v1

**Counsel For Official Committee of Unsecured Creditors**

Louis R. Strubeck, Jr.
Kristian W. Gluck
Scott P. Drake
Laura L. Smith
Nick Hendrix
Norton Rose Fulbright US LLP
2200 Ross Avenue, Suite 3600
Dallas, TX  75201-7932
louis.strubeck@nortonrosefulbright.com
kristian.gluck@nortonrosefulbright.com
laura.smith@nortonrosefulbright.com
scott.drake@nortonrosefulbright.com
nick.hendrix@nortonrosefulbright.com

**20 Largest Unsecured Creditors**

Ackerman McQueen, Inc.
1601 Northwest Expressway
Oklahoma City, OK  73118-1438

Gould Paper Corporation
Attn: Warren Connor
99 Park Avenue, 10th Floor
New York, NY  10016

Under Wild Skies
c/o Dycio & Biggs
10533 Main Street
Fairfax, VA  22030

Quadgraphics
N63W23075 Hwy. 74
Sussex, WI  53089

Membership Advisors Public REL
11250 Waples Mill Road, Suite 310
Fairfax, VA  22030

Mercury Group
1601 NW Expressway, Suite 1100
Oklahoma City, OK  73118

Membership Marketing Partners LLC
11250 Waples Mill Road, Suite 310
Fairfax, VA  22030

Infocision Management Corp.
325 Springside Drive
Akron, OH  44333

Valtim Incorporated
P.O. Box 114
Forest, VA  24551

Communications Corp of America
Attn:  Ken Bentley
13129 Airpark Drive, Suite 120
Elkwood, VA  22718

Salesforce.Com, Inc.
One Mark St. – The Landmark, Suite 300
San Francisco, CA  94105

Speedway Motorsports, Inc.
P.O. Box 600
Concord, NC  28026

90324v1

Image Direct Group LLC
200 Monroe Avenue, Building 4
Frederick, MD  21701

Google
1600 Amphitheatre Parkway
Mountain View, CA  94043-1351

TMA Direct, Inc.
12021 Sunset Hills Road, Suite 350
Manassas, VA  20109

United Parcel Services
P.O. Box 7247-0244
Philadelphia, PA  19170

Membership Advisors Fund Raising
11250 Waples Mill Road, Suite 310
Fairfax, VA  22030

Stone River Gear, LLC
75 Manor Road
Red Hook, NY 12571

Krueger Associates, Inc.
105 Commerce Drive
Aston, PA  19014

CDW Computer Centers, Inc.
P.O. Box 75723
Chicago, IL  60675

## Government Agencies

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA  19101-7346

Office of Attorney General (NY)
Attn:  Letitia James
28 Liberty Street
New York, NY  10005

Office of Attorney General (DC)
Attn: Karl A. Racine
441 Fourth St., N.W., Suite 600-South
Washington, DC  20001

Office of Attorney General (TX)
Attn:  Ken Paxton
P.O. Box 12548
Austin, TX  78711-2548

Mahmooth A. Faheem
Lori A. Butler
Pension Benefit Guaranty Corporation
1200 K NW
Washington, DC  20005-4026
mahmooth.faheem@pbgc.gov
butler.lori@pbgc.gov
efile@pbgc.gov

## Notice of Appearance

Laurie A. Spindler
Linebarger Coggan Blair & Sampson, LLP
2777 N. Stemmons Freeway, Suite 1000
Dallas, TX  75207
dallas.bankruptcy@publicans.com

G. Michael Gruber
Dorsey & Whitney LLP
300 Crescent Court, Suite 400
Dallas, TX  75201
gruber.mike@dorsey.com

90324v1

Brian E. Mason
Dorsey & Whitney LLP
300 Crescent Court, Suite 400
Dallas, TX 75201
mason.brian@dorsey.com

Natalie L. Arbaugh
Winston & Strawn LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
narbaugh@winston.com


David Neier
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193
dneier@winston.com

Michael I. Baird
Pension Benefit Guaranty Corporation
1200 K St. NW
Washington, DC 20005-4026
baird.michael@pbgc.gov
efile@pbgc.gov

Gerritt M. Pronske
Eric M. Van Horn
Jason P. Kathman
Spencer Fane LLP
2200 Ross Avenue, Suite 4800 West
Dallas, TX 75201
gpronske@spencerfane.com
ericvanhorn@spencerfane.com
jkathman@spencerfane.com


Mark Ralston
Fishman Jackson Ronquillo PLLC
Three Galleria Tower
13155 Noel Road, Suite 700
Dallas, TX 75240
mralston@fjrpllc.com

H. Joseph Acosta
Dorsey & Whitney LLP
300 Crescent Court, Suite 400
Dallas, TX 75201
acosta.joseph@dorsey.com

Thomas M. Buchanan
Matthew Saxon
Winston & Strawn LLP
1901 L St., N.W.
Washington, DC 20036
tbuchana@winston.com
msaxon@winston.com

