United States Department of Justice
Office of the United States Trustee
1100 Commerce St.  Room 976
Dallas, Texas  75242
(214) 767-8967
Lisa.L.Lambert@usdoj.gov

Lisa L. Lambert,
for the United States Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **In re:**<br><br>**NATIONAL RIFLE ASSOCIATION OF AMERICA and SEA GIRT LLC**<br><br>**Debtors.** | **Chapter 11**<br>**Case No. 21-30085-hdh11**<br>**Jointly Administered** |

**UNITED STATES TRUSTEE'S OBJECTION TO**
**MOTION TO APPOINT A MEMBER COMMITTEE**

TO THE HONORABLE HARLIN D. HALE,
UNITED STATES BANKRUPTCY JUDGE:

The United States Trustee for Region 6 objects to the Motion to Appoint a Member Committee (ECF No. 406, filed 3/26/2021) ("Motion"), and respectfully states:

**SUMMARY OF ARGUMENT**

1. In the Motion, current and former NRA board members ("Movants") contend that NRA members are unrepresented, that membership equates to equity, and that the Court should direct the appointment of an additional committee of NRA members, including current and former board members.

2. These legal positions and factual allegations are incorrect.

**U.S. Trustee's Objection to Motion to Appoint a Member Committee - Page 1 of 8**

3. First, members are not equity security holders or creditors and thus do not satisfy the Bankruptcy Code's eligibility threshold for an additional committee.

4. Second, plaintiff David Dell'Aquila ("Dell'Aquila") is a creditor statutorily qualified to serve on the Official Committee of Unsecured Creditors ("Official Committee") because of his status as a plaintiff in the putative class action, yet he also adequately represents the interests of membership.

5. Third, the Court's equitable powers cannot override the express provisions of the Code, but even if they could, NRA members are not analogous to equity security holders and are more analogous to disappointed customers concerned about a favored store that has sought chapter 11 relief.

## BACKGROUND

6. Debtors filed their petitions for relief on January 15, 2021.

7. On February 4, 2021, the United States Trustee appointed the Official Committee with five members. (ECF No. 105).

8. Membership Marketing Partners LLP moved the Court to order the United States Trustee to reconstitute the Official Committee on February 16, 2021, (ECF No. 164) ("Motion to Reconstitute"), seeking to add additional trade claimants to the Official Committee.

9. The United States Trustee filed his objection to the Motion to Reconstitute on February 21, 2021. (ECF No. 194).

10. At a hearing on February 24, 2021, this Court denied the Motion to Reconstitute and entered its order thereafter on March 2, 2021. (ECF No. 279).

11. On March 26, Movants filed the instant Motion seeking an additional committee of NRA members. (ECF No. 416).

## ARGUMENT

*A. As a matter of law, members are neither creditors nor equity security holders and, therefore, not eligible for an additional committee under section 1102(a).*

12. Under section 1102(a)(2), "[o]n request of a party in interest, the court may order the appointment of . . . committees of creditors or of equity security holders if necessary to assure adequate representation of creditors or of equity security holders." 11 U.S.C. §1102(a)(2). These are the only two types of official committees that section 1102 authorizes—creditors and equity security holders. *See In re Pacific Gas & Electric Co.,* No. 01-30923, Memorandum Decision Vacating Appointment by U.S. Trustee of Official Comm. of Ratepayers (Bankr. N.D. Cal. May 18, 2001, ECF No. 599 at 8) (finding that "having an interest in a particular result (as all ratepayers do) does not rise to the level of having a claim as defined in the Bankruptcy Code.") (vacating the U.S. Trustee's appointment of a ratepayers committee).

13. Movants are neither creditors nor equity security holders—and they do not contend otherwise—and thus the Code does not authorize the Court to direct the appointment of a members' committee. *See id.* For the same reason, the U.S. Trustee has no authority to appoint a members' committee under section 1102(a)(1).

14. Section 101(17) narrowly and specifically defines equity security holders, and Movants concede as they must that they are not equity security holders "in the literal sense of the term." Motion, ¶ 16. Rather, the Movants contend that the Code authorizes a members' committee because NRA members are "analogous" to equity security

holders. But principles of statutory construction command that terms be construed literally.[1] "[W]hen the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Lamie v. United States Trustee*, 540 U.S. 526, 540 (2004) (citations omitted). One is, therefore, either an equity security holder or not. One either satisfies the threshold statutory definition for eligibility or not. Movants do not.

15. Section 1102(a)(2) extends committee eligibility only to "creditors" or "equity security holders." When Congress intends for language to encompass other concepts, it uses language such as "'includes' or 'including' [which] are not limiting." 11 U.S.C. § 102(3) (defining Rules of Construction). The Code is replete with examples where Congress articulated a standard followed by an illustrative list. *See, e.g.*, 11 U.S.C. § 101(31) (providing "the term 'insider' includes"); 11 U.S.C. § 1112(a)(4) (providing "the term 'cause' includes."). Section 1102 is not one of them. Thus, the statutory eligibility list in section 1102 is exhaustive, not illustrative.

16. Because the statute is disjunctive, the options are "creditor" or "equity security holder." The express inclusion of these two terms impliedly excludes other options under the statutory construction canon of *expressio unius est exclusio alterius*— when one or more things of a class are expressly mentioned, others of the same class are excluded. *O'Melveny & Myers v. Fed. Deposit Ins. Co.,* 114 S. Ct. 2048, 2054 (1994).