Tara LeDay
McCreary, Veselka, Bragg & Allen, P.C.
P.O. Box 1269
Round Rock, TX 78680
tleday@mvbalaw.com

Brandon R. Freud
Chuhak & Tecson, P.C.
30 S. Wacker Drive, Suite 2600
Chicago, IL 60606
bfreud@chuhak.com

James Sheehan
Emily Stern
Monica Connell
Office of Letitia James
Attorney General for the State of New York
28 Liberty Street
New York, NY 10005
james.sheehan@ag.ny.gov
emily.stern@ag.ny.gov
monica.connell@ag.ny.gov

Kevin T. White
Director – Legal
Quad/Graphics, Inc.
601 Silveron Blvd., Suite 200
Flower Mound, TX 75028
ktwhite@quad.com

Robert Lapowsky
Stevens & Lee, P.C.
620 Freedom Business Center, Suite 200
King of Prussia, PA 19406
rl@stevenslee.com

Joe E. Marshall
Marshall Law
2626 Cole Avenue, Suite 300
Dallas, TX 75204
jmarshall@marshalllaw.net

M. Jermaine Watson
Joshua N. Eppich
H. Brandon Jones
Clay M. Taylor
J. Robertson Clarke
Bonds Ellis Eppich Schafer Jones LLP
420 Throckmorton Street, Suite 1000
Fort Worth, TX 76102
jermaine.watson@bondsellis.com
joshua@bondsellis.com
clay.taylor@bondsellis.com
brandon@bondsellis.com
robbie.clarke@bondsellis.com

Arthur A. Greenberg
G&B Law, LLP
16000 Ventura Boulevard, Suite 100
Encino, CA 91436-2730
agreenberg@gblawllp.com

Stephen G. Wilcox
Wilcox Law, PLLC
P.O. Box 201849
Arlington, TX 76006
swilcox@wilcoxlaw.com

David W. Giattino
Stevens & Lee, P.C.
919 Market Street, Suite 1300
Wilmington, DE 19801
dwg@stevenslee.com

Duane M. Geck
Donald H. Cram
Severson & Werson, P.C.
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
dmg@severson.com
dhc@severson.com

Judith W. Ross
Ross & Smith, PC
700 North Pearl Street, Suite 1610
Dallas, TX 75201
judith.ross@judithwross.com

Nancy L. Alper
Senior Assistant Attorney General
Office of the Attorney General
for the District of Columbia
400 Sixth Street, N.W., 9th Floor
Washington, DC 20001
nancy.alper@dc.gov

Catherine Jackson
Assistant Attorney General
Office of the Attorney General for
The District of Columbia
400 Sixth Street, N.W. 10th Floor
Washington, DC 20001
catherine.jackson@dc.gov

90324v1

Leonor Miranda
Assistant Attorney General
Office of the Attorney General For
The District of Columbia
400 Sixth Street, N.W. 10th Floor
Washington, DC 20001
leonor.miranda@dc.gov

David W. Parham
Akerman LLP
2001 Ross Avenue, Suite 3600
Dallas, TX 75201
david.parham@akerman.com

D. Brett Marks
Akerman LLP
201 East Olas Blvd., Suite 1800
Fort Lauderdale, FL 33301
brett.marks@akerman.com

Walter A. Herring
Robert Blackwell
Blackwell, Blackburn, Herring & Singer LLP
7557 Rambler Road, Suite 1450
Dallas, TX 75231
wherring@bbhsllp.com
bblackwell@bbhsllp.com

Heather M. Crockett
Deputy Attorney General
Indiana Office of Attorney General
302 W. Washington St., IGCS – 5th Floor
Indianapolis, IN 46204
heather.crockett@atg.in.gov

James F. Chiu
Deputy Attorney General
Indiana Office of Attorney General
302 W. Washington St., IGCS – 5th Floor
Indianapolis, IN 46204
james.chiu@atg.in.gov

Michael W. May
Trial Attorney – Tax Division
U.S. Department of Justice
717 N. Harwood, Suite 400
Dallas, TX 75201
michael.w.may@usdoj.gov

Jennifer Jones
Senior Trial Counsel
Office of the Attorney General
For the District of Columbia
400 Sixth Street, N.W., 10th Floor
Washington, DC 20001
leonor.miranda@dc.gov

Christina Carroll
Dorsey & Whitney LLP
300 Crescent Court, Suite 400
Dallas, TX 75201
carroll.christina@dorsey.com

P. Kent Correll
Correll Law Group
250 Park Avenue, 7th Floor
New York, NY 10177
kent@correlllawgroup.com

Kelsey M. Taylor
Dorsey & Whitney LLP
300 Crescent Court, Suite 400
Dallas, TX 75201
taylor.kelsey@dorsey.com