17. The omission of members or similar groups from section 1102's eligibility requirements was seemingly intentional because Congress clearly foresaw that non-profit organizations would be eligible for *voluntary* bankruptcy relief. *See* 11 U.S.C. § 303

---

[1] The definition of "literal" is "adhering to fact or to the ordinary construction or primary meaning of a term or expression**:** ACTUAL." *See* definition 1.b. available at https://www.merriam-webster.com/dictionary/literal.

(disallowing the filing of involuntary petitions against "a corporation that is not a moneyed business or commercial corporation").

   B. *Even if the Court reaches the factual "adequate representation" inquiry without Movants satisfying threshold eligibility, members are adequately represented by the Official Committee.*

18. In making their request, the Movants leap from the threshold statutory eligibility issue into a necessary for "adequate representation" argument. But that puts the proverbial cart before the proverbial horse. Without a finding that Movants seeking the additional committee are creditors or equity security holders, the Court should never reach the adequate representation issue.

19. Nevertheless, if the Court determines that it should address the factual issue of adequate representation notwithstanding that Movants do not satisfy the statutory threshold for an additional committee, the Movants have not met the heavy burden to establish entitlement to a committee under section 1102(a)(2). "The proponents must demonstrate that appointment of an official committee is 'necessary' to adequately represent equity's interests, 'a high standard that is far more onerous than if the statute merely provided that a committee be useful or appropriate.'" *In re Sun Edison, Inc.,* 556 B.R. 94, 103 (Bankr. S.D.N.Y. 2016).

20. The Movants allege that "[t]here are no parties and counsel already involved in these cases that speak for the unique interests of the NRA members." Motion, ¶ 23.

21. But David Dell'Aquila is an NRA lifetime member, who was appointed to the Official Committee. He is a creditor, not just a member, based on his plaintiff status in a putative class action alleging that NRA members have various tort claims because

they were misled into believing that their donations were used to fund Second Amendment and gun training activities. Dell'Aquila has been an active and engaged committee member.

22. The Motion contends the NRA members' interests exceed "financial interests and instead include the NRA's charitable and non-profit missions as well as the benefits of the NRA's operations with respect to its Second Amendment advocacy." Motion, ¶ 27.

23. The allegations in the motion to dismiss, motion to appoint a trustee, and motion to appoint an examiner all raise issues about spending, conflicts-of-interest, and compliance with internal procedures. These allegations may lead to questions about the oversight by the former or current board. A creditor who is also a committed NRA member but who has not been a board member can evaluate these issues with disinterest. Members, therefore, have more than adequate representation on the Official Committee, despite having no statutory entitlement to committee representation.

C. *The Court's equitable powers may not be invoked to contravene express limits and requirements of the Bankruptcy Code.*

24. Because Movants acknowledge that they do not satisfy the Code's requirements for an official committee, they rely instead on the Court's equitable powers under section 105 and urge the Court to direct the committee appointment based on equity. But equity is not a basis for bankruptcy courts to violate express statutory provisions. *Law v. Siegel*, 571 U.S. 415, 426 (2014). "It is hornbook law that § 105(a) 'does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code.'" *Id*. at 421. Yet this is precisely what Movants ask this Court to do.

25. In the one case cited in the Motion, the Court declined to direct the United States Trustee to appoint a committee of members, *In re East Me. Elec. Coop., Inc.*, 121 B.R. 917, 932-33 (Bankr. D. Me. 1990), and this Court should similarly decline the request.[2]

26. Even if one could interpret the Code to allow additional committees based on analogous eligibility status, the members are not analogous to stockholders. They are like loyal customers, not investors. They have not made an investment that can be transferred or that will increase or decrease in monetary value. Although there may be financial consequences from NRA membership, the members' interests are in advocacy and education, not investment or commercial transactions, the financial interests that section 1102 of the Bankruptcy Code protects in authorizing only two types of official committees.

## CONCLUSION

27. Like virtually every chapter 11 case, this case implicates a multiplicity of competing stakeholder interests and requires the Court to adjudicate a number of complex and challenging matters within the strictures of the Bankruptcy Code. The United States Trustee, in this Objection, maintains his prior positions that, no matter the issue before this Court for adjudication and no matter the legal and factual complexities, one principle abides—any judicial resolution must adhere to the statutory remedies and requirements of

---

[2] The court in the Maine electric cooperative case never determined that the movants there satisfied the eligibility threshold. 121 B.R. at 932 ("members in a rural electric cooperative such as EMEC *likely* hold interests sufficiently similar to the interests of shareholders in a corporation that they *would qualify* as "equity security holders") (emphasis added). Rather, the court found some parallels and rejected others between members and equity. *Id.* at 927 ("EMEC's members do not appear to hold equity security as that term is commonly understood."). But it ultimately never determined the threshold eligibility issue and relied upon other reasons to deny the motion. *Id.* at 933 (committee not justified at that point in the case).

the Bankruptcy Code. Accordingly, this Motion must be denied as at odds with the Bankruptcy Code.

28. The United States Trustee respectfully requests that the Court deny the Motion and grant further proper relief.

DATED: April 18, 2021

Respectfully submitted,

WILLIAM T. NEARY
UNITED STATES TRUSTEE

*/s/ Lisa L. Lambert*
Lisa L. Lambert
Assistant U.S. Trustee
TX 11844250
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242
(214) 767-8967
Lisa.L.Lambert@usdoj.gov

## Certificate of Service

I certify that on April 18, 2021, I served a true copy of this document by electronic case filing on those requesting electronic case filing notice.

*/s/ Lisa L. Lambert*
Lisa L. Lambert